CLOSED, DOCSENT, MDL, TRANSFERRED

# U.S. District Court
# SOUTHERN DISTRICT OF TEXAS (Houston)
# CIVIL DOCKET FOR CASE #: 4:07-cv-03060

| | |
|---|---|
| Villa et al v. Pepsico, Inc. et al **DO NOT DOCKET. CASE HAS BEEN TRANSFERRED OUT.** | Date Filed: 09/20/2007 |
| Assigned to: Judge David Hittner | Date Terminated: 10/31/2007 |
| | Jury Demand: Plaintiff |
| Case in other court: 157th Judicial District Court, Harris County, Texa, 07-46796 | Nature of Suit: 370 Fraud or Truth-In-Lending |
| Cause: 28:1332 Diversity-Notice of Removal | Jurisdiction: Diversity |

**Plaintiff**

**Christina Villa**                    represented by    **Jonathan H Cox**
                                                        Attorney at Law
                                                        402 Main St
                                                        Ste 3 South
                                                        Houston, TX 77002
                                                        713-752-2300
                                                        Fax: 713-752-2812
                                                        Email: jcox@coxlawfirm.net
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Regina Kelly**                      represented by    **Jonathan H Cox**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Wanda Banks**                       represented by    **Jonathan H Cox**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rosalind Basile**                   represented by    **Jonathan H Cox**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Emma Williams**                     represented by    **Jonathan H Cox**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Richard Banks**                              represented by  **Jonathan H Cox**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Kathy Jones Banks**                          represented by  **Jonathan H Cox**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Samantha Townsend**                          represented by  **Jonathan H Cox**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Carolyn Hayes**                              represented by  **Jonathan H Cox**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Dasha Alexander**                            represented by  **Jonathan H Cox**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Linda Walker**                               represented by  **Jonathan H Cox**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Mary Brewster**                              represented by  **Jonathan H Cox**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Lawanda Holts**                              represented by  **Jonathan H Cox**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Johnnie Byrd Byrd**                          represented by  **Jonathan H Cox**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Pepsico, Inc.**                              represented by  **Johnny W Carter**
                                                              Susman Godfrey LLP
                                                              1000 Louisiana
                                                              Ste 5100
                                                              Houston, TX 77002-5096
                                                              713-653-7818
                                                              Fax: 713-654-6694 fax
                                                              Email: jcarter@susmangodfrey.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Michael S. Lazaroff**
                                                              Proakauser Rose LLP
                                                              1585 Broadway
                                                              New York, NY 10036-8299
                                                              212-969-3645
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Coca Cola Company**                          represented by  **Kevin Dane Mohr**
*TERMINATED: 10/22/2007*                                      King and Spalding
                                                              1100 Louisiana
                                                              Ste 4000
                                                              Houston, TX 77002
                                                              713-751-3200
                                                              Fax: 713-751-3290
                                                              *LEAD ATTORNEY*

                                                              **L Joseph Loveland, Jr**
                                                              King & Spalding LLP
                                                              191 Peachtree St
                                                              Atlanta, GA 30303-1763
                                                              404-572-4783
                                                              Fax: 404-572-5142
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 09/20/2007 | 1 | NOTICE OF REMOVAL from 157th Judicial District Court, Harris |

|  |  |  |
|---|---|---|
|  |  | County, Texas, case number 2007-46796 (Filing fee $ 350 receipt number 3053384) filed by Pepsico, Inc.. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5)(Carter, Johnny) (Entered: 09/20/2007) |
| 09/20/2007 | 2 | *Civil Cover Sheet* by Pepsico, Inc., filed.(Carter, Johnny) (Entered: 09/20/2007) |
| 09/20/2007 | 3 | *Certificate of Notice of Removal* by Pepsico, Inc., filed.(Carter, Johnny) (Entered: 09/20/2007) |
| 09/21/2007 | 4 | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 11/14/2007 at 02:00 PM in Courtroom 702 before Magistrate Judge Stephen Smith. ( Signed by Judge David Hittner ) Parties notified.(smurdock, ) (Entered: 09/21/2007) |
| 09/21/2007 | 5 | SUPPLEMENT by Pepsico, Inc., filed. (Attachments: # 1 Exhibit 1 - Pepsico Citation# 2 Exhibit 2 - Coca Cola Citation)(Carter, Johnny) (Entered: 09/21/2007) |
| 09/21/2007 | 6 | *Certificate of Supplemental Notice of Removal* by Pepsico, Inc., filed. (Carter, Johnny) (Entered: 09/21/2007) |
| 09/25/2007 | 7 | Agreed MOTION Stipulation for extension of time to answer by Pepsico, Inc., filed. Motion Docket Date 10/15/2007. (Carter, Johnny) (Entered: 09/25/2007) |
| 09/26/2007 | 8 | Stipulation and ORDER for Extension of Time to Answer, Move, or Otherwise Respond to Plaintiff's Original Complaint. Any answer must be filed on or before October 30, 2007.( Signed by Judge David Hittner ) Parties notified.(ealexander, ) (Entered: 09/27/2007) |
| 09/27/2007 | 9 | NOTICE *of the Motion to Consolidate and Transfer Filed Before the Judicial Panel On Multidistrict Litigation* by Pepsico, Inc., filed. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit C.1# 5 Exhibit C.2# 6 Exhibit D)(Carter, Johnny) (Entered: 09/27/2007) |
| 10/08/2007 | 10 | CERTIFICATE OF INTERESTED PARTIES by PepsiCo, Inc., filed. (Carter, Johnny) (Entered: 10/08/2007) |
| 10/15/2007 | 11 | CERTIFICATE OF INTERESTED PARTIES by The Coca Cola Company, filed.(Mohr, Kevin) (Entered: 10/15/2007) |
| 10/19/2007 | 12 | NOTICE of Voluntary Dismissal as to Coca Cola Company by all plaintiffs, filed. (ltrevino, ) (Entered: 10/19/2007) |
| 10/22/2007 | 13 | ORDER that pursuant to the Stipulation of Voluntary Dismissal that Defendant Cocoa-Cola Co. is dismissed without prejudice.( Signed by Judge David Hittner ) Parties notified.(ealexander, ) (Entered: 10/22/2007) |
| 10/22/2007 |  | *** Party Coca Cola Company terminated. (ealexander, ) (Entered: 10/22/2007) |

| 10/25/2007 | 14 | MOTION for Michael S. Lazaroff to Appear Pro Hac Vice by Pepsico, Inc., filed. Motion Docket Date 11/14/2007. (Carter, Johnny) (Entered: 10/25/2007) |
|---|---|---|
| 10/25/2007 | 15 | Unopposed MOTION to Stay *Proceedings Pending Determination on Multidistrict Coordination* by Pepsico, Inc., filed. Motion Docket Date 11/14/2007. (Attachments: # 1 Proposed Order)(Carter, Johnny) (Entered: 10/25/2007) |
| 10/25/2007 | 16 | MEMORANDUM of Law in Support of re: 15 Unopposed MOTION to Stay *Proceedings Pending Determination on Multidistrict Coordination* by Pepsico, Inc., filed. (Attachments: # 1 Appendix Lazaroff Declaration# 2 Exhibit 1-4 to Lazaroff Declaration# 3 Exhibit 5, Part 1 to Lazaroff Declaration# 4 Exhibit 5, Part 2 to Lazaroff Declaration# 5 Exhibit 6-7 to Lazaroff Declaration)(Carter, Johnny) (Entered: 10/25/2007) |
| 10/26/2007 | 17 | ORDER granting 14 Motion to Appear Pro Hac Vice on behalf of Michael S. Lazaroff.( Signed by Judge David Hittner ) Parties notified. (ealexander, ) (Entered: 10/26/2007) |
| 10/26/2007 | 18 | ORDER granting 15 Motion to Stay.( Signed by Judge David Hittner ) Parties notified.(ealexander, ) (Entered: 10/26/2007) |
| 10/31/2007 | 19 | ORDER that this case is administratively closed, Case terminated on October 31, 2007.( Signed by Judge David Hittner ) Parties notified. (ealexander, ) (Entered: 11/01/2007) |
| 03/03/2008 | 20 | TRANSFER ORDER (certified copy) transferring case to Southern District of New York to be included in MDL Docket No. 1903. Parties notified.(pcrawford, ) (Entered: 03/04/2008) |
| 03/04/2008 | | Interdistrict transfer to Southern District of New York. Certified copy of transfer order, certified docket sheet, and transfer letter will be sent., filed. (pcrawford, ) (Entered: 03/04/2008) |
| 03/04/2008 | 21 | Document(s) Sent by FedEx to Southern District of New York; Tracking Number 8633 9898 4652 re: 20 Conditional Transfer Order re: Certified copies of Transfer Order and Case Docket, transfer letter, filed. (pcrawford, ) Additional attachment(s) added on 3/4/2008 (pcrawford, ). (Entered: 03/04/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/10/2008 09:59:29 | | | |
| **PACER Login:** | us5070 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:07-cv-03060 |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. _____ |
| v. | ) ) | |
| PEPSICO., INC and THE COCA COLA COMPANY INC. | ) ) ) | |
| Defendants. | ) ) ) | |

**NOTICE OF REMOVAL**

TO:     THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

Jonathan H. Cox
The Cox Law Firm, P.C.
402 Main Street, 3 South
Houston, TX  77002
Attorney for Plaintiffs

Pursuant to 28 U.S.C.§§ 1332, 1441, 1446, and 1453, defendant, PepsiCo, Inc.

("PepsiCo") files this Notice of Removal of the civil action filed by Plaintiffs to the United

States District Court for the Southern District of Texas, Houston Division.  Defendant PepsiCo

expressly reserves all of its rights to the Plaintiffs' claims, including but not limited to its right to

object to venue in this District and its rights to move, abate, or dismiss this lawsuit on any and all grounds whatsoever. In support of its Notice of Removal, Defendant PepsiCo states as follows:

## NATURE OF THE STATE COURT ACTION

1.    Defendant PepsiCo has been sued in a proposed class action captioned, *Christina Villa, Regina Kelly, Wanda R. Banks, Richard Banks, Kathy Jones Banks, Emma Williams, Samantha Townsend, Lawanda Holts, Mary Brewster, Rosalind Basile, Johnnie Mae Byrd, Carolyn Hayes, Linda Walker, Dasha Alexander v. Pepsi Co., Inc and The Coca Cola Company Inc.*, as Cause No. 2007-46796, in the District Court of the 157th Judicial District of Harris County, Texas (the "State Court Action").

2.    The Complaint, filed August 2, 2007, seeks certification of a class of persons to redress allegations of common law fraud and negligent misrepresentation. All pleadings and answers to such pleadings for Cause No. 2007-46796 are attached hereto, and incorporated herein by reference. *See* Local Rule 81(2).

3.    The Plaintiffs demand a trial by jury in the State Court Action.

4.    Pursuant to 28 U.S.C. § 1446(b) this Notice of Removal is timely filed.

## REMOVAL UNDER 28 U.S.C. §§ 1332, 1453

5.    This action is removable under the Class Action Fairness Act, 28 U.S.C. § 1453(b), as one over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because (i) it is a civil action, (ii) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and (iii) is a class action in which any member of the class of plaintiffs is a citizen of a State different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

2

6.    The Plaintiffs filed this class action Complaint under Rule 42 of the Texas Rules of Civil Procedure, which authorizes an action to be brought by one or more representative persons as a class action suit.  *See* Complaint, Exhibit 2, at ¶¶ 35-37.

7.    The Complaint alleges that the proposed class consists of individuals "so numerous that joinder of all members is impracticable."  *Id.* at ¶ 36.

8.    The Complaint alleges that the members of the Class include "all persons who have or [sic] purchased and consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured Coca Cola [sic]." *Id.* at ¶ 35.

9.    Although Plaintiffs do not plead specific damages on behalf of themselves or the class members, the amount in controversy, based upon the number of proposed class representatives, the claim concerning the size of the class, and the award sought of compensatory and punitive damages, including multiple damages under 17.50(b)(1) of the Texas Business and Commerce Code, in the aggregate, is in excess of $5,000,000, exclusive of interests and costs because:

a.    Plaintiffs allege that the class they seek to represent consists of "all persons who have or [sic] purchased and consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured Coca Cola [sic]." *Id.* at ¶ 35.

b.    Plaintiffs did not limit the class members based upon their state of residence.

c.    Plaintiffs do not allege any specific time period for the damages, and it is more likely than not that they will try to claim damages during the largest period permitted to them by law.

3

d.    Plaintiffs allege, *inter alia*, that Defendants misled consumers by failing to disclose that the water for Aquafina and Dasani products "is obtained from the same sources as tap water which is readily available to the public for no cost," (*id.* at ¶ 23) and they may argue that the class is entitled to recover the full amount (or very close to the full amount) that consumers paid overall for Aquafina and Dasani during any certified class period.  *Id.* at ¶ 31 (seeking "Out-of-pocket expenses, including but not limited to the purchase price of the water"[sic]).

e.    Plaintiffs are also seeking "multiple damages." *Id.* at ¶¶ 32-34.

f.    Plaintiffs may seek further punitive damages from Defendants.  *Id.* at Prayer (seeking "such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.")

g.    Thus, Plaintiffs have placed in controversy an amount that in the aggregate exceeds $5,000,000, exclusive of interest and costs.

10.  Based on Plaintiffs allegations in the Complaint, Plaintiffs and Defendants are not citizens of the same state.  Plaintiffs allege that they are all residents of Texas.  *Id.* at ¶¶ 2-14. Plaintiffs allege that Defendant PepsiCo is a North Carolina corporation with its principal place of business in New York State, and Defendant Coca-Cola is a Delaware corporation with its principal place of business in Georgia.  *Id.* at ¶¶ 15-16.  Plaintiffs have therefore alleged that PepsiCo is a citizen of North Carolina and New York, and Coca-Cola is a citizen of Delaware and Georgia.  *See* 28 U.S.C. § 1332(c)(1).

11.  Because this is a civil action in which the matter in controversy exceeds the sum or value of $5,000,000 and is a class action in which any member of the class of plaintiffs is a

4

citizen of a State different from any defendant, the requirements for removal under 28 U.S.C. §§ 1332(d)(2) and 1453(b) are satisfied.

12.    Upon filing this Notice of Removal, Defendant PepsiCo will properly serve the Plaintiffs, through their counsel of record, and all other parties, with written notification of such removal and will file a Notice of Removal with the Clerk of the District Court of the 157th Judicial District of Harris County, Texas.  28 U.S.C. § 1446(d).

13.    In the event this Court should have any questions about the propriety of removal or may be inclined to remand this action, Defendants respectfully request that the Court issue an order to show cause why the case should not be remanded, affording the parties an opportunity to provide the Court with full briefing and argument.

14.    Defendant Coca-Cola Company, Inc. has filed Special Exceptions and Original Answer on September 17, 2007.  No motions filed by any party are pending in the State Court Action.

15.    Pursuant to Local Rule 81 and 28 U.S.C. 1446(a), PepsiCo attaches all available documents which are required to be attached:

Exhibit 1:    An index of matters being filed (Local Rule 81(5));

Exhibit 2:    Plaintiffs' Original Petition (Local Rule 81(2));

Exhibit 3:    Coca Cola Company's Special Exceptions and Original Answer (Local Rule 81(2));

Exhibit 4:    The docket sheet (Local Rule 81(4)).

Exhibit 5:    A list of all counsel of record, including addresses, telephone numbers and parties represented (Local Rule 81(6)); and

WHEREFORE, Defendant PepsiCo respectfully requests that this Court enter such orders and grant such further relief as may be necessary to secure the removal of the State Court

798559v1/010424

Action from the District Court of the 157th Judicial District of Harris County, Texas, under the

referenced docket number, to the United States District Court for the Southern District of Texas,

Houston Division, and for such further relief as the Court considers appropriate.

Respectfully submitted,

SUSMAN GODFREY L.L.P.

BY: /s/ Johnny W. Carter
Johnny W. Carter
S.D. Texas Bar No. 21988
1000 Louisiana Street, Suite 5100
Houston, TX  77002-5096
Tel: (713) 651-9366
Fax: (713) 654-6666

*Attorneys for Defendant PepsiCo, Inc.*

6

**CERTIFICATE OF SERVICE**

I certify that on the 20th day of September 2007, a copy of the foregoing NOTICE OF REMOVAL was served upon the following counsel of record:

Jonathan H. Cox, Esq.
402 Main St., 3 South
Houston, TX 77002

*Attorney for Plaintiffs*

L. Joseph Loveland, Esq.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA  30309-3521

Kevin D. Mohr, Esq.
Ben Pollock, Esq.
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, TX  77002

*Attorneys for Defendant Coca Cola Company*

/s/ Johnny W. Carter
Johnny W. Carter

7

798559v1/010424

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | Civil Action No. _____ |
| v. | )<br>) | |
| PEPSICO., INC and THE COCA COLA COMPANY INC. | )<br>)<br>) | |
| Defendants. | )<br>)<br>) | |

**INDEX OF MATTERS BEING FILED**

Exhibit 1:    An index of matters being filed (Local Rule 81(5));

Exhibit 2:    Plaintiffs' Original Petition (Local Rule 81(2));

Exhibit 3:    Coca Cola Company's Special Exceptions and Original Answer (Local Rule 81(2));

Exhibit 4:    The docket sheet (Local Rule 81(4)).

Exhibit 5:    A list of all counsel of record, including addresses, telephone numbers and parties represented (Local Rule 81(6))

2007-46796

NO. _____

| | | |
|---|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER **Plaintiffs,** | § | IN THE DISTRICT COURT |
| | § | |
| **V.** | § § § | **157** JUDICIAL DISTRICT |
| PEPSI CO., INC AND THE COCA COLA COMPANY INC. **Defendants.** | § § § | OF HARRIS COUNTY, TEXAS |

ASSESSED
ENTERED _____
VERIFIED _____

FILED
CHARLES BACARISSE
District Clerk
AUG 2 - 2007

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Christina Villa, Regina Kelly, Samantha Townsend, Johnnie Mae Byrd, Emma Williams, Mary Brewster, Wanda R. Banks, Richard Banks, Kathy Jones Banks, Carolyn Hayes, Dasha Alexander, Linda Walker, Lawanda Holts, Rosalind Basile, Individually hereinafter called Plaintiffs, complaining of and about Pepsi Co, Inc and The Coca Cola Company, Inc., hereinafter called Defendants, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.    Plaintiff, Christina Villa, is an Individual whose address is 521 N. Sam Houston

Parkway E. Ste. 425 Houston, Tx 77060.

3.    Plaintiff, Regina Kelly, is an Individual whose address is PO Box 451046 Houston, Tx 77245

4.    Plaintiff, Wanda Banks, is an Individual whose address is 6203 Agasi Ace Ct. Spring Tx 77379

5.    Plaintiff, Rosalind Basile, is an Individual whose address is 4855 W. Fuqua #508 Houston, Tx 77053

6.    Plaintiff, Emma Williams, is an Individual whose address is 3800 County Road 94 #1208 Manvel, Tx 77578

7.    Plaintiff, Richard Banks, is an Individual whose address is PO Box 11562 Spring, Tx 77391

8.    Plaintiff, Kathy Jones Banks, is an Individual whose address is 14150 Wunderlick Dr. Houston, Tx 77069

9.    Plaintiff, Samantha Townsend, is an Individual whose address is 3830 Southmore Houston, Tx 77004

10.    Plaintiff, Carolyn Hayes, is an Individual whose address is 12603 Laelu Houston, Tx 77074

11.    Plaintiff, Dasha Alexander, is an Individual whose address is 802 Shiremeadow Missouri City, Tx 77489

12.    Plaintiff, Linda Walker, is an Individual whose address is 7500 Bellerive # 2528 Houston, Tx 77036

13.    Plaintiff, Mary Brewster, 16606 Lonesome Quail Missouri City, Texas 77489

14.    Plaintiff, Lawanda Holts, is an Individual whose address is 2715 Green Meadow

Missouri City, Tx 77489

    15.    Defendant PEPSI CO., INC, is a Foreign Corporation based in North Carolina, and maintains its principal executive offices at 700 Anderson Hill Road, Purchase, New York, 10577, and transacts business in the State of Texas and the County of Harris. Pursuant to article 2.11(B) of the Business Corporation Act, or its successor statute, section 5.251(1)(A) of the Texas Business Organizations Code, service may be effected upon Defendant PEPSI CO., INC by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079.

    16.    Defendant THE COCA COLA CO.,  is a Delaware corporation, and maintains its principal executive offices at One Coca-Cola Plaza, Atlanta, Georgia, 30313, and transacts business in the State of Texas and the County of Harris.  Service may be effected upon Defendant THE COCA COLA CO. by serving its registered agent CT Corporation , 350 N. St. Paul Street, Dallas, Texas 75201.

## JURISDICTION AND VENUE

    17.    The subject matter in controversy is within the jurisdictional limits of this court.

    18.    This court has jurisdiction over Defendant PEPSI CO, INC., because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over The PEPSI CO, INC., will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

    19.    Plaintiffs would show that Defendant PEPSI CO, INC., had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said

Defendant.

20.    This court has jurisdiction over Defendant The Coca Cola Company, Inc., because said Defendant purposefully availed herself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over The Coca Cola Company, Inc. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

21.    Plaintiffs would show that Defendant The Coca Cola Company, Inc. had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

22.    Venue in HARRIS County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## OVERVIEW OF THE CASE

23.    This class action seeks redress for a nationwide scheme of consumer misrepresentation practices by Pepsi Co., Inc. ("Pepsi") and The Coca Cola Company, Inc. ("Coca-Cola) (Defendants are hereinafter collectively referred to as "Defendants") related to the marketing, labeling, and sale of bottled water.  This complaint is brought on behalf of all persons who have or purchased and consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured Coca Cola.   Plaintiffs seek compensatory damages and other remedies for Defendants' fraudulent, unfair and deceptive acts and practices described herein in connection with

the marketing, labeling and sale of Aquafina and Dasani bottled water. Specifically, Plaintiffs allege that Defendants' knowingly engaged in misleading marketing practices, including not clearly identifying on the labels of their respective bottled waters, that the source of the water is the same source as public water, resulting in misleading Plaintiffs that said water comes from spring sources. Plaintiffs further allege that Defendants online information misrepresents and purposely obscures the fact that the water is obtained from the same sources as tap water which is readily available to the public for no cost.  Plaintiffs allege that Pepsi's decision to label its Aquafina bottled water as "P.W.S.", and provide on its online site that its water is from "a source regulated by the EPA" is a knowing act designed to mislead and/or create a likelihood of confusion as to the source, standard, grade, characteristics and quality of its product. Plaintiffs allege that Coca Cola's label of "purified" water, and its online site information that its water is from "local sources" is a knowing act designed to mislead and/or create a likelihood of confusion as to the source, standard, quality, grade, characteristics and quality of its product.

24.    Defendants engaged in unfair and deceptive conduct in which they purposely caused the likelihood of confusion or misunderstanding as to the source, standard, grade, characteristics and quality of their goods, and engaged in acts and practices which were deceptive to the consumer and to other persons.

25.    Defendants intentionally created a false impression by their marketing schemes designed to mislead Plaintiffs or to obtain an undue advantage over them. Said false impression was made with knowledge of its falsity and with a fraudulent intent. Said impression and representation was to an existing fact which is material and Plaintiffs reasonably relied upon that false impression to their injury.

## COMMON LAW FRAUD

26.     Plaintiff further shows that Defendants made material false representations to Plaintiff with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and that Plaintiff relied on these representations to her detriment.

27.     Plaintiff would further show that Defendants concealed or failed to disclose material facts within the knowledge of Defendants, that Defendants knew that Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendants intended to induce Plaintiff to enter into the transaction made the basis of this suit by such concealment or failure to disclose.

28.     As a proximate result of such fraud, Plaintiff sustained the damages described more fully herein below.

## NEGLIGENT MISREPRESENTATION

29.     Plaintiff would show that Defendants supplied false information in the course of their business, profession or employment, or in the course of a transaction in which Defendants have a pecuniary interest, and that such information was supplied by Defendants for the guidance of Plaintiff in the transactions described hereinabove. Defendants failed to exercise reasonable care or competence in obtaining or communicating such information. Plaintiff avers that Plaintiff suffered pecuniary loss, described more fully hereinbelow, which was proximately caused by Plaintiff's justifiable reliance on such information.

30.     Plaintiff therefore asserts a cause of action for negligent misrepresentation against Defendants, as provided by Federal Land Bank Association of Tyler v. Sloane, 825 S.W.2d 439 (Tex. 1991).

## ECONOMIC AND ACTUAL DAMAGES

31.    Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described hereinabove:

        (a)    Out-of-pocket expenses, including but not limited to the purchase price of the water

        (b)    Loss of the "benefit of the bargain."

## MULTIPLE DAMAGES

32.    Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

33.    Plaintiff further avers that such acts, practices, and/or omissions were committed "intentionally" in that Defendants specifically intended that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

34.    Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

## CLASS ACTION

35.    Plaintiff requests that the Court enter an order under Rule 42 of the Texas Rules of Civil Procedure permitting the maintenance of this lawsuit as a class action, and authorizing Plaintiff to represent the following class:  all persons who have or purchased and consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured Coca Cola. (herein, the "Class Plaintiffs").

36.    In this regard, Plaintiff would show the following:  (a) the Class Plaintiffs are so

numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the class; (c) the claims of Plaintiff are typical of the claims of the Class Plaintiffs; and (d) Plaintiff will fairly and adequately protect the interests of the class.

37.    Plaintiff would further show that this lawsuit is maintainable as a class action with respect to the Class Plaintiffs in that:

(a)    The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to the individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

(b)    The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

(c)    The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief to the class as a whole.

## ATTORNEY'S FEES

38.    Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by common law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of



the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law,

attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled

at law or in equity, whether pled or unpled.

Respectfully submitted,

THE COX LAW FIRM, P.C.

By:_____
JONATHAN H. COX
Texas Bar No. 24007047
402 MAIN ST., 3 SOUTH
HOUSTON, TX 77002
Tel. (713) 752-2300
Fax. (713)752 2812
Attorney for Plaintiffs


**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

# KING & SPALDING

King & Spalding LLP
1100 Louisiana Street, Suite 4000
Houston, Texas 77002-5213
Main: 713/751-3200
Fax: 713/751-3290

Kevin D. Mohr
Direct Dial: 713/276.7428
Direct Fax: 713/751-3290
kmohr@kslaw.com

September 17, 2007

HAND DELIVERY

Mr. Charles Bacarisse
Harris County District Clerk
201 Caroline, Room 110
Houston, Texas 77002

   **RE:**   **Cause No. 2007-06392;** *Christina Villa, et al v. Pepsico, Inc., and the Coca Cola Co.; In the District Court 157th Judicial District of Harris County, TX*

Dear Mr. Bacarisse:

   Enclosed for filing please find the original and one copy Coca Cola Company's Special Exceptions and Original Answer.

   Please indicate the date of filing by placing your file stamp on the enclosed extra copy and returning it to our courier.

   By copy of this letter, a true and correct copy of the foregoing filing has been forwarded to all counsel of record.

   Very truly yours,

   *Kevin D Mohr*

   Kevin D. Mohr

KDM/db
Enclosure

cc:   Jonathan Cox
      402 Main St., 3 South
      Houston, TX 77002

CAUSE NO. 2007-06392

| | | |
|---|---|---|
| CHRISTINA VILLA, ET AL., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 157TH JUDICIAL DISTRICT |
| | § | |
| PEPSICO., INC., AND THE COCA | § | |
| COLA COMPANY, | § | |
| | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

## COCA COLA COMPANY's SPECIAL EXCEPTIONS AND ORIGINAL ANSWER

Defendant Coca Cola Company ("Coca Cola") files its Special Exceptions and Original Answer to the claims asserted in Plaintiffs' Original Petition (the "Petition"), and in support thereof would respectfully show the Court the following:

### SPECIAL EXCEPTIONS

1.     Pursuant to Rule 91 of the Texas Rules of Civil Procedure, Coca Cola specially excepts to the Petition and asks this Court to dismiss Plaintiffs' claims with prejudice. Plaintiffs' claims are expressly preempted by Section 403A of the Food, Drug & Cosmetic Act, which prohibits states from "directly or indirectly establish[ing]...any requirement for a food which is the subject of a [federal] standard of identity...that is not identical to such standard of identity," unless the state first obtains an exemption from the Food and Drug Administration ("FDA"). 21 U.S.C. § 343-1. The FDA has promulgated a standard of identity for bottled water that establishes, among other things, when water may be described as "purified" and when the source of the water must be identified. *See* 21 C.F.R. § 165.110. Plaintiffs' Petition does not assert that Coca-Cola sold water labeled as "purified" that does not comply with the FDA's standard of identity for purified water. Rather, the Petition alleges that Coca Cola violated state law by

selling water labeled as "purified" without including additional information about the water's source. Because the FDA has specifically decided *not* to require the information that the Petition asserts Coca Cola should have included, Plaintiffs' Petition seeks to establish a state-law requirement for bottled water that is not identical to the standard of identity established by the FDA. No applicable exception has been granted by the FDA, and thus, Plaintiffs' claims are expressly preempted by 21 U.S.C. § 343-1. Coca Cola will submit a memorandum of law in support of this Special Exception.

2.    Coca Cola specially excepts to paragraphs 32-34 of the Petition, which seek "multiple damages" as provided by Section 17.50(b)(1) of the Texas Business and Commerce Code. That statute authorizes the imposition of multiple damages under limited circumstances "[i]n a suit filed under this section...." *See* Tex. Bus. & Com. Code § 17.50(b). Plaintiffs have not asserted a claim under Section 17.50 of the Texas Business and Commerce Code, and thus cannot recover multiple damages under Section 17.50(b)(1) of that statute.

### GENERAL DENIAL

3.    Subject to its Special Exception, and pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant Coca Cola denies generally each and every allegation in Defendant's Original Petition and demands strict proof thereof.

### DEFENSES

4.    Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

5.    Any award of punitive or multiple damages in this case would violate the Due Process Clause, Equal Protection Clause, and/or the Excessive Fines Clause of the United States Constitution and Texas Constitution.

2

6.      Any claim for punitive or multiple damages is penal in nature and Coca Cola is entitled to the same procedural safeguards afforded to criminal defendants under the Fourteenth Amendment of the Constitution of the United States and of the Constitution of the State of Texas, including the requirement of proof beyond a reasonable doubt.

7.      Any claim for punitive or multiple damages is barred to the extent that Plaintiffs do not satisfy the standards for recovery described in Chapter 41 of the Texas Civil Practice and Remedies Code. Defendants adopt and incorporate herein all defenses available to it under Chapter 41 of the Texas Civil Practice and Remedies Code.

WHEREFORE, Defendant Coca Cola Company prays that Plaintiffs take nothing, that this Court dismiss Plaintiffs' claims with prejudice, and that the Court grant any and all other relief that it may deem appropriate.

Respectfully submitted,

KING & SPALDING LLP

L. Joseph Loveland
Texas Bar No. 00792154
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100

Kevin D. Mohr
Texas Bar No. 24002623
Ben Pollock
Texas Bar No. 24056150
1100 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
Fax: (713) 751-3290

ATTORNEYS FOR DEFENDANT
COCA COLA COMPANY

3

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 17, 2007, a true and correct copy of the above and foregoing instrument was served to counsel for Plaintiff in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure by certified mail addressed as follows:

Jonathan H. Cox
402 Main St., 3 South
Houston, TX 77002

_____
Kevin D. Mohr

# 2007-46796

FILED: _____ 08/02/2007

GENERAL ORDER OF THE COURT _____ 157TH

VILLA, CHRISTINA

PLAINTIFFS

COX, JONATHAN H.

Attorney

## NATURE OF ACTION

DTPA-DECEPTIVE TRADE PRACTICE

VS.

PEPSI CO INC

DEFENDANTS

Attorney

SURETIES ON COST BOND:

Jury Fee Paid By:

### SETTINGS

CIVCRT09 Revised 10/23/00  CIVCTF

STATE OF TEXAS
COUNTY OF HARRIS

I, Charles Bacarisse, District Clerk of Harris County, Texas, do hereby certify that the foregoing data is a true and correct copy of the original record, now in my lawful custody and possession, as appears of record in my office and/or:

a) filed on _____

b) recorded under Vol. _____ Page _____ in the Minutes of said _____

c) abstracted from the original record in my possession, electronically stored in its original form and pertaining to the cause number in reference to cause number

d) abstracted from the original record in my possession, electronically stored and pertaining to _____

from _____ to the present date.

Witness my official hand and seal this _____

CHARLES BACARISSE, DISTRICT CLERK
Harris County, Texas
By _____ Deputy

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER<br><br>        Plaintiffs,<br><br>v.<br><br>PEPSICO., INC and THE COCA COLA COMPANY INC.<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. _____ |

**LIST OF ALL COUNSEL OF RECORD**

| | |
|---|---|
| Attorney for Plaintiffs: | Jonathan H. Cox, Esq.<br>402 Main St., 3 South<br>Houston, TX 77002<br>Telephone:  713-752-2300<br>Facsimile:  713-752-2812 |
| Attorneys for Defendant PepsiCo, Inc.: | Johnny W. Carter<br>Susman Godfrey L.L.P.<br>1000 Louisiana, Suite 5100<br>Houston, TX  77002<br>Telephone:  713-651-9366<br>Facsimile:  713-654-6666 |

Attorneys for Defendant Coca Cola:    L. Joseph Loveland, Esq.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA  30309-3521
Telephone:  404-572-4600
Facsimile:  404-572-5100

Kevin D. Mohr, Esq.
Ben Pollock, Esq.
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, TX  77002
Telephone:  713-751-3200
Facsimile:  713-751-3290

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Christina Villa, Regina Kelly, Wanda R. Banks, Richard Banks, Kathy Jones Banks, Emma Williams, Samatha Townsend, Lawanda Holts, Mary Brewster, Rosalind Basile, Johnnie Mae Byrd, Carolyn Hayes, Linda Walker, Dasha Alexander

### (b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

### (c) Attorney's (Firm Name, Address, and Telephone Number)
Jonathan H. Cox, The Cox Law Firm PC, 402 Main Street, 3 South Houston, Texas 77002 --- 713/752-2300

## DEFENDANTS
Pepsi Co., Inc. and The Cola Cola Company Inc.

County of Residence of First Listed Defendant    North Carolina
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Susman Godfrey LLP, 1000 Louisiana St., Suite 5100, Houston, Texas 77002 --- 713/651-9366

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☒ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332, 1441, 1446, and 1453

Brief description of cause:
consumer fraud / negligent misrepresentation

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                 DOCKET NUMBER

DATE
09/20/2007

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CHRISTINA VILLA, REGINA         §
KELLY, WANDA R. BANKS,         §
RICHARD BANKS, KATHY JONES    §
BANKS, EMMA WILLIAMS,        §
SAMANTHA TOWNSEND,         §
LAWANDA HOLTS, MARY BREWSTER,  §
ROSALIND BASILE, JOHNNIE MAY BYRD,  §
CAROLYN HAYES, LINDA WALKER,   §
DASHA ALEXANDER         §    C.A. No. _____
      Plaintiffs,         §
Vs.              §
               §
PEPSI CO., INC. AND THE COLA COLA   §
COMPANY INC.          §
      Defendants.       §

## CERTIFICATE OF NOTICE OF REMOVAL

The undersigned, attorney-of-record for Pepsi Co., Inc., certifies that on September 20, 2007, a copy of the Notice of Removal of this action was filed with the Clerk of the 157th District Court of Harris County, Texas, and that written notice of filing of the Notice of Removal was mailed to all of the parties named above through their attorneys of record. Attached to the state court notice was a copy of the Notice of Removal. Removal of this action is effective as of this date, pursuant to 28 U.S.C. § 1446**.**

Respectfully submitted,

SUSMAN GODFREY L.L.P.

By:   /s/ Johnny W. Carter           
      Johnny W. Carter
      State Bar No. 00796312
      1000 Louisiana Street, Suite 5100
      Houston, Texas 77002-5096
      Telephone: (713) 651-9366
      Fax: (713) 654-6666

Attorneys for Pepsi Co., Inc.

## CERTIFICATE OF SERVICE

This is the certify that on this the 20th day of September, 2007, a true and correct copy of

the above and foregoing instrument was properly forwarded to the following counsel of record in

accordance with Rule 21 of the Texas Rules of Civil Procedure as indicated below:

Jonathan H. Cox
The Cox Law Firm, P.C.
402 Main Street, 3 South
Houston, Texas 77002

*Attorney for Plaintiffs*

L. Joseph Loveland, Esq.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA  30309-3521

Kevin D. Mohr, Esq.
Ben Pollock, Esq.
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, TX  77002

*Attorneys for Defendant Coca Cola Company*

/s/ Johnny W. Carter
Johnny W. Carter

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

**CIVIL ACTION NO. 4:07−cv−03060**

**ORDER FOR CONFERENCE**
**AND**
**DISCLOSURE OF INTERESTED PARTIES**

1.     Counsel shall appear for an initial pretrial and scheduling conference before:

**United States Magistrate Judge Stephen Wm. Smith**
on November 14, 2007 at 02:00 PM
Courtroom 702, 7th Floor
515 Rusk Avenue
Houston, Texas

2.     Counsel shall file with the clerk within fifteen days from receipt of this order a certificate listing
all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations,
or other entities that are financially interested in the outcome of this litigation. If a group can be specified by a general description, individual listing is not necessary. Underline the name of each corporation whose securities are publicly traded . If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel shall promptly file an amended certificate with the clerk.

3.     Fed. R. Civ. P. 4(m) requires defendant(s) to be served within 120 days after the filing of the complaint. The failure of plaintiff(s) to file proof of service within 120 days after the filing of the complaint may result in dismissal of this action by the court on its own initiative.

4.     After the parties confer as required by Fed. R. Civ. P. 26(f), counsel shall prepare and file not less than 10 days before the conference a joint discovery/case management. **A courtesy copy shall be delivered to Jason Marchand, Case Manager for Magistrate Judge Stephen Wm. Smith, 5th floor, Room 5300.**

5.     The court will enter a scheduling order at the conference.

6.     Counsel who file or remove an action must serve a copy of this order with the summons and complaint or with the notice of removal.

7.     Attendance by an attorney who has authority to bind the party is required at the conference.

8.     Counsel shall discuss with their clients and each other whether alternative dispute resolution is appropriate and at the conference shall advise the court of the results of their discussions.

9.     A person litigating pro se is bound by the requirements imposed upon counsel in this Order.

10.    Failure to comply with this Order may result in sanctions, including dismissal of the action and assessment of fees and costs.

By Order of the Court

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | Civil Action No. 4:07-cv-3060 |
| v. | )<br>) | |
| PEPSICO., INC and THE COCA COLA COMPANY INC. | )<br>)<br>) | |
| Defendants. | )<br>) | |

**SUPPLEMENTAL NOTICE OF REMOVAL**

Defendant PepsiCo, Inc. ("PepsiCo") files this Supplemental Notice of Removal.

1.    On September 20, 2007, PepsiCo filed a Notice of Removal.

2.    PepsiCo attached to the Notice of Removal all available documents which were required to be attached pursuant to Southern District of Texas Local Rule 81.

3.    Plaintiffs purported to serve PepsiCo through substituted service on the Texas Secretary of State.  An executed citation was not available to PepsiCo at the time PepsiCo removed.  The state court file clerks did not receive the return of service on the Texas Secretary of State until September 21, 2007.

4.      PepsiCo has now obtained the citation and return of service and is filing them pursuant to Local Rule 81(1).

5.      PepsiCo is also filing the citation and return of service on The Coca Cola Company Inc.

6.      This Supplemental Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

Respectfully submitted,

SUSMAN GODFREY L.L.P.

BY: /s/ Johnny W. Carter
     Johnny W. Carter
     S.D. Texas Bar No. 21988
     1000 Louisiana Street, Suite 5100
     Houston, TX  77002-5096
     Tel: (713) 651-9366
     Fax: (713) 654-6666

*Attorneys for Defendant PepsiCo, Inc.*

## CERTIFICATE OF SERVICE

I certify that on the 21st day of September 2007, a copy of the foregoing SUPPLEMENTAL NOTICE OF REMOVAL was served upon the following counsel of record:

Jonathan H. Cox, Esq.
402 Main St., 3 South
Houston, TX 77002
*Attorney for Plaintiffs*

L. Joseph Loveland, Esq.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA  30309-3521

2

Kevin D. Mohr, Esq.
Ben Pollock, Esq.
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, TX  77002
*Attorneys for Defendant Coca Cola Company*

/s/ Johnny W. Carter
Johnny W. Carter

CAUSE NO. 200746796        51

71 1563 6453 1200 0200 95

RECEIPT NO. 333881        65.00        CO1
08-02-2007        TR # 72211684

PLAINTIFF: VILLA, CHRISTINA

vs.

DEFENDANT: PEPSI CO INC        No 106

In The  157th
Judicial District Court
of Harris County, Texas
157TH DISTRICT COURT
Houston, TX

## CITATION (SECRETARY OF STATE FOREIGN CORPORATION)

THE STATE OF TEXAS
County of Harris

TO: PEPSI CO INC (FOREIGN CORPORATION) BY SERVING THE SECRETARY OF STATE
OF TEXAS STATUTORY DOCUMENTS SECTION CITATIONS UNIT P O BOX 12079
AUSTIN TEXAS 78711-2079
FOWARD TO
700 ANDERSON HILL ROAD  PURCHASE NY 10577

**CERTIFIED MAIL**

Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>2nd day of August, 2007</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
This citation was issued on 10th day of August, 2007, under my hand and
seal of said Court.

Issued at request of:
COX, JONATHAN H.
402 MAIN ST #3SOUTH
HOUSTON, TX 77002
Tel: (713) 752-2300
Bar No.: 24007047

CHARLES BACARISSE, District Clerk
Harris County, Texas
301 Fannin        Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

GENERATED BY: GILLESPIE, JACQUELYN    2MA/IOJ/7917907

### OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____ .M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock _____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____ copy(ies) of the
Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

Fee: $_____        _____

_____ of _____ County, Texas

_____        By _____
        Affiant                        Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
                Notary Public

N.INT.SECC.P

JACK F. ABERCIA, CONSTABLE
PRECINCT NUMBER ONE
HARRIS COUNTY, TEXAS

MAIN OFFICE
  P.O. BOX 52578
  HOUSTON, TEXAS 77052-2578
  (713) 755-5200  FAX (713) 755-8951

ANNEX OFFICE
  7300 NORTH SHEPHERD
  HOUSTON, TEXAS 77091
  (713) 697-3600  FAX (713) 697-3649

### OFFICER'S RETURN FOR CERTIFIED MAIL

Received this CITATION, case #__200746796__ on the __15TH__ *day* of __AUGUST__ __2007__ at __4:11 P.M.__ Executed at __PO BOX 12079 AUSTIN, TX 78701__ by mailing to the within name *__PEPSI CO INC BY SERVING THE SECRETARY OF STATE OF TEXAS STATUTORY DOCUMENTS SECTION CITATIONS UNIT__* AND by delivering to __*BRENDA RUIZ*__ on *the* __20TH__ *day of* __AUGUST__ *__2007__* BY REGISTERED/**CERTIFIED MAIL** WITH DELIVERY RESTRICTED TO ADDRESSEE ONLY, a true copy of this citation together with a copy of PLAINTIFF'S ORIGINAL PETITION

FEE : $65.00

JACK F. ABERCIA, CONSTABLE
PCT #1, HARRIS COUNTY TX

DEPUTY: _____ #1832


**UNITED STATES**
**POSTAL SERVICE**

Date Produced: 08/27/2007

HARRIS COUNTY CONSTABLE

The following is the delivery information for Certified item number 7115 6364 5312 0002 0095.
Our records indicate that this item was delivered on 08/20/2007 at 11:56 a.m. in AUSTIN, TX,
78711 to B RUIZ

Signature of Recipient:

Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs.  If you require additional
assistance, please contact your local post office or Postal Service representitive.

Sincerely,

United States Postal Service

The customer reference number shown below is not validated or endorsed by the United
States Postal Service.  It is solely for customer use.

Customer Reference Number: 200000000002010

STATE OF TEXAS
COUNTY OF HARRIS

I, Charles Bacarisse, District Clerk of Harris County,
Texas, do hereby certify that the foregoing data is a
true and correct copy of the original record, now
in my lawful custody and possession as appears
of record in my office and/or:

a) filed on _____

b) recorded _____ page _____
   in the _____ of said Court.

c) abstracted from the original _____ in my lawful
   possession in electronic or digital form
   and pertaining to cause number
   in reference to cause number _____, of

d) abstracted from the original record in my lawful
   possession in electronic or digital form
   and pertaining to _____

from _____ to the present date.

Witness my official hand and seal of office this

CHARLES BACARISSE, DISTRICT CLERK
Harris County, Texas
By _____ Deputy

RE_T NUMBER ___333881/___ ___65.00___
TRACKING NUMBER ___7221/1685___ ___C01___

CAUSE NUMBER ___200746796___

| | |
|---|---|
| **PLAINTIFF:** VILLA, CHRISTINA | **In The** 157th |
| vs. | **Judicial District Court of** |
| **DEFENDANT:** PEPSI CO INC | **Harris County, Texas** |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

# CERTIFIED MAIL

TO: COCA COLA CO (DELAWARE CORPORATION) BY SERVING ITS REGISTERED AGENT
    CT CORPORATION

    350 N ST PAUL STREET  DALLAS TX 75201    NO
                                              NLO

Attached is a copy of __PLAINTIFF'S ORIGINAL PETITION__

This instrument was filed on the ___2nd___ day of ___August___ _____, 20 __07__, in the
above cited cause number and court. The instrument attached describes the claim against you.

   **YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

   **This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ___10th___ day of
_____August_____, 20 __07__.

                                              *Charles Bacarrise*

                                              **CHARLES BACARRISE, District Clerk**
                                              Harris County, Texas
Issued at request of:                         **201 Caroline, Houston, Texas 77002**
   COX, JONATHAN H.                            **P.O. Box 4651, Houston, Texas 77210**
   402 MAIN ST #3SOUTH
   HOUSTON, TX 77002
   Tel: (713) 752-2300                         **Generated by:** GILLESPIE, JACQUELYN    2MA/IOJ/7917
   Bar Number:  24007047

## OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20____, at_____ o'clock____.M., endorsed

the date of delivery thereon, and executed it at _____
                                                              (street address)                                (city)

in _____ County, Texas on the _____ day of _____, 20____, at_____ o'clock ___.M.,

by delivering to _____, by delivering to its
                          (the defendant corporation named in citation)

_____, in person, whose name is _____,
(registered agent, president, or vice-president)

a true copy of this citation, with a copy of the _____ Petition attached,
                                                      (description of petition, e.g., "Plaintiffs Original"

and with accompanying copies of _____.
                                              (additional documents, if any, delivered with the petition)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $ _____         By: _____
                                              (signature of officer)

                        Printed Name: _____

                        As Deputy for: _____
_____
Affiant Other Than Officer                                (printed name & title of sheriff or constable)

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20 _____

                                              _____
                                                              Notary Public

N.INT.CITC.P

JACK L. ABERCIA, CONSTABLE
PRECINCT NUMBER ONE
HARRIS COUNTY, TEXAS

MAIN OFFICE
  P.O. BOX 52578
  HOUSTON, TEXAS 77052-2578
  (713) 755-5200 FAX (713) 755-8951

ANNEX OFFICE
  7300 NORTH SHEPHERD
  HOUSTON, TEXAS 77091
  (713) 697-3600 FAX (713) 697-3649

## OFFICER'S RETURN FOR CERTIFIED MAIL

Received this CITATION, case #200746796 on the __22ND__ *day* of AUGUST 2007 at 4:16 P.M. Executed at 350 NORTH ST PAUL ST DALLAS, TX 75201 by mailing to the within name *COCA COLA CO BY SERVING THROUGH ITS REG. AGENT C T CORPORATION SYSTEM* AND by delivering to *D. SHEETER* on the 23RD day of AUGUST *2007* BY REGISTERED/CERTIFIED MAIL WITH DELIVERY RESTRICTED TO ADDRESSEE ONLY, a true copy of this citation together with a copy of PLAINTIFF'S ORIGINAL PETITION

FEE : $65.00

JACK F. ABERCIA, CONSTABLE
PCT #1, HARRIS COUNTY TX

DEPUTY: _____ #1332



**UNITED STATES**
**POSTAL SERVICE**

Date Produced: 08/27/2007

HARRIS COUNTY CONSTABLE

The following is the delivery information for Certified item number 7115 6364 5312 0002 0521.
Our records indicate that this item was delivered on 08/23/2007 at 10:31 a.m. in DALLAS, TX,
75201 to D SKEETER

Signature of Recipient:

Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs.  If you require additional
assistance, please contact your local post office or Postal Service representitive.

Sincerely,

United States Postal Service

The customer reference number shown below is not validated or endorsed by the United
States Postal Service.  It is solely for customer use.

Customer Reference Number: 200000000002053

STATE OF TEXAS
COUNTY OF HARRIS

I, Charles Bacarisse, District Clerk of Harris County,
Texas, do hereby certify that the foregoing data is a
true and correct copy of the original record, now
in my lawful custody and possession as appears
of record in my office.

a) filed on _____

b) recorded under the _____

in the Minutes of said court.

c) abstracted _____ retained in my lawful
possession, electronically stored in digital form
and pertaining to _____

in reference to cause number _____ , or

d) abstracted _____ original _____ in my lawful
possession, electronically stored in digital form
and pertaining to _____

from _____ to the present date.

Witness my official hand and seal of office this

_____

CHARLES BACARISSE, DISTRICT CLERK
Harris County, Texas

By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTINA VILLA, REGINA | § | |
| KELLY, WANDA R. BANKS, | § | |
| RICHARD BANKS, KATHY JONES | § | |
| BANKS, EMMA WILLIAMS, | § | |
| SAMANTHA TOWNSEND, | § | |
| LAWANDA HOLTS, MARY BREWSTER, | § | |
| ROSALIND BASILE, JOHNNIE MAY BYRD, | § | |
| CAROLYN HAYES, LINDA WALKER, | § | |
| DASHA ALEXANDER | § | C.A. No. 4:07-cv-3060 |
|     Plaintiffs, | § | |
| Vs. | § | |
| | § | |
| PEPSI CO., INC. AND THE COLA COLA | § | |
| COMPANY INC. | § | |
|     Defendants. | § | |

## CERTIFICATE OF SUPPLEMENTAL NOTICE OF REMOVAL

The undersigned, attorney-of-record for Pepsi Co., Inc., certifies that on September 20, 2007, a copy of the Supplemental Notice of Removal was filed with the Clerk of the 157th District Court of Harris County, Texas, and that written notice of filing of the Supplemental Notice of Removal was mailed to all of the parties named above through their attorneys of record. Attached to the state court notice was a copy of the Supplemental Notice of Removal.

Respectfully submitted,

SUSMAN GODFREY L.L.P.

By:  /s/ Johnny W. Carter
      Johnny W. Carter
      State Bar No. 00796312
      1000 Louisiana Street, Suite 5100
      Houston, Texas 77002-5096
      Telephone:  (713) 651-9366
      Fax:  (713) 654-6666

Attorneys for PepsiCo, Inc.

798617v1/010424

## <u>CERTIFICATE OF SERVICE</u>

This is the certify that on this the 21st day of September, 2007, a true and correct copy of the above and foregoing Certificate of Notice of Removal was served upon the following counsel of record:

> Jonathan H. Cox
> The Cox Law Firm, P.C.
> 402 Main Street, 3 South
> Houston, Texas 77002
> *Attorney for Plaintiffs*
>
> L. Joseph Loveland, Esq.
> King & Spalding LLP
> 1180 Peachtree Street, N.E.
> Atlanta, GA  30309-3521
>
> Kevin D. Mohr, Esq.
> Ben Pollock, Esq.
> King & Spalding LLP
> 1100 Louisiana, Suite 4000
> Houston, TX  77002
> *Attorneys for Defendant Coca Cola Company*

<div align="right">

/s/ Johnny W. Carter
Johnny W. Carter

</div>

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER )))))))))))) | Civil Action No. 4:07-cv-3060 |
| Plaintiffs, )) | |
| v. ))) | |
| PEPSICO., INC and THE COCA COLA COMPANY INC. )))) | |
| Defendants. | |

Stipulation for Extension of Time to Answer, Move, or Otherwise
Respond to Plaintiffs' Original Complaint

Defendant PepsiCo, Inc. and Plaintiffs hereby stipulate and agree that PepsiCo, Inc. shall file an answer, move, or otherwise respond to Plaintiffs' Original Petition on or before October 30, 2007.

Respectfully submitted,

SUSMAN GODFREY L.L.P.

BY: /s/ Johnny W. Carter

Johnny W. Carter
S.D. Texas Bar No. 21988
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Tel: (713) 651-9366
Fax: (713) 654-6666

*Attorneys for Defendant PepsiCo, Inc.*

Jonathan H. Cox
The Cox Law Firm, P.C.
402 Main St., 3 South
Houston, TX 77002
Tel: 713/752-2300
Fax: 713/752-2812

SO ORDERED

2

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 4:07-cv-3060 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| PEPSICO., INC and THE COCA COLA COMPANY INC. | ) ) ) | |
| Defendants. | | |

Stipulation for Extension of Time to Answer, Move, or Otherwise
Respond to Plaintiffs' Original Complaint

Defendant PepsiCo, Inc. and Plaintiffs hereby stipulate and agree that PepsiCo, Inc. shall file an answer, move, or otherwise respond to Plaintiffs' Original Petition on or before October 30, 2007.

Respectfully submitted,

SUSMAN GODFREY L.L.P.

BY: /s/ Johnny W. Carter
    Johnny W. Carter
    S.D. Texas Bar No. 21988
    1000 Louisiana Street, Suite 5100
    Houston, TX 77002-5096
    Tel: (713) 651-9366
    Fax: (713) 654-6666

*Attorneys for Defendant PepsiCo, Inc.*

Jonathan H. Cox
The Cox Law Firm, P.C.
402 Main St., 3 South
Houston, TX 77002
Tel: 713/752-2300
Fax: 713/752-2812

SO ORDERED  USDJ  9/26/07

2

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER | ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| PEPSI CO., INC and THE COCA COLA COMPANY INC. | ) ) ) ) |
| Defendants. | |

Civil Action No. 4:07cv3060

Judge Hittner

## NOTICE OF THE MOTION TO CONSOLIDATE AND TRANSFER FILED BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

On behalf of Defendant PepsiCo, Inc., pursuant to Rule 5.12(b) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, we respectfully give notice of the filing before the Judicial Panel on Multidistrict Litigation of PepsiCo's Motion to Consolidate and Transfer the above-captioned action and other related actions pending in other districts. Annexed as Exhibit A is a copy of

PepsiCo's September 27, 2007 Motion to Consolidate and Transfer. Annexed as Exhibit B is the Memorandum of Points and Authorities In Support of Motion to Consolidate and Transfer. Annexed as Exhibit C is the Declaration of Louis M. Solomon, along with accompanying exhibits, annexed as Exhibit C.1 and C.2. Attached as Exhibit D is the statement of the Reasons Why Oral Argument Should Be Heard before the Judicial Panel on Multidistrict Litigation.

Respectfully submitted,

SUSMAN GODFREY L.L.P.

BY: /s/ Johnny W. Carter
    Johnny W. Carter
    State Bar No. 00796312
    1000 Louisiana Street, Suite 5100
    Houston, TX  77002-5096
    Tel: (713) 651-9366
    Fax: (713) 651-6666

**Attorneys for Defendant PepsiCo, Inc.**

## CERTIFICATE OF SERVICE

I certify that on the 27th day of September, 2007, a copy of the foregoing **NOTICE OF THE MOTION TO CONSOLIDATE AND TRANSFER** was served upon the following counsel of record:

Jonathan H. Cox, Esq.
402 Main St., 3 South
Houston, TX 77002
**Attorney for Plaintiffs**

L. Joseph Loveland, Esq.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA  30309-3521

Kevin D. Mohr, Esq.
Ben Pollock, Esq.
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, TX  77002
***Attorneys for Defendant Coca Cola Company***

/s/ Johnny W. Carter
Johnny W. Carter

# EXHIBIT A

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

---

**IN RE PEPSICO, INC. AND
THE COCA COLA COMPANY,
INC. CONSUMER CLASS
ACTION LITIGATION**

MDL Docket No. _____

---

**MOTION TO CONSOLIDATE AND TRANSFER**

Pursuant to 28 U.S.C. § 1407, PepsiCo, Inc. and The Pepsi Bottling Group, Inc.

respectfully move this Panel for an Order consolidating in the Southern District of New York for

pretrial proceedings the cases identified in the attached Schedule A for the reasons set forth in

the accompanying Memorandum of Points and Authorities.


Dated: September 27, 2007

Respectfully submitted,

*Margaret A. Dale*

Louis M. Solomon
Margaret A. Dale
Michael S. Lazaroff
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
*Attorneys for PepsiCo, Inc., and
The Pepsi Bottling Group., Inc.*

# EXHIBIT B

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

_____

IN RE PEPSICO, INC. AND
THE COCA COLA COMPANY,
INC. CONSUMER CLASS
ACTION LITIGATION

MDL Docket No. _____

_____

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO CONSOLIDATE AND TRANSFER**

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........................................................................ii

BACKGROUND ................................................................................... 2

ARGUMENT ...................................................................................... 7

    A.    The Actions Should be Consolidated
           for Pre-Trial Proceedings Under 28 U.S.C. § 1407 ............................................... 6

    B.    The Actions Should Be Consolidated In The Southern
           District of New York As The Most Appropriate Forum................................... 11

CONCLUSION................................................................................... 14

SCHEDULE A................................................................................... 15

## TABLE OF AUTHORITIES

PAGE(s)

### CASES

*Duessent v. Am. Online, Inc. (In re Am. Online Spin-Off Accounts Litig.),*
310 F. Supp. 2d 1369 (J.P.M.L. 2004)....................................................................7

*In re Bayou Hedge Funds Inv. Litig.,*
429 F. Supp. 2d 1374 (J.P.M.L. 2006)..................................................................11

*In re Canon U.S.A., Inc., Digital Cameras Prods. Liab. Litig.,*
416 F. Supp. 2d 1369 (J.P.M.L. 2006)..................................................................11

*In re Cuisinart Food Processor Antitrust Litig.,*
506 F. Supp. 651 (J.P.M.L. 1981)...........................................................................9

*In re Digital Music Antitrust Litig.,*
444 F. Supp. 2d 1351 (J.P.M.L. 2006)..................................................................12

*In re Enron Corp. Secs., Derivative & ERISA Litig,*
196 F. Supp. 2d 1375 (J.P.M.L. 2002)..................................................................13

*In re Fed. Home Loan Mortg. Corp. Secs. & Derivative Litig.,*
303 F. Supp. 2d 1379 (J.P.M.L. 2004)..................................................................13

*In re GM OnStar Contract Litig.,*
--- F. Supp. 2d ----, 2007 WL 2386412 (J.P.M.L. Aug. 17, 2007) ......................7

*In re Katz Interactive Call Processing Patent Litig.,*
481 F. Supp. 2d 1353 (J.P.M.L. 2007)....................................................................7

*In re Literary Works in Elec. Databases Copyright Litig.,*
2000 WL 33225502 (J.P.M.L. Dec. 6, 2000) .........................................................9

*In re M3Power Razor Sys. Mktg. & Sales Practices Litig.,*
398 F. Supp. 2d 1363 (J.P.M.L. 2005)..............................................................7, 10

*In re Oxycontin Antitrust Litig.,*
314 F. Supp. 2d 1388 (J.P.M.L. 2004)..................................................................12

*In re Rhodia S.A. Secs. Litig.,*
398 F. Supp. 2d 1359 (J.P.M.L. 2005)..................................................................12

*In re Roadway Express, Inc. Employment Practices Litig.,*
384 F. Supp. 612 (J.P.M.L. 1974).........................................................................10

*In re Std. Auto. Corp. Retiree Benefits "ERISA" Litig.*,
    431 F. Supp. 2d 1357 (J.P.M.L. 2006)..............................................................7

*In re Tri-State Water Rights Litig.*,
    481 F. Supp. 2d 1351 (J.P.M.L. 2007)..............................................................8

*In re Union Carbide Corp. Gas Plant Disaster*,
    601 F. Supp. 1035 (J.P.M.L. 1985)..................................................................11

*In re Union Pac. R.R. Co. Empl. Practices Litig.*,
    314 F. Supp. 2d 1383 (J.P.M.L. 2004)..............................................................8

*In re Uranium Indus. Antitrust Litig.*,
    458 F. Supp. 1223 (J.P.M.L. 1978)....................................................................9

*In re Vonage Mktg. & Sales Practices Litig.*,
    --- F. Supp. 2d ----, 2007 WL 2386424 (J.P.M.L. Aug. 15, 2007) ......................8

*In re Webloyalty.com, Inc., Mktg. & Sales Practices Litig.*,
    474 F. Supp. 2d 1353 (J.P.M.L. 2007)..............................................................8

*In re Worldcom, Inc., Sec. & ERISA Litig.*,
    226 F. Supp. 2d 1362 (J.P.M.L. 2002)......................................................10, 13

## STATUTES & RULES

28 U.S.C. § 1407.......................................................................................1, 7, 8

Panel Rule 7.2(a)(ii).........................................................................................3

1.      Pursuant to 28 U.S.C. § 1407, PepsiCo, Inc. ("**PepsiCo**") and The Pepsi Bottling Group, Inc. ("**PBG**") (collectively, the "**Movants**"), respectfully move this Panel for an Order consolidating for pretrial purposes in the Southern District of New York before Hon. Charles L. Brieant multiple consumer class action lawsuits that have been filed against PepsiCo, PBG, Pepsi Bottling Ventures LLC ("**PBV**") and The Coca-Cola Company, Inc. ("**Coca-Cola**") (collectively, the "**Defendants**").

2.      This motion seeks the pretrial consolidation of four consumer class action lawsuits and at least one potential tag-along action that need to be managed in a coordinated, consistent, and coherent fashion in a single jurisdiction. As explained more fully below and in the accompanying declaration of Louis M. Solomon ("**Solomon Decl.**"), each of the lawsuits seeks redress for a purported nationwide scheme of consumer misrepresentation practices concerning the marketing, labeling, and sale of PepsiCo's bottled water. The lawsuits involve the same core set of operative facts and assert substantively similar claims for relief.

3.      Currently, two cases are pending in White Plains, New York (one against PepsiCo and PBV, the other against PepsiCo, PBG and PBV); a third case is pending in Memphis, Tennessee against PepsiCo and Coca-Cola; and a fourth case is pending in Houston, Texas, also against PepsiCo and Coca-Cola. In addition, Movants have been notified of a fifth tag-along action that will likely be filed in California within the next month. In the interest of mitigating the looming inefficiencies posed by the litigation of these similar cases in different jurisdictions, Movants respectfully submit that these cases should be consolidated in a single jurisdiction for pretrial proceedings. Movants also respectfully submit that these cases should be consolidated in the Southern District of New York before Judge Brieant.

1

4.      Consolidation in the Southern District of New York, and before Judge Brieant, is appropriate for a number of reasons, including:

- The first class action lawsuit was filed in New York, and the two New York class actions are now both venued in the White Plains Division and are pending before Judge Brieant.  Accordingly, consolidation and coordination already have occurred in the Southern District of New York

- All four cases are brought as class actions; the two New York cases and the Texas case are putative nationwide class actions and the Tennessee action is a putative statewide class.  The need to facilitate administration of the cases and to prevent potentially conflicting and/or overlapping class determinations is vital. The Southern District of New York, where two of the nationwide class actions already are located, provides the most appropriate forum to accomplish this goal.

- The lead plaintiffs in the two New York actions are located in New York.

- The Defendant sued in all the cases (PepsiCo) and two of the four Defendants sued in any case (PepsiCo and PBG) are located in New York.

- Many of the witnesses and the relevant documents in these cases will be located in New York.

- The Southern District of New York is easily accessible (it has three major airports and train stations) and is convenient to many parties and counsel.  It is also well equipped with the resources necessary for this type of consumer fraud litigation.

- Given that the actions involve allegations of nationwide consumer fraud (as discussed below), it is far preferable for national class members and plaintiffs such as the lead plaintiffs and others involved in the New York actions to litigate in New York, rather than any other jurisdiction.

5.      Thus, the interests of efficiency will be best served by consolidating *all* of the parallel actions in the Southern District of New York (before Judge Brieant) where they can be litigated without the unnecessary waste of resources that will certainly arise if these cases remain fragmented or are litigated in a less convenient forum than the Southern District of New York.

## BACKGROUND

6.      Movants are aware of four putative class action lawsuits pending in several different federal district courts lodging substantially identical allegations of consumer fraud against PepsiCo and one or more of the other Defendants.  All of the lawsuits have been filed

against PepsiCo concerning the allegedly misleading nature of its labeling and/or advertising for its bottled water *Aquafina*. Several of the class actions seek to certify a nationwide class of individuals that purchased *Aquafina*. Another nationwide class action is pending against PepsiCo and Coca-Cola regarding their respective bottled water products, *Aquafina* and *Dasani*. The fourth putative class action is a statewide class action in Tennessee against PepsiCo and Coca-Cola, also relating to *Aquafina* and *Dasani*. The cases are:[1]

- New York *Fielman* Class Action. This putative nationwide consumer class action was filed on July 30, 2007, against PepsiCo, PBG and PBV in the **Southern District of New York (White Plains Division),** and is captioned *Brian Fielman, individually and on behalf of all others similarly situated v. PepsiCo, Inc., The Pepsi Bottling Group, Inc., and Pepsi Bottling Ventures LLC,* 07 civ. 6815 (CLB) (S.D.N.Y.) (the "***Fielman* Class Action**" or "***Fielman* Class Complaint**"). Solomon Decl., Ex. A.

- New York *Collado* Class Action. Filed on July 31, 2007, in the **Southern District of New York,** this putative nationwide consumer class action was brought against PepsiCo and PBV, and is captioned *Carmen Collado, on behalf of herself and all others similarly situated v. PepsiCo, Inc. and Pepsi Bottling Ventures, LLC,* 07 civ. 6874 (GBD) (S.D.N.Y.) (the "***Collado* Class Action**" or "***Collado* Class Complaint**"). Solomon Decl., Ex. B. The parties requested that this Action be reassigned to Judge Brieant in White Plains. Solomon Decl. Ex. C. The Notice of Reassignment of the *Collado* Class Action, effecting that transfer, is dated September 19, 2007. Solomon Decl., Ex. D.

- Tennessee Class Action. On July 30, 2007, a putative statewide class action was filed in Tennessee state court. That action was removed timely to federal court, and on August 10, 2007, the First Amended Complaint in the putative statewide class action was filed in the **Western District of Tennessee** against PepsiCo and Coca-Cola. That action is captioned *Stacy Anderson, Michael Gray, Kaye Huddleston, Michael Jones, Cheryl Carter, Darrell L. Martin, Yunna Griffin, Arvis Clark, Terrence Johnson, Latasha Johnson, Linda Valentine, Vinh Le, Terry Mansker, and Michael Aldridge, on behalf of themselves and all other similarly situated v. PepsiCo, Inc. and The Coca Cola Company, Inc.*, 2:07-cv-02514

---

[1] Pursuant to Panel Rule 7.2(a)(ii), the complete name of each action, including the full name of all parties; the district court and division in which each action is pending; and the judge assignment (if any) are listed in Schedule A attached hereto. Collectively, these class actions are referred to herein as the "**Actions**".

3

(BBD) (W.D. Tenn.) (the "**Tennessee Class Action**" or "**Tennessee Class Complaint**").  Solomon Decl., Ex. E.

- Texas Class Action.  The third putative nationwide consumer class action was filed on August 2, 2007, in the District Court, 157 Judicial District of Harris County, Texas and was removed timely to the **Southern District of Texas**.  That case is captioned *Christina Villa, Regina Kelly, Wanda R. Banks, Richard Banks, Kathy Jones Banks, Emma Williams, Samantha Townsend, Lawanda Holts, Mary Brewster, Rosalind Basile, Johnnie Mae Byrd, Carolyn Hayes, Linda Walker, Dasha Alexander v. PepsiCo., Inc. and The Coca Cola Company Inc.*, No. 07-cv-3060 (DH) (S.D. Tex.) (the "**Texas Class Action**" or "**Texas Class Complaint**"). Solomon Decl., Ex. F (Complaint); Solomon Decl., Ex. G (Notice of Filing of Notice of Removal).

7.    Movants believe there is a strong likelihood that additional cases will be filed in the coming months.  Movants already have received notification of one such action.  On August 29, 2007, Movants received notice under the California Legal Remedies Act from counsel for Amanda Litschke and all consumers similarly situated threatening a putative class action in California. *See* Solomon Decl. ¶3, Ex. H.

8.    There is substantial overlap among the Actions, including overlap of defendants, factual allegations, claims and legal theories.

9.    First, each of the Actions names PepsiCo as a defendant, and the two New York class actions also name PBV as a defendant. *See* Schedule A.

10.    Second, each of the Actions depends on the same core set of operative factual allegations concerning the marketing, labeling, and sale of *Aquafina* (PepsiCo) bottled water in the United States.  The Actions and the threatened tag-along action all allege that PepsiCo intentionally failed to inform consumers that the source of the water used to bottle *Aquafina* was community water or public tap water, not water from another source. *See* Solomon Decl., Ex. A, ¶ 18 (The Pepsi Defendants' "labels were misleading and deceptive because they stated: 'Bottled at the source P.W.S.," without indicating what 'P.W.S.' meant, because the logo contained a snow covered mountain thereby implying that the water was 'mountain water,' not regular tap

4

water, because the slogan 'Pure water Perfect Taste' implied that the water was from a source

that was more 'pure' than other bottled water and/or tap water."); Solomon Decl., Ex. B, ¶ 1

(Plaintiff "was shocked when she learned that the source of Aquafina was from public tap water

because she had believed, based upon the labeling of the product, that its source must have been

better than tap water."); Solomon Decl., Ex. E, ¶ 1 ("Defendants knowingly engaged in

misleading marketing practices, including not clearly identifying on the labels of their respective

bottled waters, that the source of the water is the same source as public water, resulting in

misleading Plaintiffs that said water comes from spring sources."); Solomon Decl., Ex. F, ¶ 23

("Defendants' knowingly engaged in misleading marketing practices, including not clearly

identifying on the labels of their respective bottled waters, that the source of the water is the

same as public water, resulting in misleading Plaintiffs that said water comes from spring

sources."); Solomon Decl., Ex. H, p.2 ¶ 1 ("[Pepsi] Defendants, through the label representation

of mountains, as well as the failure to disclose that it is tap water, lead consumers to falsely

believe that Aquafina water comes from a natural, original source, as opposed to a public water

system.").   All of the Actions identify the *Aquafina* label as misleading consumers by its

wording and/or graphics.  Solomon Decl., Ex. A, ¶¶ 1, 13, 29-32; Solomon Decl., Ex. B, ¶¶ 18-

24; Solomon Decl., Ex. E, ¶ 1; Solomon Decl., Ex. F, ¶ 23.   Several of the Actions also identify

the PepsiCo website as providing misleading information.  Solomon Decl., Ex. A, ¶ 33

("Defendants' website fails to inform consumers that the true nature of the source of the water

marketed and sold as *Aquafina* is tap water."); Solomon Decl., Ex. E, ¶ 23 ("Plaintiffs further

allege that Defendants [sic] online information misrepresents and purposely obscures the fact

that the water is obtained from the same sources as tap water . . . ."); Solomon Decl. Ex. F, ¶ 1

5

("Plaintiffs further allege that Defendants [sic] online information misrepresents and purposely obscures the fact that the water is obtained from the same sources as tap water . . . .").

11.    Likewise, the Tennessee and Texas Class Actions allege that Coca-Cola similarly misled consumers as to the source of the water used in its *Dasani* bottled water. *See* Solomon Decl., Ex. E, ¶ 1 ("Coca Cola's label of 'purified' water, and its online site information that its water is from 'local sources' is a knowing act designed to mislead and/or create a likelihood of confusion . . . ."); Solomon Decl., Ex. F, ¶ 23 ("Plaintiffs allege that Coca Cola's label of 'purified' water, and its online site information that its water is from 'local sources' is a knowing act designed to mislead and/or create a likelihood of confusion . . .").

12.    Third, each of the Actions asserts essentially the same claims for legal relief.  The two New York class action complaints plead almost identical claims of unfair and deceptive trade practices under New York state law and under the law of every other state, breach of implied warranty of merchantability, and unjust enrichment, *see* Solomon Decl., Ex. A, ¶¶ 39-77; Solomon Decl., Ex. B, ¶¶ 25-40, while the Tennessee and Texas complaints both plead claims of unfair and deceptive acts and practices, common law fraud, and fraudulent and/or negligent misrepresentation. *See* Solomon Decl. Ex. E, ¶¶ 36-60; Solomon Decl. Ex. F, ¶¶ 24-30.

13.    Thus, the Actions raise common questions of fact and law that should be managed in a coherent fashion in a single jurisdiction.  As set forth below, Movants respectfully submit that the convenience of parties and witnesses and the just and efficient conduct of the Actions require that these related Actions be consolidated in the Southern District of New York before Judge Brieant, where the two New York class actions already are pending.

6

# ARGUMENT

## A.    The Actions Should be Consolidated for Pre-Trial Proceedings Under 28 U.S.C. § 1407

14.    Parties may request that this Panel designate a centralized forum for pretrial management of actions "involving one or more common questions of fact" whenever such transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a).  The multiple consumer class action lawsuits now pending present a straightforward case for transfer under this framework.

15.    As discussed herein, the Actions share a wealth of common questions of underlying fact and seek similar (and in some cases, identical) forms of relief.  *See supra.*  On this basis alone, the Panel has recognized that creation of a centralized MDL forum is appropriate.  *See, e.g., In re Katz Interactive Call Processing Patent Litig.*, 481 F. Supp. 2d 1353, 1355 (J.P.M.L. 2007) (granting Section 1407 transfer where "[a]ll actions can . . . be expected to share factual and legal questions . . . "); *In re M3Power Razor Sys. Mktg. & Sales Practices Litig.*, 398 F. Supp. 2d 1363, 1364 (J.P.M.L. 2005) ("The presence of differing legal theories is outweighed when the underlying actions, such as the actions here, arise from a common factual core.").

16.    The fact that there are four actions already pending means that there is a substantial basis for consolidation under § 1407 as the Panel has recognized the benefits of MDL treatment, and consolidated cases, where as few as two actions are pending.  *See, e.g., In re Std. Auto. Corp. Retiree Benefits ERISA Litig.*, 431 F. Supp. 2d 1357 (J.P.M.L. 2006) (two actions pending; consolidation granted); *Duessent v. Am. Online, Inc. (In re Am. Online Spin-Off Accounts Litig.)*, 310 F. Supp. 2d 1369 (J.P.M.L. 2004) (two actions pending; consolidation granted); *see also In re GM OnStar Contract Litig.*, --- F. Supp. 2d ----, 2007 WL 2386412

(J.P.M.L. Aug. 17, 2007) (four actions pending; consolidation granted); *In re Vonage Mktg. & Sales Practices Litig.*, --- F. Supp. 2d ----, 2007 WL 2386424 (J.P.M.L. Aug. 15, 2007) (four actions pending; consolidation granted); *In re Tri-State Water Rights Litig.*, 481 F. Supp. 2d 1351 (J.P.M.L. 2007) (four actions pending in three districts; consolidation granted); *In re Webloyalty.com, Inc., Mktg. & Sales Practices Litig.*, 474 F. Supp. 2d 1353 (J.P.M.L. 2007) (four actions pending in two districts; consolidation granted).

17.     Moreover, the Panel recognizes that in cases like this, where this is a strong likelihood of additional actions being filed, there is an even greater need for consolidation. *In re Union Pac. R.R. Co. Empl. Practices Litig.*, 314 F. Supp. 2d 1383, 1384 (J.P.M.L. 2004) ("In light of the fact that . . . additional tag-along actions may be filed, Section 1407 is the more efficient method of congregating these related actions for pretrial proceedings at the present time.").

18.     The main purposes of consolidating proceedings under § 1407 are "for the convenience of parties and witnesses . . ." and to "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a).  Where the actions to be consolidated share the same basic factual allegations and similar legal allegations (as is the case here), there is a tremendous efficiency gained from the coordination of discovery and motions.  Put another way, it would be highly inefficient and expensive if the parties were required to litigate the pre-trial phases of these Actions separately.  Parties and non-parties alike will benefit from consolidation and coordination of pretrial proceedings in a single jurisdiction.  Through consolidation, the costs attendant to depositions, the production and transfer of voluminous documents, and discovery motion practice will be reduced, as will the inconvenience to fact, expert, and third-party witnesses.  Solomon Decl. ¶ 11.  Consolidation will permit the parties, through cooperation and

pooling of resources, to benefit from the "economies of scale" that MDL pretrial proceedings uniquely facilitate. *See, e.g. In re Literary Works in Elec. Databases Copyright Litig.*, 2000 WL 33225502 (J.P.M.L. Dec. 6, 2000) (centralization would serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation); *In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 655 (J.P.M.L. 1981) (transfer would "effectuate a significant overall savings of cost and a minimum of inconvenience to all concerned with the pretrial activities"); *In re Uranium Indus. Antitrust Litig.*, 458 F. Supp. 1223, 1230 (J.P.M.L. 1978) ("[Plaintiffs] will have to depose many of the same witnesses, examine many of the same documents, and make many similar pretrial motions in order to prove their . . . allegations. The benefits of having a single judge supervise this pretrial activity are obvious.").

19.    In addition, pretrial consolidation of the Actions will mitigate the significant risk of inconsistent pretrial rulings on the same basic factual and legal claims. Without consolidation, there is a substantial likelihood that the same legal argument on motions to dismiss, motions for summary judgment, and/or discovery motions will lead to different results against the same defendant in different courts. This is an important concern for any series of similar cases but is particularly critical when the cases are seeking certification of the same or overlapping putative classes. Three of the four Actions – the two New York class actions and the Texas class action – are seeking certification of nearly identical nationwide classes. *See* Solomon Decl., Ex. A, ¶¶ 17-24 (the purported "Class" is comprised of "all individuals in the United States who purchased *Aquafina* from the date of its introduction through the present" (¶ 17)); Solomon Decl., Ex. B , ¶¶ 8-15 (the purported "Class" is comprised of "all individuals in the United States who purchased Aquafina (the 'Class') from July 20, 2001 through the present " (¶ 8)); Solomon Decl., Ex. F, ¶ 23 ("This complaint is brought on behalf of all persons who have or [sic] purchased and

consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured Coca Cola [sic].").  The Tennessee class action seeks certification of a class that is a subset of the larger national classes, namely, "all residents of Tennessee who have purchased and consumed Aquafina or Dasani bottled waters based on the unfair and deceptive acts and practices by Pepsi and Coca Cola."  Solomon Decl., Ex. E, ¶ 24.  As this Panel has "consistently held," "the existence of and the need to eliminate" even the "possibility" of "inconsistent class determinations" "presents a highly persuasive" — indeed, "crucial[]"— "reason favoring transfer under Section 1407."  *In re Roadway Express, Inc. Employment Practices Litig.*, 384 F. Supp. 612, 613 (J.P.M.L. 1974); *see also In re M3Power Razor Sys.*, 398 F. Supp. 2d at 1365-66 (three putative class actions pending in two different districts sharing factual questions centralized under § 1407 due, in part, to the need to prevent inconsistent pretrial rulings particularly with respect to questions of class certification); *In re Worldcom, Inc., Sec. & ERISA Litig.*, 226 F. Supp. 2d 1362, 1354 (J.P.M.L. 2002) ("[c]entralization under Section 1407 is necessary in order to . . . prevent inconsistent pretrial rulings (especially with respect to questions of class certification)").

20.    The Actions are all directed against one defendant, PepsiCo.  The fact that some of the Actions name other defendants, including two actions against Coca-Cola, does not in any way minimize the logistical and legal benefits to consolidation.  To the extent that the additional defendants are bottlers of *Aquafina* water, the claims against them still revolve around the labeling and/or advertising for *Aquafina* water.  To the extent that there are similar legal issues in the cases against PepsiCo and Coca-Cola, there would be an additional benefit in having consolidated consideration of these issues.  The Panel has in the past rejected any claim that consolidation should be denied because one of the defendants was only named in some of the

actions. *See, e.g., In re Bayou Hedge Funds Inv. Litig.*, 429 F. Supp. 2d 1374 (J.P.M.L. 2006)

(transfer granted despite the fact that certain defendants named in only two of four actions). This

is certainly the case here where the presence of the additional defendants actually provides

additional cause for consolidation.

21.    If not consolidated, these consumer class action cases, involving numerous

already existing similar actions and the clear threat of even more such actions, will lead to

duplicative discovery, potentially conflicting pretrial substantive and procedural rulings, and

overlapping and/or conflicting putative classes. These Actions therefore present a textbook case

for consolidation in a single district under § 1407.

### B.    The Actions Should Be Consolidated In The Southern District of New York As The Most Appropriate Forum

22.    The Southern District of New York is the most appropriate forum for

consolidation of the related actions for several reasons. For one thing, the Southern District is

the most appropriate forum because two of the three putative nationwide class actions already are

pending in that court. *See, e.g., In re Union Carbide Corp. Gas Plant Disaster*, 601 F. Supp.

1035, 1036 (J.P.M.L. 1985) (selecting the forum where there were "more pending actions than

any other district"). Indeed, the *Fielman* Class Action in the Southern District of New York,

which is assigned to Judge Brieant, is the first-filed putative nationwide class action, and is one

of only two actions already being actively litigated, with briefing on the defendants' motion to

dismiss due to be completed on November 9, 2007. Solomon Decl., Ex. A, Docket Entries # 14-

15. This, too, strengthens the argument for consolidation in the Southern District of New York.

*See In re Canon U.S.A., Inc., Digital Cameras Prods. Liab. Litig.*, 416 F. Supp. 2d 1369, 1371

(J.P.M.L. 2006) (selecting the Southern District of New York as transferee forum because the

action pending there was "more procedurally advanced" compared to the actions in another

district). Furthermore, the parties to the *Collado* Class Action, also pending in the Southern District of New York, agreed to transfer that case to Judge Brieant, and to treat it as a related case to the *Fielman* Class Action. Solomon Decl., ¶13 & Exs. C, D. By Notice of Reassignment, dated September 19, 2007, the *Collado* Class Action has been transferred to Judge Brieant. Solomon Decl. ¶ 13 & Ex. D. Accordingly, coordination and consolidation is already occurring in the Southern District of New York.

23.    Second, the Southern District of New York is the appropriate forum because the lead plaintiffs in the two New York class actions are located in New York, as is PepsiCo, the only defendant named in all the Actions. *In re Oxycontin Antitrust Litig.*, 314 F. Supp. 2d 1388, 1390 (J.P.M.L. 2004) (finding the Southern District of New York appropriate because *inter alia* the one common defendant was located there). Additionally, PBG, one of the other Defendants, is also located in New York. This fact also supports centralizing these actions in New York. *See, e.g.*, *In re Digital Music Antitrust Litig.*, 444 F. Supp. 2d 1351, 1352 (J.P.M.L. 2006) (finding that the Southern District of New York was the "appropriate transferee forum" because "[m]ost defendants are headquartered in the Southern District . . ., and some relevant witnesses . . . may be located there").

24.    Third, the courts of the Southern District of New York are located in an easily accessible metropolitan location. White Plains, where Judge Brieant sits, is easily accessible by airplane from anywhere in the country, with three major airports serving the area. In addition, numerous hotels service the White Plains/New York City area with a variety of price ranges, and the Southern District of New York has a well-developed legal support system in place. *See, eg.*, *In re Rhodia S.A. Secs. Litig.*, 398 F. Supp. 2d 1359, 1360 (J.P.M.L. 2005) (transferring cases to the Southern District of New York in part because it "provides an accessible, metropolitan

12

location"); *In re Fed. Home Loan Mortg. Corp. Secs. & Derivative Litig.*, 303 F. Supp. 2d 1379,

1380 (J.P.M.L. 2004) (selecting the Southern District of New York because it is "readily

accessible for parties and witnesses"); *In re WorldCom, Inc.*, 226 F. Supp. 2d at 1355 (opting to

consolidate all actions in the Southern District of New York because *inter alia* "a litigation of

this scope will benefit from centralization in a major metropolitan center that is well served by

major airlines, provides ample hotel and office accommodations, and offers a well developed

support system for legal services"); *In re Enron Corp. Secs., Derivative & ERISA Litig*, 196 F.

Supp. 2d 1375, 1376-77 (J.P.M.L. 2002) (same).

25.     Accordingly, transferring the class actions currently pending in Tennessee and

Texas, as well as the potential tag-along California action, to the Southern District of New York,

where the *Fielman* and *Collado* Class Actions already are being litigated in a coordinated

fashion, will serve to streamline and expedite the litigation of these matters, and conserve the

resources of both the courts and the parties.

26.     By contrast, the districts where the Texas and Tennessee class actions are pending

(Southern District of Texas and Western District of Tennessee, respectively) both present a far

less attractive forum for the coordinated and efficient conduct of pre-trial activities in the

Actions. Potential witnesses from PepsiCo and/or PBG do not reside in these states. And neither

Tennessee and Texas offers the convenience and ease of travel available in New York for the

benefit of the attorneys, parties, and witnesses.

27.     In addition, the Tennessee Class Action, which was brought on behalf of a class

limited to residents of the state of Tennessee, is not being actively litigated. *See* Solomon Decl. ¶

16 and Ex. I. The narrowness of the plaintiff class in the Tennessee District Court, and the fact

that the case has essentially been stayed pending the outcome of motions to dismiss, militates against consolidating the nationwide class actions in that district.

28.     In short, the Actions should be consolidated in the Southern District of New York before Judge Brieant.

## CONCLUSION

For the foregoing reasons, transfer of the Actions to a single, centralized federal forum – the Southern District of New York – would further "the convenience of parties and witnesses and [would] promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407(a). Therefore, Movants respectfully request that this Panel enter an Order transferring these actions to the Southern District of New York and Judge Brieant for consolidated pretrial proceedings.

Dated:  September 27, 2007

Respectfully submitted,

*Margaret A. Dale*

Louis M. Solomon
Margaret A. Dale
Michael S. Lazaroff
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

*Attorneys for PepsiCo, Inc., and
The Pepsi Bottling Group., Inc.*

**SCHEDULE A**

Pursuant to Panel Rule 7.2(a)(ii), the complete name of each action, including the full name of all parties; the district court and division in which each action is pending; and the judge assignment (if any) are listed below.

1. *Brian Fielman, individually and on behalf of all others similarly situated v. PepsiCo, Inc., The Pepsi Bottling Group, Inc., and Pepsi Bottling Ventures LLC,* 07 civ. 6815 (Southern District of New York, White Plains Division) (Judge Charles L. Brieant)

2. *Carmen Collado, on behalf of herself and all others similarly situated v. PepsiCo, Inc. and Pepsi Bottling Ventures, LLC,* 07 civ. 6874 (Southern District of New York, White Plains Division)  (originally assigned to Judge George B. Daniels, and then reassigned to Judge Charles L. Brieant by Notice of Reassignment dated September 19, 2007).

3. *Stacy Anderson, Michael Gray, Kaye Huddleston, Michael Jones, Cheryl Carter, Darrell L. Martin, Yunna Griffin, Arvis Clark, Terrence Johnson, Latasha Johnson, Linda Valentine, Vinh Le, Terry Mansker, and Michael Aldridge, on behalf of themselves and all other similarly situated v. PepsiCo, Inc. and The Coca Cola Company, Inc.,* 2:07-cv-02514 (Western District of Tennessee, Western Division) (Judge Bernice B. Donald)

4. *Christina Villa, Regina Kelly, Wanda R. Banks, Richard Banks, Kathy Jones Banks, Emma Williams, Samantha Townsend, Lawanda Holts, Mary Brewster, Rosalind Basile, Johnnie Mae Byrd, Carolyn Hayes, Linda Walker, Dasha Alexander v. PepsiCo, Inc. and The Coca-Cola Company Inc.,* 07-cv-3060 (Southern District of Texas, Houston Division) (Judge David Hittner)

# EXHIBIT C

**BEFORE THE JUDICIAL PANEL**
**OF MULTIDISTRICT LITIGATION**

---

IN RE PEPSICO, INC. AND
THE COCA COLA COMPANY,
INC. CONSUMER CLASS
ACTION LITIGATION

MDL Docket No. _____

---

## DECLARATION OF LOUIS M. SOLOMON

LOUIS M. SOLOMON declares as follows:

1.      I am a member of Proskauer Rose LLP, counsel for PepsiCo, Inc. ("**PepsiCo**")
and The Pepsi Bottling Group, Inc. ("**PBG**") in the above-captioned matter ("**PepsiCo and PBG**,
collectively, the "**Movants**").  I make this declaration in support of Movants' motion, pursuant to
28 U.S.C. § 1407, for an Order consolidating for pretrial purposes in the Southern District of
New York before Hon. Charles L. Brieant multiple consumer class action lawsuits that have been
filed against Movants, Pepsi Bottling Ventures LLC ("**PBV**"), and in some cases The Coca-Cola
Company, Inc. ("**Coca-Cola**") (collectively, the "**Defendants**").

2.      Movants are aware of four putative class action lawsuits pending in several
different federal district courts across the county, all making substantially identical allegations of
consumer fraud against Defendants.  All of the putative class actions that have been filed concern
the allegedly misleading nature of PepsiCo's labeling and/or advertising for its bottled water
*Aquafina*.  Several of the class actions seek to certify a nationwide class of individuals that
purchased *Aquafina*.  Another nationwide class action is pending against PepsiCo and Coca-Cola
regarding their respective bottled water products, *Aquafina* and *Dasani*.  The fourth putative

class action is a statewide class action in Tennessee against PepsiCo and Coca-Cola, also relating to *Aquafina* and *Dasani*. The cases are:[1]

- New York *Fielman* Class Action. This putative nationwide consumer class action was filed on July 30, 2007, against PepsiCo, PBG and PBV in the **Southern District of New York (White Plains Division)**, and is captioned *Brian Fielman, individually and on behalf of all others similarly situated v. PepsiCo, Inc., The Pepsi Bottling Group, Inc., and Pepsi Bottling Ventures LLC,* 07 civ. 6815 (CLB) (S.D.N.Y.) (the "***Fielman*** **Class Action**" or ***Fielman*** **Class Complaint**"). True and correct copies of the *Fielman* complaint and the corresponding docket report are annexed hereto as Exhibit A.

- New York *Collado* Class Action. Filed on July 31, 2007, in the **Southern District of New York (Foley Square, Manhattan),** this putative nationwide consumer class action was brought against PepsiCo and PBV, and is captioned *Carmen Collado, on behalf of herself and all others similarly situated v. PepsiCo, Inc. and Pepsi Bottling Ventures, LLC,* 07 civ. 6874 (GBD) (S.D.N.Y.) (the "***Collado*** **Class Action**" or ***Collado*** **Class Complaint**"). True and correct copies of the *Collado* complaint and the corresponding docket report are annexed hereto as Exhibit B. The parties requested that this case be reassigned to Judge Brieant in White Plains, and treated as a related case to the *Fielman* Class Action. A true and correct copy of the request to transfer is annexed hereto as Exhibit C. The Notice of Reassignment of the *Collado* Class Action, effecting that transfer, is dated September 19, 2007, a true and correct copy of which is annexed hereto as Exhibit D.

- Tennessee Class Action. A putative statewide class action was filed in Tennessee state court. That action was removed timely to federal court, and on August 10, 2007, the First Amended Complaint in the putative statewide class action was filed in the **Western District of Tennessee** against PepsiCo and Coke. That action is captioned *Stacy Anderson, Michael Gray, Kaye Huddleston, Michael Jones, Cheryl Carter, Darrell L. Martin, Yunna Griffin, Arvis Clark, Terrence Johnson, Latasha Johnson, Linda Valentine, Vinh Le, Terry Mansker, and Michael Aldridge, on behalf of themselves and all other similarly situated v. PepsiCo, Inc. and The Coca Cola Company, Inc.*, 07 cv 02514 (DKV) (W.D. Tenn.) (the "**Tennessee Class Action**" or "**Tennessee Class Complaint**"). True and correct copies of the first amended complaint and the corresponding docket report are annexed hereto as Exhibit E.

- Texas Class Action. The third putative nationwide consumer class action was filed on August 2, 2007, in the District Court, 157 Judicial District of Harris County, Texas and was removed timely to the **Southern District of Texas**. That case is captioned *Christina Villa, Regina Kelly, Wanda R. Banks, Richard Banks,*

---

[1] Collectively, these class actions are referred to herein as the "**Actions**".

*Kathy Jones Banks, Emma Williams, Samantha Townsend, Lawanda Holts, Mary Brewster, Rosalind Basile, Johnnie Mae Byrd, Carolyn Hayes, Linda Walker, Dasha Alexander v. PepsiCo., Inc. and The Coca Cola Company Inc.,* No. 07-cv-3060 (DH) (S.D. Tex.) (the "**Texas Class Action**" or "**Texas Class Complaint**"). A true and correct copy of the complaint is annexed hereto as Exhibit F, and true and correct copies of the Notice of Removal, Supplemental Notice of Removal, and the corresponding docket report are annexed hereto as Exhibit G.

3.    Movants believe there is a strong likelihood that additional cases will be filed in the coming months. Movants already have received notification of one such action. On August 29, 2007, Movants received notice under the California Legal Remedies Act from counsel for Amanda Litschke and all consumers similarly situated threatening a putative class action in California. A true and correct copy of the notice is annexed hereto as Exhibit H.

4.    There is substantial overlap among the Actions, including overlap of defendants, factual allegations, claims, and legal theories.

5.    First, each of the Actions names PepsiCo as a defendant, and the two New York class actions also name PBV as a defendant.

6.    Second, each of the Actions depends on the same core set of operative factual allegations concerning the marketing, labeling, and sale of *Aquafina* (PepsiCo) bottled water in the United States. The Actions and the threatened tag-along action all allege that PepsiCo intentionally failed to inform consumers that the source of the water used to bottle *Aquafina* was community water or public tap water, not water from another source. *See* Ex. A, ¶ 18; Ex. B, ¶ 1; Ex. E, ¶ 1 ; Ex. F, ¶ 23; Ex. H, p.2 ¶ 1.

7.    All of the Actions allege that the *Aquafina* label is misleading consumers by its wording and/or graphics. *See*. Ex. A, ¶¶ 1, 13, 29-32;. Ex. B, ¶¶ 18-24; Ex. E, ¶ 1; Ex. F, ¶ 23.

8.    Several of the Actions also identify the PepsiCo website as providing misleading information. *See* Ex. A, ¶ 33; Ex. E, ¶ 23; Ex. F, ¶ 1.

3

9.    Likewise, the Tennessee and Texas Class Actions allege that Coca-Cola similarly misled consumers as to the source of the water used in its *Dasani* bottled water. *See* Ex. E, ¶ 1; Ex. F, ¶ 23.

10.    Third, each of the Actions asserts essentially the same claims for legal relief. The two New York class action complaints plead almost identical claims of unfair and deceptive trade practices under New York state law and under the law of every other state, as well as breach of implied warranty of merchantability, and unjust enrichment, *see* Ex. A, ¶¶ 39-77; Ex. B, ¶¶ 25-40, while the complaints in Tennessee (under Tennessee law) and Texas (purportedly under the law of every state) plead claims for unfair and deceptive acts and practices, common law fraud, and fraudulent and/or negligent misrepresentation. *See* Ex. E, ¶¶ 36-60; Ex. F, ¶¶ 24-30.

11.    Because of the substantial overlap among the Actions, the costs attendant to depositions, the production and transfer of voluminous documents, and discovery motion practice will be significantly reduced if the Actions are consolidated for pre-trial proceedings. Fact, expert, and third-party witnesses obviously will be very much less inconvenienced by consolidation.

12.    The Southern District of New York is the most appropriate forum for consolidation of the related actions for several reasons. For one thing, the Southern District is the most appropriate forum because two of the three putative nationwide class actions already are pending in that court. The *Fielman* Class Action, pending before Judge Brieant in the Southern District of New York (White Plains Division), is the first-filed putative nationwide class action, and is one of only two actions already being actively litigated, with defendants' motion to

4

dismiss already made and briefing due to be completed November 9, 2007. *See* Ex. A, Docket Entries # 14-15.

13.      Furthermore, the *Collado* Class Action, which was originally pending before Judge Daniels in the Southern District of New York (in the Foley Square Courthouse in Manhattan), has, with the agreement of the parties, been reassigned to Judge Brieant as a related case to the *Fielman* Class Action. *See* Ex. C (request to have the *Collado* Class Action transferred to Judge Brieant's docket); Ex. D (reassigning the *Collado* Class Action to Judge Brieant).

14.      Second, the Southern District of New York is appropriate because the lead plaintiffs in the two New York actions are located in New York, as is PepsiCo, the only defendant named in all the Actions, as are lead counsel for those defendants. Additionally, PBG, one of the other Defendants, is also located in New York, as is their counsel.

15.      Third, the courts of the Southern District of New York are located in an easily accessible metropolitan location. White Plains, where Judge Brieant sits, is easily accessible by airplane from anywhere in the country, with three major airports serving the area. In addition, numerous hotels service the White Plains/New York City area with a variety of price ranges, and the Southern District of New York has a well-developed legal support system in place.

16.      In addition, the Tennessee Class Action, which was brought on behalf of a class limited to residents of the state of Tennessee, is not being actively litigated. PepsiCo and Coca-Cola have filed motions to stay the proceedings, *see* Ex. E, Docket Entries # 16-17, and the Tennessee Court has issued an order effectively staying the case until the Motion to Stay is determined. A true and correct copy of the Tennessee court's order is annexed hereto as Exhibit I.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in New York, New York on September 27, 2007.

LOUIS M. SOLOMON

10036546

# EXHIBIT C.1

Exhibits A-E

# EXHIBIT
# A

# United States District Court

SOUTHERN      DISTRICT OF      NEW YORK

BRIAN FIELMAN, Individually and On Behalf of All
Other Persons Similarly Situated,

### SUMMONS IN A CIVIL CASE

V.

CASE NUMBER:

PEPSICO, INC., THE PEPSI BOTTLING GROUP,
INC., and PEPSI BOTTLING VENTURES LLC

# 07 CIV 6815

# JUDGE BRIEANT

TO: (Name and address of defendant)

PepsiCo, Inc.
700 Anderson Hill Road
Purchase, New York 10577

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Andrew P. Bell, ESQ
LOCKS LAW FIRM, PLLC
110 East 55th Street - 12th Floor
New York, New York 10022
Telephone: (212) 838-3333

RECEIVED
AUG - 3 2007

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period
of time after service.

J. MICHAEL McMAHON

CLERK

JUL 3 0 2007

DATE

(BY) DEPUTY CLERK

Seth R. Lesser (SR 5560)
Andrew P. Bell (AB 1309)
LOCKS LAW FIRM PLLC
110 East 55th Street
New York, New York 10022
(212) 838-3333
www.lockslaw.com

Jeffrey A. Klafter (JK 0953)
KLAFTER & OLSEN LLP
1311 Marmaroneck Avenue
Suite 220
White Plains, New York 10605
(914) 997-5656

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Brian Fielman, on behalf of herself and all
others similarly situated,

        Plaintiff,

v.

PEPSICO, INC., THE PEPSI BOTTLING
GROUP, INC., and PEPSI BOTTLING
VENTURES LLC,

        Defendants.

Civil Case No.:

**07 CIV 6815**

**CLASS ACTION COMPLAINT AND
JURY DEMAND FOR TRIAL**

Plaintiff BRIAN FIELMAN, by and through his undersigned counsel, for himself and all

others similarly situated, hereby brings this Class action Complaint against Defendants PEPSICO

INC., THE PEPSI BOTTLING GROUP, INC. AND PEPSI BOTTLING VENTURES LLC

("Defendants"). Plaintiff makes the following allegations based upon his personal knowledge as

to his own acts, and upon information and belief as well as upon his attorneys' investigative

efforts as to Defendants' actions and misconduct as alleged herein:

1

## Nature of The Action

1.     In this class action lawsuit, Plaintiff seeks to obtain damages and/or compensatory restitution for Defendants' wrongful and illegal sales and marketing of *Aquafina* bottled water ("*Aquafina*"), in that Defendants advertising, marketing and/or labeling of *Aquafina* failed to inform consumers that the source of the water was public tap water, not water from an inherently cleaner source, such as a mountain as implied in the logo on the *Aquafina* label. Whether through intentional, reckless, or negligent action, Defendants marketed and sold *Aquafina* notwithstanding the fact that its content was undisclosed, mislabel, misleading. As a result, consumers like Plaintiff herein purchased *Aquafina* not knowing the water's true source and accordingly have suffered harms sounding in their claims set forth below for (a) violations of Uniform Deceptive Acts and Practices statutes (sometimes also referred to as "Consumer Protection Statutes"); (b) breach of the implied warranty of merchantability; and (c) unjust enrichment.

2.     Plaintiff further seeks declaratory and injunctive relief to prevent a reoccurrence of such wrongful activity by Defendants.

## Parties

3.     Plaintiff Brian Fielman resides in Valley Stream, New York and is a citizen of the State of New York.

4.     Defendant PepsiCo, Inc. ("Pepsi") is a corporation organized under the laws of the State of North Carolina and has its principal place of business in Purchase, New York.

2

5.     Defendant The Pepsi Bottling Group, Inc. ("PBG") is a corporation organized under the laws of the State of Delaware and has its principal place of business in Somers, New York.

6.     Defendant Pepsi Bottling Ventures LLC ("PBV") is a corporation organized under the laws of the State of Delaware and has its principal place of business in Raleigh, North Carolina.

7.     PBG and PBV (hereinafter collectively "Pepsi Bottlers") are bottling companies affiliated with Pepsi, are two of Pepsi's "anchor bottlers" of *Aquafina* and other Pepsi products, and are primarily responsible for manufacturing, selling and distributing *Aquafina* in New York and throughout the United States.

8.     With respect to the conduct alleged herein, the acts and alleged wrongdoing of Defendants Pepsi and the Pepsi Bottlers may be imputed to each other inasmuch as they acted as the agents, alter-egos or co-conspirators of each other.

## Jurisdiction and Venue

9.     This Court has subject matter jurisdiction over this matter pursuant 28 U.S.C. § 1332(d)(2) inasmuch as the Defendants are citizens of the States of New York, North Carolina and Delaware and the members of the Class alleged herein include persons who are citizens of States other than New York, North Carolina and Delaware; the action is a putative class action pursuant to Federal Rule of Civil Procedure 23, and the amount in controversy exceeds the sum of $5 million, exclusive of interests and costs.

10.     Venue is proper in this district pursuant to 28 U.S.C. §1391.

3

11. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## Factual Allegations of the Plaintiff

12. On many occasions and for at least two to three years, Brian Fielman purchased *Aquafina* by the case and individual bottles as stores in his neighborhood, including but not limited to, Key Foods and King Kullen.

13. Mr. Fielman believed, based upon Defendants' labeling of *Aquafina*, that the water used in it must have come from a cleaner, safer and special source.

14. Mr. Fielman bought *Aquafina* in part because he believed that the water source it was from was cleaner, safer and special because the label indicated that it was "pure water".

15. On or about July 28 or 29, 2007, Mr. Fielman discovered that the water in *Aquafina* came from general tap water, and was not from a water source that was any cleaner, safer or special.

16. As a result of this discovery, Mr, Fielman believed he had been misled by Defendants into purchasing *Aquafina* and was angry and shocked.

## Class Action Allegations

17. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and a class (the "Class") consisting of all individuals in the United States who purchased *Aquafina* from the date of its introduction through the present (the "Class Period"). Excluded from the Class are defendants, any entity in which defendants have a controlling interest, and any of their subsidiaries, affiliates, and officers and directors. Plaintiff

4

reserves the right to amend the class definition, including the Class's possible division into subclasses, in order to obtain substantial justice for the wrongdoing asserted herein.

18.    The Class consists of hundreds of thousands if not millions of individuals, not only within the State of New York, but also the other states in the United States. Millions of bottles of *Aquafina* were sold during the Class Period. Numerosity is therefore satisfied.

19.    Plaintiff's claims involve questions of law and fact common to the Class, because Plaintiff and other members of the Class were similarly affected by Defendants' unlawful and wrongful conduct that is complained of herein.

20.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel competent and experienced in class and consumer litigation and, in particular, this area of law, and Plaintiff has no conflict of interest with other Class members in the maintenance of this class action. Plaintiff has no relationship with Defendants except as customers. Plaintiff will vigorously pursue the claims of the Class.

21.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

a.    Whether the water marketed and sold as *Aquafina* was bottled from sources of what is generally known as "tap water";

b.    Whether Defendants withheld information from and/or omitted to inform consumers on *Aquafina* labels that the water marketed and sold as *Aquafina* was bottled from sources of what is generally known as "tap water";

5

c.   Whether Defendants' withholding of information and/or failure to inform consumers as to the true source of the water marketed and sold as *Aquafina* resulted from negligent, reckless or intentional behavior;

d.   Whether Defendants' affirmatively promoted the water marketed and sold as *Aquafina* as being better fit for human consumption because of the "perfect" or more "pure" nature of the water's source;

e.   Whether Defendants' conduct respecting *Aquafina* violated New York GBL § 349, and the state consumer protection and/or uniform deceptive acts and practices statutes in effect in the various States;

f.   Whether Defendants' conduct breached the implied warranty of merchantability; and

g.   Whether Defendants' omissions in the labeling of *Aquafina* so as to conceal the true nature of the source of the water marketed and sold under the brand name *Aquafina* caused Defendants to be unjustly enriched when the totality of the circumstances are considered.

22.   A class action is an appropriate and superior method for the fair and efficient adjudication of the controversy given the following factors:

a.   Common questions of law and/or fact predominate over any individual questions that may arise, and, accordingly, there would accrue enormous economies to both the courts and the Class in litigating the common issues on a class wide basis instead of on a repetitive individual basis;

6

b.  Class members' individual damage claims are too small to make individual litigation an economically viable alternative;

c.  Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

d.  No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage are common to the Class.

23.  Class certification is fair and efficient as well because prosecution of separate actions would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which, as a practical matter, may be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

24.  Plaintiff anticipates that there will be no difficulty in the management of this litigation, and means exist to address issues of damages as have been utilized in other class actions, including aggregate damages, claims processes and/or determination of restitutionary amounts.

## Factual Background

25.  The bottled water industry in the United States reportedly accounts for revenues of approximately fifteen billion dollars annually. It is a highly competitive industry where beverage

7

companies are continuously trying to market their water as cleaner, safer and/or healthier than rivals' water.

26. *Aquafina* was first introduced in 1994 and gained national distribution with Pepsi in 1997.

.27. *Aquafina* is currently the United States' best selling brand of bottled water based on sales volume, and Defendants received revenues in 2006 of approximately $2.17 billion on sales of *Aquafina*.

28. Since its introduction, the water used in *Aquafina* is sourced from public drinking supplies, commonly known or referred to as "tap water".

29. Defendants' labels on *Aquafina* currently state: "Bottled at the source P.W.S.".

30. *Aquafina* labels do not indicate, state or imply the meaning of "P.W.S.", although the abbreviation actually stands for "Public Water Systems" or some similar phrase.

31. Defendants' "blue mountain labels" on *Aquafina* contain a logo of a sun rising or setting over a mountain range and contains the slogan "Pure Water Perfect Taste".

32. Defendants' blue mountain labels, therefore, implying that the origin of the water in *Aquafina* bottles is from a mountain source and/or a source more pure than either tap water or rivals' water and that *Aquafina*.

33. Defendants' website fails to inform consumers that the true nature of the source of the water marketed and sold as *Aquafina* is tap water.

34. Defendants negligently, recklessly and/or intentionally misled consumers into believing that *Aquafina* was similar to, as good as and/or better than other rivals' water based upon, in part, the source of the water used in *Aquafina*.

8

35. Defendants failed to disclose tap water as the true source of *Aquafina* to consumers because Defendants knew that such information would be considered important to consumers when they made decisions of whether to purchase Defendants' *Aquafina* water.

36. Defendants failed to disclose tap water as the true source of *Aquafina* to consumers because Defendants knew that such disclosure would be detrimental to the sales of Defendants' *Aquafina* water.

37. On or about July 27, 2007, Defendants agreed to relabel *Aquafina* in order to include information that the source of the water was tap water.

38. On or about July 27, 2007, Defendant Pepsi admitted that the prior labeling of *Aquafina* was misleading to reasonable consumers when Pepsi, referring to the re-labeling of *Aquafina*, released a statement saying: "If this helps clarify the fact that the water originates from public sources, then it's a reasonable thing to do."

## FIRST CAUSE OF ACTION
## FOR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW
### (By Plaintiff on him own behalf and on behalf of the Class)

39. Plaintiff hereby incorporates by reference paragraphs 1-38 as if fully set forth herein.

40. Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the bottling, manufacturing, marketing, labeling and sale of *Aquafina*.

41. Had Defendants not engaged in the wrongful and deceptive conduct described above, Plaintiff and members of the Class would not have purchased and/or paid the same

9

amount for *Aquafina*, and they have therefore proximately suffered injury in fact and ascertainable losses.

42.     Defendants' deceptive, unconscionable or fraudulent representations and material omissions to consumers, including the failure to inform consumers of the true source of the water used in *Aquafina* and the mislabeling of the same, constituted unfair and deceptive acts and practices in violation of state consumer protection statutes.

43.     Defendants engaged in their wrongful conduct while at the same time obtaining sums of money from Plaintiff and Class members for *Aquafina*.

44.     Defendants' actions, as complained of herein, constitute unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of state consumer protection statutes, including, but not limited to N.Y. Gen. Bus. Law §§ 349 *et seq.*, as well as substantially similar statutes in effect in the other States.

45.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the Class are entitled to a judgment that declaring that Defendants' actions have been in violation of their statutory duties, that provides injunctive relief in order to ensure continued wrongful and similar acts do not occur hereafter, and that provides compensatory damages, treble damages, attorneys' fees, and/or costs of suit.

## SECOND CAUSE OF ACTION
## FOR BREACH OF IMPLIED WARRANTY
### (By Plaintiff on him own behalf and on behalf of the Class)

46.     Plaintiff hereby incorporates by reference paragraphs 1-45 as if fully set forth herein.

47.     Defendants impliedly warranted that *Aquafina*, a mass consumer item which Defendants manufactured, bottled, promoted, distributed and sold to the market for bottled water to Plaintiff, was merchantable.

48.     *Aquafina* was not merchantable within the meaning of the law inasmuch as, by virtue of the labeling when purchased by Plaintiff and the Class, it (a) could not pass without objection in the trade under its description; (b) it was not adequately contained, packaged and labeled as part of the transaction; and/or (c) it did not conform to the promises and affirmations of fact made on the package and label for the game. Therefore, Defendants breached the implied warranties of merchantability when *Aquafina* was labeled, distributed, and sold to Plaintiff and similarly situated persons.

49.     Any disclaimers of implied warranties are ineffectual as they were not provided to Plaintiff or otherwise made known to Plaintiff, who were not informed of the material non-compliance of the goods to the represented labeling. In addition, any such disclaimers are unconscionable under the circumstances.

50.     As a direct and proximate result of Defendants' breach of implied warranty, Plaintiff has sustained economic losses and other damages for which he is entitled to compensatory and/or equitable damages in an amount to be proven at trial.

11

## THIRD CAUSE OF ACTION
## FOR UNJUST ENRICHMENT
### (By Plaintiff on him own behalf and on behalf of the Class)

51. Plaintiff hereby incorporates by reference paragraphs 1-50 as if fully set forth herein.

52. Defendants obtained monies from the manufacture, labeling, distribution, marketing and/or sale of *Aquafina*, water that was, as they knew or reasonably should have known was mislabeled because the label omitted that the source of the water was tap water and contained images and/or words that implied that the source of the water was more pure and/or better than tap water and/or the bottled water of Defendants' rivals. When considered under the totality of the circumstances regarding Defendants' knowledge regarding *Aquafina*, Defendants have been unjustly enriched to the detriment of Plaintiff and the other members of the Class, as alleged above, by retention of consumer's purchase monies received directly or indirectly. These unjust benefits were conferred on Defendants by consumers as a direct result of the omissions and mislabeling made by Defendants.

76. Defendants' retention of some or all of the monies they have gained through their wrongful acts and practices would be unjust considering the circumstances of their obtaining those monies.

77. Defendants should be required to disgorge their unjustly obtained monies and to make restitution to Plaintiff and the other members of the Class, in an amount to be determined, of the monies by which they have been unjustly enriched.

12

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all others similarly situated, prays for judgment against Defendants as follows:

    1.     For an Order certifying the Class and any appropriate subclasses thereof under the appropriate provisions of Federal Rule of Civil Procedure 23, and appointing Plaintiff and his counsel to represent such Classes and subclasses as appropriate under Rule 23(g);

    2.     For the declaratory and equitable relief requested;

    3.     For compensatory, equitable and/or restitutionary damages according to proof and for all applicable statutory damages under New York GBL § 349 *et seq.* and under the consumer protection legislation of the other states and the District of Columbia;

    4.     For an award of attorneys' fees and costs;

    5.     For prejudgment interest and the costs of suit;

    6.     For such other and further relief as this Court may deem just and proper.

13

Order documents from CourtLink's nationwide document retrieval service.
- OR - Call 1.866.540.8818.

# US District Court Civil Docket

## U.S. District - New York Southern
## (White Plains)

## 7:07cv6815

## Fielman v. Pepsico, Inc et al

This case was retrieved from the court on Monday, September 24, 2007

| | |
|---|---|
| Date Filed: 07/30/2007 | Class Code: ECF |
| Assigned To: Judge Charles L Brieant | Closed: no |
| Referred To: | Statute: 28:1332 |
| Nature of suit: Other Contract (190) | Jury Demand: Plaintiff |
| Cause: Diversity-Breach of Contract | Demand Amount: $0 |
| Lead Docket: None | NOS Description: Other Contract |
| Other Docket: None | |
| Jurisdiction: Diversity | |

| Litigants | Attorneys |
|---|---|
| Brian Fielman on Behalf of Herself And All Others Similarly Situated<br>Plaintiff | Andrew Palmer Bell<br>[COR LD NTC]<br>Locks Law Firm PLLC<br>110 East 55TH Street<br>New York , NY  10022<br>USA<br>212-838-3333<br>Fax: 212-838-3735<br>Email: Abell@lockslawny.com<br><br>Jeffrey Alan Klafter<br>[COR LD NTC]<br>Klafter & Olsen LLP<br>1311 Mamaroneck Avenue, Suite 220<br>White Plains , NY  10602<br>USA<br>(914) 997-5656<br>Fax: (914) 997-5656<br>Email: Jak@klafterolsen.com<br><br>Seth Richard Lesser<br>[COR LD NTC]<br>Locks Law Firm PLLC<br>110 East 55TH Street<br>New York , NY  10022<br>USA<br>212-838-3333<br>Fax: 212-838-3735<br>Email: Slesser@lockslawny.com |
| Pepsico, Inc<br>Defendant | Lawrence I Weinstein<br>[COR LD NTC]<br>Proskauer Rose LLP (New York)<br>1585 Broadway<br>New York , NY  10036<br>USA<br>(212)-969-3240<br>Fax: (212)-969-2900<br>Email: LWEINSTEIN@PROSKAUER.COM<br><br>Louis M Solomon<br>[COR LD NTC]<br>Proskauer Rose LLP (New York)<br>1585 Broadway |

New York , NY  10036
USA
212-969-3200
Fax: 212-969-2900
Email: Lsolomon@proskauer.com

Michael Lazaroff
[COR LD NTC]
Proskauer Rose LLP (New York)
1585 Broadway
New York , NY  10036
USA
212-969-3645
Fax: 212-969-2900
Email: MLAZAROFF@PROSKAUER.COM

The Pepsi Bottling Group, Inc
Defendant

Lawrence I Weinstein
[COR LD NTC]
Proskauer Rose LLP (New York)
1585 Broadway
New York , NY  10036
USA
(212)-969-3240
Fax: (212)-969-2900
Email: LWEINSTEIN@PROSKAUER.COM

Louis M Solomon
[COR LD NTC]
Proskauer Rose LLP (New York)
1585 Broadway
New York , NY  10036
USA
212-969-3200
Fax: 212-969-2900
Email: Lsolomon@proskauer.com

Michael Lazaroff
[COR LD NTC]
Proskauer Rose LLP (New York)
1585 Broadway
New York , NY  10036
USA
212-969-3645
Fax: 212-969-2900
Email: MLAZAROFF@PROSKAUER.COM

Pepsi Bottling Ventures Llc
Defendant

James M Parrott, V
[COR LD NTC]
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan
2500 Wachovia Capitol Center
Raleigh , NC  27601
USA
(212) 558-4959
Fax: (919)-821-6800
Email: JPARROTT@SMITHLAW.COM

Louis M Solomon
[COR LD NTC]
Proskauer Rose LLP (New York)
1585 Broadway
New York , NY  10036
USA
212-969-3200
Fax: 212-969-2900
Email: Lsolomon@proskauer.com

| Date | # | Proceeding Text |
|------|---|-----------------|
| 07/30/2007 | 1 | COMPLAINT against PepsiCo, Inc., The Pepsi Bottling Group, Inc.,, Pepsi Bottling Ventures LLC,. (Filing Fee $ 350.00, Receipt Number 622462)Document filed by Brian Fielman.(II) (Entered: 07/31/2007) |
| 07/30/2007 | -- | SUMMONS ISSUED as to PepsiCo, Inc., The Pepsi Bottling Group, Inc.,, Pepsi Bottling Ventures LLC,. (II) (Entered: 07/31/2007) |
| 07/30/2007 | -- | Case Designated ECF. (II) (Entered: 07/31/2007) |
| 07/30/2007 | -- | Magistrate Judge Mark D. Fox is so designated. (II) (Entered: 07/31/2007) |
| 08/16/2007 | 2 | SCHEDULING ORDER: Conference set for 10/5/2007 at 09:00 AM before Judge Charles L. Brieant. (Signed by |

| | | |
|---|---|---|
| | | Judge Charles L. Brieant on 8/16/07) (fk) (Entered: 08/17/2007) |
| 08/23/2007 | 3 | NOTICE OF APPEARANCE by Michael Lazaroff on behalf of PepsiCo, Inc., The Pepsi Bottling Group, Inc., (Lazaroff, Michael) (Entered: 08/23/2007) |
| 08/27/2007 | 4 | AFFIDAVIT OF SERVICE of Summons and Complaint. PepsiCo, Inc. served on 8/3/2007, answer due 8/23/2007. Service was accepted by Kathy Henry, Administrative Assistant. Document filed by Brian Fielman. (Rudich, Fran) (Entered: 08/27/2007) |
| 08/27/2007 | 5 | AFFIDAVIT OF SERVICE of Summons and Complaint. Pepsi Bottling Ventures LLC, served on 8/1/2007, answer due 8/21/2007. Service was accepted by Sabrina Ambrose, Registered Agent. Document filed by Brian Fielman. (Rudich, Fran) (Entered: 08/27/2007) |
| 08/27/2007 | 6 | AFFIDAVIT OF SERVICE of Summons and Complaint. The Pepsi Bottling Group, Inc., served on 8/2/2007, answer due 8/22/2007. Service was accepted by Mike Spanos, Vice President of Retail. Document filed by Brian Fielman. (Bell, Andrew) (Entered: 08/27/2007) |
| 08/30/2007 | 7 | STIPULATION AND ORDER Extending Time to Answer…until 9/19/07…So Ordered. (Signed by Judge Charles L. Brieant on 8/29/07) (fk) (Entered: 09/04/2007) |
| 09/04/2007 | 8 | NOTICE OF APPEARANCE by Louis M. Solomon on behalf of PepsiCo, Inc., The Pepsi Bottling Group, Inc., (Solomon, Louis) (Entered: 09/04/2007) |
| 09/10/2007 | 9 | NOTICE OF APPEARANCE by Lawrence I. Weinstein on behalf of PepsiCo, Inc., The Pepsi Bottling Group, Inc., (Weinstein, Lawrence) (Entered: 09/10/2007) |
| 09/11/2007 | 10 | NOTICE OF APPEARANCE by James M. Parrott, V on behalf of Pepsi Bottling Ventures LLC, (Parrott, James) (Entered: 09/11/2007) |
| 09/12/2007 | 11 | MOTION for Donald H. Tucker, Jr. to Appear Pro Hac Vice. Document filed by Pepsi Bottling Ventures LLC,…$25.00 Fee paid, #624521.(jma) (Entered: 09/13/2007) |
| 09/14/2007 | 12 | ORDER granting 11 Motion for Donald H. Tucker, Jr. to Appear Pro Hac Vice. Upon the motion of James M. Parrott, V, attorney for defendant Pepsi Bottling Ventures, LLC, and said sponsor attorney's affidavit in support: IT IS HEREBY ORDERED that Donald H. Tucker, Jr. is admitted to practice Pro Hac Vice as counsel for Defendant Pepsi Bottling Ventures, LLC.....See document for more details. (Signed by Judge Charles L. Brieant on 09/13/07) (dcr) (Entered: 09/14/2007) |
| 09/14/2007 | 13 | ENDORSED LETTER addressed to Judge Charles L. Brieant from lMichael Lazaroff dated 9/12/07 re: Request for an adjournment of conference until 10/26/07 at 9:00 am. ENDORSEMENT: Application Granted. Conference scheduled for 10/26/07 at 9:00 am. So Ordered. (Signed by Judge Charles L. Brieant on 9/13/07) (fk) (Entered: 09/17/2007) |
| 09/19/2007 | 14 | JOINT MOTION to Dismiss for failure to state a claim for which relief can be granted. Document filed by PepsiCo, Inc., The Pepsi Bottling Group, Inc.,, Pepsi Bottling Ventures LLC,.Responses due by 10/22/2007,Return Date set for 11/30/2007 at 10:00 AM.(Solomon, Louis) (Entered: 09/19/2007) |
| 09/19/2007 | 15 | MEMORANDUM OF LAW in Support re: 14 JOINT MOTION to Dismiss for failure to state a claim for which relief can be granted.. Document filed by PepsiCo, Inc., The Pepsi Bottling Group, Inc.,, Pepsi Bottling Ventures LLC,. (Solomon, Louis) (Entered: 09/19/2007) |
| 09/19/2007 | 16 | DECLARATION of Diane Petroccione in Support re: 14 JOINT MOTION to Dismiss for failure to state a claim for which relief can be granted.. Document filed by PepsiCo, Inc., The Pepsi Bottling Group, Inc.,, Pepsi Bottling Ventures LLC,. (Attachments: # 1 Exhibit A)(Solomon, Louis) (Entered: 09/19/2007) |

Copyright © 2007 LexisNexis CourtLink, Inc. All rights reserved.
* * * THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY * * *

# EXHIBIT
# B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Carmen Collado, on behalf of herself
and all others similarly situated,

         Plaintiff,

        v.

PEPSICO, INC. and PEPSI BOTTLING
VENTURES LLC,

        Defendants.

Civil Case No.: 07cv 6874 (GBD)

## FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND

    Plaintiff CARMEN COLLADO, by counsel and on behalf of herself and all

others similarly situated, individually and as class representative, for her Class Action

Complaint against Defendants PEPSICO, INC. and PEPSI BOTTLING VENTURES

LLC ("Defendants"), alleges, upon information and belief, except for the allegations

concerning Plaintiff's own actions, as follows:

    1.    Plaintiff Carmen Collado is a resident and citizen of the State of New

York. Not knowing of Aquafina's true source, Ms. Collado frequently purchased

Aquafina by the case from at least five to six years ago to the present usually at BJs

Wholesale Club and/or Costco, both in Westbury, New York and/or Melville, New York,

and from Stop n Shop in Oyster Bay, New York. Ms. Collado was shocked when she

learned that the source of Aquafina was from public tap water because she had believed,

based upon the labeling of the product, that its source must have been better than tap

water.

2.     Defendant PepsiCo, Inc. is a corporation organized under the laws of the State of North Carolina and has its principal place of business in Purchase, New York.

3.     Defendant Pepsi Bottling Ventures LLC ("Pepsi Bottling") is a corporation organized under the laws of the State of Delaware and has its principal place of business in Raleigh, North Carolina.

4.     Defendants PepsiCo, Inc. and Pepsi Bottling acted together and in concert in respects to the actions alleged in this complaint and their actions may be imputed to each other inasmuch.

### Jurisdictional Allegations

5.     This Court has subject matter jurisdiction over this matter pursuant 28 U.S.C. § 1332(d)(2)("CAFA") because the Defendants are citizens of the States of New York, North Carolina and/or Delaware and the members of the Class alleged herein include persons who are citizens of States other than New York, North Carolina and Delaware; the action is a putative class action pursuant to Federal Rule of Civil Procedure 23, and the amount in controversy, aggregated, exceeds the sum of $5 million, exclusive of interests and costs.

6.     Venue is proper in this district pursuant to 28 U.S.C. §1391.

7.     This Court can issue declaratory and/or equitable relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### Class Action Allegations

8.     Plaintiff brings this class action pursuant to F.R.C.P. 23 on behalf of herself and a class consisting of all individuals in the United States who purchased Aquafina (the "Class") from July 30, 2001 through the present (the "Class Period").

2

Excluded from the Class are defendants, any entity in which defendants have a controlling interest, and any of their subsidiaries, affiliates, and officers and directors.

9.    The Class consists of millions of persons in New York and throughout the United States.

10.    Upon information and belief, millions and millions of bottles of Aquafina were sold during the Class Period, and thus, numerosity is satisfied.

11.    Plaintiff's claims involve common issues of law and fact because Plaintiff and other members of the Class were similarly affected by Defendants' wrongful conduct.

12.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no relationship with Defendants except as a customer of Defendants' product Aquafina water. Plaintiff will vigorously pursue this action on behalf of the Class, and Plaintiff has no and does not know of any conflicts of interest with any other Class members in this class action.

13.    Plaintiff has retained counsel competent and experienced in class and consumer litigation.

14.    Common issues of law and fact predominate over any issues affecting only individual members of the Class. Among the issues of law and fact common to the Class are:

        a.    whether the Aquafina water was bottled from tap water;

        b.    whether Defendants failed to disclose to consumers that Aquafina water was bottled from tap water;

        c.    whether Defendants' failure to disclose that Aquafina water was bottled from tap water was negligent, reckless or intentional behavior;

        d.    whether Defendants' failure to disclose that Aquafina water was

3

bottled from tap water violated New York Gen. Bus. Law § 349, *et seq.*, and the state consumer protection and/or uniform deceptive acts and practices statutes in effect in other States;

e.    whether Defendants' failure to disclose that Aquafina water was bottled from tap water breached the implied warranty of merchantability; and

f.    whether Defendants' failure to disclose that Aquafina water was bottled from tap water unjustly enriched Defendant

15.    This class action is an appropriate and superior method for the fair and efficient adjudication of the issues in this case because of the following:

a.    Common issues of law and/or fact predominate over any individual issues, and thus, there are large economies to both the courts and the Class in litigating the common issues on a class-wide basis instead of on a individual basis one-by-one;

b.    The individual claims of Class members are too small, thereby making individual litigation an economically impracticable alternative;

c.    It will be cost efficient and economies of scale will be achieved if the common issues in this class action are litigation together, rather than separately;

d.    There are no significant difficulties likely to be encountered in the management of this class action; and

e.    Class adjudication is a fair and efficient method because prosecution of separate actions would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that may be dispositive of the interests of other entities not parties to the action or substantially impair or impede their ability to protect their interests.

## Factual Allegations

16.    Aquafina water is the best selling bottled water in the United States with revenues in 2006 of over two billion dollars.

17.    During the Class Period, Aquafina water was obtained from public tap water supplies.

18.    During the Class Period, Defendants' labels were misleading and deceptive because they stated: "Bottled at the source P.W.S.", without indicating what "P.W.S." meant, because the logo contained a snow covered mountain thereby implying that the water was "mountain water", not regular tap water, because the slogan "Pure Water Perfect Taste" implied that the water was from a source that was more "pure" than other bottled water and/or tap water.

19.    Defendants negligently misled consumers into believing that the water source of Aquafina water was something different and better than tap water.

20.    Defendants recklessly misled consumers into believing that the water source of Aquafina water was something different and better than tap water.

21.    Defendants intentionally misled consumers into believing that the water source of Aquafina water was something different and better than tap water.

22.    Defendants knew or should have known that the fact that Aquafina water was sourced from tap water was materially relevant to the reasonable consumer when making a purchase of bottled water.

23.    Defendants knew that the disclosure of the fact that Aquafina water was sourced from tap water would hurt sales of Aquafina water, and accordingly, Defendants continued to refuse to disclose such information to the public, and especially on the labels of Aquafina water.

5

24.     On or about July 27, 2007, Defendants issued a statement that they would

change the label on Aquafina water so as to disclose that Aquafina water was sourced

from a public water system supplying tap water.

## FIRST CAUSE OF ACTION

## FOR VIOLATION OF CONSUMER FRAUD/UNFAIR AND DECEPTIVE TRADE PRACTICES STATUTES

(By Plaintiff on her own behalf and on behalf of the Class)

25.     Plaintiff hereby incorporates by reference paragraphs one through twenty-

four as if fully set forth herein.

26.     Pursuant to New York Gen. Bus. L. § 349, *et seq.*, and other similar state

consumer fraud and/or unfair and deceptive trade practices acts, Defendants had a

statutory duty to refrain from unfair or deceptive acts or practices in the bottling,

manufacturing, marketing, labeling and sale of Aquafina water.

27.     If Defendants had disclosed the true source of Aquafina water and not

engaged in the wrongful and deceptive actions described above, Plaintiff and members of

the Class would not have purchased from or paid Defendants for Aquafina water, but

instead Plaintiff and members of the Class proximately suffered injuries in fact, economic

and/or ascertainable losses.

28.     Defendants' deceptive, unconscionable or fraudulent conduct failing to

disclose and thereby omitting material information from consumers, as described above,

constituted unfair and deceptive acts and practices in violation of state consumer

protection statutes.

6

29.    Defendants' actions, as described above, constitute unfair competition and/or unfair, unconscionable, deceptive and/or fraudulent acts or practices in violation of state consumer protection statutes, including but not limited to, N.Y. Gen. Bus. Law §§ 349 *et seq.*

30.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the Class are entitled to a judgment declaring that Defendants' actions have been in violation of statutory duties and protections and that provides compensatory damages, treble damages, punitive damages, attorneys' fees, and/or costs of suit.

## SECOND CAUSE OF ACTION

### FOR BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

(By Plaintiff on her own behalf and on behalf of the Class)

31.    Plaintiff hereby incorporates by reference paragraphs one through thirty as if fully set forth herein.

32.    Defendants impliedly warranted that Aquafina water was merchantable.

33.    Aquafina water was not merchantable within the meaning of the law because it could not pass without objection in the trade under its description, it was not adequately contained, packaged and labeled as part of the transaction and/or it did not conform to the promises and affirmations of fact made on the package and label for the game.

34.    Accordingly, Defendants breached the implied warranties of merchantability when Aquafina water was marketed, labeled, and sold to Plaintiff and members of the Class.

7

35.    As a direct and proximate result of Defendants' breach of implied warranty, Plaintiff and members of the Class have sustained economic losses and other damages for which she is entitled to damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### FOR UNJUST ENRICHMENT

(By Plaintiff on her own behalf and on behalf of the Class)

36.    Plaintiff hereby incorporates by reference paragraphs one through thirty-six as if fully set forth herein.

37.    Defendants obtained monies from the marketing, labeling and/or sale of Aquafina water. When considered under the totality of the circumstances, as described above, Defendants have been unjustly enriched to the detriment of Plaintiff and the members of the Class by the retention of consumer's purchase monies received directly or indirectly by Defendants.

38.    This enrichment was conferred on Defendants by consumers as a direct result of the failures, omissions and deceptive and fraudulent conduct of Defendants.

39.    Defendants' retention of monies they have gained through their failures, omissions and deceptive and fraudulent conduct would be unjust considering the totality of the circumstances concerning Defendant's receipt and retention of those monies.

40.    Defendants should be order to disgorge their unjustly obtained monies and to make restitution to Plaintiff and the members of the Class in amounts to be determined.

8

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, prays for judgment against Defendants as follows:

1. For an Order, pursuant to the relevant provisions of F.R.C.P. 23, certifying the Class, and appointing Plaintiff and her undersigned counsel to represent the Class and any appropriate subclasses;

2. For the declaratory relief requested;

3. For compensatory, equitable and/or restitutionary damages according to the proof and for all applicable statutory damages under New York Gen. Bus. Law § 349 *et seq.* and under such similar statutes in effect in other states;

4. For an award of attorneys' fees and costs;

5. For prejudgment interest and the costs of suit;

6. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Dated:      July 30, 2007

 

Hunter J. Shkolnik (HS 4854)
RHEINGOLD, VALET,
RHEINGOLD, SHKOLNIK &
McCARTNEY LLP
113 East 37th Street
New York, NY 10016
Tel. 212-684-1880
Fax 212-689-8156
hshkolnik@rheingoldlaw.com
http://www.rheingoldlaw.com

Richard J. Arsenault (*pro hac vice* to
be filed)
NEBLETT, BEARD &
ARSENAULT
2220 Bonaventure Court
Alexandria, LA 71301
Tel. 318-487-9874
Fax: 318-561-2591
http://www.nbalawfirm.com

Attorneys for Plaintiffs

10

Order documents from CourtLink's nationwide document retrieval service.
- OR - Call 1.866.540.8818.

# US District Court Civil Docket

U.S. District - New York Southern

(White Plains)

## 7:07cv6874

## Collado v. Pepsico, Inc et al

This case was retrieved from the court on Wednesday, September 26, 2007

| | |
|---|---|
| Date Filed: 07/31/2007 | Class Code: ECF |
| Assigned To: Judge Charles L Brieant | Closed: no |
| Referred To: | Statute: 28:1332 |
| Nature of suit: Product Liability (195) | Jury Demand: Plaintiff |
| Cause: Diversity-Contract Dispute | Demand Amount: $0 |
| Lead Docket: None | NOS Description: Product Liability |
| Other Docket: None | |
| Jurisdiction: Diversity | |

| Litigants | Attorneys |
|---|---|
| Carmen Collado on Behalf of Herself And All Others Similarly Situated<br>Plaintiff | Hunter Jay Shkolnik<br>[COR LD NTC]<br>Rheingold, Valet, Rheingold, Shkolnik & McCartney, LLP<br>113 East 37TH Street<br>New York , NY  10016-3042<br>USA<br>(212)-684-1880<br>Fax: (212)-689-8156<br>Email: HSHKOLNIK@RHEINGOLDLAW.COM |
| Pepsico, Inc<br>Defendant | |
| Pepsi Bottling Ventures, Llc<br>Defendant | James M Parrott, V<br>[COR LD NTC]<br>Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan<br>2500 Wachovia Capitol Center<br>Raleigh , NC  27601<br>USA<br>(212) 558-4959<br>Fax: (919)-821-6800<br>Email: JPARROTT@SMITHLAW.COM |

| Date | # | Proceeding Text |
|---|---|---|
| 07/31/2007 | 1 | COMPLAINT against Pepsico, Inc., Pepsi Bottling Ventures, LLC. (Filing Fee $ 350.00, Receipt Number 622560) Document filed by Carmen Collado.(tro) Additional attachment(s) added on 8/3/2007 (Horne, Jenny). (Entered: 08/01/2007) |
| 07/31/2007 | -- | SUMMONS ISSUED as to Pepsico, Inc., Pepsi Bottling Ventures, LLC. (tro) (Entered: 08/01/2007) |
| 07/31/2007 | -- | Magistrate Judge James C. Francis is so designated. (tro) (Entered: 08/01/2007) |
| 07/31/2007 | -- | Case Designated ECF. (tro) (Entered: 08/01/2007) |
| 08/07/2007 | 2 | ORDER RE SCHEDULING AND INITIAL PRETRIAL CONFERENCE: If such a consent order is not filed within the time provided. Initial Conference set for 10/9/2007 at 09:30 AM in Courtroom 15D, 500 Pearl Street, New York, NY 10007 before Judge George B. Daniels. (Signed by Judge George B. Daniels on 8/6/2007) (jmi) (Entered: 08/10/2007) |
| 08/13/2007 | 3 | AMENDED COMPLAINT amending 1 Complaint against Pepsico, Inc., Pepsi Bottling Ventures, LLC. Document filed by Carmen Collado. Related document: 1 Complaint filed by Carmen Collado.(jco) Additional attachment(s) added on 8/22/2007 (Correa, Julie). (Entered: 08/14/2007) |
| 08/22/2007 | 4 | AFFIDAVIT OF SERVICE. Pepsi Bottling Ventures, LLC served on 8/20/2007, answer due 9/10/2007. Service was accepted by Donna Christie. Document filed by Carmen Collado. (Shkolnik, Hunter) (Entered: |

| | | |
|---|---|---|
| | | 08/22/2007) |
| 09/14/2007 | 5 | AFFIDAVIT OF SERVICE. Pepsico, Inc. served on 9/12/2007, answer due 10/2/2007; Service was accepted by Kimberly Riggins. Document filed by Carmen Collado. (Shkolnik, Hunter) (Entered: 09/14/2007) |
| 09/19/2007 | 6 | NOTICE OF APPEARANCE by James M. Parrott, V on behalf of Pepsi Bottling Ventures, LLC (Parrott, James) (Entered: 09/19/2007) |
| 09/19/2007 | 7 | NOTICE OF CASE REASSIGNMENT to Judge Charles L. Brieant. Judge George B. Daniels is no longer assigned to the case. (jeh) (Entered: 09/24/2007) |

Copyright © 2007 LexisNexis CourtLink, Inc. All rights reserved.
* * * THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY * * *

# EXHIBIT
# C

LOS ANGELES
WASHINGTON
BOSTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS
SÃO PAULO

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

# PROSKAUER ROSE LLP

Michael S. Lazaroff
Senior Counsel

Direct Dial 212.969.3645
mlazaroff@proskauer.com

September 7, 2007

**<u>Via Overnight Delivery</u>**

Honorable George B. Daniels
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 630
New York, NY 10007

Re:     *Collado v. PepsiCo, Inc.*, 07 CIV 6874

Dear Judge Daniels:

We represent Defendant PepsiCo, Inc. in the above referenced matter.  At the time this action was initially filed, a nearly identical complaint had already been filed against the two defendants in the above referenced matter before Judge Charles L. Brieant in White Plains and had a lower docket number than the above-referenced action (a copy of the complaint in *Fielman v. PepsiCo, Inc.*, 07 CIV 6815 is attached to this letter).  Because these nearly identical complaints are clearly related to each other, we respectfully request that the *Collado* case be transferred to Judge Brieant's docket as authorized by Rule 19 of this Court's Rules for the Division of Business Among District Judges.  We have consulted with Plaintiff's counsel and counsel for Pepsi Bottling Ventures, LLC and they consent to the transfer of this action.

The nearly identical *Fielman* complaint was filed in White Plains, where PepsiCo is domiciled, on July 30, 2007, before the *Collado* action was filed.  The two complaints are nearly identical, both focus on the Defendants' sale and marketing of Aquafina bottled water.  For instance, both complaints center around the same factual allegations of wrongdoing; they each allege as deceptive and misleading the inclusion of the phrases "Bottled at the source P.W.S." and "Pure Water Perfect Taste" and the picture of a mountain sunrise on Aquafina's label.  According to both complaints, the Aquafina label allegedly misled consumers into thinking that Aquafina was "more pure" than other bottled water.  Furthermore, the causes of action are also identical, alleging unfair and deceptive trade practices under state law; breach of implied warranty; and unjust enrichment.  Finally, both complaints also seek to certify a nationwide class of all individuals who purchased Aquafina.  Because of these similarities, we believe that litigating

**PROSKAUER ROSE LLP**

Honorable George B. Daniels
September 7, 2007
Page 2

these cases on the same docket will result in a substantial savings of judicial resources and increase the efficiency in which both litigations are conducted. Pursuant to Rule 19(c), when a party believes that its case is related to another case on a different docket, that party may request to have its case transferred to the judge assigned the related case with the lowest docket number. Here, the *Fielman* action has the lower docket number as it was filed prior to the action here. Accordingly, this action should be transferred to the Judge Brieant's docket in White Plains.

Furthermore, the *Collado* action should have been filed in White Plains originally. Rule 21(a)(i) of this Court's Rules for the Division of Business Among District Judges states that "[a] civil case shall be designated for assignment to White Plains if . . . [t]he claim arose in whole or in major part in the . . . 'Northern Counties' . . . and at least one of the parties resides in the Northern Counties[.]" Defendant PepsiCo's principal place of business is located in Westchester County, one of the enumerated "Northern Counties". And, the claim either arose in Westchester, where Defendant developed the marketing of Aquafina, or in Nassau or Suffolk Counties, where Ms. Collado alleges to have purchased Aquafina.

For these reasons, we respectfully request that your Honor transfer *Collado v. PepsiCo, Inc.*, 07 CIV 6874 to Judge Brieant's docket.

Respectfully submitted,

Michael S. Lazaroff

cc:    Hunter Shkolnik, Esq.
       Don Tucker, Esq.

# EXHIBIT D

## United States District Court
#### Southern District of New York
#### Office of the Clerk
#### US Courthouse
#### 500 Pearl Street, New York, N.Y. 10007-1213

## NOTICE OF REASSIGNMENT

07cv6874

-------------------------------------------------------X

Collado  v. Pepsico, Inc.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X



   Pursuant to the memorandum of the Case Processing Assistant, the above-entitled action is reassigned to the calendar of


### Judge Brieant

   All future documents submitted in this action are to be presented in the Clerk's Office of the Southern District Court for filing and shall bear the assigned judge's initials after the case number.

   The attorney(s) for the plaintiff(s) are requested to serve a copy of the Notice of Reassignment on all defendants.


        J. Michael McMahon, CLERK

Dated:

09/19/2007


     By:  <u>Jenny R. Horne</u>

        Deputy Clerk


cc:  Attorneys of Record

# EXHIBIT
# E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

STACY ANDERSON, MICHAEL GRAY,
KAYE HUDDLESTON, MICHAEL JONES,
CHERYL CARTER, DARRELL L. MARTIN,
YUNNA GRIFFIN, ARVIS CLARK,
TERRENCE JOHNSON, LATASHA JOHNSON,
LINDA VALENTINE, VINH LE,
TERRY MANSKER, and MICHAEL ALDRIDGE,
on behalf of themselves and all others
similarly situated,

        Plaintiffs,

vs.                                   Case No. <u>2:07-cv-02514</u>

PEPSI CO, INC., and
THE COCA COLA COMPANY, INC.,

        Defendants.

---

## FIRST AMENDED COMPLAINT

---

Plaintiffs Stacy Anderson, Michael Gray, Kaye Huddleston, Michael Jones, Cheryl Carter, Darrell L. Martin, Yunna Griffin, Arvis Clark, Terrence Johnson, Latasha Johnson, Linda Valentine, Vinh Le, Terry Mansker and Michael Aldridge, individually and on behalf of the class of persons defined below, against Pepsi Co., Inc. and The Coca Cola Company, Inc., and pursuant to their investigation, upon knowledge as to themselves and their own acts and otherwise upon information and belief, for their complaint allege as follows:

## OVERVIEW OF THE CASE

1.    This class action seeks redress for a nationwide scheme of consumer

1

misrepresentation practices by Pepsi Co., Inc. ("Pepsi") and The Coca Cola Company, Inc. ("Coca-Cola") (Defendants are hereinafter collectively referred to as "Defendants") related to the marketing, labeling, and sale of bottled water.  This complaint is brought under Rule 23 of the Tennessee Rules of Civil Procedure on behalf of all persons who have purchased and consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured by Coca Cola.  Plaintiffs seek compensatory damages and other remedies for Defendants' unfair and deceptive acts and practices described herein in connection with the marketing, labeling and sale of Aquafina and Dasani bottled waters.  Specifically, Plaintiffs allege that Defendants knowingly engaged in misleading marketing practices, including not clearly identifying on the labels of their respective bottled waters, that the source of the water is the same source as public water, resulting in misleading Plaintiffs that said water comes from spring sources.  Plaintiffs further allege that Defendants online information misrepresents and purposely obscures the fact that the water is obtained from the same sources as tap water which is readily available to the public for no cost.  Plaintiffs allege that Pepsi's decision to label its Aquafina bottled water as "purified drinking water" or "P.W.S.", and provide on its online site that its water is from "a source regulated by the EPA" is a knowing act designed to mislead and/or create a likelihood of confusion as to the source, standard, grade, characteristics and quality of its product.  Plaintiffs allege that Coca Cola's label of "purified" water, and its online site information that its water is from "local sources" is a knowing act designed to mislead and/or create a likelihood of confusion as to the source, standard, quality, grade, characteristics and quality of its product.

2.     Defendants engaged in unfair and deceptive conduct in which they purposely caused the likelihood of confusion or misunderstanding as to the source, standard, grade, characteristics and

quality of their goods, and engaged in acts and practices which were deceptive to the consumer and to other persons.

3.     Defendants intentionally created a false impression by their marketing schemes designed  to mislead Plaintiffs or to obtain an undue advantage over them.  Said false impression was made with knowledge of its falsity and with a fraudulent intent.  Said impression and representation was to an existing fact which is material and Plaintiffs reasonably relied upon that false impression to their injury.

## JURISDICTION AND VENUE

4.     This Complaint is brought pursuant to Tenn. Code Ann. §47-18-101 et seq.

5.     Defendants transacted business in the State of Tennessee, and the County of Shelby.

6.     No portion of this Complaint is brought pursuant to Federal Law.

7.     The damages of the Named Plaintiffs and each of the Class Members does not and will not exceed $75,000 each.

## THE PARTIES

8.     Stacy Anderson is an adult resident of Shelby County, Tennessee.  Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

9.     Michael Gray is an adult resident of Shelby County, Tennessee.  Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

10.     Kaye Huddleston is an adult resident of Shelby County, Tennessee.  Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

11.     Michael Jones is an adult resident of Shelby County, Tennessee.  Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

12.     Cheryl Carter is an adult resident of Shelby County, Tennessee.   Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

13.     Darryl Martin is an adult resident of Shelby County, Tennessee.   Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

14.     Yunna Griffin is an adult resident of Shelby County, Tennessee.   Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

15.     Arvis Clark is an adult resident of Shelby County, Tennessee.   Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

16.     Terrence Johnson is an adult resident of Shelby County, Tennessee.   Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

17.     Latasha Johnson is an adult resident of Shelby County, Tennessee.   Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

18.     Linda Valentine is an adult resident of Shelby County, Tennessee.   Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

19.     Vinh Le is an adult resident of Shelby County, Tennessee.   Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

20.     Terry Mansker is an adult resident of Shelby County, Tennessee.   Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

21.     Michael Aldridge is an adult resident of Shelby County, Tennessee Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

22.     Defendant Pepsi Co., Inc., is a North Carolina corporation and maintains its principal executive offices at 700 Anderson Hill Road, Purchase, New York 10577, and transacts business in

the State of Tennessee and the County of Shelby.

23.     Defendant Coca Cola Company, Inc., is a Delaware corporation and maintains its principal executive offices at One Coca-Cola Plaza, Atlanta, Georgia 30313, and transacts business in the State of Tennessee and the County of Shelby.

## CLASS ACTION ALLEGATIONS

24.     This case is brought as a class action pursuant to Rule 23 of the Tennessee Rules of Civil Procedure. Plaintiffs seek certification of this action as a class action on behalf of all residents of Tennessee who have purchased and consumed Aquafina or Dasani bottled waters based on the unfair and deceptive acts and practices by Pepsi and Coca Cola.

25.     This action is appropriate as a class action pursuant to Rule 23. Since Plaintiffs seek relief for the entire Class, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Pepsi and Coca Cola. Further, adjudications with respect to individual Class Members would, as a practical matter, be dispositive to the interests of other Class Members who are not parties to the adjudications and may impair and impede their ability to protect their interests.

26.     Membership in the Class is so numerous that separate joinder of each member is impracticable. The number of Class Members is unknown. Plaintiffs believe that there are thousands of persons in the Class. Although Plaintiff does not presently know the names of all Class Members, their identities and addresses can be ascertained.

27.     Plaintiffs are members of the Class of victims described herein. They were subject to unfair and deceptive acts and practices by Pepsi and Coca Cola, and purchased and consumed

Aquafina and Dasani bottled waters based upon the unfair and deceptive practices described herein.

28.     There are numerous and substantial questions of law and fact common to all Class Members which control this litigation and which predominate over any individual issues.  Included within the common questions are the following:

a.      Whether Pepsi devised and deployed a scheme or course of business which acted to cause the likelihood of confusion or misunderstanding as to the source of its Aquafina bottled water which acted to defraud or deceive Plaintiffs and Class Members and/or exacted unreasonable and unconscionable prices for its product by taking advantage of its position of superior knowledge;

b.      Whether Coca Cola devised and deployed a scheme or course of business which acted to cause the likelihood of confusion or misunderstanding as to the source of its Dasani bottled water which acted to defraud or deceive Plaintiffs and Class Members and/or exacted unreasonable and unconscionable prices for its product by taking advantage of its position of superior knowledge;

c.      Whether Pepsi failed to disclose to Plaintiffs and Class Members material information such as that the source of its Aquafina bottled water was from the same sources as public tap water;

d.      Whether Coca Cola failed to disclose to Plaintiffs and Class Members material information such as that the source of its Dasani bottled water was from the same sources as public tap water;

e.      Whether Pepsi engaged in a nationwide unfair and deceptive scheme and course of conduct which was deceptive to the consumer and to other persons;

6

f.      Whether Coca Cola engaged in a nationwide unfair and deceptive scheme and course of conduct which was deceptive to the consumer and to other persons;

g.      Whether Plaintiffs and Class Members are entitled to injunctive relief and/or other equitable relief against Pepsi and/or Coca Cola;

h.      Whether Plaintiffs and Class Members are entitled to an award of punitive damages against Pepsi and/or Coca Cola; and

i.      Whether Plaintiffs and Class Members have sustained damages and the proper measure of those damages.

29.     The claims of Plaintiffs are typical of the claims of the Class, and Plaintiffs have no interests which are adverse to those of other Class Members.

30.     Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel experienced and competent in the prosecution of complex litigation and experienced and competent as to class action litigation.

31.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Absent a class action, Class Members will continue to suffer damages, and Pepsi and Coca Cola's violations of law will proceed without remedy while Pepsi and Coca Cola will continue to retain the proceeds of their ill-gotten gains.

32.     Most individual Class Members have little ability to prosecute an individual action due to the complexity of the issues involved in this litigation, the size and scope of Pepsi and Coca Cola's unfair and deceptive sales schemes, the significant costs attendant to litigation on this scale, and the comparatively small, although significant, damages suffered by individual Class Members.

33.     This action will result in an orderly and expeditious administration of Class claims.

7

Economies of time, effort and expense will be fostered and uniformity of decisions will be insured.

34.     This action presents no difficulty that would impede its management by the Court as a class action, and a class action is superior to other available methods for their fair and efficient adjudication of their claims.

35.     Plaintiffs seek preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to require Pepsi and Coca Cola to specifically reform the labeling of their products as represented.

## COUNT I

**(Tennessee Consumer Protection Act - Tenn. Code Ann. §47-18-101, *et seq*.)**

36.     Plaintiffs repeat, re-allege, and incorporate herein each of the paragraphs above as if fully set forth herein.

37.     Defendant Pepsi intentionally engaged in unfair and deceptive acts and practices affecting the conduct of trade or commerce constituting unlawful acts and practices which are Class B misdemeanors.

38.     Defendant Coca Cola intentionally engaged in unfair and deceptive acts and practices affecting the conduct of trade or commerce constituting unlawful acts and practices which are Class B misdemeanors.

39.     Defendants' actions violate Tenn. Code Ann. §47-18-101, *et seq.*

40.     Defendant Pepsi intentionally and knowingly caused the likelihood of confusion or of misunderstanding as to the source of its Aquafina bottled water.

41.     Defendant Coca Cola intentionally and knowingly caused the likelihood of confusion or of misunderstanding as to the source of its Dasani bottled water.

8

42.     Defendant Pepsi, through its unfair and deceptive marketing and labeling of its Aquafina bottled water, unfairly represented to the consumers that its product has characteristics, ingredients, benefits or qualities that it does not have.

43.     Defendant Coca Cola, through its unfair and deceptive marketing and labeling of its Dasani bottled water, unfairly represented to the consumers that its product has characteristics, ingredients, benefits or qualities that it does not have.

44.     Defendant Pepsi, through its unfair and deceptive marketing and labeling of its Aquafina bottled water, used statements or illustrations in advertisements which created a false impression of the grade, quality, value or origin of the goods offered, or otherwise misrepresented the goods in such a manner that later, on disclosure of the true facts, there is a likelihood that the consumer may have switched from the advertised goods to other goods.

45.     Defendant Coca Cola, through its unfair and deceptive marketing and labeling of its Dasani bottled water, used statements or illustrations in advertisements which created a false impression of the grade, quality, value or origin of the goods offered, or otherwise misrepresented the goods in such a manner that later, on disclosure of the true facts, there is a likelihood that the consumer may have switched from the advertised goods to other goods.

46.     Defendant Pepsi engaged in other acts or practices which are deceptive to the consumer or to any other person.

47.     Defendant Coca Cola engaged in other acts or practices which are deceptive to the consumer or to any other person.

48.     Plaintiffs and Class Members suffered an ascertainable loss of money as a result of the use or employment by Defendants of such unfair or deceptive acts or practices.

## COUNT II

### (Common Law Fraud)

49.    Plaintiffs repeat, re-allege, and incorporate herein each of the paragraphs above as if fully set forth herein.

50.    Defendant Pepsi intentionally misrepresented a material fact or produced a false impression in order to mislead Plaintiffs and Class Members or to obtain an undue advantage over them.

51.    Defendant Coca Cola intentionally misrepresented a material fact or produced a false impression in order to mislead Plaintiffs and Class Members or to obtain an undue advantage over them.

52.    Defendants' representations were made with knowledge of their falsity and with fraudulent intent.

53.    Defendants' representations were to existing facts which were material and the Plaintiffs and Class Members reasonably relied upon those misrepresentations to their injury.

## COUNT III

### (Fraudulent Inducement)

54.    Plaintiffs repeat, re-allege, and incorporate herein each of the paragraphs above as if fully set forth herein.

55.    As set forth above, Pepsi and Coca Cola made misrepresentations or knowingly engaged in a course of conduct causing a likelihood of confusion or misunderstanding as to the source of their products.

56.    At the same time the misrepresentations were made or the course of conduct was

engaged in, Defendants knew that the representations were false, or caused to be made such representations with knowledge of the truth or falsity of such representations, and that such omitted information would have been material to Plaintiffs and the Class.

57.     Defendants made the misrepresentations or omitted material facts in order to induce Plaintiffs and Class Members to purchase their products.  Plaintiffs and Class Members reasonably and justifiably relied on the misrepresentations and omissions.

58.     As a direct and proximate result of the reasonable and justifiable reliance of Plaintiffs and Class on the misrepresentations and omitted material facts, Plaintiffs and the Class have suffered monetary and other damages.

## COUNT IV

### (Negligent Misrepresentation)

59.     Plaintiffs repeat, re-allege, and incorporate herein each of the paragraphs above as if fully set forth herein.

60.     Plaintiffs would show that Defendants supplied false information in the course of their business, profession or employment, or in the course of a transaction in which Defendants have a pecuniary interest, and that such information was supplied by Defendants for the guidance of Plaintiffs in the transactions described hereinabove.  Defendants failed to exercise reasonable care or competence in obtaining or communicating such information.  Plaintiffs aver that they suffered pecuniary loss, described more fully herein above, which was proximately caused by Plaintiffs' justifiable reliance on such information.

## COUNT V

### (Declaratory and Injunctive Relief)

61.     Plaintiffs repeat, re-allege, and incorporate herein each of the paragraphs above as if fully set forth herein.

62.     As stated above, Pepsi and Coca Cola have engaged in acts or practices violating the provisions of the Tennessee Consumer Protection Act, Tenn. Code Ann. §47-18-101, *et seq.*

63.     Plaintiffs and Class Members seek a declaratory judgment that such acts and practices described herein violate the provisions of Tenn. Code Ann. §47-18-101, *et seq.*, and to enjoin Defendants who have violated, or are violating, said Act.

WHEREFORE, Plaintiffs demand judgment against Pepsi and Coca Cola on behalf of themselves and Class Members as follows:

1.      Issuing an order determining that the action is a proper class action pursuant to Rule 23 of the Tennessee Rules of Civil Procedure;

2.      Awarding Plaintiffs and Class Members compensatory and punitive damages in an amount to be proven at trial for the wrongful acts complained of;

3.      Awarding Plaintiffs and Class Members treble damages pursuant to the provisions of Tenn. Code Ann. §47-18-109(3);

4.      Granting extraordinary equitable and/or injunctive relief as permitted by law or equity;

5.      Granting declaratory and injunctive relief pursuant to Tenn. Code Ann. §47-18-109(5)(b);

6.      Granting Plaintiffs and Class Members their costs and disbursements in connection

12

with this action, including reasonable attorneys' fees, expert witness fees and other costs; and

7.    Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand trial by jury on all issues triable at law.

Dated: August 10, 2007.

Respectfully submitted,

s/Sharon Harless Loy
Ricky E. Wilkins (BPR #14526)
Sharon Harless Loy (BPR #19824)
The Law Offices of Ricky E. Wilkins
119 S. Main Street
Suite 500, Pembroke Square Building
Memphis, TN 38103
Telephone:  (901) 322-4463
Facsimile:  (901) 322-4451
sloy@wilkinslawoffice.com

Counsel for Plaintiffs and the Plaintiff Class

## CERTIFICATE OF SERVICE

I, Sharon Harless Loy, hereby certify that I have served a copy of the foregoing upon Michael Richards, Esq., Baker, Donelson, Bearman, Caldwell & Berkowitz, 165 Madison Avenue, 20th Floor, Memphis, TN 38103, counsel for Pepsi Co., Inc., and upon Jef Feibelman, Esq., Burch Porter & Johnson, PLLC, 130 N. Court Avenue, Memphis, TN 38103, counsel for  The Coca Cola Company, Inc., by placing a copy of the same in the U.S. Mail, postage pre-paid, for delivery, and through the court's electronic delivery system.

This the   10th   day of August, 2007.

s/Sharon Harless Loy

13

Order documents from CourtLink's nationwide document retrieval service.
- OR - Call 1.866.540.8818.

# US District Court Civil Docket

## U.S. District - Tennessee Western
### (Memphis)

## 2:07cv2514

## Anderson et al v. Pepsi Co, Inc et al

This case was retrieved from the court on Thursday, September 27, 2007

| | |
|---|---|
| Date Filed: 08/06/2007 | Class Code: |
| Assigned To: Judge Bernice B Donald | Closed: no |
| Referred To: Magistrate Judge Diane K Vescovo | Statute: 28:1441 |
| Nature of suit: Fraud (370) | Jury Demand: Both |
| Cause: Petition for Removal- Fraud | Demand Amount: $0 |
| Lead Docket: None | NOS Description: Fraud |
| Other Docket: Circuit Court of Shelby County TN, CT-003860-07 | |
| Jurisdiction: Diversity | |

| Litigants | Attorneys |
|---|---|
| Jimmy Moore<br>Miscellaneous | Jimmy Moore<br>[COR LD NTC]<br>CIRCUIT COURT, 30TH JUDICIAL DISTRICT<br>SHELBY COUNTY COURTHOUSE<br>140 ADAMS AVE.<br>RM. 224<br>MEMPHIS, TN 38103<br>901-576-4006<br>FAX: PROSE<br>PRO SE |
| Stacey Anderson on Behalf of Themselves And All Others<br>Similiarly Situated<br>Plaintiff | Gina C Higgins<br>[COR LD NTC]<br>Stotts Higgins Johnson<br>1374 Madison Avenue<br>Memphis , TN 38104<br>USA<br>901-276-2500<br>Fax: 901-276-9317<br>Email: Ghiggins1@midsouth.rr.com<br><br>Ricky E Wilkins<br>[COR LD NTC]<br>Law Office of Ricky E Wilkins<br>Pembroke Square Building<br>119 S Main St<br>Ste 119<br>Memphis , TN 38103<br>USA<br>901-312-5574<br>Fax: 901-322-4451<br>Email: Rwilkins@wilkinslawoffice.com<br><br>Robert LJ Spence, Jr<br>[COR LD NTC]<br>Spencewalk, PLLC<br>One Commerce Square<br>Ste 2200<br>Memphis , TN 38103<br>USA<br>901-312-9160<br>Fax: 901-521-9550<br>Email: Rspence@spencewalk.com |

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Michael Gray on Behalf of Themselves And All Others Similiarly
Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Kaye Huddleston on Behalf of Themselves And All Others
Similiarly Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Michael Jones on Behalf of Themselves And All Others Similiarly
Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Cheryl Carter on Behalf of Themselves And All Others Similiarly
Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]

Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

| | |
|---|---|
| Darryl Martin on Behalf of Themselves And All Others Similiarly Situated<br>Plaintiff | Gina C Higgins<br>[COR LD NTC]<br>Stotts Higgins Johnson<br>1374 Madison Avenue<br>Memphis , TN  38104<br>USA<br>901-276-2500<br>Fax: 901-276-9317<br>Email: Ghiggins1@midsouth.rr.com |

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

| | |
|---|---|
| Yunna Griffin on Behalf of Themselves And All Others Similiarly Situated | Gina C Higgins<br>[COR LD NTC] |

Plaintiff

Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Arvis Clark on Behalf of Themselves And All Others Similiarly
Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building

119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Terrance Johnson on Behalf of Themselves And All Others
Similiarly Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Latasha Johnson on Behalf of Themselves And All Others Similiarly
Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200

Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

| | |
|---|---|
| Linda Valentine on Behalf of Themselves And All Others Similiarly Situated<br>Plaintiff | Gina C Higgins<br>[COR LD NTC]<br>Stotts Higgins Johnson<br>1374 Madison Avenue<br>Memphis , TN  38104<br>USA<br>901-276-2500<br>Fax: 901-276-9317<br>Email: Ghiggins1@midsouth.rr.com<br><br>Ricky E Wilkins<br>[COR LD NTC]<br>Law Office of Ricky E Wilkins<br>Pembroke Square Building<br>119 S Main St<br>Ste 119<br>Memphis , TN  38103<br>USA<br>901-312-5574<br>Fax: 901-322-4451<br>Email: Rwilkins@wilkinslawoffice.com<br><br>Robert LJ Spence, Jr<br>[COR LD NTC]<br>Spencewalk, PLLC<br>One Commerce Square<br>Ste 2200<br>Memphis , TN  38103<br>USA<br>901-312-9160<br>Fax: 901-521-9550<br>Email: Rspence@spencewalk.com<br><br>Sharon Harless Loy<br>[COR LD NTC]<br>Law Office of Ricky E Wilkins<br>Pembroke Square Building<br>119 S Main St<br>Ste 119<br>Memphis , TN  38103<br>USA<br>901-322-4450<br>Email: Sloy@wilkinslawoffice.com |
| Vinh LE on Behalf of Themselves And All Others Similiarly Situated<br>Plaintiff | Gina C Higgins<br>[COR LD NTC]<br>Stotts Higgins Johnson<br>1374 Madison Avenue<br>Memphis , TN  38104<br>USA<br>901-276-2500<br>Fax: 901-276-9317<br>Email: Ghiggins1@midsouth.rr.com<br><br>Ricky E Wilkins<br>[COR LD NTC]<br>Law Office of Ricky E Wilkins<br>Pembroke Square Building<br>119 S Main St<br>Ste 119<br>Memphis , TN  38103 |

USA
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
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Terri Mansker on Behalf of Themselves And All Others Similarly Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Michael Aldridge on Behalf of Themselves And All Others Similiarly Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-

Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

All Plaintiffs
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
119 S Main St
Ste 700
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Pepsi Co, Inc
Defendant

Buckner Wellford
[COR LD NTC]
Baker Donelson Bearman Caldwell & Berkowitz
First Tennessee Bank Building
165 Madison Ave
Ste 2000
Memphis , TN  38103
USA
901-526-2000
Fax: 901-577-4204

Email: Bwellford@bakerdonelson.com

Louis M Soloman
[COR LD NTC]
Proskauer Rose LLP
1585 Broadway
New York , NY  10036
USA
212-969-3200
Fax: 212-969-2900
Email: Lsolomon@proskauer.com

Michael S Lazaroff
[COR LD NTC]
Proskauer Rose LLP
1585 Broadway
New York , NY  10036
USA
212-969-3000
Fax: 212-969-2900
Email: Mlazaroff@proskauer.com

W Michael Richards
[COR LD NTC]
Baker Donelson Bearman Caldwell & Berkowitz
First Tennessee Bank Building
165 Madison Ave
Ste 2000
Memphis , TN  38103
USA
901-526-2000
Fax: 901-577-2303
Email: Mrichards@bakerdonelson.com

The Coca Cola Company, Inc
Defendant

Jef Feibelman
[COR LD NTC]
Burch Porter & Johnson
130 N Court Avenue
Memphis , TN  38103
USA
901-524-5000
Fax: 901-524-5024
Email: Jfeibelman@bpjlaw.com

Mary Alison Hale
[COR LD NTC]
Burch Porter & Johnson PLLC
130 N Court Ave
Memphis , TN  38103
USA
901-524-5144
Fax: 901-524-5024
Email: Mhale@bpjlaw.com

| Date | # | Proceeding Text |
|------|---|-----------------|
| 08/06/2007 | 1 | NOTICE OF REMOVAL by Pepsi Co, Inc, The Coca Cola Company, Inc from Circuit Court of Shelby County TN, case number CT-003860-07. (Attachments: # 1 Civil Cover Sheet # 2 State Court Proceedings# 3 Judge's Card)(jml, ) Modified on 8/7/2007 (jml, )case filed by attorney's Buckner Wellford and Michael Richards----attorneys for defendants. (Entered: 08/06/2007) |
| 08/06/2007 | 2 | Case initiation fee: $ 350.00, receipt number M108879 (agj, ) (Entered: 08/07/2007) |
| 08/07/2007 | 3 | DOCKET NOTATION....NOTICE OF A CORRECTION....The nef in 07-2514 Notice of Removal reflects that Ricky Wilkins is the attorney whom filed the removal. However the removal was filed by the defendants attorney's Buckner Wellford and Michael Richards on 08/06/2007. If you have questions please call 901-495-1505. Thank you.(jml, ) (Entered: 08/07/2007) |
| 08/08/2007 | 4 | Proposed MOTION to Certify Class proposed order submitted by all plaintiffs. (Attachments: # 1 Memorandum Memorandum in Support of Motion# 2 Certificate of Consultation)(Loy, Sharon) Modified on 9/26/2007 (jml, ) unterming motion per SF/law clerk, termed in error by #38. (Entered: 08/08/2007) |
| 08/08/2007 | 5 | AFFIDAVIT re 4 Proposed MOTION to Certify Class proposed order submitted by All Plaintiffs. (Attachments: # 1 Resume of Ricky E. Wilkins# 2 Resume - Sharon H. Loy)(Loy, Sharon) (Entered: 08/08/2007) |
| 08/08/2007 | 6 | NOTICE by All Plaintiffs Notice of Appearance - Robert L.J. Spence, Jr. (Loy, Sharon) (Entered: 08/08/2007) |
| 08/08/2007 | 7 | NOTICE by All Plaintiffs Notice of Appearance - Gina C. Higgins (Loy, Sharon) (Entered: 08/08/2007) |
| 08/09/2007 | 8 | NOTICE of Appearance by Mary Alison Hale on behalf of The Coca Cola Company, Inc (Hale, Mary) (Entered: 08/09/2007) |

| 08/10/2007 | 9 | AMENDED COMPLAINT against all defendants all defendants., filed by all plaintiffs. (Loy, Sharon) (Entered: 08/10/2007) |
| 08/10/2007 | 10 | NOTICE by All Plaintiffs re 4 Proposed MOTION to Certify Class proposed order submitted Notice of Filing Plaintiffs' Affidavits (Attachments: # 1 Affidavit)(Loy, Sharon) (Entered: 08/10/2007) |
| 08/13/2007 | 11 | COURTESY NOTICE: Pursuant to Rule 5 of the Federal Rules of Civil Procedure, document 7 Notice (Other) filed by All Plaintiffs,, 6 Notice (Other) filed by All Plaintiffs, has been filed. For future reference, please note that the proper ecf attorney signature should be reflected on this document(EX.: s/atty signature). Thank you. Filer is not required to resubmit document. (jml, ) (Entered: 08/13/2007) |
| 08/13/2007 | 12 | COURTESY NOTICE: Pursuant to Rule 5 of the Federal Rules of Civil Procedure, document 10 Notice (Other) filed by All Plaintiffs, has been filed. For future reference, please note that the affidavits were submitted as attached documents, however they should have been submitted separately, receiving one document entry number. If you have questions please call at 901-495-1505. Thank you.. Filer is not required to resubmit document. (jml, ) (Entered: 08/13/2007) |
| 08/17/2007 | 13 | SETTING LETTER: Scheduling Conference set for 9/20/2007 09:30 AM in Courtroom 5 - Memphis before Magistrate Judge Diane K. Vescovo. Please email the proposed joint scheduling order to ECF_Judge_Vescovo@tnwd.uscourts.gov by Monday, September 17, 2007. If the order is approved and filed, the conference will be canceled.Please see Judge Vescovo's Rule 16(b) instructions and new form order at www.tnwd.uscourts.gov/judgevescovo.(crk) (Entered: 08/17/2007) |
| 08/20/2007 | 14 | MOTION to Dismiss by The Coca Cola Company, Inc. (Attachments: # 1 Memorandum # 2 Exhibit A - Standard of Identity, 21 C.F.R. 165.110# 3 Exhibit B - Express Preemption Provision - 21 U.S.C. 343-1# 4 Exhibit C - Proposed Rule# 5 Exhibit D - Final Rule)(Feibelman, Jef) (Entered: 08/20/2007) |
| 08/21/2007 | 15 | ORDER REFERRING MOTION: 4 Proposed MOTION to Certify Class proposed order submitted filed by Michael Jones, Michael Gray, Stacey Anderson, Kaye Huddleston, Cheryl Carter, Darryl Martin, Yunna Griffin, Arvis Clark, Terrance Johnson, Linda Valentine, Latasha Johnson, Vinh Le, Terri Mansker, Michael Aldridge. Signed by Judge Bernice B. Donald on 08/21/2007 (Donald, Bernice) (Entered: 08/21/2007) |
| 08/21/2007 | 16 | MOTION to Stay Proceedings Pending Ruling on Rule 12(b)(6) Motion, proposed order submitted by The Coca Cola Company, Inc. (Attachments: # 1 Certificate of Consultation # 2 Memorandum # 3 Exhibit A - Nichols case# 4 Exhibit B - Gorea case)(Feibelman, Jef) (Entered: 08/21/2007) |
| 08/23/2007 | 17 | MOTION for Extension of Time to File Response/Reply to Plaintiffs' Motion for Statewide Class Certification by Pepsi Co, Inc. (Wellford, Buckner) (Entered: 08/23/2007) |
| 08/23/2007 | 18 | MEMORANDUM in Support re 17 MOTION for Extension of Time to File Response/Reply to Plaintiffs' Motion for Statewide Class Certification filed by Pepsi Co, Inc. (Attachments: # 1 # 2 # 3 # 4)(Wellford, Buckner) (Entered: 08/23/2007) |
| 08/23/2007 | 19 | CERTIFICATE of Counsel re 17 MOTION for Extension of Time to File Response/Reply to Plaintiffs' Motion for Statewide Class Certification (Certificate of Consultation) by Buckner Wellford on behalf of Pepsi Co, Inc (Wellford, Buckner) (Entered: 08/23/2007) |
| 08/23/2007 | 21 | MOTION for Leave to Appear Pro Hac Vice as to Michael Lazaroff by Pepsi Co, Inc. PROPOSED ORDER SUBMITTED and FILING FEE PAID (Attachments: # 1 Certificate of Michael S. Lazaroff# 2 Filing Fee Receipt) (jml, ) Additional attachment(s) added on 8/27/2007 (jml, ). (Entered: 08/27/2007) |
| 08/23/2007 | 22 | MOTION for Leave to Appear Pro Hac Vice as to Solomon Louis by Pepsi Co, Inc. PROPOSED ORDER SUBMITTED and FILING FEE PAID (Attachments: # 1 Certificate of Good Standing# 2 Ceritificate of Solomon Louis # 3)Filing Fee receipt(jml, ) (Entered: 08/27/2007) |
| 08/24/2007 | 20 | COURTESY NOTICE: Pursuant to Rule 5 of the Federal Rules of Civil Procedure, document 17 MOTION for Extension of Time to File Response/Reply to Plaintiffs' Motion for Statewide Class Certification filed by Pepsi Co, Inc,, 18 Memorandum in Support of Motion filed by Pepsi Co, Inc,, 19 Certificate of Counsel, filed by Pepsi Co, Inc, has been filed. For future reference, please note that the memorandum and the certificate of consultation should have been submitted as attached documents to the motion, receiving only one document entry number. All attached documents must be labeled with a brief description. Also the certificate of service page should be dated as well. Thank you and if you have questions please call 901-495-1505.. Filer is not required to resubmit document. (jml, ) (Entered: 08/24/2007) |
| 08/27/2007 | 23 | ORDER granting 17 Motion for Extension of Time to File Response/Reply re 17 MOTION for Extension of Time to File Response/Reply to Plaintiffs' Motion for Statewide Class Certification. Signed by Magistrate Judge Diane K. Vescovo on 8/27/2007. (Vescovo, Diane) (Entered: 08/27/2007) |
| 08/27/2007 | 24 | ORDER granting 22 Motion for Leave to Appear Pro Hac Vice. Signed by Judge Bernice B. Donald on 08/07/2007. (Donald, Bernice) (Entered: 08/27/2007) |
| 08/27/2007 | 25 | ORDER granting 21 Motion for Leave to Appear Pro Hac Vice. Signed by Judge Bernice B. Donald on 08/27/2007. (Donald, Bernice) (Entered: 08/27/2007) |
| 08/27/2007 | 26 | First MOTION to Dismiss First aAended Complaint by Pepsi Co, Inc. (Attachments: # 1 Memorandum Memorandum in support# 2 # 3 Exhibit # 4 Exhibit Exhibit 3# 5 Exhibit 4# 6 Exhibit Exhibit 5# 7 Exhibit Exhibit 6# 8 Exhibit Exhibit 7# 9 Exhibit Exhibit 8# 10 Exhibit Exhibit 9# 11 Exhibit Exhibit 10# 12 Exhibit Exhibit 11# 13 Exhibit Exhibit 12# 14 Exhibit Exhibit 13# 15 Exhibit Exhibit 14# 16 Exhibit Exhibit 15# 17 Exhibit Exhibit 16# 18 Exhibit Exhibit 17# 19 Exhibit Exhibit 18)(Richards, W.) (Entered: 08/27/2007) |
| 08/28/2007 | 27 | Notice of Correction to 26 First MOTION to Dismiss First aAended Complaint and Memorandum in support of Motion to Dismiss First Amended Complaint. (Attachments: # 1 Exhibit 1 21 CFR 165.110# 2 Exhibit 2 Scott v. Vanderbilt# 3 Exhibit 3 Cannon v. Gunnallen# 4 Exhibit 4 21 CFR 57076, 57087# 5 Exhibit 5 40 CFR 141.2# 6 Exhibit 6 60 Fed Reg 57076, 57103# 7 Exhibit 7 21 CFR 100.1# 8 Exhibit 8 60 Fed Reg 57075, 57120# 9 Exhibit 9 Copeland v. Northwest Airlines# 10 Exhibit 10 Fraker v. KFC Corporation# 11 Exhibit 11 Naifeh v. Valley Forge# 12 Exhibit 12 Lowe v. Gulf Coast# 13 Exhibit Samuals v Old Kent Bank# 14 Exhibit 14 Metropolitan v. Bell# 15 Exhibit 15 AGFA Photo v. Parham# 16 Exhibit 16 McKee Foods v. Pitney Bowes# 17 Exhibit 17 Priest v. Global Furniture# 18 Exhibit 18 In re Reciprocal of America Sales Practices litigation)(Richards, W.) |

| | | |
|---|---|---|
| | | (Entered: 08/28/2007) |
| 09/07/2007 | 28 | MOTION to Stay (proposed Order submitted) by Pepsi Co, Inc. (Attachments: # 1 Memorandum of Law in Support of Defendant, Pepsico's Motion to Stay# 2 Certificate of Consultation of Pepsico)(Wellford, Buckner) (Entered: 09/07/2007) |
| 09/07/2007 | 29 | RESPONSE to Motion re 14 MOTION to Dismiss filed by all plaintiffs. (Attachments: # 1 Exhibit Vermont Pure Holdings case)(Loy, Sharon) (Entered: 09/07/2007) |
| 09/07/2007 | 30 | RESPONSE to Motion re 16 MOTION to Stay Proceedings Pending Ruling on Rule 12(b)(6) Motion, proposed order submitted Proposed Order submitted to Judge Donald filed by all plaintiffs. (Loy, Sharon) (Entered: 09/07/2007) |
| 09/10/2007 | 31 | MOTION for Leave to Appear Pro Hac Vice as to Lawrence I. Weinstein by Pepsi Co, Inc. FILING FEE PAID and Proposed Order submitted. (Attachments: # 1 Certificate of Good Standing# 2 Cerificate of Lawrence I. Weinstein)(jml, ) Additional attachment(s) added on 9/13/2007 (jml, ). (Entered: 09/12/2007) |
| 09/12/2007 | 32 | Filing fee: $ 100, receipt number M109495 as to Lawrence I. Weinstein by Buckner Wellford. (jml, ) (Entered: 09/12/2007) |
| 09/13/2007 | 33 | MOTION for Leave to File Reply to Plaintiffs' Response to Motion to Dismiss (unopposed) (proposed order submitted) by The Coca Cola Company, Inc. (Hale, Mary) (Entered: 09/13/2007) |
| 09/14/2007 | 34 | ORDER granting 31 Motion for Leave to Appear Pro Hac Vice. Signed by Judge Bernice B. Donald on 09/14/2007. (Donald, Bernice) (Entered: 09/14/2007) |
| 09/24/2007 | 35 | RESPONSE to Motion re 28 MOTION to Stay (proposed Order submitted) Proposed Order submitted to Judge Donald filed by all plaintiffs. (Loy, Sharon) (Entered: 09/24/2007) |
| 09/24/2007 | 36 | SCHEDULING ORDER. Entry of this order cancels the scheduling conference set 9/24/2007. Signed by Magistrate Judge Diane K. Vescovo on 9/24/2007. (Vescovo, Diane) (Entered: 09/24/2007) |
| 09/24/2007 | 37 | Docket entry #36 was incorrectly entered into this case. The entry has been sealed from public view. (cas) (Entered: 09/24/2007) |
| 09/26/2007 | 38 | ORDER granting 4 Plaintiff's Motion to Certify State-Wide Class and Appointment of Lead Counsel. Signed by Judge Bernice B. Donald on 09/26/2007. (Donald, Bernice) (Entered: 09/26/2007) |
| 09/26/2007 | 39 | ORDER Vacating 38 Order on Motion to Certify Class. Signed by Judge Bernice B. Donald on 09/26/2007. (Donald, Bernice) Additional attachment(s) added on 9/26/2007 (jml, ). (Entered: 09/26/2007) |
| 09/26/2007 | 40 | To All Parties....#39 image has been updated and is now reflected on the docket(date reflected 1/4/2007). If you have questons please call 901-495-1505. (jml, ) (Entered: 09/26/2007) |

Copyright © 2007 LexisNexis CourtLink, Inc. All rights reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

# EXHIBIT C.2

Exhibits F-I

# EXHIBIT
# F

2007-46796

ASSESSED

ENTERED_____

VERIFIED_____

NO. _____

| | | |
|---|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER Plaintiffs, | § | IN THE DISTRICT COURT |
| V. | § § § | 157 JUDICIAL DISTRICT |
| PEPSI CO., INC AND THE COCA COLA COMPANY INC. Defendants. | § § § § | OF HARRIS COUNTY, TEXAS |

FILED
CHARLES BACARISSE
District Clerk
AUG 2 - 2007

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Christina Villa, Regina Kelly, Samantha Townsend, Johnnie Mae Byrd, Emma Williams, Mary Brewster, Wanda R. Banks, Richard Banks, Kathy Jones Banks, Carolyn Hayes, Dasha Alexander, Linda Walker, Lawanda Holts, Rosalind Basile, Individually hereinafter called Plaintiffs, complaining of and about Pepsi Co, Inc and The Coca Cola Company, Inc., hereinafter called Defendants, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.     Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.     Plaintiff, Christina Villa, is an Individual whose address is 521 N. Sam Houston

Parkway E. Ste. 425 Houston, Tx 77060.

3.    Plaintiff, Regina Kelly, is an Individual whose address is PO Box 451046 Houston, Tx 77245

4.    Plaintiff, Wanda Banks, is an Individual whose address is 6203 Agasi Ace Ct. Spring Tx 77379

5.    Plaintiff, Rosalind Basile, is an Individual whose address is 4855 W. Fuqua #508 Houston, Tx 77053

6.    Plaintiff, Emma Williams, is an Individual whose address is 3800 County Road 94 #1208 Manvel, Tx 77578

7.    Plaintiff, Richard Banks, is an Individual whose address is PO Box 11562 Spring, Tx 77391

8.    Plaintiff, Kathy Jones Banks, is an Individual whose address is 14150 Wunderlick Dr. Houston, Tx 77069

9.    Plaintiff, Samantha Townsend, is an Individual whose address is 3830 Southmore Houston, Tx 77004

10.    Plaintiff, Carolyn Hayes, is an Individual whose address is 12603 Laelu Houston, Tx 77074

11.    Plaintiff, Dasha Alexander, is an Individual whose address is 802 Shiremeadow Missouri City, Tx 77489

12.    Plaintiff, Linda Walker, is an Individual whose address is 7500 Bellerive # 2528 Houston, Tx 77036

13.    Plaintiff, Mary Brewster, 16606 Lonesome Quail Missouri City, Texas 77489

14.    Plaintiff, Lawanda Holts, is an Individual whose address is 2715 Green Meadow

Missouri City, Tx 77489

15.    Defendant PEPSI CO., INC, is a Foreign Corporation based in North Carolina, and maintains its principal executive offices at 700 Anderson Hill Road, Purchase, New York, 10577, and transacts business in the State of Texas and the County of Harris. Pursuant to article 2.11(B) of the Business Corporation Act, or its successor statute, section 5.251(1)(A) of the Texas Business Organizations Code, service may be effected upon Defendant PEPSI CO., INC by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079.

16.    Defendant THE COCA COLA CO.,  is a Delaware corporation, and maintains its principal executive offices at One Coca-Cola Plaza, Atlanta, Georgia, 30313, and transacts business in the State of Texas and the County of Harris.  Service may be effected upon Defendant THE COCA COLA CO. by serving its registered agent CT Corporation , 350 N. St. Paul Street, Dallas, Texas 75201.

## JURISDICTION AND VENUE

17.    The subject matter in controversy is within the jurisdictional limits of this court.

18.    This court has jurisdiction over Defendant PEPSI CO, INC., because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over The PEPSI CO, INC., will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

19.    Plaintiffs would show that Defendant PEPSI CO, INC., had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said

Defendant.

20.    This court has jurisdiction over Defendant The Coca Cola Company, Inc., because said Defendant purposefully availed herself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over The Coca Cola Company, Inc. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

21.    Plaintiffs would show that Defendant The Coca Cola Company, Inc. had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

22.    Venue in HARRIS County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## OVERVIEW OF THE CASE

23.    This class action seeks redress for a nationwide scheme of consumer misrepresentation practices by Pepsi Co., Inc. ("Pepsi") and The Coca Cola Company, Inc. ("Coca-Cola) (Defendants are hereinafter collectively referred to as "Defendants") related to the marketing, labeling, and sale of bottled water.  This complaint is brought on behalf of all persons who have or purchased and consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured Coca Cola.   Plaintiffs seek compensatory damages and other remedies for Defendants' fraudulent, unfair and deceptive acts and practices described herein in connection with

the marketing, labeling and sale of Aquafina and Dasani bottled water. Specifically, Plaintiffs allege that Defendants' knowingly engaged in misleading marketing practices, including not clearly identifying on the labels of their respective bottled waters, that the source of the water is the same source as public water, resulting in misleading Plaintiffs that said water comes from spring sources. Plaintiffs further allege that Defendants online information misrepresents and purposely obscures the fact that the water is obtained from the same sources as tap water which is readily available to the public for no cost. Plaintiffs allege that Pepsi's decision to label its Aquafina bottled water as "P.W.S.", and provide on its online site that its water is from "a source regulated by the EPA" is a knowing act designed to mislead and/or create a likelihood of confusion as to the source, standard, grade, characteristics and quality of its product. Plaintiffs allege that Coca Cola's label of "purified" water, and its online site information that its water is from "local sources" is a knowing act designed to mislead and/or create a likelihood of confusion as to the source, standard, quality, grade, characteristics and quality of its product.

24.    Defendants engaged in unfair and deceptive conduct in which they purposely caused the likelihood of confusion or misunderstanding as to the source, standard, grade, characteristics and quality of their goods, and engaged in acts and practices which were deceptive to the consumer and to other persons.

25.    Defendants intentionally created a false impression by their marketing schemes designed to mislead Plaintiffs or to obtain an undue advantage over them. Said false impression was made with knowledge of its falsity and with a fraudulent intent. Said impression and representation was to an existing fact which is material and Plaintiffs reasonably relied upon that false impression to their injury.

## COMMON LAW FRAUD

26.    Plaintiff further shows that Defendants made material false representations to Plaintiff with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and that Plaintiff relied on these representations to her detriment.

27.    Plaintiff would further show that Defendants concealed or failed to disclose material facts within the knowledge of Defendants, that Defendants knew that Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendants intended to induce Plaintiff to enter into the transaction made the basis of this suit by such concealment or failure to disclose.

28.    As a proximate result of such fraud, Plaintiff sustained the damages described more fully herein below.

## NEGLIGENT MISREPRESENTATION

29.    Plaintiff would show that Defendants supplied false information in the course of their business, profession or employment, or in the course of a transaction in which Defendants have a pecuniary interest, and that such information was supplied by Defendants for the guidance of Plaintiff in the transactions described hereinabove. Defendants failed to exercise reasonable care or competence in obtaining or communicating such information. Plaintiff avers that Plaintiff suffered pecuniary loss, described more fully hereinbelow, which was proximately caused by Plaintiff's justifiable reliance on such information.

30.    Plaintiff therefore asserts a cause of action for negligent misrepresentation against Defendants, as provided by Federal Land Bank Association of Tyler v. Sloane, 825 S.W.2d 439 (Tex. 1991).

## ECONOMIC AND ACTUAL DAMAGES

31.    Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described hereinabove:

(a)    Out-of-pocket expenses, including but not limited to the purchase price of the water

(b)    Loss of the "benefit of the bargain."

## MULTIPLE DAMAGES

32.    Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

33.    Plaintiff further avers that such acts, practices, and/or omissions were committed "intentionally" in that Defendants specifically intended that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

34.    Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

## CLASS ACTION

35.    Plaintiff requests that the Court enter an order under Rule 42 of the Texas Rules of Civil Procedure permitting the maintenance of this lawsuit as a class action, and authorizing Plaintiff to represent the following class:  all persons who have or purchased and consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured Coca Cola. (herein, the "Class Plaintiffs").

36.    In this regard, Plaintiff would show the following:  (a) the Class Plaintiffs are so

numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the class; (c) the claims of Plaintiff are typical of the claims of the Class Plaintiffs; and (d) Plaintiff will fairly and adequately protect the interests of the class.

37.    Plaintiff would further show that this lawsuit is maintainable as a class action with respect to the Class Plaintiffs in that:

(a)    The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to the individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

(b)    The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

(c)    The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief to the class as a whole.

## ATTORNEY'S FEES

38.    Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by common law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of



the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law,

attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled

at law or in equity, whether pled or unpled.

Respectfully submitted,

THE COX LAW FIRM, P.C.

By: _____
JONATHAN H. COX
Texas Bar No. 24007047
402 MAIN ST., 3 SOUTH
HOUSTON, TX 77002
Tel. (713) 752-2300
Fax. (713)752 2812
Attorney for Plaintiffs

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

# EXHIBIT
# G

NO. 2007-46796

| | | |
|---|---|---|
| CHRISTINA VILLA, REGINA | § | IN THE DISTRICT COURT |
| KELLY, WANDA R. BANKS, | § | |
| RICHARD BANKS, KATHY JONES | § | |
| BANKS, EMMA WILLIAMS, | § | |
| SAMANTHA TOWNSEND, | § | |
| LAWANDA HOLTS, MARY BREWSTER, | § | |
| ROSALIND BASILE, JOHNNIE MAY BYRD, | § | |
| CAROLYN HAYES, LINDA WALKER, | § | |
| DASHA ALEXANDER | § | 157TH JUDICIAL DISTRICT |
|     Plaintiffs, | § | |
| Vs. | § | |
| | § | |
| PEPSI CO., INC. AND THE COLA COLA | § | |
| COMPANY INC. | § | |
|     Defendants. | § | OF HARRIS COUNTY, TEXAS |

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:    Plaintiffs, by and through their attorney of record, Jonathan H. Cox, The Cox Law Firm, P.C., 402 Main Street, 3 South, Houston, Texas 77002.

Honorable Judge Randy Wilson.

Mr. Charles Bacarisse
District Clerk
Harris County Courthouse
201 Caroline Street
Houston, Texas 77002]

Defendant Pepsi Co., Inc. hereby gives notice to the parties referenced above, pursuant to 28 U.S.C. § 1446(d), of the filing of a notice of removal in both federal and state court, removing this cause of action from the 157th District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. A copy of the Notice of Removal is attached hereto as Exhibit A.

Respectfully submitted,

SUSMAN GODFREY L.L.P.

By: _____
Johnny W. Carter
State Bar No. 00796312
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666

Attorneys for Pepsi Co., Inc.

2

## CERTIFICATE OF SERVICE

This is the certify that on this the 20th day of September, 2007, a true and correct copy of

the above and foregoing instrument was properly forwarded to the following counsel of record in

accordance with Rule 21 of the Texas Rules of Civil Procedure as indicated below:

> Jonathan H. Cox
> The Cox Law Firm, P.C.
> 402 Main Street, 3 South
> Houston, Texas 77002
>
> *Attorney for Plaintiff*
>
> L. Joseph Loveland, Esq.
> King & Spalding LLP
> 1180 Peachtree Street, N.E.
> Atlanta, GA  30309-3521
>
> Kevin D. Mohr, Esq.
> Ben Pollock, Esq.
> King & Spalding LLP
> 1100 Louisiana, Suite 4000
> Houston, TX  77002
>
> *Attorneys for Defendant Coca Cola Company*

_____

Johnny W. Carter

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. _____ |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | |
| PEPSICO., INC and THE COCA COLA COMPANY INC. | )<br>)<br>) | |
| Defendants. | )<br>) | |

---

### NOTICE OF REMOVAL

---

TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
       SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

       Jonathan H. Cox
       The Cox Law Firm, P.C.
       402 Main Street, 3 South
       Houston, TX 77002
       Attorney for Plaintiffs

Pursuant to 28 U.S.C.§§ 1332, 1441, 1446, and 1453, defendant, PepsiCo, Inc.

("PepsiCo") files this Notice of Removal of the civil action filed by Plaintiffs to the United

States District Court for the Southern District of Texas, Houston Division. Defendant PepsiCo

expressly reserves all of its rights to the Plaintiffs' claims, including but not limited to its right to

798559v1/010424


EXHIBIT " _____A_____ "

object to venue in this District and its rights to move, abate, or dismiss this lawsuit on any and all grounds whatsoever. In support of its Notice of Removal, Defendant PepsiCo states as follows:

## NATURE OF THE STATE COURT ACTION

1.    Defendant PepsiCo has been sued in a proposed class action captioned, *Christina Villa, Regina Kelly, Wanda R. Banks, Richard Banks, Kathy Jones Banks, Emma Williams, Samantha Townsend, Lawanda Holts, Mary Brewster, Rosalind Basile, Johnnie Mae Byrd, Carolyn Hayes, Linda Walker, Dasha Alexander v. Pepsi Co., Inc and The Coca Cola Company Inc.*, as Cause No. 2007-46796, in the District Court of the 157th Judicial District of Harris County, Texas (the "State Court Action").

2.    The Complaint, filed August 2, 2007, seeks certification of a class of persons to redress allegations of common law fraud and negligent misrepresentation. All pleadings and answers to such pleadings for Cause No. 2007-46796 are attached hereto, and incorporated herein by reference. *See* Local Rule 81(2).

3.    The Plaintiffs demand a trial by jury in the State Court Action.

4.    Pursuant to 28 U.S.C.§ 1446(b) this Notice of Removal is timely filed.

## REMOVAL UNDER 28 U.S.C. §§ 1332, 1453

5.    This action is removable under the Class Action Fairness Act, 28 U.S.C. § 1453(b), as one over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because (i) it is a civil action, (ii) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and (iii) is a class action in which any member of the class of plaintiffs is a citizen of a State different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

2

6.    The Plaintiffs filed this class action Complaint under Rule 42 of the Texas Rules of Civil Procedure, which authorizes an action to be brought by one or more representative persons as a class action suit. *See* Complaint, Exhibit 2, at ¶¶ 35-37.

7.    The Complaint alleges that the proposed class consists of individuals "so numerous that joinder of all members is impracticable." *Id.* at ¶ 36.

8.    The Complaint alleges that the members of the Class include "all persons who have or [sic] purchased and consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured Coca Cola [sic]." *Id.* at ¶ 35.

9.    Although Plaintiffs do not plead specific damages on behalf of themselves or the class members, the amount in controversy, based upon the number of proposed class representatives, the claim concerning the size of the class, and the award sought of compensatory and punitive damages, including multiple damages under 17.50(b)(1) of the Texas Business and Commerce Code, in the aggregate, is in excess of $5,000,000, exclusive of interests and costs because:

a.    Plaintiffs allege that the class they seek to represent consists of "all persons who have or [sic] purchased and consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured Coca Cola [sic]." *Id.* at ¶ 35.

b.    Plaintiffs did not limit the class members based upon their state of residence.

c.    Plaintiffs do not allege any specific time period for the damages, and it is more likely than not that they will try to claim damages during the largest period permitted to them by law.

3

   d. Plaintiffs allege, *inter alia*, that Defendants misled consumers by failing to disclose that the water for Aquafina and Dasani products "is obtained from the same sources as tap water which is readily available to the public for no cost," (*id.* at ¶ 23) and they may argue that the class is entitled to recover the full amount (or very close to the full amount) that consumers paid overall for Aquafina and Dasani during any certified class period. *Id.* at ¶ 31 (seeking "Out-of-pocket expenses, including but not limited to the purchase price of the water"[sic]).

   e. Plaintiffs are also seeking "multiple damages." *Id.* at ¶¶ 32-34.

   f. Plaintiffs may seek further punitive damages from Defendants. *Id.* at Prayer (seeking "such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.")

   g. Thus, Plaintiffs have placed in controversy an amount that in the aggregate exceeds $5,000,000, exclusive of interest and costs.

  10. Based on Plaintiffs allegations in the Complaint, Plaintiffs and Defendants are not citizens of the same state. Plaintiffs allege that they are all residents of Texas. *Id.* at ¶¶ 2-14. Plaintiffs allege that Defendant PepsiCo is a North Carolina corporation with its principal place of business in New York State, and Defendant Coca-Cola is a Delaware corporation with its principal place of business in Georgia. *Id.* at ¶¶ 15-16. Plaintiffs have therefore alleged that PepsiCo is a citizen of North Carolina and New York, and Coca-Cola is a citizen of Delaware and Georgia. *See* 28 U.S.C. § 1332(c)(1).

  11. Because this is a civil action in which the matter in controversy exceeds the sum or value of $5,000,000 and is a class action in which any member of the class of plaintiffs is a

4

citizen of a State different from any defendant, the requirements for removal under 28 U.S.C.

§§ 1332(d)(2) and 1453(b) are satisfied.

12.  Upon filing this Notice of Removal, Defendant PepsiCo will properly serve the

Plaintiffs, through their counsel of record, and all other parties, with written notification of

such removal and will file a Notice of Removal with the Clerk of the District Court of the

157th Judicial District of Harris County, Texas.  28 U.S.C. § 1446(d).

13.  In the event this Court should have any questions about the propriety of removal

or may be inclined to remand this action, Defendants respectfully request that the Court issue

an order to show cause why the case should not be remanded, affording the parties an

opportunity to provide the Court with full briefing and argument.

14.  Defendant Coca-Cola Company, Inc. has filed Special Exceptions and Original

Answer on September 17, 2007.  No motions filed by any party are pending in the State Court

Action.

15.  Pursuant to Local Rule 81 and 28 U.S.C. 1446(a), PepsiCo attaches all available

documents which are required to be attached:

Exhibit 1:    An index of matters being filed (Local Rule 81(5));

Exhibit 2:    Plaintiffs' Original Petition (Local Rule 81(2));

Exhibit 3:    Coca Cola Company's Special Exceptions and Original Answer (Local
Rule 81(2));

Exhibit 4:    The docket sheet (Local Rule 81(4)).

Exhibit 5:    A list of all counsel of record, including addresses, telephone numbers and
parties represented (Local Rule 81(6)); and

WHEREFORE, Defendant PepsiCo respectfully requests that this Court enter such

orders and grant such further relief as may be necessary to secure the removal of the State Court

798559v1/010424

Action from the District Court of the 157th Judicial District of Harris County, Texas, under the

referenced docket number, to the United States District Court for the Southern District of Texas,

Houston Division, and for such further relief as the Court considers appropriate.

Respectfully submitted,

SUSMAN GODFREY L.L.P.

BY: /s/ Johnny W. Carter
     Johnny W. Carter
     S.D. Texas Bar No. 21988
     1000 Louisiana Street, Suite 5100
     Houston, TX  77002-5096
     Tel: (713) 651-9366
     Fax: (713) 654-6666

     *Attorneys for Defendant PepsiCo, Inc.*

6

## CERTIFICATE OF SERVICE

I certify that on the 20th day of September 2007, a copy of the foregoing NOTICE OF REMOVAL was served upon the following counsel of record:

Jonathan H. Cox, Esq.
402 Main St., 3 South
Houston, TX 77002

*Attorney for Plaintiffs*

L. Joseph Loveland, Esq.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521

Kevin D. Mohr, Esq.
Ben Pollock, Esq.
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, TX 77002

*Attorneys for Defendant Coca Cola Company*

/s/ Johnny W. Carter
Johnny W. Carter

798559v1/010424

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. _____ |
| v. | ) ) ) | |
| PEPSICO., INC and THE COCA COLA COMPANY INC. | ) ) ) | |
| Defendants. | ) ) | |

## INDEX OF MATTERS BEING FILED

Exhibit 1:    An index of matters being filed (Local Rule 81(5));

Exhibit 2:    Plaintiffs' Original Petition (Local Rule 81(2));

Exhibit 3:    Coca Cola Company's Special Exceptions and Original Answer (Local Rule 81(2));

Exhibit 4:    The docket sheet (Local Rule 81(4)).

Exhibit 5:    A list of all counsel of record, including addresses, telephone numbers and parties represented (Local Rule 81(6))

Aug. 2. 2007  5:31PM                                    No.8437   P. 4

2007-46796

NO. _____

| | | |
|---|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER **Plaintiffs,** | § | IN THE DISTRICT COURT |
| | § | |
| **V.** | § | ___157___ JUDICIAL DISTRICT |
| | § | |
| PEPSI CO., INC AND THE COCA COLA COMPANY INC. **Defendants.** | § | |
| | § | OF HARRIS COUNTY, TEXAS |

ASSESSED

ENTERED_____
VERIFIED_____

FILED
CHARLES BACARISSE
District Clerk
AUG 2 - 2007

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Christina Villa, Regina Kelly, Samantha Townsend, Johnnie Mae Byrd, Emma Williams, Mary Brewster, Wanda R. Banks, Richard Banks, Kathy Jones Banks, Carolyn Hayes, Dasha Alexander, Linda Walker, Lawanda Holts, Rosalind Basile, Individually hereinafter called Plaintiffs, complaining of and about Pepsi Co, Inc and The Coca Cola Company, Inc., hereinafter called Defendants, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.    Plaintiff, Christina Villa, is an Individual whose address is 521 N. Sam Houston

Parkway E. Ste. 425 Houston, Tx 77060.

3.        Plaintiff, Regina Kelly, is an Individual whose address is PO Box 451046 Houston, Tx 77245

4.        Plaintiff, Wanda Banks, is an Individual whose address is 6203 Agasi Ace Ct. Spring Tx 77379

5.        Plaintiff, Rosalind Basile, is an Individual whose address is 4855 W. Fuqua #508 Houston, Tx 77053

6.        Plaintiff, Emma Williams, is an Individual whose address is 3800 County Road 94 #1208 Manvel, Tx 77578

7.        Plaintiff, Richard Banks, is an Individual whose address is PO Box 11562 Spring, Tx 77391

8.        Plaintiff, Kathy Jones Banks, is an Individual whose address is 14150 Wunderlick Dr. Houston, Tx 77069

9.        Plaintiff, Samantha Townsend, is an Individual whose address is 3830 Southmore Houston, Tx 77004

10.       Plaintiff, Carolyn Hayes, is an Individual whose address is 12603 Laelu Houston, Tx 77074

11.       Plaintiff, Dasha Alexander, is an Individual whose address is 802 Shiremeadow Missouri City, Tx 77489

12.       Plaintiff, Linda Walker, is an Individual whose address is 7500 Bellerive # 2528 Houston, Tx 77036

13.       Plaintiff, Mary Brewster, 16606 Lonesome Quail Missouri City, Texas 77489

14.       Plaintiff, Lawanda Holts, is an Individual whose address is 2715 Green Meadow

Case 7:08-md-01903-CLB    Document 3-22    Filed 03/10/2008    Page 26 of 63
Case 4:07-cv-03060    Document 1-3    Filed 09/20/2007    Page 3 of 9

Aug. 2. 2007  5:32PM                                    No.8437   P. 6

Missouri City, Tx 77489

15.    Defendant PEPSI CO., INC, is a Foreign Corporation based in North Carolina,
and maintains its principal executive offices at 700 Anderson Hill Road, Purchase, New York,
10577, and transacts business in the State of Texas and the County of Harris. Pursuant to article
2.11(B) of the Business Corporation Act, or its successor statute, section 5.251(1)(A) of the
Texas Business Organizations Code, service may be effected upon Defendant PEPSI CO., INC
by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O.
Box 12079, Austin, Texas 78711-2079.

16.    Defendant THE COCA COLA CO.,  is a Delaware corporation, and maintains
its principal executive offices at One Coca-Cola Plaza, Atlanta, Georgia, 30313, and transacts
business in the State of Texas and the County of Harris. Service may be effected upon
Defendant THE COCA COLA CO. by serving its registered agent CT Corporation , 350 N. St.
Paul Street, Dallas, Texas 75201.

<div align="center">JURISDICTION AND VENUE</div>

17.    The subject matter in controversy is within the jurisdictional limits of this court.

18.    This court has jurisdiction over Defendant PEPSI CO, INC., because said Defendant
purposefully availed itself of the privilege of conducting activities in the State of Texas and
established minimum contacts sufficient to confer jurisdiction over said Defendant, and the
assumption of jurisdiction over The PEPSI CO, INC., will not offend traditional notions of fair play
and substantial justice and is consistent with the constitutional requirements of due process.

19.    Plaintiffs would show that Defendant PEPSI CO, INC., had continuous and
systematic contacts with the State of Texas sufficient to establish general jurisdiction over said

Defendant.

20.     This court has jurisdiction over Defendant The Coca Cola Company, Inc., because said Defendant purposefully availed herself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over The Coca Cola Company, Inc. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

21.     Plaintiffs would show that Defendant The Coca Cola Company, Inc. had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

22.     Venue in HARRIS County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### OVERVIEW OF THE CASE

23.     This class action seeks redress for a nationwide scheme of consumer misrepresentation practices by Pepsi Co., Inc. ("Pepsi") and The Coca Cola Company, Inc. ("Coca-Cola) (Defendants are hereinafter collectively referred to as "Defendants") related to the marketing, labeling, and sale of bottled water. This complaint is brought on behalf of all persons who have or purchased and consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured Coca Cola.  Plaintiffs seek compensatory damages and other remedies for Defendants' fraudulent, unfair and deceptive acts and practices described herein in connection with

the marketing, labeling and sale of Aquafina and Dasani bottled water. Specifically, Plaintiffs allege that Defendants' knowingly engaged in misleading marketing practices, including not clearly identifying on the labels of their respective bottled waters, that the source of the water is the same source as public water, resulting in misleading Plaintiffs that said water comes from spring sources. Plaintiffs further allege that Defendants online information misrepresents and purposely obscures the fact that the water is obtained from the same sources as tap water which is readily available to the public for no cost.   Plaintiffs allege that Pepsi's decision to label its Aquafina bottled water as "P.W.S.", and provide on its online site that its water is from "a source regulated by the EPA" is a knowing act designed to mislead and/or create a likelihood of confusion as to the source, standard, grade, characteristics and quality of its product. Plaintiffs allege that Coca Cola's label of "purified" water, and its online site information that its water is from "local sources" is a knowing act designed to mislead and/or create a likelihood of confusion as to the source, standard, quality, grade, characteristics and quality of its product.

   24.    Defendants engaged in unfair and deceptive conduct in which they purposely caused the likelihood of confusion or misunderstanding as to the source, standard, grade, characteristics and quality of their goods, and engaged in acts and practices which were deceptive to the consumer and to other persons.

   25.    Defendants intentionally created a false impression by their marketing schemes designed to mislead Plaintiffs or to obtain an undue advantage over them. Said false impression was made with knowledge of its falsity and with a fraudulent intent. Said impression and representation was to an existing fact which is material and Plaintiffs reasonably relied upon that false impression to their injury.

Aug. 2. 2007  5:32PM                                      No.8437   P. 9

## COMMON LAW FRAUD

26.    Plaintiff further shows that Defendants made material false representations to Plaintiff with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and that Plaintiff relied on these representations to her detriment.

27.    Plaintiff would further show that Defendants concealed or failed to disclose material facts within the knowledge of Defendants, that Defendants knew that Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendants intended to induce Plaintiff to enter into the transaction made the basis of this suit by such concealment or failure to disclose.

28.    As a proximate result of such fraud, Plaintiff sustained the damages described more fully herein below.

## NEGLIGENT MISREPRESENTATION

29.    Plaintiff would show that Defendants supplied false information in the course of their business, profession or employment, or in the course of a transaction in which Defendants have a pecuniary interest, and that such information was supplied by Defendants for the guidance of Plaintiff in the transactions described hereinabove. Defendants failed to exercise reasonable care or competence in obtaining or communicating such information. Plaintiff avers that Plaintiff suffered pecuniary loss, described more fully hereinbelow, which was proximately caused by Plaintiff's justifiable reliance on such information.

30.    Plaintiff therefore asserts a cause of action for negligent misrepresentation against Defendants, as provided by Federal Land Bank Association of Tyler v. Sloane, 825 S.W.2d 439 (Tex. 1991).

### ECONOMIC AND ACTUAL DAMAGES

31.    Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described hereinabove:

      (a)    Out-of-pocket expenses, including but not limited to the purchase price of the water

      (b)    Loss of the "benefit of the bargain."

### MULTIPLE DAMAGES

32.    Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

33.    Plaintiff further avers that such acts, practices, and/or omissions were committed "intentionally" in that Defendants specifically intended that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

34.    Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

### CLASS ACTION

35.    Plaintiff requests that the Court enter an order under Rule 42 of the Texas Rules of Civil Procedure permitting the maintenance of this lawsuit as a class action, and authorizing Plaintiff to represent the following class:  all persons who have or purchased and consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured Coca Cola, (herein, the "Class Plaintiffs").

36.    In this regard, Plaintiff would show the following:  (a) the Class Plaintiffs are so

numerous that joinder of all members is impracticable; (b) there are questions of law or fact common

to the class; (c) the claims of Plaintiff are typical of the claims of the Class Plaintiffs; and (d)

Plaintiff will fairly and adequately protect the interests of the class.

37.    Plaintiff would further show that this lawsuit is maintainable as a class action with

respect to the Class Plaintiffs in that:

(a)    The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to the individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

(b)    The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

(c)    The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief to the class as a whole.

### ATTORNEY'S FEES

38.    Request is made for all costs and reasonable and necessary attorney's fees incurred by

or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to

the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as

provided by common law.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs, respectfully prays that the

Defendants be cited to appear and answer herein, and that upon a final hearing of the cause,

judgment be entered for the Plaintiff against Defendants, jointly and severally, for the economic and

actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of



Aug. 2. 2007  5:32PM                                        No.8437   P. 12

the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law,

attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled

at law or in equity, whether pled or unpled.

Respectfully submitted,

THE COX LAW FIRM, P.C.

By:_____

JONATHAN H. COX
Texas Bar No. 24007047
402 MAIN ST., 3 SOUTH
HOUSTON, TX  77002
Tel. (713) 752-2300
Fax. (713)752 2812
Attorney for Plaintiffs

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

# KING & SPALDING

King & Spalding LLP
1100 Louisiana Street, Suite 4000
Houston, Texas 77002-5213
Main: 713/751-3200
Fax: 713/751-3290

Kevin D. Mohr
Direct Dial: 713.276.7428
Direct Fax: 713/751-3290
kmohr@kslaw.com

September 17, 2007

*HAND DELIVERY*

Mr. Charles Bacarisse
Harris County District Clerk
201 Caroline, Room 110
Houston, Texas 77002

RE: Cause No. 2007-06392; *Christina Villa, et al v. Pepsico, Inc., and the Coca Cola Co.; In the District Court 157th Judicial District of Harris County, TX*

Dear Mr. Bacarisse:

Enclosed for filing please find the original and one copy Coca Cola Company's Special Exceptions and Original Answer.

Please indicate the date of filing by placing your file stamp on the enclosed extra copy and returning it to our courier.

By copy of this letter, a true and correct copy of the foregoing filing has been forwarded to all counsel of record.

Very truly yours,

Kevin D. Mohr

KDM/db
Enclosure

cc: Jonathan Cox
402 Main St., 3 South
Houston, TX 77002

CAUSE NO. 2007-06392

| | | |
|---|---|---|
| CHRISTINA VILLA, ET AL., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 157TH JUDICIAL DISTRICT |
| | § | |
| PEPSICO., INC., AND THE COCA | § | |
| COLA COMPANY, | § | |
| | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

## COCA COLA COMPANY's SPECIAL EXCEPTIONS AND ORIGINAL ANSWER

Defendant Coca Cola Company ("Coca Cola") files its Special Exceptions and Original Answer to the claims asserted in Plaintiffs' Original Petition (the "Petition"), and in support thereof would respectfully show the Court the following:

### SPECIAL EXCEPTIONS

1.      Pursuant to Rule 91 of the Texas Rules of Civil Procedure, Coca Cola specially excepts to the Petition and asks this Court to dismiss Plaintiffs' claims with prejudice. Plaintiffs' claims are expressly preempted by Section 403A of the Food, Drug & Cosmetic Act, which prohibits states from "directly or indirectly establish[ing]...any requirement for a food which is the subject of a [federal] standard of identity...that is not identical to such standard of identity," unless the state first obtains an exemption from the Food and Drug Administration ("FDA"). 21 U.S.C. § 343-1. The FDA has promulgated a standard of identity for bottled water that establishes, among other things, when water may be described as "purified" and when the source of the water must be identified. *See* 21 C.F.R. § 165.110. Plaintiffs' Petition does not assert that Coca-Cola sold water labeled as "purified" that does not comply with the FDA's standard of identity for purified water. Rather, the Petition alleges that Coca Cola violated state law by

selling water labeled as "purified" without including additional information about the water's source. Because the FDA has specifically decided *not* to require the information that the Petition asserts Coca Cola should have included, Plaintiffs' Petition seeks to establish a state-law requirement for bottled water that is not identical to the standard of identity established by the FDA. No applicable exception has been granted by the FDA, and thus, Plaintiffs' claims are expressly preempted by 21 U.S.C. § 343-1. Coca Cola will submit a memorandum of law in support of this Special Exception.

2.    Coca Cola specially excepts to paragraphs 32-34 of the Petition, which seek "multiple damages" as provided by Section 17.50(b)(1) of the Texas Business and Commerce Code. That statute authorizes the imposition of multiple damages under limited circumstances "[i]n a suit filed under this section...." *See* Tex. Bus. & Com. Code § 17.50(b). Plaintiffs have not asserted a claim under Section 17.50 of the Texas Business and Commerce Code, and thus cannot recover multiple damages under Section 17.50(b)(1) of that statute.

## GENERAL DENIAL

3.    Subject to its Special Exception, and pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant Coca Cola denies generally each and every allegation in Defendant's Original Petition and demands strict proof thereof.

## DEFENSES

4.    Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

5.    Any award of punitive or multiple damages in this case would violate the Due Process Clause, Equal Protection Clause, and/or the Excessive Fines Clause of the United States Constitution and Texas Constitution.

2

6.      Any claim for punitive or multiple damages is penal in nature and Coca Cola is entitled to the same procedural safeguards afforded to criminal defendants under the Fourteenth Amendment of the Constitution of the United States and of the Constitution of the State of Texas, including the requirement of proof beyond a reasonable doubt.

7.      Any claim for punitive or multiple damages is barred to the extent that Plaintiffs do not satisfy the standards for recovery described in Chapter 41 of the Texas Civil Practice and Remedies Code. Defendants adopt and incorporate herein all defenses available to it under Chapter 41 of the Texas Civil Practice and Remedies Code.

WHEREFORE, Defendant Coca Cola Company prays that Plaintiffs take nothing, that this Court dismiss Plaintiffs' claims with prejudice, and that the Court grant any and all other relief that it may deem appropriate.

Respectfully submitted,

KING & SPALDING LLP

L. Joseph Loveland
Texas Bar No. 00792154
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100

Kevin D. Mohr
Texas Bar No. 24002623
Ben Pollock
Texas Bar No. 24056150
1100 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
Fax: (713) 751-3290

ATTORNEYS FOR DEFENDANT
COCA COLA COMPANY

3

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2007, a true and correct copy of the above and foregoing instrument was served to counsel for Plaintiff in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure by certified mail addressed as follows:

> Jonathan H. Cox
> 402 Main St., 3 South
> Houston, TX 77002

_Kevin D. Mohr_

Kevin D. Mohr

4

# 2007-46796

FILED: 08/02/2007

GENERAL ORDER OF THE COURT 157TH

VILLA, CHRISTINA
PLAINTIFFS

COX, JONATHAN H.

_____ Attorney

## NATURE OF ACTION

DTPA-DECEPTIVE TRADE PRACTICE

VS.

PEPSI CO INC

DEFENDANTS

_____ Attorney

SURETIES ON COST BOND:

Jury Fee Paid By: _____

## SETTINGS

CVCRTG3 Revised 10/22/00  CVCTP



STATE OF TEXAS
COUNTY OF HARRIS

I, Charles Bacarisse, District Clerk of Harris County,
Texas, do hereby certify that the foregoing data is a
true and correct copy of the original record, now
in my lawful custody and possession, as appears
of record in my office, and/or

a) filed on _____

b) recorded under Vol. _____ Page _____
   in the Minutes of said Court.

c) abstracted from the original record in my
   possession, electronically stored or digital
   and pertaining to the original or true
   in reference to cause number _____ or

d) abstracted from the original record in my
   possession, electronically stored or digital
   and pertaining to _____

Witness my official hand and seal of office this
_____ the present date.

CHARLES BACARISSE, DISTRICT CLERK
Harris County, Texas

By _____ Deputy

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. _____ |
| v. | ) ) | |
| PEPSICO., INC and THE COCA COLA COMPANY INC. | ) ) ) | |
| Defendants. | ) ) ) | |

**LIST OF ALL COUNSEL OF RECORD**

Attorney for Plaintiffs:

Jonathan H. Cox, Esq.
402 Main St., 3 South
Houston, TX 77002
Telephone: 713-752-2300
Facsimile: 713-752-2812

Attorneys for Defendant PepsiCo, Inc.:

Johnny W. Carter
Susman Godfrey L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: 713-651-9366
Facsimile: 713-654-6666

Attorneys for Defendant Coca Cola:     L. Joseph Loveland, Esq.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521
Telephone: 404-572-4600
Facsimile: 404-572-5100

Kevin D. Mohr, Esq.
Ben Pollock, Esq.
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, TX 77002
Telephone: 713-751-3200
Facsimile: 713-751-3290

2

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER | ) ) ) ) ) ) ) ) | |
| | ) | Civil Action No. 4:07-cv-3060 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| PEPSICO., INC and THE COCA COLA COMPANY INC. | ) ) ) | |
| Defendants. | ) ) | |

## SUPPLEMENTAL NOTICE OF REMOVAL

Defendant PepsiCo, Inc. ("PepsiCo") files this Supplemental Notice of Removal.

1.      On September 20, 2007, PepsiCo filed a Notice of Removal.

2.      PepsiCo attached to the Notice of Removal all available documents which were required to be attached pursuant to Southern District of Texas Local Rule 81.

3.      Plaintiffs purported to serve PepsiCo through substituted service on the Texas Secretary of State.  An executed citation was not available to PepsiCo at the time PepsiCo removed.  The state court file clerks did not receive the return of service on the Texas Secretary of State until September 21, 2007.

4.     PepsiCo has now obtained the citation and return of service and is filing them pursuant to Local Rule 81(1).

5.     PepsiCo is also filing the citation and return of service on The Coca Cola Company Inc.

6.     This Supplemental Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

Respectfully submitted,

SUSMAN GODFREY L.L.P.

BY: /s/ Johnny W. Carter
Johnny W. Carter
S.D. Texas Bar No. 21988
1000 Louisiana Street, Suite 5100
Houston, TX  77002-5096
Tel: (713) 651-9366
Fax: (713) 654-6666

*Attorneys for Defendant PepsiCo, Inc.*

## CERTIFICATE OF SERVICE

I certify that on the 21st day of September 2007, a copy of the foregoing SUPPLEMENTAL NOTICE OF REMOVAL was served upon the following counsel of record:

Jonathan H. Cox, Esq.
402 Main St., 3 South
Houston, TX 77002
*Attorney for Plaintiffs*

L. Joseph Loveland, Esq.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA  30309-3521

2

Kevin D. Mohr, Esq.
Ben Pollock, Esq.
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, TX  77002
*Attorneys for Defendant Coca Cola Company*

/s/ Johnny W. Carter
Johnny W. Carter

3

CAUSE NO. 200746796                    51

71 1563 6453 1200 0200 95

RECEIPT NO. 333881          65.00          CO1
08-02-2007                              TR # 72211684

PLAINTIFF: VILLA, CHRISTINA                          In The 157th
    vs.                                              Judicial District Court
DEFENDANT: PEPSI CO INC          No 106              of Harris County, Texas
                                                     157TH DISTRICT COURT
                                                     Houston, TX

CITATION (SECRETARY OF STATE FOREIGN CORPORATION)

THE STATE OF TEXAS
County of Harris

TO: PEPSI CO INC (FOREIGN CORPORATION) BY SERVING THE SECRETARY OF STATE
    OF TEXAS STATUTORY DOCUMENTS SECTION CITATIONS UNIT P O BOX 12079
    AUSTIN TEXAS 78711-2079
    FOWARD TO
    700 ANDERSON HILL ROAD   PURCHASE NY 10577

**CERTIFIED MAIL**

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>2nd day of August, 2007</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 10th day of August, 2007, under my hand and
seal of said Court.

Issued at request of:                    CHARLES BACARISSE, District Clerk
COX, JONATHAN H.                         Harris County, Texas
402 MAIN ST #3SOUTH                      301 Fannin        Houston, Texas 77002
HOUSTON, TX 77002                        (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 752-2300
Bar No.: 24007047                        GENERATED BY: GILLESPIE, JACQUELYN   2MA/IOJ/7917907

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____ .M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock _____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____      copy(ies) of the
                                                                                Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

Fee: $_____                         _____

                                         _____ of _____ County, Texas

_____          By _____
            Affiant                                    Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                         _____
                                                   Notary Public

N.INT.SECC.P

JACK F. ABERCIA, CONSTABLE
PRECINCT NUMBER ONE
HARRIS COUNTY, TEXAS

| MAIN OFFICE | ANNEX OFFICE |
|---|---|
| P.O. BOX 52578 | 7300 NORTH SHEPHERD |
| HOUSTON, TEXAS 77052-2578 | HOUSTON, TEXAS 77091 |
| (713) 755-5200  FAX (713) 755-8951 | (713) 697-3600  FAX (713) 697-3649 |

### OFFICER'S RETURN FOR CERTIFIED MAIL

Received this CITATION, case #__200746796__ on the ___15TH___ *day* of __AUGUST__ __2007__ at __4:11 P.M.__ Executed at __PO BOX 12079 AUSTIN, TX 78701__ by mailing to the within name __PEPSI CO INC BY SERVING THE SECRETARY OF STATE OF TEXAS STATUTORY DOCUMENTS SECTION CITATIONS UNIT__ AND by delivering to __BRENDA RUIZ__ on *the* ___20TH___ *day of* ___AUGUST___ __2007__ BY REGISTERED/**CERTIFIED MAIL** WITH DELIVERY RESTRICTED TO ADDRESSEE ONLY, a true copy of this citation together with a copy of PLAINTIFF'S ORIGINAL PETITION

FEE: $65.00

JACK F. ABERCIA, CONSTABLE
PCT #1, HARRIS COUNTY TX


DEPUTY: _____ #1832


**UNITED STATES**
**POSTAL SERVICE.**

Date Produced: 08/27/2007

HARRIS COUNTY CONSTABLE

The following is the delivery information for Certified item number 7115 6364 5312 0002 0095.
Our records indicate that this item was delivered on 08/20/2007 at 11:56 a.m. in AUSTIN, TX,
78711 to B RUIZ

Signature of Recipient:

*Brenda Ruiz*

Address of Recipient:

*TBPC Mixed*

Thank you for selecting the Postal Service for your mailing needs.  If you require additional
assistance, please contact your local post office or Postal Service representitive.

Sincerely,

United States Postal Service

The customer reference number shown below is not validated or endorsed by the United
States Postal Service.  It is solely for customer use.

*Pepsi Co inc*

Customer Reference Number: 200000000002010

*2007·46796*

STATE OF TEXAS
COUNTY OF HARRIS

I, Charles Bacarisse, District Clerk of Harris County,
Texas, do hereby certify that the foregoing data is a
true and correct copy of the original record, now
in my lawful custody and possession as appears
of record in my office and/or:

a) filed on _____

b) recorded _____ page _____
   in the _____ of said Court.

c) abstract from the original _____ in my lawful
   possession _____ electronic or stored in digital form
   and pertaining to cause number _____

   in reference to cause number _____, of

d) abstract from the original record in my lawful
   possession _____ electronic or stored in digital form
   and pertaining _____

from _____ to the present date.

Witness my official hand and seal of office this

_____

CHARLES BACARISSE, DISTRICT CLERK,
Harris County, Texas

By _____ Deputy

RE... T NUMBER  333881/          65.00
TRACKING NUMBER    7221/1685        C01

CAUSE NUMBER ___200746796___

| | |
|---|---|
| **PLAINTIFF:** VILLA, CHRISTINA<br>vs.<br>**DEFENDANT:** PEPSI CO INC | **In The** 157th<br>**Judicial District Court of**<br>**Harris County, Texas** |

**CITATION CORPORATE**

THE STATE OF TEXAS
County of Harris



TO: COCA COLA CO (DELAWARE CORPORATION) BY SERVING ITS REGISTERED AGENT
    CT CORPORATION

    350 N ST PAUL STREET  DALLAS TX 75201

Attached is a copy of __PLAINTIFF'S ORIGINAL PETITION__

This instrument was filed on the ___2nd___ day of ___August___, 20 __07__, in the
above cited cause number and court. The instrument attached describes the claim against you.

    **YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

    **This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ___10th___ day of
_____August_____, 20 __07__.

Issued at request of:
    COX, JONATHAN H.
    402 MAIN ST #3SOUTH
    HOUSTON, TX 77002
    Tel: (713) 752-2300
    Bar Number:   24007047

**CHARLES BACARISSE, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O. Box 4651, Houston, Texas 77210**

Generated by: GILLESPIE, JACQUELYN    2MA/IOJ/7917

---

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _____ day of _____, 20____, at_____ o'clock____.M., endorsed

the date of delivery thereon, and executed it at _____
(street address)                                         (city)

in _____ County, Texas on the _____ day of _____, 20____, at_____ o'clock ___.M.,

by delivering to _____, by delivering to its
                        (the defendant corporation named in citation)

_____, in person, whose name is _____,
(registered agent, president, or vice-president)

a true copy of this citation, with a copy of the _____ Petition attached,
                                        (description of petition, e.g., "Plaintiffs Original"

and with accompanying copies of _____.
                                        (additional documents, if any, delivered with the petition)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $ _____            By: _____
                                        (signature of officer)

                        Printed Name: _____

                        As Deputy for: _____
_____
Affiant Other Than Officer                        (printed name & title of sheriff or constable)

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20 _____

                                        _____
                                        Notary Public

N.INT.CITC.P

JACK _ . ABERCIA, CONSTABLE
PRECINCT NUMBER ONE
HARRIS COUNTY, TEXAS

| MAIN OFFICE | ANNEX OFFICE |
|---|---|
| P.O. BOX 52578 | 7300 NORTH SHEPHERD |
| HOUSTON, TEXAS 77052-2578 | HOUSTON, TEXAS 77091 |
| (713) 755-5200 FAX (713) 755-8951 | (713) 697-3600 FAX (713) 697-3649 |

## OFFICER'S RETURN FOR CERTIFIED MAIL

Received this CITATION, case #<u>200746796</u> on the <u>22ND</u> *day* of <u>AUGUST</u> <u>2007</u> at <u>4:16 P.M.</u> Executed at <u>350 NORTH ST PAUL ST DALLAS, TX 75201</u> by mailing to the within name <u>*COCA COLA CO BY SERVING THROUGH ITS*</u> <u>*REG. AGENT C T CORPORATION SYSTEM*</u> AND by delivering to <u>*D. SHEETER*</u>on the <u>23RD</u> *day of* <u>AUGUST *2007*</u> BY REGISTERED/**CERTIFIED MAIL**

WITH  DELIVERY  RESTRICTED  TO ADDRESSEE ONLY, a true copy of this citation together with a copy of PLAINTIFF'S ORIGINAL PETITION

FEE : $65.00

JACK F. ABERCIA, CONSTABLE
PCT #1, HARRIS COUNTY TX

DEPUTY: _____  # /3 3 2



**UNITED STATES**
**POSTAL SERVICE**

Date Produced: 08/27/2007

HARRIS COUNTY CONSTABLE

The following is the delivery information for Certified item number 7115 6364 5312 0002 0521.
Our records indicate that this item was delivered on 08/23/2007 at 10:31 a.m. in DALLAS, TX,
75201 to D SKEETER

Signature of Recipient:

Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs.  If you require additional
assistance, please contact your local post office or Postal Service representitive.

Sincerely,

United States Postal Service

The customer reference number shown below is not validated or endorsed by the United
States Postal Service.  It is solely for customer use.

Customer Reference Number: 200000000002053

STATE OF TEXAS
COUNTY OF HARRIS

I, Charles Bacarisse, District Clerk of Harris County,
Texas, do hereby certify that the foregoing data is a
true and correct copy of the original record, now
in my lawful custody and possession as appears
of record in my office.

a) filed on _____

b) recorded _____
   in the Minutes of said court.

c) abstracted _____ retained in my lawful
   possession, electronically stored in digital form
   and pertaining to _____
   in reference cause number _____

d) abstracted _____ original _____ , or
   possession, electronically stored in digital form
   and pertaining to _____
from _____ to the present date.

Witness my official hand and seal of office this

_____

CHARLES BACARISSE, DISTRICT CLERK
Harris County, Texas

By _____ Deputy

Order documents from CourtLink's nationwide document retrieval service.
- OR - Call 1.866.540.8818.

# US District Court Civil Docket

## U.S. District - Texas Southern
### (Houston)

## 4:07cv3060

## Villa et al v. Pepsico, Inc et al

This case was retrieved from the court on Wednesday, September 26, 2007

|  |  |
|---|---|
| Date Filed: 09/20/2007 | Class Code: |
| Assigned To: Judge David Hittner | Closed: no |
| Referred To: | Statute: 28:1332 |
| Nature of suit: Fraud (370) | Jury Demand: Plaintiff |
| Cause: Diversity-Notice of Removal | Demand Amount: $0 |
| Lead Docket: None | NOS Description: Fraud |
| Other Docket: 157th Judicial District Court, Harris County, Texa, 07-46796 | |
| Jurisdiction: Diversity | |

| Litigants | Attorneys |
|---|---|
| Christina Villa<br>Plaintiff | Jonathan H Cox<br>[COR LD NTC]<br>Attorney at Law<br>402 Main St<br>Ste 3 South<br>Houston , TX  77002<br>USA<br>713-752-2300<br>Fax: 713-752-2812 |
| Regina Kelly<br>Plaintiff | Jonathan H Cox<br>[COR LD NTC]<br>Attorney at Law<br>402 Main St<br>Ste 3 South<br>Houston , TX  77002<br>USA<br>713-752-2300<br>Fax: 713-752-2812 |
| Wanda Banks<br>Plaintiff | Jonathan H Cox<br>[COR LD NTC]<br>Attorney at Law<br>402 Main St<br>Ste 3 South<br>Houston , TX  77002<br>USA<br>713-752-2300<br>Fax: 713-752-2812 |
| Rosalind Basile<br>Plaintiff | Jonathan H Cox<br>[COR LD NTC]<br>Attorney at Law<br>402 Main St<br>Ste 3 South<br>Houston , TX  77002<br>USA<br>713-752-2300<br>Fax: 713-752-2812 |

Emma Williams
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Richard Banks
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Kathy Jones Banks
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Samantha Townsend
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Carolyn Hayes
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Dasha Alexander
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Linda Walker
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Mary Brewster
Plaintiff

Jonathan H Cox
[COR LD NTC]

Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Lawanda Holts
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Johnnie Byrd Byrd
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Pepsico, Inc
Defendant

Johnny W Carter
[COR LD NTC]
Susman Godfrey LLP
1000 Louisiana
Ste 5100
Houston , TX  77002-5096
USA
713-653-7818
Fax: 713-654-6694 Fax
Email: JCARTER@SUSMANGODFREY.COM

Coca Cola Company
Defendant

Kevin Dane Mohr
[COR LD NTC]
King and Spalding
1100 Louisiana
Ste 4000
Houston , TX  77002
USA
713-751-3200
Fax: 713-751-3290
Email: KMOHR@KSLAW.COM

L Joseph Loveland, Jr
[COR LD NTC]
King & Spalding LLP
191 Peachtree St
Atlanta , GA  30303-1763
USA
404-572-4783
Fax: 404-572-5142

| Date | # | Proceeding Text |
|---|---|---|
| 09/20/2007 | 1 | NOTICE OF REMOVAL from 157th Judicial District Court, Harris County, Texas, case number 2007-46796 (Filing fee $ 350 receipt number 3053384) filed by Pepsico, Inc.. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5)(Carter, Johnny) (Entered: 09/20/2007) |
| 09/20/2007 | 2 | Civil Cover Sheet by Pepsico, Inc., filed.(Carter, Johnny) (Entered: 09/20/2007) |
| 09/20/2007 | 3 | Certificate of Notice of Removal by Pepsico, Inc., filed.(Carter, Johnny) (Entered: 09/20/2007) |
| 09/21/2007 | 4 | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 11/14/2007 at 02:00 PM in Courtroom 702 before Magistrate Judge Stephen Smith.( Signed by Judge David Hittner ) Parties notified.(smurdock, ) (Entered: 09/21/2007) |
| 09/21/2007 | 5 | SUPPLEMENT by Pepsico, Inc., filed. (Attachments: # 1 Exhibit 1 - Pepsico Citation# 2 Exhibit 2 - Coca Cola Citation)(Carter, Johnny) (Entered: 09/21/2007) |
| 09/21/2007 | 6 | Certificate of Supplemental Notice of Removal by Pepsico, Inc., filed.(Carter, Johnny) (Entered: 09/21/2007) |

09/25/2007      7      Agreed MOTION Stipulation for extension of time to answer by Pepsico, Inc., filed. Motion Docket Date

Case 7:08-md-01903-CLB    Document 3-22    Filed 03/10/2008     Page 56 of 63

Copyright © 2007 LexisNexis CourtLink, Inc. All rights reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

# EXHIBIT
# H

*Bob Biggart*



KERSHAW | CUTTER | & RATINOFF | LLP

August 29, 2007

## VIA CERTIFIED MAIL
## RETURN RECEIPT REQUESTED

Larry D. Thompson
General Counsel
Pepsico., Inc.
700 Anderson Hill Road
Purchase, NY 10577

President and CEO
Pepsico, Inc.
700 Anderson Hill Road
Purchase, NY 10577

Eric J. Foss
President and CEO
The Pepsi Bottling Group, Inc.
One Pepsi Way
Somers, NY 10589

President and CEO
The Bottling Group, LLC
One Pepsi Way
Somers, NY 10589

Steven M. Rapp
Managing Director
Bottling Group, LLC
1150 East North Avenue
Fresno, CA 93725

Roger Enrico
President
Pepsi Bottling Group, Inc.
1150 East North Avenue
Fresno, CA 93725

President and CEO
Pepsi Bottling Group, Inc.
27717 Aliso Creek Road
Aliso Viejo, CA 92656

> Re:     *Notice Under California Consumers Legal Remedies Act, Civil*
> *Code Sections 1750, et seq.*

Dear Sirs:

In compliance with the requirements of the California Consumers Legal Remedies
Act (Civil Code Sections 1750, *et seq.*), ("CLRA") we write on behalf of our client,
Amanda Litschke, individually and as a representative of all other persons similarly
situated.

*Re: Notice Under CLRA*
August 29, 2007
Page 2

## BACKGROUND

Ms. Litschke has for many years purchased Aquafina water. She has purchased it both at gas stations and supermarkets for consumption by her and her family. At all times Ms. Litschke was under the impression that the Aquafina water was from a natural source. She was led to this impression by the label on the bottle depicting mountains, and the label claim of "pure water, perfect taste." Ms. Litschke recently became aware that in fact Aquafina is tap water put through a filter process. Ms. Litschke believes that she and others in her position have as a result purchased a product that has been falsely advertised to them and represented to them as being something it is not: namely, a natural water product bottled at an original natural source as opposed to something drawn from the public water system, i.e., tap water. Had Ms. Litschke, and others in her situation, known of the true facts relating to Aquafina, she would not have purchased the product.

Pursuant to Civil Code Section 1782, you are hereby notified of the following:

## VIOLATIONS OF THE CLRA

1.     Pepsico, Inc., The Bottling Group, LLC, The Pepsi Bottling Group, Inc. (collectively "defendants") manufacture, bottle and sell Aquafina water throughout the United States. Defendants, through the label representation of mountains, as well as the failure to disclose that it is tap water, lead consumers to falsely believe that Aquafina water comes from a natural, original source, as opposed to a public water system.

2.     These acts constitute violations of Sections 1750, *et seq.* of the Civil Code in that they:

> A.     Misrepresent the source, sponsorship, approval or certification of goods or services (violation of Section 1770(a)(1) of the CLRA);

> B.     Us[e] deceptive representations or designations of geographic origin in connection with goods or services (violation of Section 1770(a)(5) of the CLRA);

> C.     Represent that goods or services have sponsorship, approval, characteristics, uses or benefits which they do not have (violation of Section 1770(a)(5) of the CLRA); and

> D.     Represent that goods or service are of a particular standard, quality or grade when, in fact, they are of another. (violation of Section 1770(a)(7) of the CLRA.

*Re: Notice Under CLRA*
August 29, 2007
Page 3

As a result, Ms. Litschke and all consumers who are similarly situated have been damaged. Under Civil Code section 1782, defendants are required, within thirty (30) days following receipt of this letter, to correct, repair, replace, or otherwise rectify the goods alleged to be in violation.

Defendants must ensure that (1) all consumers similarly situated have been identified (or, that defendants have made a reasonable effort to identify all such consumers), (2) that such consumers have been notified that upon their request, defendants will provide them with an appropriate remedy including, but not limited to, reimbursement for Aquafina water purchased pursuant to defendants' false representations and restitution to Ms. Litschke and other consumers similarly situated of all monies obtained under the false pretenses set forth herein and (3) that defendants will within a reasonable time provide such a remedy.

If such action is not taken within thirty (30) days, Ms. Litschke will commence an action pursuant to the Consumer Legal Remedies Act on behalf of herself and others similarly situated.

Sincerely,

KERSHAW, CUTTER & RATINOFF LLP

C. BROOKS CUTTER

CBC/lk

# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| STACEY ANDERSON, MICHAEL GRAY, KAYE HUDDLESTON, MICHAEL JONES, CHERYL CARTER, DARRYL MARTIN, YUNNA GRIFFIN, ARAVIS CLARK, TERRENCE JOHNSON, LATASHA JOHNSON, LINDA VALENTINE, VINH LE, TERRI MANSKER, and MICHAEL ALDRIDGE, on behalf of themselves and all others similar situated, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 2:07-cv-02514-BBD-dkv Jury Demanded |
| v. | ) ) | |
| PEPSICO CO., INC., and | ) | |
| THE COCA-COLA COMPANY, INC., | ) ) | |
| Defendants. | ) | |

---

**ORDER GRANTING MOTION FOR AN EXTENSION OF TIME FOR ALL
DEFENDANTS TO FILE RESPONSES TO PLAINTIFFS' MOTION FOR STATEWIDE
CLASS CERTIFICATION UNTIL THE COURT RESOLVES THE MOTION TO STAY
PROCEEDINGS, OR ALTERNATIVELY, THE MOTION TO DISMISS**

---

Before the court is the August 23, 2007 motion of the defendant PepsiCo Co., Inc. for an

extension of time in which defendants have to respond to the plaintiffs' motion for statewide

class certification until the motion for stay proceedings, or alternatively, the motion to dismiss is

resolved by the court. A phone conference was held Friday, August 24, 2007. Participating

were Buckner Wellford, W. Michael Richards, and Michael Lazaroff (with permission), counsel

for Pepsi Co., Inc.; Sharon Loy, Ricky Wilkins, and Gina Higgins, counsel for the plaintiffs; and

Mary Hale, counsel for The Coca Cola Company, Inc.

For the reasons stated at the conference, the court finds the motion is well-taken. Accordingly, the time for defendants to file a response to the plaintiffs' motion for class certification is extended until the court resolves the motion to stay the proceedings or motion to dismiss, whichever occurs first, at which time the court will set a scheduling conference to establish a response deadline.

The scheduling conference set for September 20, 2007, is continued.

It is so ordered this 27th day of August, 2007.

s/ Diane K. Vescovo

UNITED STATES MAGISTRATE JUDGE

# EXHIBIT D

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

---

**IN RE PEPSICO, INC. AND**
**THE COCA COLA COMPANY,**
**INC. CONSUMER CLASS**                    MDL Docket No. _____
**ACTION LITIGATION**

---

## <u>REASONS WHY ORAL ARGUMENT SHOULD BE HEARD</u>

Pursuant to Rule 16.1(b) of the Rules of Procedure of the Judicial Panel on Multidistrict

Litigation, PepsiCo, Inc. and The Pepsi Bottling Group, Inc. (collectively, the "Movants")

respectfully submit this statement in support of oral argument on the pending Motion to

Consolidate and Transfer, dated September 27, 2007 ("Motion"). In the event that the Motion is

opposed by one or more parties, oral argument will afford the Panel the opportunity to question

the parties concerning the rationale for their positions, and will afford the parties the opportunity

to amplify the arguments made in their respective papers. In addition, oral argument will allow

the litigants to report and explain to the Panel the extent and significance of any developments

subsequent to the briefing of the Motion. As set forth in the accompanying Memorandum of

Points and Authorities in Support of Motion to Consolidate and Transfer, the Movants expect

that additional cases will be filed in the coming months centering around substantially the same

set of facts.

Under these circumstances, the Panel's decisional process would be significantly aided by oral argument.

Dated: September 27, 2007                                   Respectfully submitted,

_____

Louis M. Solomon
Margaret A. Dale
Michael S. Lazaroff
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
*Attorneys for PepsiCo, Inc., and
The Pepsi Bottling Group., Inc.*

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER | ) ) ) ) ) ) ) ) ) ) | Civil Action No. 4:07-cv-3060 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| PEPSICO., INC and THE COCA COLA COMPANY INC. | ) ) ) | |
| Defendants. | | |

## PepsiCo's Certificate of Interested Parties

Pursuant to the Court's Order for Conference and Disclosure of Interested Parties, defendant PepsiCo, Inc. certifies that it is an entity that is financially interested in the outcome of this litigation.

800944v1/010424

PepsiCo, Inc. is a North Carolina corporation, with its principal place of business in Purchase, New York. The common shares of PepsiCo, Inc. are publicly traded.

Respectfully submitted,

SUSMAN GODFREY L.L.P.

BY: /s/ Johnny W. Carter
Johnny W. Carter
S.D. Texas Bar No. 21988
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Tel: (713) 651-9366
Fax: (713) 654-6666

*Attorneys for Defendant PepsiCo, Inc.*

## CERTIFICATE OF SERVICE

I certify that on the 8th day of October, 2007, a copy of the foregoing Certificate of Interested Parties was served upon the following counsel of record:

Jonathan H. Cox, Esq.
402 Main St., 3 South
Houston, TX 77002
***Attorney for Plaintiffs***

L. Joseph Loveland, Esq.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521

Kevin D. Mohr, Esq.
Ben Pollock, Esq.
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, TX  77002
***Attorneys for Defendant Coca Cola Company***

/s/ Johnny W. Carter
Johnny W. Carter

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CHRISTINA VILLA, et al.,                    )
                                            )
            Plaintiffs,                     )
                                            )
    v.                                      )        NO. 4:07-CV-3060
                                            )
PEPSICO, INC. and THE COCA                  )
COLA COMPANY, INC.                          )
                                            )
            Defendants.                     )

**THE COCA COLA COMPANY'S**
**CERTIFICATE OF INTERESTED PERSONS**

Pursuant to Fed. R. Civ. P. 7.1 and Order of the Court, Defendant The Coca Cola Company hereby files its certificate of interested persons:

(1) The undersigned Counsel of Record for the parties to this action certify that the following is a full and complete list of all parties in this action:

Plaintiffs: Christina Villa, Regina Kelly, Wanda Banks, Richard Banks, Kathy Jones Banks, Emma Williams, Samantha Townsend, Lawanda Holts, Mary Brewster, Rosalind Basile, Johnnie Mae Byrd, Carolyn Hayes, Linda Walker, Dasha Alexander, and unnamed putative class members

Defendants: PepsiCo, Inc. and The Coca-Cola Company

(2) The undersigned further certifies that no parent company or publicly traded company owns 10% or more of the stock of the Coca Cola Company.

(3) The undersigned further certifies that the following is a full and complete list of all other persons, associations of persons, firms, partnerships, or corporations (including those

related to a party as a subsidiary, conglomerate, affiliate, or parent corporation) having either a

financial interest in or other interest which could be substantially affected by the outcome of this

particular case:

> The Coca-Cola Company has a number of domestic and foreign consolidated subsidiaries and other companies related to The Coca-Cola Company. None have a financial interest in or other interest which could be substantially affected by the outcome of this particular case. None are publicly traded.

Respectfully submitted this 15th day of October, 2007.

/s/ L. Joseph Loveland (w/p/b)
/s/ Kevin D. Mohr

L. Joseph Loveland
Attorney in Charge
Texas Bar No. 00792154
Southern District ID No. 18445
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, Georgia 30309
Tel:  404-572-4600
Fax:  404-572-5100

Of Counsel:

Kevin D. Mohr
Texas Bar No. 24002623
Southern Dist. ID No. 28140
Benjamin E. Pollock
Texas Bar No. 24056150
KING & SPALDING LLP
1100 Louisiana Street, Suite 4000
Houston, TX 77002
Tel.:  (713) 751-3200
Fax:  (713) 751-3290

# <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing

CERTIFICATE OF INTERESTED PERSONS has been forwarded via U.S. Mail

or CM/ECF on this the 15th day of October, 2007 to the undersigned counsel:

Jonathan H. Cox, Esq.
402 Main St., 3 South
Houston, TX 77002

Johnny W. Carter
SUSMAN GODFREY L.L.P.
1100 Louisiana Street, Suite 4000
Houston, TX 77002

*Kevin D. Mohr*
_____
Kevin D. Mohr

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

OCT 1 9 2007

Michael N. Milby, Clerk

| | | |
|---|---|---|
| CHRISTINA VILLA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 4:07-CV-3060 |
| | ) | |
| PEPSICO, INC. and THE COCA | ) | |
| COLA COMPANY, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF DEFENDANT THE COCA-COLA COMPANY, INC.

Come now Plaintiffs and give notice, pursuant to Federal Rule of Civil Procedure 41, of voluntary dismissal without prejudice of Defendant The Coca-Cola Company, Inc.

Respectfully submitted,

THE COX LAW FIRM, P.C.

Jonathan H. Cox
The Cox Law Firm, PC
402 Main St., 3 South
Houston, TX 77002
(T) 713.752.2300
(F) 713.752.2812

Attorney for Plaintiffs

# CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document has been forwarded via U.S. Mail or CM/ECF on this  19  day of October, 2007 to the undersigned counsel:

Johnny W. Carter
SUSMAN GODFREY L.L.P.
1100 Louisiana Street, Suite 4000
Houston, TX 77002

Kevin D. Mohr
KING & SPALDING LLP
1100 Louisiana Street, Suite 4000
Houston, TX 77002

Jonathan H. Cox

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Christina Villa, et al, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | Civil No.  H-07-3060 |
| | § | |
| Pepsico, Inc., et al, | § | |
| | § | |
| Defendant. | § | |

ORDER

Pursuant to the Stipulation of Voluntary Dismissal filed on October 19, 2007, the above-styled action shall be and is hereby dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii) as to Defendant the Cocoa-Cola Company, Inc.

The Clerk shall send a true copy to all counsel of record.

Signed this **22** day of October, 2007.


DAVID HITTNER
United States District Judge

**UNITED STATES DISTRICT COURT**          **SOUTHERN DISTRICT OF TEXAS**

## MOTION AND ORDER
### FOR ADMISSION *PRO HAC VICE*

| Division | Houston | Case Number | 4:07-cv-3060 |
|---|---|---|---|

Christina Villa, Regina Kelly, Wanda R. Banks, Richard Banks, Kathy Jones Banks, Emma Williams, Samantha Townsend, Lawanda Holts, Mary Brewster, Rosalind Basile, Johnnie Mae Byrd, Carolyn Hayes, Linda Walker, Dasha Alexander

*versus*

Pepsico, Inc. and The Coca Cola Company Inc.

**This lawyer, who is admitted either to the State Bar of Texas or to another federal district court:**

| | |
|---|---|
| **Name** | Michael S. Lazaroff |
| **Firm** | Proskauer Rose LLP |
| **Street** | 1585 Broadway |
| **City & Zip Code** | New York, New York 10036-8299 |
| **Telephone** | 212/969-3645 |
| **Licensed: State & Number** | New York State Bar No. 2801579 |
| **Admitted U.S. District Court for:** | Southern District NY - Admitted 1/13/97 |

**Seeks to appear as the attorney for this party:** PepsiCo, Inc.

| | |
|---|---|
| **Dated:** 10/25/07  ~~10/18/07~~ | **Signed:** _(signature)_ |

### ORDER

**This lawyer is admitted *pro hac vice*.**

Signed on _____, _____.    _____

**United States District Judge**

SDTX (d_prohac.ord)
02/03/98

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTINA VILLA, REGINA KELLY, | : | |
| WANDA R. BANKS, RICHARD BANKS, | : | 4:07-cv-3060 (DH) |
| KATHY JONES BANKS, EMMA | : | |
| WILLIAMS, SAMANTHA TOWNSEND, | : | |
| LAWANDA HOLTS, MARY BREWSTER, | : | |
| ROSALIND BASILE, JOHNNIE MAE | : | |
| BYRD, CAROLYN HAYES, LINDA | : | |
| WALKER, DASHA ALEXANDER, | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | |
| PEPSICO, INC. AND THE COCA-COLA | : | |
| COMPANY INC., | : | |
| | : | |
| **Defendants.** | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X | | |

## UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING
## DETERMINATION ON MULTIDISTRICT COORDINATION

Defendant PepsiCo, Inc. ("PepsiCo") respectfully submits this Motion to

Stay Proceedings pending a resolution of a Motion to Consolidate and Transfer this

action together with four other similar consumer class action lawsuits filed by

Defendant PepsiCo with the Judicial Panel on Multidistrict Litigation ("JPML") on

October 2, 2007. Plaintiffs have informed PepsiCo that they do not oppose this

motion. In support of its motion to stay, PepsiCo relies upon the accompanying

Memorandum in Support of Its Motion for a Stay Pending Determination on Multidistrict Coordination, along with the Declaration of Michael S. Lazaroff, Esq. PepsiCo respectfully requests that this Court stay this case temporarily pending a decision by the JPML on PepsiCo's motion. A proposed order is being filed with this motion.

Dated: October 25, 2007 at Houston, Texas.

Respectfully submitted,

/s/ Johnny W. Carter
Johnny W. Carter
S.D. Texas Bar No. 21988
**SUSMAN GODFREY LLP**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

/s/Michael S. Lazaroff
Michael S. Lazaroff *
**PROSKAUER ROSE LLP**
1585 Broadway
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
(* *pro hac vice* motion pending)

Attorney-in-charge for Defendant PepsiCo, Inc.

2

## CERTIFICATE OF CONFERENCE

On October 22, 2007, Michael S. Lazaroff, counsel for Pepsi, conferred with Jonathan Cox, counsel for plaintiffs, about the relief sought in this motion.  Mr. Cox stated that plaintiffs were unopposed to Pepsi's motion to stay.

/s/ Michael S. Lazaroff
Micheal S. Lazaroff

## CERTIFICATE OF SERVICE

I certify that on the 25th day of October, 2007, a copy of the foregoing instrument was served upon the following counsel of record:

Jonathan H. Cox, Esq.
402 Main St., 3 South
Houston, TX 77002
*Attorney for Plaintiffs*

/s/ Johnny W. Carter
Johnny W. Carter

3

## THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

---

| | | |
|---|---|---|
| **CHRISTINA VILLA, REGINA KELLY,** | : | |
| **WANDA R. BANKS, RICHARD BANKS,** | : | **4:07-cv-3060 (DH)** |
| **KATHY JONES BANKS, EMMA** | : | |
| **WILLIAMS, SAMANTHA TOWNSEND,** | : | |
| **LAWANDA HOLTS, MARY BREWSTER,** | : | |
| **ROSALIND BASILE, JOHNNIE MAE** | : | |
| **BYRD, CAROLYN HAYES, LINDA** | : | |
| **WALKER, DASHA ALEXANDER**, | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | | |
| **PEPSICO, INC. AND THE COCA-COLA** | | |
| **COMPANY INC.,** | | |
| | | |
| **Defendants.** | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## [PROPOSED] ORDER GRANTING MOTION TO STAY PENDING A DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

It is hereby ordered that all proceedings in this matter are stayed pending a determination by the Judicial Panel on Multidistrict Litigation of the Motion To Consolidate and Transfer filed October 2, 2007 by Defendant PepsiCo, Inc. It is so ordered this ___ day of _____, 2007.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CHRISTINA VILLA, REGINA KELLY,   :
WANDA R. BANKS, RICHARD BANKS,   :      4:07-cv-3060 (DH)
KATHY JONES BANKS, EMMA             :
WILLIAMS, SAMANTHA TOWNSEND,   :
LAWANDA HOLTS, MARY BREWSTER, :
ROSALIND BASILE, JOHNNIE MAE      :
BYRD, CAROLYN HAYES, LINDA        :
WALKER, DASHA ALEXANDER,       :
                               :
         Plaintiffs,       :
                               :
        v.             :
                               :
PEPSICO, INC. AND THE COCA-COLA  :
COMPANY INC.,                  :
                               :
         Defendants.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**DEFENDANT PEPSICO, INC.'S MEMORANDUM OF LAW IN
SUPPORT OF ITS UNOPPOSED MOTION FOR A STAY PENDING
DETERMINATION ON MULTIDISTRICT COORDINATION**

Defendant PepsiCo, Inc. ("PepsiCo") respectfully submits this memorandum

of law in support of its unopposed motion for a stay. In its motion, PepsiCo seeks

a stay of all proceedings pending resolution of its motion pursuant to 28 U.S.C. §

1407 for multidistrict coordination and consolidation of this action with four other

very similar actions currently pending in other courts throughout the country.

Plaintiffs here (as well as elsewhere) have supported PepsiCo's motion for

multidistrict coordination in the United State District Court for the Southern District of New York, and plaintiffs here do not oppose PepsiCo's motion for a stay of these proceedings pending the outcome of that motion.

## **INTRODUCTION**

This action is one of five putative class actions pending around the country brought on behalf of overlapping classes. The cases are based on the same core set of operative facts and assert substantively similar claims for relief. There is a likelihood that additional such actions will be filed in the future.[1] Plaintiffs in all the actions purport to represent overlapping putative classes of purchasers of PepsiCo's *Aquafina* brand bottled water. Plaintiffs in all the actions seek relief arising from PepsiCo's allegedly false, misleading, or deceptive trade practices involving the marketing, labeling and sale of *Aquafina*. Given the nearly identical nature of these actions, PepsiCo has filed a motion before the Judicial Panel on Multidistrict Litigation (the "JPML") seeking multidistrict coordination and consolidation pursuant to 28 U.S.C. § 1407. *See* MDL Motion, Lazaroff Decl., Ex. 5. Plaintiffs in all the actions support this motion. *See* Joint Response, Lazaroff

---

[1] The other four pending cases are (a) *Fielman v. PepsiCo, Inc., The Pepsi Bottling Group, Inc., and Pepsi Bottling Ventures LLC*, Case No. 07-CV-6815 (S.D.N.Y.); (b) *Collado v. PepsiCo, Inc., and Pepsi Bottling Ventures LLC*, Case No. 07-CV-6874 (S.D.N.Y.); (c) *Anderson, et. al v. PepsiCo, Inc. and The Coca-Cola Company, Inc.*, Case No. 2:07-CV-02514 (W.D. Tenn.); and (d) *Litschke v. PepsiCo, Inc., The Pepsi Bottling Group, Inc. and Pepsi Bottling Ventures, LLC*, 2:07-cv-02100-FC-JFM (E.D. Cal.). Copies of the complaints in these matters are attached as Exhibits 1, 2, 3, and 4 to the Declaration of Michael S. Lazaroff, Esq. in support of this motion ("Lazaroff Decl."). The motion PepsiCo and The Pepsi Bottling Group, Inc. ("PBG") filed with the Judicial Panel on Multidistrict Litigation on October 2, 2007 is attached as Exhibit 5 to the Lazaroff Decl. (the "MDL Motion"). The Notice of "Tag-Along" Action, filed with the JPML on October 11, 2007, is attached as Exhibit 6 to the Lazaroff Decl. Plaintiffs' Joint Response to the MDL Motion is attached as Exhibit 7 to the Lazaroff Decl.

2

Decl., Ex. 7. The motion is likely to be decided by the JPML within the next 60-90 days.

The stay sought by PepsiCo will avoid the risk of conflicting court rulings, advance the interests of judicial economy and efficiency, and preclude an unnecessary duplication of motion practice, discovery and other proceedings by the parties. There is little prejudice to any party in adjourning the few deadlines in place in this action now for the relatively short period of time it would take the JPML to determine whether these actions will be consolidated. This is particularly true given the fact that this action was only commenced within the past few months. PepsiCo believes that deferring activity in this case pending such a determination is proper. It will only be after a determination on multidistrict coordination that the parties will know how to proceed. The court to which the related actions are transferred will have its own individual rules and may set special guidelines for motion practice and discovery to coordinate all the actions. Accordingly, all activity in this case should be stayed pending a determination on the motion for multidistrict coordination

## **BACKGROUND**

Plaintiffs here first filed a complaint in this matter in Texas state court on August 2, 2007. PepsiCo filed a notice of removal from state court to this Court on September 20, 2007.

3

As in all the other actions arising from the same set of operative facts, plaintiffs here (a) purport to bring this action on behalf of a putative class of purchasers of PepsiCo's popular bottled water product, *Aquafina*; (b) allege that PepsiCo intentionally failed to inform customers that the source of *Aquafina* water is public tap water or community sources; (c) allege that PepsiCo purposely mislead consumers by statements on the label of its bottled water such as "Pure Water" or "P.W.S." and/or mislead consumers by statements on its website; (d) allege violations of consumer protection statutes and various other common law and statutory theories based on PepsiCo's alleged omissions and/or misrepresentations; and (e) seek declaratory, injunctive and monetary relief for these purported allegations.

In addition to these nearly identical factual allegations, the overlapping classes, and the overlapping relief being sought in the related actions, defendants' defenses to the claim in the actions are also largely similar and raise common questions of fact and law. Common factual and legal issues include whether plaintiffs' claims are preempted by federal law, whether the bottled water labels are misleading as a matter of fact and/or law, whether defendants negligently or intentionally misled the public as to the source of their bottled water, and whether it was public knowledge that the source of "purified drinking water" is in fact tap water. Therefore, in all the related actions, there will be similar and overlapping

4

motion practice, very similar relevant factual records will need to be developed, and discovery will largely be the same.

PepsiCo is a defendant in each of these actions; Pepsi Bottling Ventures LLC is a defendant in the *Collado* and *Fielman* actions, which are both pending before the United States District Court for the Southern District of New York; and PBG is a defendant in the *Fielman* action. These entities were also recently sued in the *Litschke* action filed in the Eastern District of California. The Coca-Cola Co., Inc. ("Coca-Cola") was initially sued as a defendant in this action and in the *Anderson* action pending in United States District Court for the Western District of Tennessee as a result of similar allegations that Coca-Cola failed to disclose that its bottled water product *Dasani* is also purified water from tap water sources. However, plaintiffs filed a notice voluntarily dismissing Coca-Cola from the *Anderson* action on October 17, 2007, and from this action on October 22, 2007.

By motion filed October 2, 2007, PepsiCo moved the JPML to coordinate and transfer all four cases, including this case, to a single judge for consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* MDL Motion, Lazaroff Decl., Ex. 5. PepsiCo's MDL Motion recommends transferring the consolidated proceeding to the Southern District of New York, where the *Collado* and *Fielman* actions are pending before the same United States District Judge, Charles L. Brieant. On October 10, 2007, PepsiCo sent a notice of a "tag-along action"

5

concerning the *Litschke* action. On October 22, 2007, plaintiffs in all the actions filed their Joint Response supporting PepsiCo's motion for consolidation in the Southern District of New York. *See* Joint Response, Lazaroff Decl., Ex. 7. In light of the MDL Motion, PepsiCo is or will be seeking a stay in all the related actions while the MDL is determined. PepsiCo believes that consolidation as a multidistrict litigation would enable the just and efficient resolution of these cases.

PepsiCo now respectfully requests that this Court temporarily stay all proceedings in this case pending the JPML's decision on the MDL Motion. A stay of further proceedings is necessary to promote judicial economy by furthering efficiency and consistency and eliminating the potential for duplicative proceedings and conflicting pretrial rulings if the MDL Motion is granted. Further, it will not prejudice the parties; rather, it will benefit the parties and the Court.

## **ARGUMENT**

By virtue of PepsiCo's motion for multidistrict consolidation and coordination currently before the JPML, all proceedings in this action should be stayed until the JPML makes a decision on the MDL motion. The purposes of multidistrict coordination include the furthering of "judicial economy" and the elimination "of the potential for conflicting pretrial rulings." *Good v. Prudential Ins. Co. of Am.,* 5. F. Supp. 2d 804, 809 (N.D. Cal. 1998). These purposes will be advanced by the granting of a short stay in this matter.

6

A district court has the inherent power to stay its proceedings.  This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North American Co.,*  299 U.S. 248, 254 (1936); *see also Hill v. Mitchell,* 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998) ("the Court has the inherent power to stay proceedings pending the resolution of the same or related issues in another forum").

To determine whether a stay is appropriate in this case, the Court must consider the following factors:  "the need for a stay, the balance of potential hardship to the parties and the public, and the promotion of judicial economy." *Ferrell v. Wyeth-Ayerst Labs, Inc.,* 2005 U.S. Dist. LEXIS 25358 at *7 (S.D. Ohio Oct. 24, 2005).  Courts try to "maximize the effective utilization of judicial resources and to minimize the possibility of conflicts between different courts." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 1360 (3d ed. 2007).  A stay, therefore, is appropriate if it will avoid conflicting opinions and promote judicial efficiency, while at the same time it does not unduly prejudice a party's interest.  *Id.*  As a result, "[c]ourts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." *Good,* 5 F. Supp. 2d at 809.  This is consistent with Fed. R. Civ. Proc. 1, which seeks to "secure the just, speedy and inexpensive determination" of the related actions.

7

A stay is appropriate here in order to ensure consistent treatment of the lawsuits, to avoid duplicative and conflicting results, and to ensure that judicial resources and the resources of the parties are not wasted. A stay will promote judicial efficiency because different courts will not have to expend resources on similar motions to dismiss, motions for class certification and/or discovery motions. Moreover, if no stay is granted, "there are no guarantees that an order by this Court would not later be vacated [by the transferee court] and this Court's investment of time and resources would not have been in vain . . . . [T]ransferee judges have been known to vacate or modify previous rulings of the transferor judge." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1361 (C.D. Cal. 1997).

A stay will also avoid the strong potential for conflicting rulings from different courts on the same motions. *Register v. Bayer Corp.*, 2002 U.S. Dist. LEXIS 13458, at *4 (E.D. La. July 16, 2002) (finding "any prejudice resulting from this short delay is clearly outweighed by the benefit of judicial efficiency and avoidance of inconsistent rulings"). Because the transferee court has the authority to conduct all pretrial proceedings, a transfer will be more efficient by avoiding piecemeal motion practice and streamlining the actions so that overlapping issues are addressed only once. In fact, in the *Anderson*, *Fielman* and *Collado* matters, motions to dismiss are currently pending, which impact substantive, and potentially dispositive, legal issues; "[t]hese issues should be addressed by the

court to which all of the pending civil actions are assigned." *American Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 U.S. Dist. LEXIS 7374, *5 (E.D. Pa. May 6, 1992) (granting stay pending resolution of the JPML's decision on defendant's motion to transfer). PepsiCo anticipates the filing of similar motions in the other proceedings, including this one, if they are not stayed first. Moreover, although it has been temporarily stayed pending the Court's determination on the motion to dismiss, Plaintiffs in *Anderson* have already filed a motion for class certification. PepsiCo anticipates that plaintiffs in the related actions, including this action, will file similar motions for overlapping classes. Like the motions to dismiss, the motions for certification should also be determined only once by the transferee court.

PepsiCo will be substantially prejudiced if the Court denies the stay as they will be forced to incur the unnecessary expense of time and resources to engage in repetitive pretrial proceedings, potentially conflicting determinations and redundant discovery. PepsiCo is already bearing the burden of engaging in repetitive pretrial proceedings, having filed motions to dismiss in the *Anderson*, *Fielman* and *Collado* actions. Furthermore, because the operative facts alleged by plaintiffs in the various actions are the same, the plaintiffs will likely seek production of the same documents, and attempt to depose the same witnesses. The potential for duplicative pretrial motions and discovery represent the sort of

"hardship and inequity" that Courts consider when granting a motion to stay. *American Seafood*, 1992 U.S. Dist. LEXIS 7374, at *6 ("The duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay."); *Rivers*, 980 F. Supp. at 1360.

Neither plaintiffs nor any other party will be prejudiced by a temporary stay in this matter. The stay would be limited to the finite and brief period of time necessary to allow the JPML to resolve the MDL Motion, and PepsiCo anticipates that the JPML will act expeditiously. Because PepsiCo and PBG's motion was filed on October 2, 2007, other parties have until October 22 to respond, and PepsiCo and PBG have until October 29 to reply. The JPML next sits on November 29, followed by a hearing in January. It is expected that the JPML will consider the motion at one of these sessions and we will have a determination within two to three months of the filing of this stay motion. Once that decision is made, the matter will either proceed in the transferee District, or in this Court if the transfer is denied. Therefore, any delay in this proceeding will be minimal and is not likely to be more than 60-90 days, a time period which could hardly prejudice plaintiffs in any action, all of which have only been filed within the past two months. Indeed, this action is at an early stage in the litigation, and discovery has not commenced.

10

Under circumstances like this, the benefits of a temporary stay minimize and outweigh any potential prejudice to the plaintiffs. *Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000) (rejecting plaintiff's assertions that a stay pending resolution of transfer issues would result in a "prolonged delay" and holding that plaintiff's "cursory assertions of prejudice do not outweigh the disadvantages of litigating identical claims in a multitude of venues . . . [and] in light of the pending MDL Panel ruling on transfer, this action should be stayed in the interest of judicial economy and to avoid inconsistent results."); *Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, 1991 U.S. Dist. LEXIS 1431, at *4 (D.N.J. Feb. 4, 1991) (noting that "even if a temporary stay [pending decision by the MDL Panel] can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay").

Indeed, Courts generally grant motions to stay proceedings pending the determination of an MDL motion because such a stay ensures consistent treatment of the lawsuits, avoids duplicative and conflicting results, and ensures that judicial resources and the resources of the parties are not wasted. *See, e.g., Morales v. Merck & Co., Inc.*, 2007 WL 655714 (S.D. Tex. 2007) (granting defendant's motion to stay pending resolution by the JPML); *Schering Corp. v. Caraco Pharm. Labs.*, 2007 WL 1648908 (E.D. Mich. 2007) (staying proceedings pending MDL

determination); *Jones v. Lewis*, 2006 U.S. Dist. LEXIS 21610, *4 (W.D. Tenn. Apr. 17, 2006) (granting a stay pending the MDL Panel's decision to transfer because "in the absence of a stay, the risk to the defendants of duplicative motions and discovery is substantial"); *U.S. Bank Nat'l Ass'n v. Royal Indemnity Co.*, 2002 U.S. Dist. LEXIS 17837, at *5-6 (N.D. Tex. Sept. 23, 2002) (granting stay to "avoid the unnecessary waste of judicial resources if the MDL Motion is ultimately granted" because "[i]f the MDL Motion is granted, all of the Court's time, energy, and acquired knowledge regarding this action and its pretrial procedures will be wasted"); *Hoofkin v. Novartis Pharmaceuticals Corp.*, 2002 WL 987369 (E.D. La. 2002); *Namovicz v. Cooper Tire & Rubber Co.*, 225 F. Supp. 2d 582, 585 (D. Md. 2001) (granting stay to ensure that "in the event consolidation of all cases for pretrial litigation is ordered, there is consistent treatment of the numerous lawsuits and that judicial resources are not wasted"); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 48 F. Supp. 2d 37, 43 (D.D.C. 1999) (granting stay pending decision of the MDL Panel due to the "potential for common and overlapping issues[,] . . . a stay would further judicial economy and eliminate the potential for conflicting pretrial rulings were the case ultimately transferred"); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (observing that "[c]ourts frequently grant stays pending a decision by the MDL Panel"); *Rivers*, 980 F. Supp. at 1360; *Bullard v. American Airlines, Inc.*, 929 F. Supp. 1284, 1286-

12

7 (W.D. Mo. 1996) (staying ruling on motion to dismiss pending ruling by MDL Panel); *Register*, at *4 ("[T]he interests of judicial economy will best be served by a temporary stay in these proceedings pending a ruling by the Judicial Panel on Multidistrict Litigation.").

## CONCLUSION

For the foregoing reasons, PepsiCo respectfully requests that this Court stay this case temporarily pending a decision by the MDL Panel on Defendants' MDL Motion.

Dated:  October 25, 2007 at Houston, Texas.

<div align="right">

Respectfully submitted,

/s/ Johnny W. Carter
Johnny W. Carter
S.D. Texas Bar No. 21988
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
/s/ Michael S. Lazaroff
Michael S. Lazaroff *
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
Telephone:  (212) 969-3000
Facsimile:  (212) 969-2900
(* *pro hac vice motion pending* )

Attorney-in-charge for Defendant
PepsiCo, Inc.

</div>

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 25th day of October, 2007, a copy of the foregoing instrument was served upon the following counsel of record:

Jonathan H. Cox, Esq.
402 Main St., 3 South
Houston, TX 77002
***Attorney for Plaintiffs***

/s/ Johnny W. Carter
Johnny W. Carter

14

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

_____

CHRISTINA VILLA, REGINA KELLY, WANDA :     
R. BANKS, RICHARD BANKS, KATHY JONES :     **4:07-cv-3060 (DH)**
BANKS, EMMA WILLIAMS, SAMANTHA :
TOWNSEND, LAWANDA HOLTS, MARY :
BREWSTER, ROSALIND BASILE, JOHNNIE :
MAE BYRD, CAROLYN HAYES, LINDA :
WALKER, DASHA ALEXANDER, :
:
                 **Plaintiffs,** :
:
          **v.** :
:
:
PEPSICO, INC. AND THE COCA-COLA :
COMPANY INC., :
:
               **Defendants.** :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**DECLARATION OF MICHAEL S. LAZAROFF, ESQ. IN SUPPORT
OF DEFENDANT PEPSICO, INC.'S MOTION FOR A STAY
PENDING DETERMINATION ON MULTIDISTRICT COORDINATION**

MICHAEL S. LAZAROFF, ESQ., pursuant to 28 U.S.C. § 1746, declares under penalty

of perjury as follows:

1.     I am senior counsel to Proskauer Rose LLP, counsel for PepsiCo, Inc.

("PepsiCo") in the above-captioned matter.  I make this declaration in support of PepsiCo's

motion for a stay pending determination on multidistrict coordination.

2.     Attached hereto as Exhibit 1 is a true and correct copy of the Complaint filed in

*Fielman v. PepsiCo, Inc., The Pepsi Bottling Group, Inc., and Pepsi Bottling Ventures LLC*, Case

No. 07-CV-6815 (S.D.N.Y.).

3.    Attached hereto as Exhibit 2 is a true and correct copy of the Amended Complaint filed in *Collado v. PepsiCo, Inc., and Pepsi Bottling Ventures LLC*, Case No. 07-CV-6874 (S.D.N.Y.).

4.    Attached hereto as Exhibit 3 is a true and correct copy of the Complaint filed in *Anderson, et. al v. PepsiCo, Inc. and The Coca-Cola Company, Inc.*, Case No. 2:07-CV-02514 (W.D. Tenn.).

5.    Attached hereto as Exhibit 4 is a true and correct copy of the Complaint filed in *Litschke v. PepsiCo, Inc., The Pepsi Bottling Group, Inc. and Pepsi Bottling Ventures, LLC*, 2:07-cv-02100-FC-JFM (E.D. Cal.).

6.    Attached hereto as Exhibit 5 is a true and correct copy of the motion papers PepsiCo and The Pepsi Bottling Group, Inc. filed with the Judicial Panel on Multidistrict Litigation ("JPML") for multidistrict coordination and consolidation pursuant to 28 U.S.C. § 1407 (the "MDL Motion").

7.    Attached hereto as Exhibit 6 is a true and correct copy of the Notice of "Tag-Along" Action filed with the JPML on October 11, 2007.

8.    Attached hereto as Exhibit 7 is a true and correct copy of Plaintiffs' Joint Response to the MDL Motion, filed with the JPML on October 22, 2007.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed October 25, 2007

MICHAEL S. LAZAROFF

# EXHIBIT
# 1

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN _____ DISTRICT OF _____ NEW YORK _____

BRIAN FIELMAN, Individually and On Behalf of All
Other Persons Similarly Situated,

### SUMMONS IN A CIVIL CASE

V.

CASE NUMBER·

PEPSICO, INC., THE PEPSI BOTTLING GROUP,
INC., and PEPSI BOTTLING VENTURES LLC

# '07 CIV 6815

# JUDGE BRIEANT

TO: (Name and address of defendant)

PepsiCo, Inc.
700 Anderson Hill Road
Purchase, New York 10577

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Andrew P. Bell, ESQ
LOCKS LAW FIRM, PLLC
110 East 55th Street - 12th Floor
New York, New York 10022
Telephone: (212) 838-3333



RECEIVED
AUG - 3 2007

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period
of time after service.

J. MICHAEL McMAHON

CLERK

(BY) DEPUTY CLERK

'JUL 3 0 2007

DATE

Seth R. Lesser (SR 5560)
Andrew P. Bell (AB 1309)
LOCKS LAW FIRM PLLC
110 East 55th Street
New York, New York 10022
(212) 838-3333
www.lockslaw.com

Jeffrey A. Klafter (JK 0953)
KLAFTER & OLSEN LLP
1311 Marmaroneck Avenue
Suite 220
White Plains, New York 10605
(914) 997-5656



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Brian Fielman, on behalf of herself and all others similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>PEPSICO, INC., THE PEPSI BOTTLING GROUP, INC., and PEPSI BOTTLING VENTURES LLC,<br><br>       Defendants. | Civil Case No.:<br><br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND FOR TRIAL** |

Plaintiff BRIAN FIELMAN, by and through his undersigned counsel, for himself and all

others similarly situated, hereby brings this Class action Complaint against Defendants PEPSICO

INC., THE PEPSI BOTTLING GROUP, INC. AND PEPSI BOTTLING VENTURES LLC

("Defendants"). Plaintiff makes the following allegations based upon his personal knowledge as

to his own acts, and upon information and belief as well as upon his attorneys' investigative

efforts as to Defendants' actions and misconduct as alleged herein:

1

## Nature of The Action

1.  In this class action lawsuit, Plaintiff seeks to obtain damages and/or compensatory restitution for Defendants' wrongful and illegal sales and marketing of *Aquafina* bottled water ("*Aquafina*"), in that Defendants advertising, marketing and/or labeling of *Aquafina* failed to inform consumers that the source of the water was public tap water, not water from an inherently cleaner source, such as a mountain as implied in the logo on the *Aquafina* label. Whether through intentional, reckless, or negligent action, Defendants marketed and sold *Aquafina* notwithstanding the fact that its content was undisclosed, mislabel, misleading. As a result, consumers like Plaintiff herein purchased *Aquafina* not knowing the water's true source and accordingly have suffered harms sounding in their claims set forth below for (a) violations of Uniform Deceptive Acts and Practices statutes (sometimes also referred to as "Consumer Protection Statutes"); (b) breach of the implied warranty of merchantability; and (c) unjust enrichment.

2.  Plaintiff further seeks declaratory and injunctive relief to prevent a reoccurrence of such wrongful activity by Defendants.

## Parties

3.  Plaintiff Brian Fielman resides in Valley Stream, New York and is a citizen of the State of New York.

4.  Defendant PepsiCo, Inc. ("Pepsi") is a corporation organized under the laws of the State of North Carolina and has its principal place of business in Purchase, New York.

2

5.      Defendant The Pepsi Bottling Group, Inc. ("PBG") is a corporation organized under the laws of the State of Delaware and has its principal place of business in Somers, New York.

6.      Defendant Pepsi Bottling Ventures LLC ("PBV") is a corporation organized under the laws of the State of Delaware and has its principal place of business in Raleigh, North Carolina.

7.      PBG and PBV (hereinafter collectively "Pepsi Bottlers") are bottling companies affiliated with Pepsi, are two of Pepsi's "anchor bottlers" of *Aquafina* and other Pepsi products, and are primarily responsible for manufacturing, selling and distributing *Aquafina* in New York and throughout the United States.

8.      With respect to the conduct alleged herein, the acts and alleged wrongdoing of Defendants Pepsi and the Pepsi Bottlers may be imputed to each other inasmuch as they acted as the agents, alter-egos or co-conspirators of each other.

## Jurisdiction and Venue

9.      This Court has subject matter jurisdiction over this matter pursuant 28 U.S.C. § 1332(d)(2) inasmuch as the Defendants are citizens of the States of New York, North Carolina and Delaware and the members of the Class alleged herein include persons who are citizens of States other than New York, North Carolina and Delaware; the action is a putative class action pursuant to Federal Rule of Civil Procedure 23, and the amount in controversy exceeds the sum of $5 million, exclusive of interests and costs.

10.     Venue is proper in this district pursuant to 28 U.S.C. §1391.

3

11.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## Factual Allegations of the Plaintiff

12.    On many occasions and for at least two to three years, Brian Fielman purchased *Aquafina* by the case and individual bottles as stores in his neighborhood, including but not limited to, Key Foods and King Kullen.

13.    Mr. Fielman believed, based upon Defendants' labeling of *Aquafina*, that the water used in it must have come from a cleaner, safer and special source.

14.    Mr. Fielman bought *Aquafina* in part because he believed that the water source it was from was cleaner, safer and special because the label indicated that it was "pure water".

15.    On or about July 28 or 29, 2007, Mr. Fielman discovered that the water in *Aquafina* came from general tap water, and was not from a water source that was any cleaner, safer or special.

16.    As a result of this discovery, Mr. Fielman believed he had been misled by Defendants into purchasing *Aquafina* and was angry and shocked.

## Class Action Allegations

17.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and a class (the "Class") consisting of all individuals in the United States who purchased *Aquafina* from the date of its introduction through the present (the "Class Period"). Excluded from the Class are defendants, any entity in which defendants have a controlling interest, and any of their subsidiaries, affiliates, and officers and directors. Plaintiff

4

reserves the right to amend the class definition, including the Class's possible division into subclasses, in order to obtain substantial justice for the wrongdoing asserted herein.

18.    The Class consists of hundreds of thousands if not millions of individuals, not only within the State of New York, but also the other states in the United States. Millions of bottles of *Aquafina* were sold during the Class Period. Numerosity is therefore satisfied.

19.    Plaintiff's claims involve questions of law and fact common to the Class, because Plaintiff and other members of the Class were similarly affected by Defendants' unlawful and wrongful conduct that is complained of herein.

20.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel competent and experienced in class and consumer litigation and, in particular, this area of law, and Plaintiff has no conflict of interest with other Class members in the maintenance of this class action. Plaintiff has no relationship with Defendants except as customers. Plaintiff will vigorously pursue the claims of the Class.

21.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

    a.    Whether the water marketed and sold as *Aquafina* was bottled from sources of what is generally known as "tap water";

    b.    Whether Defendants withheld information from and/or omitted to inform consumers on *Aquafina* labels that the water marketed and sold as *Aquafina* was bottled from sources of what is generally known as "tap water";

5

c.       Whether Defendants' withholding of information and/or failure to inform consumers as to the true source of the water marketed and sold as *Aquafina* resulted from negligent, reckless or intentional behavior;

d.       Whether Defendants' affirmatively promoted the water marketed and sold as *Aquafina* as being better fit for human consumption because of the "perfect" or more "pure" nature of the water's source;

e.       Whether Defendants' conduct respecting *Aquafina* violated New York GBL § 349, and the state consumer protection and/or uniform deceptive acts and practices statutes in effect in the various States;

f.       Whether Defendants' conduct breached the implied warranty of merchantability; and

g.       Whether Defendants' omissions in the labeling of *Aquafina* so as to conceal the true nature of the source of the water marketed and sold under the brand name *Aquafina* caused Defendants to be unjustly enriched when the totality of the circumstances are considered.

22.     A class action is an appropriate and superior method for the fair and efficient adjudication of the controversy given the following factors:

a.       Common questions of law and/or fact predominate over any individual questions that may arise, and, accordingly, there would accrue enormous economies to both the courts and the Class in litigating the common issues on a class wide basis instead of on a repetitive individual basis;

6

b.    Class members' individual damage claims are too small to make individual litigation an economically viable alternative;

c.    Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

d.    No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage are common to the Class.

23.    Class certification is fair and efficient as well because prosecution of separate actions would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which, as a practical matter, may be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

24.    Plaintiff anticipates that there will be no difficulty in the management of this litigation, and means exist to address issues of damages as have been utilized in other class actions, including aggregate damages, claims processes and/or determination of restitutionary amounts.

### Factual Background

25.    The bottled water industry in the United States reportedly accounts for revenues of approximately fifteen billion dollars annually. It is a highly competitive industry where beverage

7

companies are continuously trying to market their water as cleaner, safer and/or healthier than rivals' water.

26.     *Aquafina* was first introduced in 1994 and gained national distribution with Pepsi in 1997.

.27.     *Aquafina* is currently the United States' best selling brand of bottled water based on sales volume, and Defendants received revenues in 2006 of approximately $2.17 billion on sales of *Aquafina*.

28.     Since its introduction, the water used in *Aquafina* is sourced from public drinking supplies, commonly known or referred to as "tap water".

29.     Defendants' labels on *Aquafina* currently state: "Bottled at the source P.W.S.".

30.     *Aquafina* labels do not indicate, state or imply the meaning of "P.W.S.", although the abbreviation actually stands for "Public Water Systems" or some similar phrase.

31.     Defendants' "blue mountain labels" on *Aquafina* contain a logo of a sun rising or setting over a mountain range and contains the slogan "Pure Water Perfect Taste".

32.     Defendants' blue mountain labels, therefore, implying that the origin of the water in *Aquafina* bottles is from a mountain source and/or a source more pure than either tap water or rivals' water and that *Aquafina*.

33.     Defendants' website fails to inform consumers that the true nature of the source of the water marketed and sold as *Aquafina* is tap water.

34.     Defendants negligently, recklessly and/or intentionally misled consumers into believing that *Aquafina* was similar to, as good as and/or better than other rivals' water based upon, in part, the source of the water used in *Aquafina*.

8

35.     Defendants failed to disclose tap water as the true source of *Aquafina* to consumers because Defendants knew that such information would be considered important to consumers when they made decisions of whether to purchase Defendants' *Aquafina* water.

36.     Defendants failed to disclose tap water as the true source of *Aquafina* to consumers because Defendants knew that such disclosure would be detrimental to the sales of Defendants' *Aquafina* water.

37.     On or about July 27, 2007, Defendants agreed to relabel *Aquafina* in order to include information that the source of the water was tap water.

38.     On or about July 27, 2007, Defendant Pepsi admitted that the prior labeling of *Aquafina* was misleading to reasonable consumers when Pepsi, referring to the re-labeling of *Aquafina*, released a statement saying: "If this helps clarify the fact that the water originates from public sources, then it's a reasonable thing to do."

## FIRST CAUSE OF ACTION
## FOR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW
### (By Plaintiff on him own behalf and on behalf of the Class)

39.     Plaintiff hereby incorporates by reference paragraphs 1-38 as if fully set forth herein.

40.     Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the bottling, manufacturing, marketing, labeling and sale of *Aquafina*.

41.     Had Defendants not engaged in the wrongful and deceptive conduct described above, Plaintiff and members of the Class would not have purchased and/or paid the same

9

amount for *Aquafina*, and they have therefore proximately suffered injury in fact and ascertainable losses.

42.     Defendants' deceptive, unconscionable or fraudulent representations and material omissions to consumers, including the failure to inform consumers of the true source of the water used in *Aquafina* and the mislabeling of the same, constituted unfair and deceptive acts and practices in violation of state consumer protection statutes.

43.     Defendants engaged in their wrongful conduct while at the same time obtaining sums of money from Plaintiff and Class members for *Aquafina*.

44.     Defendants' actions, as complained of herein, constitute unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of state consumer protection statutes, including, but not limited to N.Y. Gen. Bus. Law §§ 349 *et seq.*, as well as substantially similar statutes in effect in the other States.

45.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the Class are entitled to a judgment that declaring that Defendants' actions have been in violation of their statutory duties, that provides injunctive relief in order to ensure continued wrongful and similar acts do not occur hereafter, and that provides compensatory damages, treble damages, attorneys' fees, and/or costs of suit.

## SECOND CAUSE OF ACTION
## FOR BREACH OF IMPLIED WARRANTY
### (By Plaintiff on him own behalf and on behalf of the Class)

46.     Plaintiff hereby incorporates by reference paragraphs 1-45 as if fully set forth herein.

47.     Defendants impliedly warranted that *Aquafina*, a mass consumer item which Defendants manufactured, bottled, promoted, distributed and sold to the market for bottled water to Plaintiff, was merchantable.

48.     *Aquafina* was not merchantable within the meaning of the law inasmuch as, by virtue of the labeling when purchased by Plaintiff and the Class, it (a) could not pass without objection in the trade under its description; (b) it was not adequately contained, packaged and labeled as part of the transaction; and/or (c) it did not conform to the promises and affirmations of fact made on the package and label for the game. Therefore, Defendants breached the implied warranties of merchantability when *Aquafina* was labeled, distributed, and sold to Plaintiff and similarly situated persons.

49.     Any disclaimers of implied warranties are ineffectual as they were not provided to Plaintiff or otherwise made known to Plaintiff, who were not informed of the material non-compliance of the goods to the represented labeling. In addition, any such disclaimers are unconscionable under the circumstances.

50.     As a direct and proximate result of Defendants' breach of implied warranty, Plaintiff has sustained economic losses and other damages for which he is entitled to compensatory and/or equitable damages in an amount to be proven at trial.

11

## THIRD CAUSE OF ACTION
## FOR UNJUST ENRICHMENT
### (By Plaintiff on him own behalf and on behalf of the Class)

51.    Plaintiff hereby incorporates by reference paragraphs 1-50 as if fully set forth herein.

52.    Defendants obtained monies from the manufacture, labeling, distribution, marketing and/or sale of *Aquafina*, water that was, as they knew or reasonably should have known was mislabeled because the label omitted that the source of the water was tap water and contained images and/or words that implied that the source of the water was more pure and/or better than tap water and/or the bottled water of Defendants' rivals. When considered under the totality of the circumstances regarding Defendants' knowledge regarding *Aquafina*, Defendants have been unjustly enriched to the detriment of Plaintiff and the other members of the Class, as alleged above, by retention of consumer's purchase monies received directly or indirectly. These unjust benefits were conferred on Defendants by consumers as a direct result of the omissions and mislabeling made by Defendants.

76.    Defendants' retention of some or all of the monies they have gained through their wrongful acts and practices would be unjust considering the circumstances of their obtaining those monies.

77.    Defendants should be required to disgorge their unjustly obtained monies and to make restitution to Plaintiff and the other members of the Class, in an amount to be determined, of the monies by which they have been unjustly enriched.

12

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all others similarly situated, prays for judgment against Defendants as follows:

    1.    For an Order certifying the Class and any appropriate subclasses thereof under the appropriate provisions of Federal Rule of Civil Procedure 23, and appointing Plaintiff and his counsel to represent such Classes and subclasses as appropriate under Rule 23(g);

    2.    For the declaratory and equitable relief requested;

    3.    For compensatory, equitable and/or restitutionary damages according to proof and for all applicable statutory damages under New York GBL § 349 *et seq.* and under the consumer protection legislation of the other states and the District of Columbia;

    4.    For an award of attorneys' fees and costs;

    5.    For prejudgment interest and the costs of suit;

    6.    For such other and further relief as this Court may deem just and proper.

# EXHIBIT
# 2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Carmen Collado, on behalf of herself
and all others similarly situated,

           Plaintiff,

      v.

PEPSICO, INC. and PEPSI BOTTLING
VENTURES LLC,

           Defendants.

Civil Case No.: 07cv 6874 (GBD)

### FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff CARMEN COLLADO, by counsel and on behalf of herself and all

others similarly situated, individually and as class representative, for her Class Action

Complaint against Defendants PEPSICO, INC. and PEPSI BOTTLING VENTURES

LLC ("Defendants"), alleges, upon information and belief, except for the allegations

concerning Plaintiff's own actions, as follows:

1.     Plaintiff Carmen Collado is a resident and citizen of the State of New

York. Not knowing of Aquafina's true source, Ms. Collado frequently purchased

Aquafina by the case from at least five to six years ago to the present usually at BJs

Wholesale Club and/or Costco, both in Westbury, New York and/or Melville, New York,

and from Stop n Shop in Oyster Bay, New York. Ms. Collado was shocked when she

learned that the source of Aquafina was from public tap water because she had believed,

based upon the labeling of the product, that its source must have been better than tap

water.

2. Defendant PepsiCo, Inc. is a corporation organized under the laws of the State of North Carolina and has its principal place of business in Purchase, New York.

3. Defendant Pepsi Bottling Ventures LLC ("Pepsi Bottling") is a corporation organized under the laws of the State of Delaware and has its principal place of business in Raleigh, North Carolina.

4. Defendants PepsiCo, Inc. and Pepsi Bottling acted together and in concert in respects to the actions alleged in this complaint and their actions may be imputed to each other inasmuch.

### Jurisdictional Allegations

5. This Court has subject matter jurisdiction over this matter pursuant 28 U.S.C. § 1332(d)(2)("CAFA") because the Defendants are citizens of the States of New York, North Carolina and/or Delaware and the members of the Class alleged herein include persons who are citizens of States other than New York, North Carolina and Delaware; the action is a putative class action pursuant to Federal Rule of Civil Procedure 23, and the amount in controversy, aggregated, exceeds the sum of $5 million, exclusive of interests and costs.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391.

7. This Court can issue declaratory and/or equitable relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### Class Action Allegations

8. Plaintiff brings this class action pursuant to F.R.C.P. 23 on behalf of herself and a class consisting of all individuals in the United States who purchased Aquafina (the "Class") from July 30, 2001 through the present (the "Class Period").

Excluded from the Class are defendants, any entity in which defendants have a controlling interest, and any of their subsidiaries, affiliates, and officers and directors.

9.    The Class consists of millions of persons in New York and throughout the United States.

10.    Upon information and belief, millions and millions of bottles of Aquafina were sold during the Class Period, and thus, numerosity is satisfied.

11.    Plaintiff's claims involve common issues of law and fact because Plaintiff and other members of the Class were similarly affected by Defendants' wrongful conduct.

12.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no relationship with Defendants except as a customer of Defendants' product Aquafina water. Plaintiff will vigorously pursue this action on behalf of the Class, and Plaintiff has no and does not know of any conflicts of interest with any other Class members in this class action.

13.    Plaintiff has retained counsel competent and experienced in class and consumer litigation.

14.    Common issues of law and fact predominate over any issues affecting only individual members of the Class. Among the issues of law and fact common to the Class are:

      a.    whether the Aquafina water was bottled from tap water;

      b.    whether Defendants failed to disclose to consumers that Aquafina water was bottled from tap water;

      c.    whether Defendants' failure to disclose that Aquafina water was bottled from tap water was negligent, reckless or intentional behavior;

      d.    whether Defendants' failure to disclose that Aquafina water was

bottled from tap water violated New York Gen. Bus. Law § 349, *et seq.*, and the state consumer protection and/or uniform deceptive acts and practices statutes in effect in other States;

e.   whether Defendants' failure to disclose that Aquafina water was bottled from tap water breached the implied warranty of merchantability; and

f.   whether Defendants' failure to disclose that Aquafina water was bottled from tap water unjustly enriched Defendant

15.   This class action is an appropriate and superior method for the fair and efficient adjudication of the issues in this case because of the following:

a.   Common issues of law and/or fact predominate over any individual issues, and thus, there are large economies to both the courts and the Class in litigating the common issues on a class-wide basis instead of on a individual basis one-by-one;

b.   The individual claims of Class members are too small, thereby making individual litigation an economically impracticable alternative;

c.   It will be cost efficient and economies of scale will be achieved if the common issues in this class action are litigation together, rather than separately;

d.   There are no significant difficulties likely to be encountered in the management of this class action; and

e.   Class adjudication is a fair and efficient method because prosecution of separate actions would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that may be dispositive of the interests of other entities not parties to the action or substantially impair or impede their ability to protect their interests.

### Factual Allegations

16.   Aquafina water is the best selling bottled water in the United States with revenues in 2006 of over two billion dollars.

17.     During the Class Period, Aquafina water was obtained from public tap water supplies.

18.     During the Class Period, Defendants' labels were misleading and deceptive because they stated: "Bottled at the source P.W.S.", without indicating what "P.W.S." meant, because the logo contained a snow covered mountain thereby implying that the water was "mountain water", not regular tap water, because the slogan "Pure Water Perfect Taste" implied that the water was from a source that was more "pure" than other bottled water and/or tap water.

19.     Defendants negligently misled consumers into believing that the water source of Aquafina water was something different and better than tap water.

20.     Defendants recklessly misled consumers into believing that the water source of Aquafina water was something different and better than tap water.

21.     Defendants intentionally misled consumers into believing that the water source of Aquafina water was something different and better than tap water.

22.     Defendants knew or should have known that the fact that Aquafina water was sourced from tap water was materially relevant to the reasonable consumer when making a purchase of bottled water.

23.     Defendants knew that the disclosure of the fact that Aquafina water was sourced from tap water would hurt sales of Aquafina water, and accordingly, Defendants continued to refuse to disclose such information to the public, and especially on the labels of Aquafina water.

5

24.    On or about July 27, 2007, Defendants issued a statement that they would

change the label on Aquafina water so as to disclose that Aquafina water was sourced

from a public water system supplying tap water.

## FIRST CAUSE OF ACTION

## FOR VIOLATION OF CONSUMER FRAUD/UNFAIR AND DECEPTIVE TRADE PRACTICES STATUTES

(By Plaintiff on her own behalf and on behalf of the Class)

25.    Plaintiff hereby incorporates by reference paragraphs one through twenty-

four as if fully set forth herein.

26.    Pursuant to New York Gen. Bus. L. § 349, *et seq.*, and other similar state

consumer fraud and/or unfair and deceptive trade practices acts, Defendants had a

statutory duty to refrain from unfair or deceptive acts or practices in the bottling,

manufacturing, marketing, labeling and sale of Aquafina water.

27.    If Defendants had disclosed the true source of Aquafina water and not

engaged in the wrongful and deceptive actions described above, Plaintiff and members of

the Class would not have purchased from or paid Defendants for Aquafina water, but

instead Plaintiff and members of the Class proximately suffered injuries in fact, economic

and/or ascertainable losses.

28.    Defendants' deceptive, unconscionable or fraudulent conduct failing to

disclose and thereby omitting material information from consumers, as described above,

constituted unfair and deceptive acts and practices in violation of state consumer

protection statutes.

6

29.    Defendants' actions, as described above, constitute unfair competition and/or unfair, unconscionable, deceptive and/or fraudulent acts or practices in violation of state consumer protection statutes, including but not limited to, N.Y. Gen. Bus. Law §§ 349 *et seq.*

30.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the Class are entitled to a judgment declaring that Defendants' actions have been in violation of statutory duties and protections and that provides compensatory damages, treble damages, punitive damages, attorneys' fees, and/or costs of suit.

## SECOND CAUSE OF ACTION

### FOR BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

(By Plaintiff on her own behalf and on behalf of the Class)

31.    Plaintiff hereby incorporates by reference paragraphs one through thirty as if fully set forth herein.

32.    Defendants impliedly warranted that Aquafina water was merchantable.

33.    Aquafina water was not merchantable within the meaning of the law because it could not pass without objection in the trade under its description, it was not adequately contained, packaged and labeled as part of the transaction and/or it did not conform to the promises and affirmations of fact made on the package and label for the game.

34.    Accordingly, Defendants breached the implied warranties of merchantability when Aquafina water was marketed, labeled, and sold to Plaintiff and members of the Class.

7

35.     As a direct and proximate result of Defendants' breach of implied

warranty, Plaintiff and members of the Class have sustained economic losses and other

damages for which she is entitled to damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### FOR UNJUST ENRICHMENT

(By Plaintiff on her own behalf and on behalf of the Class)

36.     Plaintiff hereby incorporates by reference paragraphs one through thirty-

six as if fully set forth herein.

37.     Defendants obtained monies from the marketing, labeling and/or sale of

Aquafina water. When considered under the totality of the circumstances, as described

above, Defendants have been unjustly enriched to the detriment of Plaintiff and the

members of the Class by the retention of consumer's purchase monies received directly or

indirectly by Defendants.

38.     This enrichment was conferred on Defendants by consumers as a direct

result of the failures, omissions and deceptive and fraudulent conduct of Defendants.

39.     Defendants' retention of monies they have gained through their failures,

omissions and deceptive and fraudulent conduct would be unjust considering the totality

of the circumstances concerning Defendant's receipt and retention of those monies.

40.     Defendants should be order to disgorge their unjustly obtained monies and

to make restitution to Plaintiff and the members of the Class in amounts to be determined.

8

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, prays for judgment against Defendants as follows:

1.    For an Order, pursuant to the relevant provisions of F.R.C.P. 23, certifying the Class, and appointing Plaintiff and her undersigned counsel to represent the Class and any appropriate subclasses;

2.    For the declaratory relief requested;

3.    For compensatory, equitable and/or restitutionary damages according to the proof and for all applicable statutory damages under New York Gen. Bus. Law § 349 *et seq.* and under such similar statutes in effect in other states;

4.    For an award of attorneys' fees and costs;

5.    For prejudgment interest and the costs of suit;

6.    For such other and further relief as this Court may deem just and proper.

9

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Dated:      July 30, 2007

Hunter J. Shkolnik (HS 4854)
RHEINGOLD, VALET,
RHEINGOLD, SHKOLNIK &
McCARTNEY LLP
113 East 37th Street
New York, NY 10016
Tel. 212-684-1880
Fax 212-689-8156
hshkolnik@rheingoldlaw.com
http://www.rheingoldlaw.com

Richard J. Arsenault (*pro hac vice* to
be filed)
NEBLETT, BEARD &
ARSENAULT
2220 Bonaventure Court
Alexandria, LA 71301
Tel. 318-487-9874
Fax: 318-561-2591
http://www.nbalawfirm.com

Attorneys for Plaintiffs

10

**EXHIBIT
3**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

STACY ANDERSON, MICHAEL GRAY,
KAYE HUDDLESTON, MICHAEL JONES,
CHERYL CARTER, DARRELL L. MARTIN,
YUNNA GRIFFIN, ARVIS CLARK,
TERRENCE JOHNSON, LATASHA JOHNSON,
LINDA VALENTINE, VINH LE,
TERRY MANSKER, and MICHAEL ALDRIDGE,
on behalf of themselves and all others
similarly situated,

        **Plaintiffs,**

vs.                              **Case No. <u>2:07-cv-02514</u>**

PEPSI CO, INC., and
THE COCA COLA COMPANY, INC.,

        **Defendants.**

---

## FIRST AMENDED COMPLAINT

---

       Plaintiffs Stacy Anderson, Michael Gray, Kaye Huddleston, Michael Jones, Cheryl Carter, Darrell L. Martin, Yunna Griffin, Arvis Clark, Terrence Johnson, Latasha Johnson, Linda Valentine, Vinh Le, Terry Mansker and Michael Aldridge, individually and on behalf of the class of persons defined below, against Pepsi Co., Inc. and The Coca Cola Company, Inc., and pursuant to their investigation, upon knowledge as to themselves and their own acts and otherwise upon information and belief, for their complaint allege as follows:

## <u>OVERVIEW OF THE CASE</u>

       1.    This class action seeks redress for a nationwide scheme of consumer

misrepresentation practices by Pepsi Co., Inc. ("Pepsi") and The Coca Cola Company, Inc. ("Coca-Cola") (Defendants are hereinafter collectively referred to as "Defendants") related to the marketing, labeling, and sale of bottled water. This complaint is brought under Rule 23 of the Tennessee Rules of Civil Procedure on behalf of all persons who have purchased and consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured by Coca Cola. Plaintiffs seek compensatory damages and other remedies for Defendants' unfair and deceptive acts and practices described herein in connection with the marketing, labeling and sale of Aquafina and Dasani bottled waters. Specifically, Plaintiffs allege that Defendants knowingly engaged in misleading marketing practices, including not clearly identifying on the labels of their respective bottled waters, that the source of the water is the same source as public water, resulting in misleading Plaintiffs that said water comes from spring sources. Plaintiffs further allege that Defendants online information misrepresents and purposely obscures the fact that the water is obtained from the same sources as tap water which is readily available to the public for no cost. Plaintiffs allege that Pepsi's decision to label its Aquafina bottled water as "purified drinking water" or "P.W.S.", and provide on its online site that its water is from "a source regulated by the EPA" is a knowing act designed to mislead and/or create a likelihood of confusion as to the source, standard, grade, characteristics and quality of its product. Plaintiffs allege that Coca Cola's label of "purified" water, and its online site information that its water is from "local sources" is a knowing act designed to mislead and/or create a likelihood of confusion as to the source, standard, quality, grade, characteristics and quality of its product.

2. Defendants engaged in unfair and deceptive conduct in which they purposely caused the likelihood of confusion or misunderstanding as to the source, standard, grade, characteristics and

quality of their goods, and engaged in acts and practices which were deceptive to the consumer and to other persons.

3.      Defendants intentionally created a false impression by their marketing schemes designed  to mislead Plaintiffs or to obtain an undue advantage over them.  Said false impression was made with knowledge of its falsity and with a fraudulent intent.  Said impression and representation was to an existing fact which is material and Plaintiffs reasonably relied upon that false impression to their injury.

## JURISDICTION AND VENUE

4.      This Complaint is brought pursuant to Tenn. Code Ann. §47-18-101 et seq.

5.      Defendants transacted business in the State of Tennessee, and the County of Shelby.

6.      No portion of this Complaint is brought pursuant to Federal Law.

7.      The damages of the Named Plaintiffs and each of the Class Members does not and will not exceed $75,000 each.

## THE PARTIES

8.      Stacy Anderson is an adult resident of Shelby County, Tennessee.  Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

9.      Michael Gray is an adult resident of Shelby County, Tennessee.  Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

10.     Kaye Huddleston is an adult resident of Shelby County, Tennessee.  Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

11.     Michael Jones is an adult resident of Shelby County, Tennessee.  Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

12.     Cheryl Carter is an adult resident of Shelby County, Tennessee.   Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

13.     Darryl Martin is an adult resident of Shelby County, Tennessee.   Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

14.     Yunna Griffin is an adult resident of Shelby County, Tennessee.   Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

15.     Arvis Clark is an adult resident of Shelby County, Tennessee.   Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

16.     Terrence Johnson is an adult resident of Shelby County, Tennessee.   Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

17.     Latasha Johnson is an adult resident of Shelby County, Tennessee.   Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

18.     Linda Valentine is an adult resident of Shelby County, Tennessee.   Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

19.     Vinh Le is an adult resident of Shelby County, Tennessee.   Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

20.     Terry Mansker is an adult resident of Shelby County, Tennessee.   Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

21.     Michael Aldridge is an adult resident of Shelby County, Tennessee Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

22.     Defendant Pepsi Co., Inc., is a North Carolina corporation and maintains its principal executive offices at 700 Anderson Hill Road, Purchase, New York 10577, and transacts business in

4

the State of Tennessee and the County of Shelby.

23.     Defendant Coca Cola Company, Inc., is a Delaware corporation and maintains its principal executive offices at One Coca-Cola Plaza, Atlanta, Georgia 30313, and transacts business in the State of Tennessee and the County of Shelby.

## CLASS ACTION ALLEGATIONS

24.     This case is brought as a class action pursuant to Rule 23 of the Tennessee Rules of Civil Procedure.  Plaintiffs seek certification of this action as a class action on behalf of all residents of Tennessee who have purchased and consumed Aquafina or Dasani bottled waters based on the unfair and deceptive acts and practices by Pepsi and Coca Cola.

25.     This action is appropriate as a class action pursuant to Rule 23.  Since Plaintiffs seek relief for the entire Class, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Pepsi and Coca Cola.  Further, adjudications with respect to individual Class Members would, as a practical matter, be dispositive to the interests of other Class Members who are not parties to the adjudications and may impair and impede their ability to protect their interests.

26.     Membership in the Class is so numerous that separate joinder of each member is impracticable.  The number of Class Members is unknown.  Plaintiffs believe that there are thousands of persons in the Class.  Although Plaintiff does not presently know the names of all Class Members, their identities and addresses can be ascertained.

27.     Plaintiffs are members of the Class of victims described herein.  They were subject to unfair and deceptive acts and practices by Pepsi and Coca Cola, and purchased and consumed

Aquafina and Dasani bottled waters based upon the unfair and deceptive practices described herein.

28.     There are numerous and substantial questions of law and fact common to all Class Members which control this litigation and which predominate over any individual issues.  Included within the common questions are the following:

a.      Whether Pepsi devised and deployed a scheme or course of business which acted to cause the likelihood of confusion or misunderstanding as to the source of its Aquafina bottled water which acted to defraud or deceive Plaintiffs and Class Members and/or exacted unreasonable and unconscionable prices for its product by taking advantage of its position of superior knowledge;

b.      Whether Coca Cola devised and deployed a scheme or course of business which acted to cause the likelihood of confusion or misunderstanding as to the source of its Dasani bottled water which acted to defraud or deceive Plaintiffs and Class Members and/or exacted unreasonable and unconscionable prices for its product by taking advantage of its position of superior knowledge;

c.      Whether Pepsi failed to disclose to Plaintiffs and Class Members material information such as that the source of its Aquafina bottled water was from the same sources as public tap water;

d.      Whether Coca Cola failed to disclose to Plaintiffs and Class Members material information such as that the source of its Dasani bottled water was from the same sources as public tap water;

e.      Whether Pepsi engaged in a nationwide unfair and deceptive scheme and course of conduct which was deceptive to the consumer and to other persons;

6

f.      Whether Coca Cola engaged in a nationwide unfair and deceptive scheme and course of conduct which was deceptive to the consumer and to other persons;

g.      Whether Plaintiffs and Class Members are entitled to injunctive relief and/or other equitable relief against Pepsi and/or Coca Cola;

h.      Whether Plaintiffs and Class Members are entitled to an award of punitive damages against Pepsi and/or Coca Cola; and

i.      Whether Plaintiffs and Class Members have sustained damages and the proper measure of those damages.

29.     The claims of Plaintiffs are typical of the claims of the Class, and Plaintiffs have no interests which are adverse to those of other Class Members.

30.     Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel experienced and competent in the prosecution of complex litigation and experienced and competent as to class action litigation.

31.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Absent a class action, Class Members will continue to suffer damages, and Pepsi and Coca Cola's violations of law will proceed without remedy while Pepsi and Coca Cola will continue to retain the proceeds of their ill-gotten gains.

32.     Most individual Class Members have little ability to prosecute an individual action due to the complexity of the issues involved in this litigation, the size and scope of Pepsi and Coca Cola's unfair and deceptive sales schemes, the significant costs attendant to litigation on this scale, and the comparatively small, although significant, damages suffered by individual Class Members.

33.     This action will result in an orderly and expeditious administration of Class claims.

Economies of time, effort and expense will be fostered and uniformity of decisions will be insured.

34.     This action presents no difficulty that would impede its management by the Court as a class action, and a class action is superior to other available methods for their fair and efficient adjudication of their claims.

35.     Plaintiffs seek preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to require Pepsi and Coca Cola to specifically reform the labeling of their products as represented.

## COUNT I

**(Tennessee Consumer Protection Act - Tenn. Code Ann. §47-18-101, *et seq.*)**

36.     Plaintiffs repeat, re-allege, and incorporate herein each of the paragraphs above as if fully set forth herein.

37.     Defendant Pepsi intentionally engaged in unfair and deceptive acts and practices affecting the conduct of trade or commerce constituting unlawful acts and practices which are Class B misdemeanors.

38.     Defendant Coca Cola intentionally engaged in unfair and deceptive acts and practices affecting the conduct of trade or commerce constituting unlawful acts and practices which are Class B misdemeanors.

39.     Defendants' actions violate Tenn. Code Ann. §47-18-101, *et seq.*

40.     Defendant Pepsi intentionally and knowingly caused the likelihood of confusion or of misunderstanding as to the source of its Aquafina bottled water.

41.     Defendant Coca Cola intentionally and knowingly caused the likelihood of confusion or of misunderstanding as to the source of its Dasani bottled water.

8

42.     Defendant Pepsi, through its unfair and deceptive marketing and labeling of its Aquafina bottled water, unfairly represented to the consumers that its product has characteristics, ingredients, benefits or qualities that it does not have.

43.     Defendant Coca Cola, through its unfair and deceptive marketing and labeling of its Dasani bottled water, unfairly represented to the consumers that its product has characteristics, ingredients, benefits or qualities that it does not have.

44.     Defendant Pepsi, through its unfair and deceptive marketing and labeling of its Aquafina bottled water, used statements or illustrations in advertisements which created a false impression of the grade, quality, value or origin of the goods offered, or otherwise misrepresented the goods in such a manner that later, on disclosure of the true facts, there is a likelihood that the consumer may have switched from the advertised goods to other goods.

45.     Defendant Coca Cola, through its unfair and deceptive marketing and labeling of its Dasani bottled water, used statements or illustrations in advertisements which created a false impression of the grade, quality, value or origin of the goods offered, or otherwise misrepresented the goods in such a manner that later, on disclosure of the true facts, there is a likelihood that the consumer may have switched from the advertised goods to other goods.

46.     Defendant Pepsi engaged in other acts or practices which are deceptive to the consumer or to any other person.

47.     Defendant Coca Cola engaged in other acts or practices which are deceptive to the consumer or to any other person.

48.     Plaintiffs and Class Members suffered an ascertainable loss of money as a result of the use or employment by Defendants of such  unfair or deceptive acts or practices.

## COUNT II

### (Common Law Fraud)

49.    Plaintiffs repeat, re-allege, and incorporate herein each of the paragraphs above as if fully set forth herein.

50.    Defendant Pepsi intentionally misrepresented a material fact or produced a false impression in order to mislead Plaintiffs and Class Members or to obtain an undue advantage over them.

51.    Defendant Coca Cola intentionally misrepresented a material fact or produced a false impression in order to mislead Plaintiffs and Class Members or to obtain an undue advantage over them.

52.    Defendants' representations were made with knowledge of their falsity and with fraudulent intent.

53.    Defendants' representations were to existing facts which were material and the Plaintiffs and Class Members reasonably relied upon those misrepresentations to their injury.

## COUNT III

### (Fraudulent Inducement)

54.    Plaintiffs repeat, re-allege, and incorporate herein each of the paragraphs above as if fully set forth herein.

55.    As set forth above, Pepsi and Coca Cola made misrepresentations or knowingly engaged in a course of conduct causing a likelihood of confusion or misunderstanding as to the source of their products.

56.    At the same time the misrepresentations were made or the course of conduct was

engaged in, Defendants knew that the representations were false, or caused to be made such representations with knowledge of the truth or falsity of such representations, and that such omitted information would have been material to Plaintiffs and the Class.

57.     Defendants made the misrepresentations or omitted material facts in order to induce Plaintiffs and Class Members to purchase their products.  Plaintiffs and Class Members reasonably and justifiably relied on the misrepresentations and omissions.

58.     As a direct and proximate result of the reasonable and justifiable reliance of Plaintiffs and Class on the misrepresentations and omitted material facts, Plaintiffs and the Class have suffered monetary and other damages.

## **COUNT IV**

### **(Negligent Misrepresentation)**

59.     Plaintiffs repeat, re-allege, and incorporate herein each of the paragraphs above as if fully set forth herein.

60.     Plaintiffs would show that Defendants supplied false information in the course of their business, profession or employment, or in the course of a transaction in which Defendants have a pecuniary interest, and that such information was supplied by Defendants for the guidance of Plaintiffs in the transactions described hereinabove.  Defendants failed to exercise reasonable care or competence in obtaining or communicating such information.  Plaintiffs aver that they suffered pecuniary loss, described more fully herein above, which was proximately caused by Plaintiffs' justifiable reliance on such information.

## COUNT V

### (Declaratory and Injunctive Relief)

61.     Plaintiffs repeat, re-allege, and incorporate herein each of the paragraphs above as if fully set forth herein.

62.     As stated above, Pepsi and Coca Cola have engaged in acts or practices violating the provisions of the Tennessee Consumer Protection Act, Tenn. Code Ann. §47-18-101, *et seq.*

63.     Plaintiffs and Class Members seek a declaratory judgment that such acts and practices described herein violate the provisions of Tenn. Code Ann. §47-18-101, *et seq.*, and to enjoin Defendants who have violated, or are violating, said Act.

WHEREFORE, Plaintiffs demand judgment against Pepsi and Coca Cola on behalf of themselves and Class Members as follows:

1.     Issuing an order determining that the action is a proper class action pursuant to Rule 23 of the Tennessee Rules of Civil Procedure;

2.     Awarding Plaintiffs and Class Members compensatory and punitive damages in an amount to be proven at trial for the wrongful acts complained of;

3.     Awarding Plaintiffs and Class Members treble damages pursuant to the provisions of Tenn. Code Ann. §47-18-109(3);

4.     Granting extraordinary equitable and/or injunctive relief as permitted by law or equity;

5.     Granting declaratory and injunctive relief pursuant to Tenn. Code Ann. §47-18-109(5)(b);

6.     Granting Plaintiffs and Class Members their costs and disbursements in connection

12

with this action, including reasonable attorneys' fees, expert witness fees and other costs; and

      7.     Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand trial by jury on all issues triable at law.

Dated: August 10, 2007.

                              Respectfully submitted,

                              s/Sharon Harless Loy
                              Ricky E. Wilkins (BPR #14526)
                              Sharon Harless Loy (BPR #19824)
                              The Law Offices of Ricky E. Wilkins
                              119 S. Main Street
                              Suite 500, Pembroke Square Building
                              Memphis, TN 38103
                              Telephone:  (901) 322-4463
                              Facsimile:  (901) 322-4451
                              sloy@wilkinslawoffice.com

                              Counsel for Plaintiffs and the Plaintiff Class

## CERTIFICATE OF SERVICE

I, Sharon Harless Loy, hereby certify that I have served a copy of the foregoing upon Michael Richards, Esq., Baker, Donelson, Bearman, Caldwell & Berkowitz, 165 Madison Avenue, 20th Floor, Memphis, TN 38103, counsel for Pepsi Co., Inc., and upon Jef Feibelman, Esq., Burch Porter & Johnson, PLLC, 130 N. Court Avenue, Memphis, TN 38103, counsel for The Coca Cola Company, Inc., by placing a copy of the same in the U.S. Mail, postage pre-paid, for delivery, and through the court's electronic delivery system.

This the   10th   day of August, 2007.

                              s/Sharon Harless Loy

# EXHIBIT
# 4

1   C. Brooks Cutter, SBN 121407
    KERSHAW, CUTTER & RATINOFF, LLP
2   980 9th Street, 19th Floor
    Sacramento, CA 95814
3   Telephone: (916) 448-9800
    Facsimile:  (916) 669-4499
4

5   Nicholas J. Drakulich, SBN 098135
    Jennings & Drakulich, LLP
6   2002 Jimmy Durante Blvd., Suite 400
    Del Mar, CA  92014
7   Telephone:  (858) 755-5887
    Facsimile:  (858) 755-6456
8

9   Attorneys for Plaintiffs

10                     UNITED STATES DISTRICT COURT

11                     EASTERN DISTRICT OF CALIFORNIA

12

13  |                                    | Case No.

14  | AMANDA LITSCHKE, on behalf of      |
    | herself and all others similarly situated, | **CLASS ACTION COMPLAINT AND**
15  |                                    | **JURY DEMAND FOR TRIAL**
    |                    Plaintiffs,     |
16  |                                    |

17  | vs.                                |
    | PEPSICO, INC., THE PEPSI BOTTLING  |
18  | GROUP, INC., and PEPSI BOTTLING    |
    | VENTURES, LLC,                     |
19  |                                    |

20  |                    Defendants.     |

21

22

23          Plaintiff AMANDA LITSCHKE, by and through her undersigned counsel, for herself and

24  all others similarly situated, hereby brings this Class action Complaint against Defendants

25  PEPSICO INC., THE PEPSI BOTTLING GROUP, INC. AND PEPSI BOTTLING VENTURES

26  LLC ("Defendants").  Plaintiff makes the following allegations based upon her personal

27

28

                                        -1-

1  knowledge as to her own acts, and upon information and belief as well as upon her attorneys'

2  investigative efforts as to Defendants' actions and misconduct as alleged herein:

### Nature of The Action

3  1.    In this class action lawsuit, Plaintiff seeks to obtain damages and/or compensatory

4  restitution for Defendants' wrongful and illegal sales and marketing of *Aquafina* bottled water

5  ("*Aquafina*"), in that Defendants advertising, marketing and/or labeling of *Aquafina* failed to

6  inform consumers that the source of the water was public tap water, not water from an inherently

7  cleaner source, such as a mountain as implied in the logo on the *Aquafina* label.  Whether through

8  intentional, reckless, or negligent action, Defendants marketed and sold *Aquafina* notwithstanding

9  the fact that its content was undisclosed, mislabeled and misleading.  As a result, consumers like

10  Plaintiff herein purchased *Aquafina* not knowing the water's true source and accordingly have

11  suffered harm as set forth below plaintiff alleges (a) violations of Uniform Deceptive Acts and

12  Practices statutes (sometimes also referred to as "Consumer Protection Statutes"); (b) breach of

13  the implied warranty of merchantability; and (c) unjust enrichment.

14  2.    Plaintiff further seeks declaratory and injunctive relief to prevent a reoccurrence of

15  such wrongful activity by Defendants.

### Parties

16  3.    Plaintiff Amanda Litschke resides in Cameron Park, California and is a citizen of

17  the State of California.

18  4.    Defendant PepsiCo, Inc. ("Pepsi") is a corporation organized under the laws of the

19  State of North Carolina and has its principal place of business in Purchase, New York.

20  5.    Defendant The Pepsi Bottling Group, Inc. ("PBG") is a corporation organized

21  under the laws of the State of Delaware and has its principal place of business in Somers, New

22  York.

-2-

6.    Defendant Pepsi Bottling Ventures LLC ("PBV") is a corporation organized under the laws of the State of Delaware and has its principal place of business in Raleigh, North Carolina.

7.    PBG and PBV (hereinafter collectively "Pepsi Bottlers") are bottling companies affiliated with Pepsi, are two of Pepsi's "anchor bottlers" of *Aquafina* and other Pepsi products, and are primarily responsible for manufacturing, selling and distributing *Aquafina* in California and throughout the United States.

8.    With respect to the conduct alleged herein, the acts and alleged wrongdoing of Defendants Pepsi and the Pepsi Bottlers may be imputed to each other inasmuch as they acted as the agents, alter-egos or co-conspirators of each other.

### Jurisdiction and Venue

9.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2) inasmuch as the Defendants are citizens of the States of New York, North Carolina and Delaware and the members of the Class alleged herein include persons who are citizens of States other than New York, North Carolina and Delaware; the action is a putative class action pursuant to Federal Rule of Civil Procedure 23, and the amount in controversy exceeds the sum of $5 million, exclusive of interests and costs.

10.    Venue is proper in this district pursuant to 28 U.S.C. §1391.

11.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

### Factual Allegations of the Plaintiff

12.    On many occasions and for at least two to three years, Amanda Litschke purchased *Aquafina* at stores and gas stations in her neighborhood.

-3-

13. Ms. Litsckhe believed, based upon Defendants' labeling of *Aquafina*, that the water used in it must have come from a cleaner, safer and special source.

14. Ms. Litschke bought *Aquafina* in part because she believed that the water source it was from was cleaner, safer and special because the label indicated that it was "pure water".

15. On or about August 2007, Ms. Litschke discovered that the water in *Aquafina* came from general tap water, and was not from a water source that was any cleaner, safer or special.

16. As a result of this discovery, Ms. Litschke believed she had been misled by Defendants into purchasing *Aquafina* and was angry and shocked. Ms. Litschke also believed that she had paid more for Aquafina than it was actually worth as a result of the misrepresentations.

## Class Action Allegations

17. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and a class (the "Class") consisting of all individuals in the United States who purchased *Aquafina* from the date of its introduction through the present (the "Class Period"). Excluded from the Class are defendants, any entity in which defendants have a controlling interest, and any of their subsidiaries, affiliates, and officers and directors. Plaintiff reserves the right to amend the class definition, including the Class's possible division into subclasses, in order to obtain substantial justice for the wrongdoing asserted herein.

18. The Class consists of hundreds of thousands if not millions of individuals, not only within the State of California, but also the other states in the United States. Millions of bottles of *Aquafina* were sold during the Class Period. Numerosity is therefore satisfied.

19.    Plaintiff's claims involve questions of law and fact common to the Class, because Plaintiff and other members of the Class were similarly affected by Defendants' unlawful and wrongful conduct that is complained of herein.

20.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel competent and experienced in class and consumer litigation and, in particular, this area of law, and Plaintiff has no conflict of interest with other Class members in the maintenance of this class action. Plaintiff has no relationship with Defendants except as customers. Plaintiff will vigorously pursue the claims of the Class.

21.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

a.    Whether the water marketed and sold as *Aquafina* was bottled from sources of what is generally known as "tap water";

b.    Whether Defendants withheld information from and/or omitted to inform consumers on *Aquafina* labels that the water marketed and sold as *Aquafina* was bottled from sources of what is generally known as "tap water";

c.    Whether Defendants' withholding of information and/or failure to inform consumers as to the true source of the water marketed and sold as *Aquafina* resulted from negligent, reckless or intentional behavior;

d.    Whether Defendants' affirmatively promoted the water marketed and sold as *Aquafina* as being better fit for human consumption because of the "perfect" or more "pure" nature of the water's source;

e.    Whether Defendants' conduct respecting *Aquafina* violated New York GBL § 349, and the state consumer protection and/or uniform deceptive acts and practices statutes in effect in the various States;

f.    Whether Defendants' conduct breached the implied warranty of merchantability; and

g.    Whether Defendants' omissions in the labeling of *Aquafina* so as to conceal the true nature of the source of the water marketed and sold under the brand name *Aquafina* caused Defendants to be unjustly enriched when the totality of the circumstances are considered.

22.    A class action is an appropriate and superior method for the fair and efficient adjudication of the controversy given the following factors:

a.    Common questions of law and/or fact predominate over any individual questions that may arise, and, accordingly, there would accrue economies to both the courts and the Class in litigating the common issues on a class wide basis instead of on a repetitive individual basis;

b.    Class members' individual damage claims are too small to make individual litigation an economically viable alternative;

c.    Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

d.    No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage are common to the Class.

23.     Class certification is fair and efficient as well because prosecution of separate actions would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which, as a practical matter, may be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

24.     Plaintiff anticipates that there will be no difficulty in the management of this litigation, and means exist to address issues of damages as have been utilized in other class actions, including aggregate damages, claims processes and/or determination of restitutionary amounts.

## Factual Background

25.     The bottled water industry in the United States reportedly accounts for revenues of approximately fifteen billion dollars annually.  It is a highly competitive industry where beverage companies are continuously trying to market their water as cleaner, safer and/or healthier than rivals' water.

26.     *Aquafina* was first introduced in 1994 and gained national distribution with Pepsi in 1997.

27.     *Aquafina* is currently the United States' best selling brand of bottled water based on sales volume, and Defendants received revenues in 2006 of approximately $2.17 billion on sales of *Aquafina*.

28.     Since its introduction, the water used in *Aquafina* is sourced from public drinking supplies, commonly known or referred to as "tap water".

29.     Defendants' labels on *Aquafina* currently state: "Bottled at the source P.W.S.".

30.     *Aquafina* labels do not indicate, state or imply the meaning of "P.W.S.", although the abbreviation actually stands for "Public Water Systems" or some similar phrase.

-7-

31.    Defendants' "blue mountain labels" on *Aquafina* contain a logo of a sun rising or setting over a mountain range and contains the slogan "Pure Water Perfect Taste".

32.    Defendants' blue mountain labels, therefore, implying that the origin of the water in *Aquafina* bottles is from a mountain source and/or a source more pure than either tap water or rivals' water.

33.    Defendants' website fails to inform consumers that the true nature of the source of the water marketed and sold as *Aquafina* is tap water.

34.    Defendants negligently, recklessly and/or intentionally misled consumers into believing that *Aquafina* was similar to, as good as and/or better than other rivals' water based upon, in part, the source of the water used in *Aquafina*.

35.    Defendants failed to disclose tap water as the true source of *Aquafina* to consumers because Defendants knew that such information would be considered important to consumers when they made decisions of whether to purchase Defendants' *Aquafina* water, and that consumers would pay less for Aquafina and buy less Aquafina if they knew it was tap water.

36.    Defendants failed to disclose tap water as the true source of *Aquafina* to consumers because Defendants knew that such disclosure would be detrimental to the sales of Defendants' *Aquafina* water.

37.    On or about July 27, 2007, Defendants agreed to relabel *Aquafina* in order to include information that the source of the water was tap water.

38.    On or about July 27, 2007, Defendant Pepsi admitted that the prior labeling of *Aquafina* was misleading to reasonable consumers when Pepsi, referring to the re-labeling of *Aquafina*, released a statement saying: "If this helps clarify the fact that the water originates from public sources, then it's a reasonable thing to do."

-8-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIRST CAUSE OF ACTION

## FOR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW
### (By Plaintiff on her own behalf and on behalf of the Class)

39.     Plaintiff hereby incorporates by reference paragraphs 1-38 as if fully set forth herein.

40.     Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the bottling, manufacturing, marketing, labeling and sale of *Aquafina*.

41.     Had Defendants not engaged in the wrongful and deceptive conduct described above, Plaintiff and members of the Class would not have purchased and/or paid the same amount for *Aquafina,* and they have therefore proximately suffered injury in fact and ascertainable losses.

42.     Defendants' deceptive, unconscionable or fraudulent representations and material omissions to consumers, including the failure to inform consumers of the true source of the water used in *Aquafina* and the mislabeling of the same, constituted unfair and deceptive acts and practices in violation of state consumer protection statutes.

43.     Defendants engaged in their wrongful conduct while at the same time obtaining sums of money from Plaintiff and Class members for *Aquafina*.

44.     Defendants' actions, as complained of herein, constitute unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of state consumer protection statutes, including, but not limited to Cal. Business and Professions Code §17200, California Legal Remedies Act Civil Code §1750, *et seq.*, as well as substantially similar statutes in effect in the other States.

**45.**     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the Class are entitled to a judgment declaring that Defendants' actions have been in violation of their statutory duties, that provides injunctive relief in order to ensure continued wrongful and similar acts do not occur hereafter, and that provides compensatory damages, treble damages, attorneys' fees, and/or costs of suit.

-9-

46.    Defendants received written notice of its violations of the California Consumers Legal Remedies Act (the "CLRA") on September 4, 2007, from Plaintiff Amanda Litschke on behalf of herself and all others similarly situated, satisfying the notice requirement of the CLRA and any similar requirement in the other Consumer Protection Statutes. (*See* the notice letter and certified mail receipt attached as Exhibits 1 and 2.) Defendants responded to this notice and declined to take any action in response to the notice, and any additional notice would be futile and unnecessary.

## SECOND CAUSE OF ACTION

### FOR BREACH OF IMPLIED WARRANTY
### (By Plaintiff on him own behalf and on behalf of the Class)

Plaintiff hereby incorporates by reference paragraphs 1-45 as if fully set forth herein.

47.    Defendants impliedly warranted that *Aquafina*, a mass consumer item which Defendants manufactured, bottled, promoted, distributed and sold to the market for bottled water to Plaintiff, was merchantable.

48.    *Aquafina* was not merchantable within the meaning of the law inasmuch as, by virtue of the labeling when purchased by Plaintiff and the Class, it (a) could not pass without objection in the trade under its description; (b) it was not adequately contained, packaged and labeled as part of the transaction; and/or (c) it did not conform to the promises and affirmations of fact made on the package and label for the game. Therefore, Defendants breached the implied warranties of merchantability when *Aquafina* was labeled, distributed, and sold to Plaintiff and similarly situated persons.

49.    Any disclaimers of implied warranties are ineffectual as they were not provided to Plaintiff or otherwise made known to Plaintiff, who were not informed of the material non-compliance of the goods to the represented labeling. In addition, any such disclaimers are unconscionable under the circumstances.

50.    As a direct and proximate result of Defendants' breach of implied warranty, Plaintiff has sustained economic losses and other damages for which she is entitled to compensatory and/or equitable damages in an amount to be proven at trial.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### THIRD CAUSE OF ACTION

### FOR UNJUST ENRICHMENT
**(By Plaintiff on him own behalf and on behalf of the Class)**

Plaintiff hereby incorporates by reference paragraphs 1-50 as if fully set forth herein.

51.     Defendants obtained monies from the manufacture, labeling, distribution, marketing and/or sale of *Aquafina*, water that was, as they knew or reasonably should have known was mislabeled because the label omitted that the source of the water was tap water and contained images and/or words that implied that the source of the water was more pure and/or better than tap water and/or the bottled water of Defendants' rivals. When considered under the totality of the circumstances regarding Defendants' knowledge regarding *Aquafina*, Defendants have been unjustly enriched to the detriment of Plaintiff and the other members of the Class, as alleged above, by retention of consumer's purchase monies received directly or indirectly. These unjust benefits were conferred on Defendants by consumers as a direct result of the omissions and mislabeling made by Defendants.

52.     Defendants' retention of some or all of the monies they have gained through their wrongful acts and practices would be unjust considering the circumstances of their obtaining those monies.

53.     Defendants should be required to disgorge their unjustly obtained monies and to make restitution to Plaintiff and the other members of the Class, in an amount to be determined, of the monies by which they have been unjustly enriched.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and all others similarly situated, prays for judgment against Defendants as follows:

1.     For an Order certifying the Class and any appropriate subclasses thereof under the appropriate provisions of Federal Rule of Civil Procedure 23, and appointing Plaintiff and her counsel to represent such Classes and subclasses as appropriate under Rule 23(g);

2.     For the declaratory and equitable relief requested;

-11-

3.    For compensatory, equitable and/or restitutionary damages according to proof and for all applicable statutory damages under California Business & Professions Code §17200 *et seq.*, Consumer Legal Remedies Act, Civil Code § 1750 *et seq.,* and under the consumer protection legislation of the other states and the District of Columbia;

4.    For an award of attorneys' fees and costs;

5.    For prejudgment interest and the costs of suit;

6.    For such other and further relief as this Court may deem just and proper.

Dated: October __4__, 2007

KERSHAW, CUTTER & RATINOFF, LLP

By: _____
C. Brooks Cutter, SBN 121407
KERSHAW, CUTTER & RATINOFF, LLP
980 9th Street, Suite 1900
Sacramento, CA  95814
Telephone:  916-448-9800
Attorneys for Plaintiffs

JENNINGS & DRAKULICH, LLP

By: _____
Nicholas J. Drakulich, SBN 098135
JENNINGS & DRAKULICH, LLP
2002 Jimmy Durante Blvd., Suite 400
Del Mar, CA  92014
Telephone:  (858) 755-5887

///

///

///

///

///

///

///

-12-

Complaint

1

## JURY DEMAND

2

Plaintiffs demand a trial by jury on all issues triable as of right by a jury.

3

4

Dated: October ___4___, 2007

5                                          KERSHAW, CUTTER & RATINOFF, LLP

6

By: _____

7                                          C. Brooks Cutter, SBN 121407
                                           KERSHAW, CUTTER & RATINOFF, LLP
8                                          980 9th Street, Suite 1900
                                           Sacramento, CA  95814
9                                          Telephone:  916-448-9800
                                           Attorneys for Plaintiffs
10

11                                         JENNINGS & DRAKULICH, LLP

12

By: _____

13                                         Nicholas J. Drakulich, SBN 098135
                                           JENNINGS & DRAKULICH, LLP
14                                         2002 Jimmy Durante Blvd., Suite 400
                                           Del Mar, CA  92014
15                                         Telephone:  (858) 755-5887

16

17

18

19

20

21

22

23

24

25

26

27

28

-13-

Complaint

# EXHIBIT
# 5

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

---

**IN RE PEPSICO, INC. AND
THE COCA COLA COMPANY,
INC. CONSUMER CLASS
ACTION LITIGATION**

MDL Docket No. _____

---

## MOTION TO CONSOLIDATE AND TRANSFER

Pursuant to 28 U.S.C. § 1407, PepsiCo, Inc. and The Pepsi Bottling Group, Inc.

respectfully move this Panel for an Order consolidating in the Southern District of New York for

pretrial proceedings the cases identified in the attached Schedule A for the reasons set forth in

the accompanying Memorandum of Points and Authorities.

Dated: September 27, 2007

Respectfully submitted,

*Margaret A. Dale*

Louis M. Solomon
Margaret A. Dale
Michael S. Lazaroff
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
*Attorneys for PepsiCo, Inc., and
The Pepsi Bottling Group., Inc.*

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

_____

**IN RE PEPSICO, INC. AND
THE COCA COLA COMPANY,
INC. CONSUMER CLASS
ACTION LITIGATION**

MDL Docket No. _____

_____

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO CONSOLIDATE AND TRANSFER**

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .............................................................................................ii

BACKGROUND ........................................................................................................... 2

ARGUMENT ................................................................................................................ 7

     A.     The Actions Should be Consolidated
            for Pre-Trial Proceedings Under 28 U.S.C. § 1407 ............................................... 6

     B.     The Actions Should Be Consolidated In The Southern
            District of New York As The Most Appropriate Forum..................................... 11

CONCLUSION............................................................................................................ 14

SCHEDULE A............................................................................................................ 15

i

## <u>TABLE OF AUTHORITIES</u>

**PAGE(s)**

### CASES

*Duessent v. Am. Online, Inc. (In re Am. Online Spin-Off Accounts Litig.),*
   310 F. Supp. 2d 1369 (J.P.M.L. 2004)................................................................7

*In re Bayou Hedge Funds Inv. Litig.,*
   429 F. Supp. 2d 1374 (J.P.M.L. 2006)..............................................................11

*In re Canon U.S.A., Inc., Digital Cameras Prods. Liab. Litig.,*
   416 F. Supp. 2d 1369 (J.P.M.L. 2006)..............................................................11

*In re Cuisinart Food Processor Antitrust Litig.,*
   506 F. Supp. 651 (J.P.M.L. 1981)......................................................................9

*In re Digital Music Antitrust Litig.,*
   444 F. Supp. 2d 1351 (J.P.M.L. 2006)..............................................................12

*In re Enron Corp. Secs., Derivative & ERISA Litig,*
   196 F. Supp. 2d 1375 (J.P.M.L. 2002)..............................................................13

*In re Fed. Home Loan Mortg. Corp. Secs. & Derivative Litig.,*
   303 F. Supp. 2d 1379 (J.P.M.L. 2004)..............................................................13

*In re GM OnStar Contract Litig.,*
   --- F. Supp. 2d ----, 2007 WL 2386412 (J.P.M.L. Aug. 17, 2007) ......................7

*In re Katz Interactive Call Processing Patent Litig.,*
   481 F. Supp. 2d 1353 (J.P.M.L. 2007)................................................................7

*In re Literary Works in Elec. Databases Copyright Litig.,*
   2000 WL 33225502 (J.P.M.L. Dec. 6, 2000) ....................................................9

*In re M3Power Razor Sys. Mktg. & Sales Practices Litig.,*
   398 F. Supp. 2d 1363 (J.P.M.L. 2005)...........................................................7, 10

*In re Oxycontin Antitrust Litig.,*
   314 F. Supp. 2d 1388 (J.P.M.L. 2004)..............................................................12

*In re Rhodia S.A. Secs. Litig.,*
   398 F. Supp. 2d 1359 (J.P.M.L. 2005)..............................................................12

*In re Roadway Express, Inc. Employment Practices Litig.,*
   384 F. Supp. 612 (J.P.M.L. 1974).....................................................................10

ii

*In re Std. Auto. Corp. Retiree Benefits "ERISA" Litig.*,
    431 F. Supp. 2d 1357 (J.P.M.L. 2006)............................................................................7

*In re Tri-State Water Rights Litig.*,
    481 F. Supp. 2d 1351 (J.P.M.L. 2007)............................................................................8

*In re Union Carbide Corp. Gas Plant Disaster*,
    601 F. Supp. 1035 (J.P.M.L. 1985)..............................................................................11

*In re Union Pac. R.R. Co. Empl. Practices Litig.*,
    314 F. Supp. 2d 1383 (J.P.M.L. 2004)............................................................................8

*In re Uranium Indus. Antitrust Litig.*,
    458 F. Supp. 1223 (J.P.M.L. 1978)................................................................................9

*In re Vonage Mktg. & Sales Practices Litig.*,
    --- F. Supp. 2d ----, 2007 WL 2386424 (J.P.M.L. Aug. 15, 2007) ......................................8

*In re Webloyalty.com, Inc., Mktg. & Sales Practices Litig.*,
    474 F. Supp. 2d 1353 (J.P.M.L. 2007)............................................................................8

*In re Worldcom, Inc., Sec. & ERISA Litig.*,
    226 F. Supp. 2d 1362 (J.P.M.L. 2002)....................................................................10, 13

## STATUTES & RULES

28 U.S.C. § 1407....................................................................................................1, 7, 8

Panel Rule 7.2(a)(ii)......................................................................................................3

1.      Pursuant to 28 U.S.C. § 1407, PepsiCo, Inc. ("**PepsiCo**") and The Pepsi Bottling Group, Inc. ("**PBG**") (collectively, the "**Movants**"), respectfully move this Panel for an Order consolidating for pretrial purposes in the Southern District of New York before Hon. Charles L. Brieant multiple consumer class action lawsuits that have been filed against PepsiCo, PBG, Pepsi Bottling Ventures LLC ("**PBV**") and The Coca-Cola Company, Inc. ("**Coca-Cola**") (collectively, the "**Defendants**").

2.      This motion seeks the pretrial consolidation of four consumer class action lawsuits and at least one potential tag-along action that need to be managed in a coordinated, consistent, and coherent fashion in a single jurisdiction.  As explained more fully below and in the accompanying declaration of Louis M. Solomon ("**Solomon Decl.**"), each of the lawsuits seeks redress for a purported nationwide scheme of consumer misrepresentation practices concerning the marketing, labeling, and sale of PepsiCo's bottled water.  The lawsuits involve the same core set of operative facts and assert substantively similar claims for relief.

3.      Currently, two cases are pending in White Plains, New York (one against PepsiCo and PBV, the other against PepsiCo, PBG and PBV); a third case is pending in Memphis, Tennessee against PepsiCo and Coca-Cola; and a fourth case is pending in Houston, Texas, also against PepsiCo and Coca-Cola.  In addition, Movants have been notified of a fifth tag-along action that will likely be filed in California within the next month.  In the interest of mitigating the looming inefficiencies posed by the litigation of these similar cases in different jurisdictions, Movants respectfully submit that these cases should be consolidated in a single jurisdiction for pretrial proceedings.  Movants also respectfully submit that these cases should be consolidated in the Southern District of New York before Judge Brieant.

1

4.    Consolidation in the Southern District of New York, and before Judge Brieant, is appropriate for a number of reasons, including:

- The first class action lawsuit was filed in New York, and the two New York class actions are now both venued in the White Plains Division and are pending before Judge Brieant. Accordingly, consolidation and coordination already have occurred in the Southern District of New York

- All four cases are brought as class actions; the two New York cases and the Texas case are putative nationwide class actions and the Tennessee action is a putative statewide class. The need to facilitate administration of the cases and to prevent potentially conflicting and/or overlapping class determinations is vital. The Southern District of New York, where two of the nationwide class actions already are located, provides the most appropriate forum to accomplish this goal.

- The lead plaintiffs in the two New York actions are located in New York.

- The Defendant sued in all the cases (PepsiCo) and two of the four Defendants sued in any case (PepsiCo and PBG) are located in New York.

- Many of the witnesses and the relevant documents in these cases will be located in New York.

- The Southern District of New York is easily accessible (it has three major airports and train stations) and is convenient to many parties and counsel. It is also well equipped with the resources necessary for this type of consumer fraud litigation.

- Given that the actions involve allegations of nationwide consumer fraud (as discussed below), it is far preferable for national class members and plaintiffs such as the lead plaintiffs and others involved in the New York actions to litigate in New York, rather than any other jurisdiction.

5.    Thus, the interests of efficiency will be best served by consolidating *all* of the parallel actions in the Southern District of New York (before Judge Brieant) where they can be litigated without the unnecessary waste of resources that will certainly arise if these cases remain fragmented or are litigated in a less convenient forum than the Southern District of New York.

## BACKGROUND

6.    Movants are aware of four putative class action lawsuits pending in several different federal district courts lodging substantially identical allegations of consumer fraud against PepsiCo and one or more of the other Defendants. All of the lawsuits have been filed

against PepsiCo concerning the allegedly misleading nature of its labeling and/or advertising for

its bottled water *Aquafina*.  Several of the class actions seek to certify a nationwide class of

individuals that purchased *Aquafina*.  Another nationwide class action is pending against

PepsiCo and Coca-Cola regarding their respective bottled water products, *Aquafina* and *Dasani*.

The fourth putative class action is a statewide class action in Tennessee against PepsiCo and

Coca-Cola, also relating to *Aquafina* and *Dasani*.  The cases are:[1]

- New York *Fielman* Class Action.  This putative nationwide consumer class action was filed on July 30, 2007, against PepsiCo, PBG and PBV in the **Southern District of New York (White Plains Division),** and is captioned *Brian Fielman, individually and on behalf of all others similarly situated v. PepsiCo, Inc., The Pepsi Bottling Group, Inc., and Pepsi Bottling Ventures LLC,* 07 civ. 6815 (CLB) (S.D.N.Y.) (the "***Fielman* Class Action**" or "***Fielman* Class Complaint**"). Solomon Decl., Ex. A.

- New York *Collado* Class Action.  Filed on July 31, 2007, in the **Southern District of New York**, this putative nationwide consumer class action was brought against PepsiCo and PBV, and is captioned *Carmen Collado, on behalf of herself and all others similarly situated v. PepsiCo, Inc. and Pepsi Bottling Ventures, LLC,* 07 civ. 6874 (GBD) (S.D.N.Y.) (the "***Collado* Class Action**" or "***Collado* Class Complaint**").  Solomon Decl., Ex. B.  The parties requested that this Action be reassigned to Judge Brieant in White Plains.  Solomon Decl. Ex. C. The Notice of Reassignment of the *Collado* Class Action, effecting that transfer, is dated September 19, 2007.  Solomon Decl., Ex. D.

- Tennessee Class Action.  On July 30, 2007, a putative statewide class action was filed in Tennessee state court.  That action was removed timely to federal court, and on August 10, 2007, the First Amended Complaint in the putative statewide class action was filed in the **Western District of Tennessee** against PepsiCo and Coca-Cola.  That action is captioned *Stacy Anderson, Michael Gray, Kaye Huddleston, Michael Jones, Cheryl Carter, Darrell L. Martin, Yunna Griffin, Arvis Clark, Terrence Johnson, Latasha Johnson, Linda Valentine, Vinh Le, Terry Mansker, and Michael Aldridge, on behalf of themselves and all other similarly situated v. PepsiCo, Inc. and The Coca Cola Company, Inc.*, 2:07-cv-02514

---

[1] Pursuant to Panel Rule 7.2(a)(ii), the complete name of each action, including the full name of all parties; the district court and division in which each action is pending; and the judge assignment (if any) are listed in Schedule A attached hereto.  Collectively, these class actions are referred to herein as the "**Actions**".

3

(BBD) (W.D. Tenn.) (the "**Tennessee Class Action**" or "**Tennessee Class Complaint**"). Solomon Decl., Ex. E.

- Texas Class Action. The third putative nationwide consumer class action was filed on August 2, 2007, in the District Court, 157 Judicial District of Harris County, Texas and was removed timely to the **Southern District of Texas**. That case is captioned *Christina Villa, Regina Kelly, Wanda R. Banks, Richard Banks, Kathy Jones Banks, Emma Williams, Samantha Townsend, Lawanda Holts, Mary Brewster, Rosalind Basile, Johnnie Mae Byrd, Carolyn Hayes, Linda Walker, Dasha Alexander v. PepsiCo., Inc. and The Coca Cola Company Inc.*, No. 07-cv-3060 (DH) (S.D. Tex.) (the "**Texas Class Action**" or "**Texas Class Complaint**"). Solomon Decl., Ex. F (Complaint); Solomon Decl., Ex. G (Notice of Filing of Notice of Removal).

7.    Movants believe there is a strong likelihood that additional cases will be filed in the coming months. Movants already have received notification of one such action. On August 29, 2007, Movants received notice under the California Legal Remedies Act from counsel for Amanda Litschke and all consumers similarly situated threatening a putative class action in California. *See* Solomon Decl. ¶3, Ex. H.

8.    There is substantial overlap among the Actions, including overlap of defendants, factual allegations, claims and legal theories.

9.    First, each of the Actions names PepsiCo as a defendant, and the two New York class actions also name PBV as a defendant. *See* Schedule A.

10.    Second, each of the Actions depends on the same core set of operative factual allegations concerning the marketing, labeling, and sale of *Aquafina* (PepsiCo) bottled water in the United States. The Actions and the threatened tag-along action all allege that PepsiCo intentionally failed to inform consumers that the source of the water used to bottle *Aquafina* was community water or public tap water, not water from another source. *See* Solomon Decl., Ex. A, ¶ 18 (The Pepsi Defendants' "labels were misleading and deceptive because they stated: 'Bottled at the source P.W.S.," without indicating what 'P.W.S.' meant, because the logo contained a snow covered mountain thereby implying that the water was 'mountain water,' not regular tap

water, because the slogan 'Pure water Perfect Taste' implied that the water was from a source

that was more 'pure' than other bottled water and/or tap water."); Solomon Decl., Ex. B, ¶ 1

(Plaintiff "was shocked when she learned that the source of Aquafina was from public tap water

because she had believed, based upon the labeling of the product, that its source must have been

better than tap water."); Solomon Decl., Ex. E, ¶ 1 ("Defendants knowingly engaged in

misleading marketing practices, including not clearly identifying on the labels of their respective

bottled waters, that the source of the water is the same source as public water, resulting in

misleading Plaintiffs that said water comes from spring sources."); Solomon Decl., Ex. F, ¶ 23

("Defendants' knowingly engaged in misleading marketing practices, including not clearly

identifying on the labels of their respective bottled waters, that the source of the water is the

same as public water, resulting in misleading Plaintiffs that said water comes from spring

sources."); Solomon Decl., Ex. H, p.2 ¶ 1 ("[Pepsi] Defendants, through the label representation

of mountains, as well as the failure to disclose that it is tap water, lead consumers to falsely

believe that Aquafina water comes from a natural, original source, as opposed to a public water

system.").   All of the Actions identify the *Aquafina* label as misleading consumers by its

wording and/or graphics.  Solomon Decl., Ex. A, ¶¶ 1, 13, 29-32; Solomon Decl., Ex. B, ¶¶ 18-

24; Solomon Decl., Ex. E, ¶ 1; Solomon Decl., Ex. F, ¶ 23.   Several of the Actions also identify

the PepsiCo website as providing misleading information.  Solomon Decl., Ex. A, ¶ 33

("Defendants' website fails to inform consumers that the true nature of the source of the water

marketed and sold as *Aquafina* is tap water."); Solomon Decl., Ex. E, ¶ 23 ("Plaintiffs further

allege that Defendants [sic] online information misrepresents and purposely obscures the fact

that the water is obtained from the same sources as tap water . . . ."); Solomon Decl. Ex. F, ¶ 1

("Plaintiffs further allege that Defendants [sic] online information misrepresents and purposely obscures the fact that the water is obtained from the same sources as tap water . . . .").

11.    Likewise, the Tennessee and Texas Class Actions allege that Coca-Cola similarly misled consumers as to the source of the water used in its *Dasani* bottled water. *See* Solomon Decl., Ex. E, ¶ 1 ("Coca Cola's label of 'purified' water, and its online site information that its water is from 'local sources' is a knowing act designed to mislead and/or create a likelihood of confusion . . . ."); Solomon Decl., Ex. F, ¶ 23 ("Plaintiffs allege that Coca Cola's label of 'purified' water, and its online site information that its water is from 'local sources' is a knowing act designed to mislead and/or create a likelihood of confusion . . ."").

12.    <u>Third</u>, each of the Actions asserts essentially the same claims for legal relief.  The two New York class action complaints plead almost identical claims of unfair and deceptive trade practices under New York state law and under the law of every other state, breach of implied warranty of merchantability, and unjust enrichment, *see* Solomon Decl., Ex. A, ¶¶ 39-77; Solomon Decl., Ex. B, ¶¶ 25-40, while the Tennessee and Texas complaints both plead claims of unfair and deceptive acts and practices, common law fraud, and fraudulent and/or negligent misrepresentation. *See* Solomon Decl. Ex. E, ¶¶ 36-60; Solomon Decl. Ex. F, ¶¶ 24-30.

13.    Thus, the Actions raise common questions of fact and law that should be managed in a coherent fashion in a single jurisdiction.  As set forth below, Movants respectfully submit that the convenience of parties and witnesses and the just and efficient conduct of the Actions require that these related Actions be consolidated in the Southern District of New York before Judge Brieant, where the two New York class actions already are pending.

## ARGUMENT

**A.    The Actions Should be Consolidated
for Pre-Trial Proceedings Under 28 U.S.C. § 1407**

14.     Parties may request that this Panel designate a centralized forum for pretrial management of actions "involving one or more common questions of fact" whenever such transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a).  The multiple consumer class action lawsuits now pending present a straightforward case for transfer under this framework.

15.     As discussed herein, the Actions share a wealth of common questions of underlying fact and seek similar (and in some cases, identical) forms of relief.  *See supra.*  On this basis alone, the Panel has recognized that creation of a centralized MDL forum is appropriate.  *See, e.g.*, *In re Katz Interactive Call Processing Patent Litig.*, 481 F. Supp. 2d 1353, 1355 (J.P.M.L. 2007) (granting Section 1407 transfer where "[a]ll actions can . . . be expected to share factual and legal questions . . . "); *In re M3Power Razor Sys. Mktg. & Sales Practices Litig.*, 398 F. Supp. 2d 1363, 1364 (J.P.M.L. 2005) ("The presence of differing legal theories is outweighed when the underlying actions, such as the actions here, arise from a common factual core.").

16.     The fact that there are four actions already pending means that there is a substantial basis for consolidation under § 1407 as the Panel has recognized the benefits of MDL treatment, and consolidated cases, where as few as two actions are pending.  *See, e.g., In re Std. Auto. Corp. Retiree Benefits ERISA Litig.*, 431 F. Supp. 2d 1357 (J.P.M.L. 2006) (two actions pending; consolidation granted); *Duessent v. Am. Online, Inc. (In re Am. Online Spin-Off Accounts Litig.)*, 310 F. Supp. 2d 1369 (J.P.M.L. 2004) (two actions pending; consolidation granted); *see also In re GM OnStar Contract Litig.*, --- F. Supp. 2d ----, 2007 WL 2386412

(J.P.M.L. Aug. 17, 2007) (four actions pending; consolidation granted); *In re Vonage Mktg. & Sales Practices Litig.*, --- F. Supp. 2d ----, 2007 WL 2386424 (J.P.M.L. Aug. 15, 2007) (four actions pending; consolidation granted); *In re Tri-State Water Rights Litig.*, 481 F. Supp. 2d 1351 (J.P.M.L. 2007) (four actions pending in three districts; consolidation granted); *In re Webloyalty.com, Inc., Mktg. & Sales Practices Litig.*, 474 F. Supp. 2d 1353 (J.P.M.L. 2007) (four actions pending in two districts; consolidation granted).

17.    Moreover, the Panel recognizes that in cases like this, where this is a strong likelihood of additional actions being filed, there is an even greater need for consolidation. *In re Union Pac. R.R. Co. Empl. Practices Litig.*, 314 F. Supp. 2d 1383, 1384 (J.P.M.L. 2004) ("In light of the fact that . . . additional tag-along actions may be filed, Section 1407 is the more efficient method of congregating these related actions for pretrial proceedings at the present time.").

18.    The main purposes of consolidating proceedings under § 1407 are "for the convenience of parties and witnesses . . ." and to "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a).  Where the actions to be consolidated share the same basic factual allegations and similar legal allegations (as is the case here), there is a tremendous efficiency gained from the coordination of discovery and motions.  Put another way, it would be highly inefficient and expensive if the parties were required to litigate the pre-trial phases of these Actions separately.  Parties and non-parties alike will benefit from consolidation and coordination of pretrial proceedings in a single jurisdiction.  Through consolidation, the costs attendant to depositions, the production and transfer of voluminous documents, and discovery motion practice will be reduced, as will the inconvenience to fact, expert, and third-party witnesses.  Solomon Decl. ¶ 11.  Consolidation will permit the parties, through cooperation and

pooling of resources, to benefit from the "economies of scale" that MDL pretrial proceedings uniquely facilitate. *See, e.g. In re Literary Works in Elec. Databases Copyright Litig.*, 2000 WL 33225502 (J.P.M.L. Dec. 6, 2000) (centralization would serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation); *In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 655 (J.P.M.L. 1981) (transfer would "effectuate a significant overall savings of cost and a minimum of inconvenience to all concerned with the pretrial activities"); *In re Uranium Indus. Antitrust Litig.*, 458 F. Supp. 1223, 1230 (J.P.M.L. 1978) ("[Plaintiffs] will have to depose many of the same witnesses, examine many of the same documents, and make many similar pretrial motions in order to prove their . . . allegations. The benefits of having a single judge supervise this pretrial activity are obvious.").

19.    In addition, pretrial consolidation of the Actions will mitigate the significant risk of inconsistent pretrial rulings on the same basic factual and legal claims. Without consolidation, there is a substantial likelihood that the same legal argument on motions to dismiss, motions for summary judgment, and/or discovery motions will lead to different results against the same defendant in different courts. This is an important concern for any series of similar cases but is particularly critical when the cases are seeking certification of the same or overlapping putative classes. Three of the four Actions – the two New York class actions and the Texas class action – are seeking certification of nearly identical nationwide classes. *See* Solomon Decl., Ex. A, ¶¶ 17-24 (the purported "Class" is comprised of "all individuals in the United States who purchased *Aquafina* from the date of its introduction through the present" (¶ 17)); Solomon Decl., Ex. B , ¶¶ 8-15 (the purported "Class" is comprised of "all individuals in the United States who purchased Aquafina (the 'Class') from July 20, 2001 through the present " (¶ 8)); Solomon Decl., Ex. F, ¶ 23 ("This complaint is brought on behalf of all persons who have or [sic] purchased and

consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water,

manufactured Coca Cola [sic].").  The Tennessee class action seeks certification of a class that is

a subset of the larger national classes, namely, "all residents of Tennessee who have purchased

and consumed Aquafina or Dasani bottled waters based on the unfair and deceptive acts and

practices by Pepsi and Coca Cola."  Solomon Decl., Ex. E, ¶ 24.  As this Panel has "consistently

held," "the existence of and the need to eliminate" even the "possibility" of "inconsistent class

determinations" "presents a highly persuasive" — indeed, "crucial[]"— "reason favoring transfer

under Section 1407."  *In re Roadway Express, Inc. Employment Practices Litig.*, 384 F. Supp.

612, 613 (J.P.M.L. 1974); *see also In re M3Power Razor Sys.*, 398 F. Supp. 2d at 1365-66 (three

putative class actions pending in two different districts sharing factual questions centralized

under § 1407 due, in part, to the need to prevent inconsistent pretrial rulings particularly with

respect to questions of class certification); *In re Worldcom, Inc., Sec. & ERISA Litig.*, 226 F.

Supp. 2d 1362, 1354 (J.P.M.L. 2002) ("[c]entralization under Section 1407 is necessary in order

to . . . prevent inconsistent pretrial rulings (especially with respect to questions of class

certification)").

　　　　20.　　　The Actions are all directed against one defendant, PepsiCo.  The fact that some

of the Actions name other defendants, including two actions against Coca-Cola, does not in any

way minimize the logistical and legal benefits to consolidation.  To the extent that the additional

defendants are bottlers of *Aquafina* water, the claims against them still revolve around the

labeling and/or advertising for *Aquafina* water.  To the extent that there are similar legal issues in

the cases against PepsiCo and Coca-Cola, there would be an additional benefit in having

consolidated consideration of these issues.  The Panel has in the past rejected any claim that

consolidation should be denied because one of the defendants was only named in some of the

10

actions. *See, e.g., In re Bayou Hedge Funds Inv. Litig.*, 429 F. Supp. 2d 1374 (J.P.M.L. 2006) (transfer granted despite the fact that certain defendants named in only two of four actions). This is certainly the case here where the presence of the additional defendants actually provides additional cause for consolidation.

21.     If not consolidated, these consumer class action cases, involving numerous already existing similar actions and the clear threat of even more such actions, will lead to duplicative discovery, potentially conflicting pretrial substantive and procedural rulings, and overlapping and/or conflicting putative classes. These Actions therefore present a textbook case for consolidation in a single district under § 1407.

**B.     The Actions Should Be Consolidated In The Southern District of New York As The Most Appropriate Forum**

22.     The Southern District of New York is the most appropriate forum for consolidation of the related actions for several reasons. For one thing, the Southern District is the most appropriate forum because two of the three putative nationwide class actions already are pending in that court. *See, e.g., In re Union Carbide Corp. Gas Plant Disaster*, 601 F. Supp. 1035, 1036 (J.P.M.L. 1985) (selecting the forum where there were "more pending actions than any other district"). Indeed, the *Fielman* Class Action in the Southern District of New York, which is assigned to Judge Brieant, is the first-filed putative nationwide class action, and is one of only two actions already being actively litigated, with briefing on the defendants' motion to dismiss due to be completed on November 9, 2007. Solomon Decl., Ex. A, Docket Entries # 14-15. This, too, strengthens the argument for consolidation in the Southern District of New York. *See In re Canon U.S.A., Inc., Digital Cameras Prods. Liab. Litig.*, 416 F. Supp. 2d 1369, 1371 (J.P.M.L. 2006) (selecting the Southern District of New York as transferee forum because the action pending there was "more procedurally advanced" compared to the actions in another

11

district).  Furthermore, the parties to the *Collado* Class Action, also pending in the Southern

District of New York, agreed to transfer that case to Judge Brieant, and to treat it as a related

case to the *Fielman* Class Action.  Solomon Decl., ¶13 & Exs. C, D.  By Notice of

Reassignment, dated September 19, 2007, the *Collado* Class Action has been transferred to

Judge Brieant.  Solomon Decl. ¶ 13 & Ex. D.  Accordingly, coordination and consolidation is

already occurring in the Southern District of New York.

23.    Second, the Southern District of New York is the appropriate forum because the

lead plaintiffs in the two New York class actions are located in New York, as is PepsiCo, the

only defendant named in all the Actions.  *In re Oxycontin Antitrust Litig.*, 314 F. Supp. 2d 1388,

1390 (J.P.M.L. 2004) (finding the Southern District of New York appropriate because *inter alia*

the one common defendant was located there).  Additionally, PBG, one of the other Defendants,

is also located in New York.  This fact also supports centralizing these actions in New York.

*See, e.g.*, *In re Digital Music Antitrust Litig.*, 444 F. Supp. 2d 1351, 1352 (J.P.M.L. 2006)

(finding that the Southern District of New York was the "appropriate transferee forum" because

"[m]ost defendants are headquartered in the Southern District . . ., and some relevant witnesses . .

. may be located there").

24.    Third, the courts of the Southern District of New York are located in an easily

accessible metropolitan location.  White Plains, where Judge Brieant sits, is easily accessible by

airplane from anywhere in the country, with three major airports serving the area.  In addition,

numerous hotels service the White Plains/New York City area with a variety of price ranges, and

the Southern District of New York has a well-developed legal support system in place.  *See, eg.*,

*In re Rhodia S.A. Secs. Litig.*, 398 F. Supp. 2d 1359, 1360 (J.P.M.L. 2005) (transferring cases to

the Southern District of New York in part because it "provides an accessible, metropolitan

location"); *In re Fed. Home Loan Mortg. Corp. Secs. & Derivative Litig.*, 303 F. Supp. 2d 1379, 1380 (J.P.M.L. 2004) (selecting the Southern District of New York because it is "readily accessible for parties and witnesses"); *In re WorldCom, Inc.*, 226 F. Supp. 2d at 1355 (opting to consolidate all actions in the Southern District of New York because *inter alia* "a litigation of this scope will benefit from centralization in a major metropolitan center that is well served by major airlines, provides ample hotel and office accommodations, and offers a well developed support system for legal services"); *In re Enron Corp. Secs., Derivative & ERISA Litig*, 196 F. Supp. 2d 1375, 1376-77 (J.P.M.L. 2002) (same).

25.     Accordingly, transferring the class actions currently pending in Tennessee and Texas, as well as the potential tag-along California action, to the Southern District of New York, where the *Fielman* and *Collado* Class Actions already are being litigated in a coordinated fashion, will serve to streamline and expedite the litigation of these matters, and conserve the resources of both the courts and the parties.

26.     By contrast, the districts where the Texas and Tennessee class actions are pending (Southern District of Texas and Western District of Tennessee, respectively) both present a far less attractive forum for the coordinated and efficient conduct of pre-trial activities in the Actions. Potential witnesses from PepsiCo and/or PBG do not reside in these states. And neither Tennessee and Texas offers the convenience and ease of travel available in New York for the benefit of the attorneys, parties, and witnesses.

27.     In addition, the Tennessee Class Action, which was brought on behalf of a class limited to residents of the state of Tennessee, is not being actively litigated. *See* Solomon Decl. ¶ 16 and Ex. I. The narrowness of the plaintiff class in the Tennessee District Court, and the fact

13

that the case has essentially been stayed pending the outcome of motions to dismiss, militates against consolidating the nationwide class actions in that district.

28.    In short, the Actions should be consolidated in the Southern District of New York before Judge Brieant.

## CONCLUSION

For the foregoing reasons, transfer of the Actions to a single, centralized federal forum – the Southern District of New York – would further "the convenience of parties and witnesses and [would] promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407(a). Therefore, Movants respectfully request that this Panel enter an Order transferring these actions to the Southern District of New York and Judge Brieant for consolidated pretrial proceedings.

Dated: September 27, 2007

Respectfully submitted,

Louis M. Solomon
Margaret A. Dale
Michael S. Lazaroff
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

*Attorneys for PepsiCo, Inc., and
The Pepsi Bottling Group., Inc.*

14

## SCHEDULE A

Pursuant to Panel Rule 7.2(a)(ii), the complete name of each action, including the full name of all parties; the district court and division in which each action is pending; and the judge assignment (if any) are listed below.

1. *Brian Fielman, individually and on behalf of all others similarly situated v. PepsiCo, Inc., The Pepsi Bottling Group, Inc., and Pepsi Bottling Ventures LLC,* 07 civ. 6815 (Southern District of New York, White Plains Division) (Judge Charles L. Brieant)

2. *Carmen Collado, on behalf of herself and all others similarly situated v. PepsiCo, Inc. and Pepsi Bottling Ventures, LLC,* 07 civ. 6874 (Southern District of New York, White Plains Division) (originally assigned to Judge George B. Daniels, and then reassigned to Judge Charles L. Brieant by Notice of Reassignment dated September 19, 2007).

3. *Stacy Anderson, Michael Gray, Kaye Huddleston, Michael Jones, Cheryl Carter, Darrell L. Martin, Yunna Griffin, Arvis Clark, Terrence Johnson, Latasha Johnson, Linda Valentine, Vinh Le, Terry Mansker, and Michael Aldridge, on behalf of themselves and all other similarly situated v. PepsiCo, Inc. and The Coca Cola Company, Inc.,* 2:07-cv-02514 (Western District of Tennessee, Western Division) (Judge Bernice B. Donald)

4. *Christina Villa, Regina Kelly, Wanda R. Banks, Richard Banks, Kathy Jones Banks, Emma Williams, Samantha Townsend, Lawanda Holts, Mary Brewster, Rosalind Basile, Johnnie Mae Byrd, Carolyn Hayes, Linda Walker, Dasha Alexander v. PepsiCo, Inc. and The Coca-Cola Company Inc.,* 07-cv-3060 (Southern District of Texas, Houston Division) (Judge David Hittner)

**BEFORE THE JUDICIAL PANEL**
**OF MULTIDISTRICT LITIGATION**

IN RE PEPSICO, INC. AND
THE COCA COLA COMPANY,                    MDL Docket No. _____
INC. CONSUMER CLASS
ACTION LITIGATION

## DECLARATION OF LOUIS M. SOLOMON

LOUIS M. SOLOMON declares as follows:

1.      I am a member of Proskauer Rose LLP, counsel for PepsiCo, Inc. ("**PepsiCo**")

and The Pepsi Bottling Group, Inc. ("**PBG**") in the above-captioned matter ("PepsiCo and **PBG**,

collectively, the "**Movants**").  I make this declaration in support of Movants' motion, pursuant to

28 U.S.C. § 1407, for an Order consolidating for pretrial purposes in the Southern District of

New York before Hon. Charles L. Brieant multiple consumer class action lawsuits that have been

filed against Movants, Pepsi Bottling Ventures LLC ("**PBV**"), and in some cases The Coca-Cola

Company, Inc. ("**Coca-Cola**") (collectively, the "**Defendants**").

2.      Movants are aware of four putative class action lawsuits pending in several

different federal district courts across the county, all making substantially identical allegations of

consumer fraud against Defendants.  All of the putative class actions that have been filed concern

the allegedly misleading nature of PepsiCo's labeling and/or advertising for its bottled water

*Aquafina*.  Several of the class actions seek to certify a nationwide class of individuals that

purchased *Aquafina*.  Another nationwide class action is pending against PepsiCo and Coca-Cola

regarding their respective bottled water products, *Aquafina* and *Dasani*.  The fourth putative

class action is a statewide class action in Tennessee against PepsiCo and Coca-Cola, also relating

to *Aquafina* and *Dasani*. The cases are:[1]

- New York *Fielman* Class Action. This putative nationwide consumer class action was filed on July 30, 2007, against PepsiCo, PBG and PBV in the **Southern District of New York (White Plains Division)**, and is captioned *Brian Fielman, individually and on behalf of all others similarly situated v. PepsiCo, Inc., The Pepsi Bottling Group, Inc., and Pepsi Bottling Ventures LLC,* 07 civ. 6815 (CLB) (S.D.N.Y.) (the "*Fielman* **Class Action**" or *Fielman* **Class Complaint**"). True and correct copies of the *Fielman* complaint and the corresponding docket report are annexed hereto as Exhibit A.

- New York *Collado* Class Action. Filed on July 31, 2007, in the **Southern District of New York (Foley Square, Manhattan)**, this putative nationwide consumer class action was brought against PepsiCo and PBV, and is captioned *Carmen Collado, on behalf of herself and all others similarly situated v. PepsiCo, Inc. and Pepsi Bottling Ventures, LLC,* 07 civ. 6874 (GBD) (S.D.N.Y.) (the "*Collado* **Class Action**" or *Collado* **Class Complaint**"). True and correct copies of the *Collado* complaint and the corresponding docket report are annexed hereto as Exhibit B. The parties requested that this case be reassigned to Judge Brieant in White Plains, and treated as a related case to the *Fielman* Class Action. A true and correct copy of the request to transfer is annexed hereto as Exhibit C. The Notice of Reassignment of the *Collado* Class Action, effecting that transfer, is dated September 19, 2007, a true and correct copy of which is annexed hereto as Exhibit D.

- Tennessee Class Action. A putative statewide class action was filed in Tennessee state court. That action was removed timely to federal court, and on August 10, 2007, the First Amended Complaint in the putative statewide class action was filed in the **Western District of Tennessee** against PepsiCo and Coke. That action is captioned *Stacy Anderson, Michael Gray, Kaye Huddleston, Michael Jones, Cheryl Carter, Darrell L. Martin, Yunna Griffin, Arvis Clark, Terrence Johnson, Latasha Johnson, Linda Valentine, Vinh Le, Terry Mansker, and Michael Aldridge, on behalf of themselves and all other similarly situated v. PepsiCo, Inc. and The Coca Cola Company, Inc.,* 07 cv 02514 (DKV) (W.D. Tenn.) (the "**Tennessee Class Action**" or "**Tennessee Class Complaint**"). True and correct copies of the first amended complaint and the corresponding docket report are annexed hereto as Exhibit E.

- Texas Class Action. The third putative nationwide consumer class action was filed on August 2, 2007, in the District Court, 157 Judicial District of Harris County, Texas and was removed timely to the **Southern District of Texas**. That case is captioned *Christina Villa, Regina Kelly, Wanda R. Banks, Richard Banks,*

---

[1] Collectively, these class actions are referred to herein as the "**Actions**".

2

*Kathy Jones Banks, Emma Williams, Samantha Townsend, Lawanda Holts, Mary Brewster, Rosalind Basile, Johnnie Mae Byrd, Carolyn Hayes, Linda Walker, Dasha Alexander v. PepsiCo., Inc. and The Coca Cola Company Inc.,* No. 07-cv-3060 (DH) (S.D. Tex.) (the "**Texas Class Action**" or "**Texas Class Complaint**"). A true and correct copy of the complaint is annexed hereto as Exhibit F, and true and correct copies of the Notice of Removal, Supplemental Notice of Removal, and the corresponding docket report are annexed hereto as Exhibit G.

3.      Movants believe there is a strong likelihood that additional cases will be filed in the coming months. Movants already have received notification of one such action. On August 29, 2007, Movants received notice under the California Legal Remedies Act from counsel for Amanda Litschke and all consumers similarly situated threatening a putative class action in California. A true and correct copy of the notice is annexed hereto as Exhibit H.

4.      There is substantial overlap among the Actions, including overlap of defendants, factual allegations, claims, and legal theories.

5.      First, each of the Actions names PepsiCo as a defendant, and the two New York class actions also name PBV as a defendant.

6.      Second, each of the Actions depends on the same core set of operative factual allegations concerning the marketing, labeling, and sale of *Aquafina* (PepsiCo) bottled water in the United States. The Actions and the threatened tag-along action all allege that PepsiCo intentionally failed to inform consumers that the source of the water used to bottle *Aquafina* was community water or public tap water, not water from another source. *See* Ex. A, ¶ 18; Ex. B, ¶ 1; Ex. E, ¶ 1 ; Ex. F, ¶ 23; Ex. H, p.2 ¶ 1.

7.      All of the Actions allege that the *Aquafina* label is misleading consumers by its wording and/or graphics. *See.* Ex. A, ¶¶ 1, 13, 29-32;. Ex. B, ¶¶ 18-24; Ex. E, ¶ 1; Ex. F, ¶ 23.

8.      Several of the Actions also identify the PepsiCo website as providing misleading information. *See* Ex. A, ¶ 33; Ex. E, ¶ 23; Ex. F, ¶ 1.

3

9.    Likewise, the Tennessee and Texas Class Actions allege that Coca-Cola similarly misled consumers as to the source of the water used in its *Dasani* bottled water. *See* Ex. E, ¶ 1; Ex. F, ¶ 23.

10.    <u>Third</u>, each of the Actions asserts essentially the same claims for legal relief. The two New York class action complaints plead almost identical claims of unfair and deceptive trade practices under New York state law and under the law of every other state, as well as breach of implied warranty of merchantability, and unjust enrichment, *see* Ex. A, ¶¶ 39-77; Ex. B, ¶¶ 25-40, while the complaints in Tennessee (under Tennessee law) and Texas (purportedly under the law of every state) plead claims for unfair and deceptive acts and practices, common law fraud, and fraudulent and/or negligent misrepresentation. *See* Ex. E, ¶¶ 36-60; Ex. F, ¶¶ 24-30.

11.    Because of the substantial overlap among the Actions, the costs attendant to depositions, the production and transfer of voluminous documents, and discovery motion practice will be significantly reduced if the Actions are consolidated for pre-trial proceedings. Fact, expert, and third-party witnesses obviously will be very much less inconvenienced by consolidation.

12.    The Southern District of New York is the most appropriate forum for consolidation of the related actions for several reasons. For one thing, the Southern District is the most appropriate forum because two of the three putative nationwide class actions already are pending in that court. The *Fielman* Class Action, pending before Judge Brieant in the Southern District of New York (White Plains Division), is the first-filed putative nationwide class action, and is one of only two actions already being actively litigated, with defendants' motion to

4

dismiss already made and briefing due to be completed November 9, 2007.  *See* Ex. A, Docket Entries # 14-15.

13.    Furthermore, the *Collado* Class Action, which was originally pending before Judge Daniels in the Southern District of New York (in the Foley Square Courthouse in Manhattan), has, with the agreement of the parties, been reassigned to Judge Brieant as a related case to the *Fielman* Class Action.  *See* Ex. C (request to have the *Collado* Class Action transferred to Judge Brieant's docket); Ex. D (reassigning the *Collado* Class Action to Judge Brieant).

14.    Second, the Southern District of New York is appropriate because the lead plaintiffs in the two New York actions are located in New York, as is PepsiCo, the only defendant named in all the Actions, as are lead counsel for those defendants.  Additionally, PBG, one of the other Defendants, is also located in New York, as is their counsel.

15.    Third, the courts of the Southern District of New York are located in an easily accessible metropolitan location.  White Plains, where Judge Brieant sits, is easily accessible by airplane from anywhere in the country, with three major airports serving the area.  In addition, numerous hotels service the White Plains/New York City area with a variety of price ranges, and the Southern District of New York has a well-developed legal support system in place.

16.    In addition, the Tennessee Class Action, which was brought on behalf of a class limited to residents of the state of Tennessee, is not being actively litigated.  PepsiCo and Coca-Cola have filed motions to stay the proceedings, *see* Ex. E, Docket Entries # 16-17, and the Tennessee Court has issued an order effectively staying the case until the Motion to Stay is determined.  A true and correct copy of the Tennessee court's order is annexed hereto as Exhibit I.

5

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in New York, New York on September 27, 2007.

LOUIS M. SOLOMON

# EXHIBIT
# A

# United States District Court

SOUTHERN _____ DISTRICT OF _____ NEW YORK

BRIAN FIELMAN, Individually and On Behalf of All
Other Persons Similarly Situated,

## SUMMONS IN A CIVIL CASE

V.

CASE NUMBER·

PEPSICO, INC., THE PEPSI BOTTLING GROUP,
INC., and PEPSI BOTTLING VENTURES LLC

# '07 CIV 6815

# JUDGE BRIEANT

TO: (Name and address of defendant)

PepsiCo, Inc.
700 Anderson Hill Road
Purchase, New York 10577

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Andrew P. Bell, ESQ
LOCKS LAW FIRM, PLLC
110 East 55th Street - 12th Floor
New York, New York 10022
Telephone: (212) 838-3333

RECEIVED
AUG - 3 2007

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period
of time after service.

J. MICHAEL McMAHON

CLERK

JUL 3 0 2007

DATE

(BY) DEPUTY CLERK

Seth R. Lesser (SR 5560)
Andrew P. Bell (AB 1309)
LOCKS LAW FIRM PLLC
110 East 55th Street
New York, New York 10022
(212) 838-3333
www.lockslaw.com

Jeffrey A. Klafter (JK 0953)
KLAFTER & OLSEN LLP
1311 Marmaroneck Avenue
Suite 220
White Plains, New York 10605
(914) 997-5656

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| Brian Fielman, on behalf of herself and all others similarly situated, | |
|---|---|
| Plaintiff, | Civil Case No.: |
| v. | |
| PEPSICO, INC., THE PEPSI BOTTLING GROUP, INC., and PEPSI BOTTLING VENTURES LLC, | **CLASS ACTION COMPLAINT AND JURY DEMAND FOR TRIAL** |
| Defendants. | |

JUL 3 0 2007
U.S.D.C. S.D. N.Y.
CASHIERS

JUDGE BRIEANT

07 CIV 6815

Plaintiff BRIAN FIELMAN, by and through his undersigned counsel, for himself and all

others similarly situated, hereby brings this Class action Complaint against Defendants PEPSICO

INC., THE PEPSI BOTTLING GROUP, INC. AND PEPSI BOTTLING VENTURES LLC

("Defendants"). Plaintiff makes the following allegations based upon his personal knowledge as

to his own acts, and upon information and belief as well as upon his attorneys' investigative

efforts as to Defendants' actions and misconduct as alleged herein:

1

## Nature of The Action

1. In this class action lawsuit, Plaintiff seeks to obtain damages and/or compensatory restitution for Defendants' wrongful and illegal sales and marketing of *Aquafina* bottled water ("*Aquafina*"), in that Defendants advertising, marketing and/or labeling of *Aquafina* failed to inform consumers that the source of the water was public tap water, not water from an inherently cleaner source, such as a mountain as implied in the logo on the *Aquafina* label. Whether through intentional, reckless, or negligent action, Defendants marketed and sold *Aquafina* notwithstanding the fact that its content was undisclosed, mislabel, misleading. As a result, consumers like Plaintiff herein purchased *Aquafina* not knowing the water's true source and accordingly have suffered harms sounding in their claims set forth below for (a) violations of Uniform Deceptive Acts and Practices statutes (sometimes also referred to as "Consumer Protection Statutes"); (b) breach of the implied warranty of merchantability; and (c) unjust enrichment.

2. Plaintiff further seeks declaratory and injunctive relief to prevent a reoccurrence of such wrongful activity by Defendants.

## Parties

3. Plaintiff Brian Fielman resides in Valley Stream, New York and is a citizen of the State of New York.

4. Defendant PepsiCo, Inc. ("Pepsi") is a corporation organized under the laws of the State of North Carolina and has its principal place of business in Purchase, New York.

2

5.     Defendant The Pepsi Bottling Group, Inc. ("PBG") is a corporation organized under the laws of the State of Delaware and has its principal place of business in Somers, New York.

6.     Defendant Pepsi Bottling Ventures LLC ("PBV") is a corporation organized under the laws of the State of Delaware and has its principal place of business in Raleigh, North Carolina.

7.     PBG and PBV (hereinafter collectively "Pepsi Bottlers") are bottling companies affiliated with Pepsi, are two of Pepsi's "anchor bottlers" of *Aquafina* and other Pepsi products, and are primarily responsible for manufacturing, selling and distributing *Aquafina* in New York and throughout the United States.

8.     With respect to the conduct alleged herein, the acts and alleged wrongdoing of Defendants Pepsi and the Pepsi Bottlers may be imputed to each other inasmuch as they acted as the agents, alter-egos or co-conspirators of each other.

## Jurisdiction and Venue

9.     This Court has subject matter jurisdiction over this matter pursuant 28 U.S.C. § 1332(d)(2) inasmuch as the Defendants are citizens of the States of New York, North Carolina and Delaware and the members of the Class alleged herein include persons who are citizens of States other than New York, North Carolina and Delaware; the action is a putative class action pursuant to Federal Rule of Civil Procedure 23, and the amount in controversy exceeds the sum of $5 million, exclusive of interests and costs.

10.    Venue is proper in this district pursuant to 28 U.S.C. §1391.

3

11.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## Factual Allegations of the Plaintiff

12.     On many occasions and for at least two to three years, Brian Fielman purchased *Aquafina* by the case and individual bottles as stores in his neighborhood, including but not limited to, Key Foods and King Kullen.

13.     Mr. Fielman believed, based upon Defendants' labeling of *Aquafina*, that the water used in it must have come from a cleaner, safer and special source.

14.     Mr. Fielman bought *Aquafina* in part because he believed that the water source it was from was cleaner, safer and special because the label indicated that it was "pure water".

15.     On or about July 28 or 29, 2007, Mr. Fielman discovered that the water in *Aquafina* came from general tap water, and was not from a water source that was any cleaner, safer or special.

16.     As a result of this discovery, Mr, Fielman believed he had been misled by Defendants into purchasing *Aquafina* and was angry and shocked.

## Class Action Allegations

17.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and a class (the "Class") consisting of all individuals in the United States who purchased *Aquafina* from the date of its introduction through the present (the "Class Period"). Excluded from the Class are defendants, any entity in which defendants have a controlling interest, and any of their subsidiaries, affiliates, and officers and directors. Plaintiff

4

reserves the right to amend the class definition, including the Class's possible division into subclasses, in order to obtain substantial justice for the wrongdoing asserted herein.

18.     The Class consists of hundreds of thousands if not millions of individuals, not only within the State of New York, but also the other states in the United States. Millions of bottles of *Aquafina* were sold during the Class Period. Numerosity is therefore satisfied.

19.     Plaintiff's claims involve questions of law and fact common to the Class, because Plaintiff and other members of the Class were similarly affected by Defendants' unlawful and wrongful conduct that is complained of herein.

20.     Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel competent and experienced in class and consumer litigation and, in particular, this area of law, and Plaintiff has no conflict of interest with other Class members in the maintenance of this class action. Plaintiff has no relationship with Defendants except as customers. Plaintiff will vigorously pursue the claims of the Class.

21.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

a.      Whether the water marketed and sold as *Aquafina* was bottled from sources of what is generally known as "tap water";

b.      Whether Defendants withheld information from and/or omitted to inform consumers on *Aquafina* labels that the water marketed and sold as *Aquafina* was bottled from sources of what is generally known as "tap water";

5

c.     Whether Defendants' withholding of information and/or failure to inform consumers as to the true source of the water marketed and sold as *Aquafina* resulted from negligent, reckless or intentional behavior;

d.     Whether Defendants' affirmatively promoted the water marketed and sold as *Aquafina* as being better fit for human consumption because of the "perfect" or more "pure" nature of the water's source;

e.     Whether Defendants' conduct respecting *Aquafina* violated New York GBL § 349, and the state consumer protection and/or uniform deceptive acts and practices statutes in effect in the various States;

f.     Whether Defendants' conduct breached the implied warranty of merchantability; and

g.     Whether Defendants' omissions in the labeling of *Aquafina* so as to conceal the true nature of the source of the water marketed and sold under the brand name *Aquafina* caused Defendants to be unjustly enriched when the totality of the circumstances are considered.

22.     A class action is an appropriate and superior method for the fair and efficient adjudication of the controversy given the following factors:

a.     Common questions of law and/or fact predominate over any individual questions that may arise, and, accordingly, there would accrue enormous economies to both the courts and the Class in litigating the common issues on a class wide basis instead of on a repetitive individual basis;

6

b.     Class members' individual damage claims are too small to make individual litigation an economically viable alternative;

c.     Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

d.     No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage are common to the Class.

23.     Class certification is fair and efficient as well because prosecution of separate actions would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which, as a practical matter, may be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

24.     Plaintiff anticipates that there will be no difficulty in the management of this litigation, and means exist to address issues of damages as have been utilized in other class actions, including aggregate damages, claims processes and/or determination of restitutionary amounts.

## Factual Background

25.     The bottled water industry in the United States reportedly accounts for revenues of approximately fifteen billion dollars annually. It is a highly competitive industry where beverage

7

companies are continuously trying to market their water as cleaner, safer and/or healthier than rivals' water.

26. *Aquafina* was first introduced in 1994 and gained national distribution with Pepsi in 1997.

.27. *Aquafina* is currently the United States' best selling brand of bottled water based on sales volume, and Defendants received revenues in 2006 of approximately $2.17 billion on sales of *Aquafina.*

28. Since its introduction, the water used in *Aquafina* is sourced from public drinking supplies, commonly known or referred to as "tap water".

29. Defendants' labels on *Aquafina* currently state: "Bottled at the source P.W.S.".

30. *Aquafina* labels do not indicate, state or imply the meaning of "P.W.S.", although the abbreviation actually stands for "Public Water Systems" or some similar phrase.

31. Defendants' "blue mountain labels" on *Aquafina* contain a logo of a sun rising or setting over a mountain range and contains the slogan "Pure Water Perfect Taste".

32. Defendants' blue mountain labels, therefore, implying that the origin of the water in *Aquafina* bottles is from a mountain source and/or a source more pure than either tap water or rivals' water and that *Aquafina.*

33. Defendants' website fails to inform consumers that the true nature of the source of the water marketed and sold as *Aquafina* is tap water.

34. Defendants negligently, recklessly and/or intentionally misled consumers into believing that *Aquafina* was similar to, as good as and/or better than other rivals' water based upon, in part, the source of the water used in *Aquafina.*

8

35. Defendants failed to disclose tap water as the true source of *Aquafina* to consumers because Defendants knew that such information would be considered important to consumers when they made decisions of whether to purchase Defendants' *Aquafina* water.

36. Defendants failed to disclose tap water as the true source of *Aquafina* to consumers because Defendants knew that such disclosure would be detrimental to the sales of Defendants' *Aquafina* water.

37. On or about July 27, 2007, Defendants agreed to relabel *Aquafina* in order to include information that the source of the water was tap water.

38. On or about July 27, 2007, Defendant Pepsi admitted that the prior labeling of *Aquafina* was misleading to reasonable consumers when Pepsi, referring to the re-labeling of *Aquafina*, released a statement saying: "If this helps clarify the fact that the water originates from public sources, then it's a reasonable thing to do."

## FIRST CAUSE OF ACTION
## FOR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW
### (By Plaintiff on him own behalf and on behalf of the Class)

39. Plaintiff hereby incorporates by reference paragraphs 1-38 as if fully set forth herein.

40. Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the bottling, manufacturing, marketing, labeling and sale of *Aquafina*.

41. Had Defendants not engaged in the wrongful and deceptive conduct described above, Plaintiff and members of the Class would not have purchased and/or paid the same

9

amount for *Aquafina,* and they have therefore proximately suffered injury in fact and ascertainable losses.

42.     Defendants' deceptive, unconscionable or fraudulent representations and material omissions to consumers, including the failure to inform consumers of the true source of the water used in *Aquafina* and the mislabeling of the same, constituted unfair and deceptive acts and practices in violation of state consumer protection statutes.

43.     Defendants engaged in their wrongful conduct while at the same time obtaining sums of money from Plaintiff and Class members for *Aquafina.*

44.     Defendants' actions, as complained of herein, constitute unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of state consumer protection statutes, including, but not limited to N.Y. Gen. Bus. Law §§ 349 *et seq.,* as well as substantially similar statutes in effect in the other States.

45.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the Class are entitled to a judgment that declaring that Defendants' actions have been in violation of their statutory duties, that provides injunctive relief in order to ensure continued wrongful and similar acts do not occur hereafter, and that provides compensatory damages, treble damages, attorneys' fees, and/or costs of suit.

## SECOND CAUSE OF ACTION
## FOR BREACH OF IMPLIED WARRANTY
### (By Plaintiff on him own behalf and on behalf of the Class)

46.     Plaintiff hereby incorporates by reference paragraphs 1-45 as if fully set forth herein.

47.     Defendants impliedly warranted that *Aquafina*, a mass consumer item which Defendants manufactured, bottled, promoted, distributed and sold to the market for bottled water to Plaintiff, was merchantable.

48.     *Aquafina* was not merchantable within the meaning of the law inasmuch as, by virtue of the labeling when purchased by Plaintiff and the Class, it (a) could not pass without objection in the trade under its description; (b) it was not adequately contained, packaged and labeled as part of the transaction; and/or (c) it did not conform to the promises and affirmations of fact made on the package and label for the game. Therefore, Defendants breached the implied warranties of merchantability when *Aquafina* was labeled, distributed, and sold to Plaintiff and similarly situated persons.

49.     Any disclaimers of implied warranties are ineffectual as they were not provided to Plaintiff or otherwise made known to Plaintiff, who were not informed of the material non-compliance of the goods to the represented labeling. In addition, any such disclaimers are unconscionable under the circumstances.

50.     As a direct and proximate result of Defendants' breach of implied warranty, Plaintiff has sustained economic losses and other damages for which he is entitled to compensatory and/or equitable damages in an amount to be proven at trial.

11

## THIRD CAUSE OF ACTION
## FOR UNJUST ENRICHMENT
### (By Plaintiff on him own behalf and on behalf of the Class)

51. Plaintiff hereby incorporates by reference paragraphs 1-50 as if fully set forth herein.

52. Defendants obtained monies from the manufacture, labeling, distribution, marketing and/or sale of *Aquafina*, water that was, as they knew or reasonably should have known was mislabeled because the label omitted that the source of the water was tap water and contained images and/or words that implied that the source of the water was more pure and/or better than tap water and/or the bottled water of Defendants' rivals. When considered under the totality of the circumstances regarding Defendants' knowledge regarding *Aquafina*, Defendants have been unjustly enriched to the detriment of Plaintiff and the other members of the Class, as alleged above, by retention of consumer's purchase monies received directly or indirectly. These unjust benefits were conferred on Defendants by consumers as a direct result of the omissions and mislabeling made by Defendants.

76. Defendants' retention of some or all of the monies they have gained through their wrongful acts and practices would be unjust considering the circumstances of their obtaining those monies.

77. Defendants should be required to disgorge their unjustly obtained monies and to make restitution to Plaintiff and the other members of the Class, in an amount to be determined, of the monies by which they have been unjustly enriched.

12

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all others similarly situated, prays for judgment against Defendants as follows:

    1.    For an Order certifying the Class and any appropriate subclasses thereof under the appropriate provisions of Federal Rule of Civil Procedure 23, and appointing Plaintiff and his counsel to represent such Classes and subclasses as appropriate under Rule 23(g);

    2.    For the declaratory and equitable relief requested;

    3.    For compensatory, equitable and/or restitutionary damages according to proof and for all applicable statutory damages under New York GBL § 349 *et seq.* and under the consumer protection legislation of the other states and the District of Columbia;

    4.    For an award of attorneys' fees and costs;

    5.    For prejudgment interest and the costs of suit;

    6.    For such other and further relief as this Court may deem just and proper.

Order documents from CourtLink's nationwide document retrieval service.
- OR - Call 1.866.540.8818.

# US District Court Civil Docket

## U.S. District - New York Southern
## (White Plains)

## 7:07cv6815

## Fielman v. Pepsico, Inc et al

This case was retrieved from the court on Monday, September 24, 2007

| | | | |
|---|---|---|---|
| Date Filed: | 07/30/2007 | Class Code: | ECF |
| Assigned To: | Judge Charles L Brieant | Closed: | no |
| Referred To: | | Statute: | 28:1332 |
| Nature of suit: | Other Contract (190) | Jury Demand: | Plaintiff |
| Cause: | Diversity-Breach of Contract | Demand Amount: | $0 |
| Lead Docket: | None | NOS Description: | Other Contract |
| Other Docket: | None | | |
| Jurisdiction: | Diversity | | |

| Litigants | Attorneys |
|---|---|
| Brian Fielman on Behalf of Herself And All Others Similarly Situated<br>Plaintiff | Andrew Palmer Bell<br>[COR LD NTC]<br>Locks Law Firm PLLC<br>110 East 55TH Street<br>New York , NY  10022<br>USA<br>212-838-3333<br>Fax: 212-838-3735<br>Email: Abell@lockslawny.com<br><br>Jeffrey Alan Klafter<br>[COR LD NTC]<br>Klafter & Olsen LLP<br>1311 Mamaroneck Avenue, Suite 220<br>White Plains , NY  10602<br>USA<br>(914) 997-5656<br>Fax: (914) 997-5656<br>Email: Jak@klafterolsen.com<br><br>Seth Richard Lesser<br>[COR LD NTC]<br>Locks Law Firm PLLC<br>110 East 55TH Street<br>New York , NY  10022<br>USA<br>212-838-3333<br>Fax: 212-838-3735<br>Email: Slesser@lockslawny.com |
| Pepsico, Inc<br>Defendant | Lawrence I Weinstein<br>[COR LD NTC]<br>Proskauer Rose LLP (New York)<br>1585 Broadway<br>New York , NY  10036<br>USA<br>(212)-969-3240<br>Fax: (212)-969-2900<br>Email: LWEINSTEIN@PROSKAUER.COM<br><br>Louis M Solomon<br>[COR LD NTC]<br>Proskauer Rose LLP (New York)<br>1585 Broadway |

New York , NY  10036
USA
212-969-3200
Fax: 212-969-2900
Email: Lsolomon@proskauer.com

Michael Lazaroff
[COR LD NTC]
Proskauer Rose LLP (New York)
1585 Broadway
New York , NY 10036
USA
212-969-3645
Fax: 212-969-2900
Email: MLAZAROFF@PROSKAUER.COM

The Pepsi Bottling Group, Inc
Defendant

Lawrence I Weinstein
[COR LD NTC]
Proskauer Rose LLP (New York)
1585 Broadway
New York , NY 10036
USA
(212)-969-3240
Fax: (212)-969-2900
Email: LWEINSTEIN@PROSKAUER.COM

Louis M Solomon
[COR LD NTC]
Proskauer Rose LLP (New York)
1585 Broadway
New York , NY 10036
USA
212-969-3200
Fax: 212-969-2900
Email: Lsolomon@proskauer.com

Michael Lazaroff
[COR LD NTC]
Proskauer Rose LLP (New York)
1585 Broadway
New York , NY 10036
USA
212-969-3645
Fax: 212-969-2900
Email: MLAZAROFF@PROSKAUER.COM

Pepsi Bottling Ventures Llc
Defendant

James M Parrott, V
[COR LD NTC]
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan
2500 Wachovia Capitol Center
Raleigh , NC  27601
USA
(212) 558-4959
Fax: (919)-821-6800
Email: JPARROTT@SMITHLAW.COM

Louis M Solomon
[COR LD NTC]
Proskauer Rose LLP (New York)
1585 Broadway
New York , NY 10036
USA
212-969-3200
Fax: 212-969-2900
Email: Lsolomon@proskauer.com

| Date | # | Proceeding Text |
|------|---|-----------------|
| 07/30/2007 | 1 | COMPLAINT against PepsiCo, Inc., The Pepsi Bottling Group, Inc.,, Pepsi Bottling Ventures LLC,. (Filing Fee $ 350.00, Receipt Number 622462)Document filed by Brian Fielman.(II) (Entered: 07/31/2007) |
| 07/30/2007 | -- | SUMMONS ISSUED as to PepsiCo, Inc., The Pepsi Bottling Group, Inc.,, Pepsi Bottling Ventures LLC,. (II) (Entered: 07/31/2007) |
| 07/30/2007 | -- | Case Designated ECF. (II) (Entered: 07/31/2007) |
| 07/30/2007 | -- | Magistrate Judge Mark D. Fox is so designated. (II) (Entered: 07/31/2007) |
| 08/16/2007 | 2 | SCHEDULING ORDER: Conference set for 10/5/2007 at 09:00 AM before Judge Charles L. Brieant. (Signed by |

| | | |
|---|---|---|
| | | Judge Charles L. Brieant on 8/16/07) (fk) (Entered: 08/17/2007) |

| | | |
|---|---|---|
| 08/23/2007 | 3 | NOTICE OF APPEARANCE by Michael Lazaroff on behalf of PepsiCo, Inc., The Pepsi Bottling Group, Inc., (Lazaroff, Michael) (Entered: 08/23/2007) |
| 08/27/2007 | 4 | AFFIDAVIT OF SERVICE of Summons and Complaint. PepsiCo, Inc. served on 8/3/2007, answer due 8/23/2007. Service was accepted by Kathy Henry, Administrative Assistant. Document filed by Brian Fielman. (Rudich, Fran) (Entered: 08/27/2007) |
| 08/27/2007 | 5 | AFFIDAVIT OF SERVICE of Summons and Complaint. Pepsi Bottling Ventures LLC, served on 8/1/2007, answer due 8/21/2007. Service was accepted by Sabrina Ambrose, Registered Agent. Document filed by Brian Fielman. (Rudich, Fran) (Entered: 08/27/2007) |
| 08/27/2007 | 6 | AFFIDAVIT OF SERVICE of Summons and Complaint. The Pepsi Bottling Group, Inc., served on 8/2/2007, answer due 8/22/2007. Service was accepted by Mike Spanos, Vice President of Retail. Document filed by Brian Fielman. (Bell, Andrew) (Entered: 08/27/2007) |
| 08/30/2007 | 7 | STIPULATION AND ORDER Extending Time to Answer…until 9/19/07…So Ordered. (Signed by Judge Charles L. Brieant on 8/29/07) (fk) (Entered: 09/04/2007) |
| 09/04/2007 | 8 | NOTICE OF APPEARANCE by Louis M. Solomon on behalf of PepsiCo, Inc., The Pepsi Bottling Group, Inc., (Solomon, Louis) (Entered: 09/04/2007) |
| 09/10/2007 | 9 | NOTICE OF APPEARANCE by Lawrence I. Weinstein on behalf of PepsiCo, Inc., The Pepsi Bottling Group, Inc., (Weinstein, Lawrence) (Entered: 09/10/2007) |
| 09/11/2007 | 10 | NOTICE OF APPEARANCE by James M. Parrott, V on behalf of Pepsi Bottling Ventures LLC, (Parrott, James) (Entered: 09/11/2007) |
| 09/12/2007 | 11 | MOTION for Donald H. Tucker, Jr. to Appear Pro Hac Vice. Document filed by Pepsi Bottling Ventures LLC,…$25.00 Fee paid, #624521.(jma) (Entered: 09/13/2007) |
| 09/14/2007 | 12 | ORDER granting 11 Motion for Donald H. Tucker, Jr. to Appear Pro Hac Vice. Upon the motion of James M. Parrott, V, attorney for defendant Pepsi Bottling Ventures, LLC, and said sponsor attorney's affidavit in support: IT IS HEREBY ORDERED that Donald H. Tucker, Jr. is admitted to practice Pro Hac Vice as counsel for Defendant Pepsi Bottling Ventures, LLC.....See document for more details. (Signed by Judge Charles L. Brieant on 09/13/07) (dcr) (Entered: 09/14/2007) |
| 09/14/2007 | 13 | ENDORSED LETTER addressed to Judge Charles L. Brieant from lMichael Lazaroff dated 9/12/07 re: Request for an adjournment of conference until 10/26/07 at 9:00 am. ENDORSEMENT: Application Granted. Conference scheduled for 10/26/07 at 9:00 am. So Ordered. (Signed by Judge Charles L. Brieant on 9/13/07) (fk) (Entered: 09/17/2007) |
| 09/19/2007 | 14 | JOINT MOTION to Dismiss for failure to state a claim for which relief can be granted. Document filed by PepsiCo, Inc., The Pepsi Bottling Group, Inc.,, Pepsi Bottling Ventures LLC,.Responses due by 10/22/2007,Return Date set for 11/30/2007 at 10:00 AM.(Solomon, Louis) (Entered: 09/19/2007) |
| 09/19/2007 | 15 | MEMORANDUM OF LAW in Support re: 14 JOINT MOTION to Dismiss for failure to state a claim for which relief can be granted.. Document filed by PepsiCo, Inc., The Pepsi Bottling Group, Inc.,, Pepsi Bottling Ventures LLC,. (Solomon, Louis) (Entered: 09/19/2007) |
| 09/19/2007 | 16 | DECLARATION of Diane Petroccione in Support re: 14 JOINT MOTION to Dismiss for failure to state a claim for which relief can be granted.. Document filed by PepsiCo, Inc., The Pepsi Bottling Group, Inc.,, Pepsi Bottling Ventures LLC,. (Attachments: # 1 Exhibit A)(Solomon, Louis) (Entered: 09/19/2007) |

Copyright © 2007 LexisNexis CourtLink, Inc. All rights reserved.
* * * THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY * * *

# EXHIBIT
# B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Carmen Collado, on behalf of herself and all others similarly situated, | Civil Case No.: 07cv 6874 (GBD) |
| Plaintiff, | |
| v. | |
| PEPSICO, INC. and PEPSI BOTTLING VENTURES LLC, | |
| Defendants. | |

## FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff CARMEN COLLADO, by counsel and on behalf of herself and all others similarly situated, individually and as class representative, for her Class Action Complaint against Defendants PEPSICO, INC. and PEPSI BOTTLING VENTURES LLC ("Defendants"), alleges, upon information and belief, except for the allegations concerning Plaintiff's own actions, as follows:

1.    Plaintiff Carmen Collado is a resident and citizen of the State of New York. Not knowing of Aquafina's true source, Ms. Collado frequently purchased Aquafina by the case from at least five to six years ago to the present usually at BJs Wholesale Club and/or Costco, both in Westbury, New York and/or Melville, New York, and from Stop n Shop in Oyster Bay, New York. Ms. Collado was shocked when she learned that the source of Aquafina was from public tap water because she had believed, based upon the labeling of the product, that its source must have been better than tap water.

2.     Defendant PepsiCo, Inc. is a corporation organized under the laws of the State of North Carolina and has its principal place of business in Purchase, New York.

3.     Defendant Pepsi Bottling Ventures LLC ("Pepsi Bottling") is a corporation organized under the laws of the State of Delaware and has its principal place of business in Raleigh, North Carolina.

4.     Defendants PepsiCo, Inc. and Pepsi Bottling acted together and in concert in respects to the actions alleged in this complaint and their actions may be imputed to each other inasmuch.

## Jurisdictional Allegations

5.     This Court has subject matter jurisdiction over this matter pursuant 28 U.S.C. § 1332(d)(2)("CAFA") because the Defendants are citizens of the States of New York, North Carolina and/or Delaware and the members of the Class alleged herein include persons who are citizens of States other than New York, North Carolina and Delaware; the action is a putative class action pursuant to Federal Rule of Civil Procedure 23, and the amount in controversy, aggregated, exceeds the sum of $5 million, exclusive of interests and costs.

6.     Venue is proper in this district pursuant to 28 U.S.C. §1391.

7.     This Court can issue declaratory and/or equitable relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## Class Action Allegations

8.     Plaintiff brings this class action pursuant to F.R.C.P. 23 on behalf of herself and a class consisting of all individuals in the United States who purchased Aquafina (the "Class") from July 30, 2001 through the present (the "Class Period").

2

Excluded from the Class are defendants, any entity in which defendants have a controlling interest, and any of their subsidiaries, affiliates, and officers and directors.

9.      The Class consists of millions of persons in New York and throughout the United States.

10.     Upon information and belief, millions and millions of bottles of Aquafina were sold during the Class Period, and thus, numerosity is satisfied.

11.     Plaintiff's claims involve common issues of law and fact because Plaintiff and other members of the Class were similarly affected by Defendants' wrongful conduct.

12.     Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no relationship with Defendants except as a customer of Defendants' product Aquafina water. Plaintiff will vigorously pursue this action on behalf of the Class, and Plaintiff has no and does not know of any conflicts of interest with any other Class members in this class action.

13.     Plaintiff has retained counsel competent and experienced in class and consumer litigation.

14.     Common issues of law and fact predominate over any issues affecting only individual members of the Class. Among the issues of law and fact common to the Class are:

        a.    whether the Aquafina water was bottled from tap water;

        b.    whether Defendants failed to disclose to consumers that Aquafina water was bottled from tap water;

        c.    whether Defendants' failure to disclose that Aquafina water was bottled from tap water was negligent, reckless or intentional behavior;

        d.    whether Defendants' failure to disclose that Aquafina water was

3

bottled from tap water violated New York Gen. Bus. Law § 349, *et seq.*, and the state consumer protection and/or uniform deceptive acts and practices statutes in effect in other States;

e.   whether Defendants' failure to disclose that Aquafina water was bottled from tap water breached the implied warranty of merchantability; and

f.   whether Defendants' failure to disclose that Aquafina water was bottled from tap water unjustly enriched Defendant

15.   This class action is an appropriate and superior method for the fair and efficient adjudication of the issues in this case because of the following:

a.   Common issues of law and/or fact predominate over any individual issues, and thus, there are large economies to both the courts and the Class in litigating the common issues on a class-wide basis instead of on a individual basis one-by-one;

b.   The individual claims of Class members are too small, thereby making individual litigation an economically impracticable alternative;

c.   It will be cost efficient and economies of scale will be achieved if the common issues in this class action are litigation together, rather than separately;

d.   There are no significant difficulties likely to be encountered in the management of this class action; and

e.   Class adjudication is a fair and efficient method because prosecution of separate actions would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that may be dispositive of the interests of other entities not parties to the action or substantially impair or impede their ability to protect their interests.

## **Factual Allegations**

16.   Aquafina water is the best selling bottled water in the United States with revenues in 2006 of over two billion dollars.

4

17.    During the Class Period, Aquafina water was obtained from public tap water supplies.

18.    During the Class Period, Defendants' labels were misleading and deceptive because they stated: "Bottled at the source P.W.S.", without indicating what "P.W.S." meant, because the logo contained a snow covered mountain thereby implying that the water was "mountain water", not regular tap water, because the slogan "Pure Water Perfect Taste" implied that the water was from a source that was more "pure" than other bottled water and/or tap water.

19.    Defendants negligently misled consumers into believing that the water source of Aquafina water was something different and better than tap water.

20.    Defendants recklessly misled consumers into believing that the water source of Aquafina water was something different and better than tap water.

21.    Defendants intentionally misled consumers into believing that the water source of Aquafina water was something different and better than tap water.

22.    Defendants knew or should have known that the fact that Aquafina water was sourced from tap water was materially relevant to the reasonable consumer when making a purchase of bottled water.

23.    Defendants knew that the disclosure of the fact that Aquafina water was sourced from tap water would hurt sales of Aquafina water, and accordingly, Defendants continued to refuse to disclose such information to the public, and especially on the labels of Aquafina water.

5

24.    On or about July 27, 2007, Defendants issued a statement that they would change the label on Aquafina water so as to disclose that Aquafina water was sourced from a public water system supplying tap water.

## FIRST CAUSE OF ACTION

## FOR VIOLATION OF CONSUMER FRAUD/UNFAIR AND DECEPTIVE TRADE PRACTICES STATUTES

(By Plaintiff on her own behalf and on behalf of the Class)

25.    Plaintiff hereby incorporates by reference paragraphs one through twenty-four as if fully set forth herein.

26.    Pursuant to New York Gen. Bus. L. § 349, *et seq.*, and other similar state consumer fraud and/or unfair and deceptive trade practices acts, Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the bottling, manufacturing, marketing, labeling and sale of Aquafina water.

27.    If Defendants had disclosed the true source of Aquafina water and not engaged in the wrongful and deceptive actions described above, Plaintiff and members of the Class would not have purchased from or paid Defendants for Aquafina water, but instead Plaintiff and members of the Class proximately suffered injuries in fact, economic and/or ascertainable losses.

28.    Defendants' deceptive, unconscionable or fraudulent conduct failing to disclose and thereby omitting material information from consumers, as described above, constituted unfair and deceptive acts and practices in violation of state consumer protection statutes.

6

29.    Defendants' actions, as described above, constitute unfair competition and/or unfair, unconscionable, deceptive and/or fraudulent acts or practices in violation of state consumer protection statutes, including but not limited to, N.Y. Gen. Bus. Law §§ 349 *et seq.*

30.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the Class are entitled to a judgment declaring that Defendants' actions have been in violation of statutory duties and protections and that provides compensatory damages, treble damages, punitive damages, attorneys' fees, and/or costs of suit.

## SECOND CAUSE OF ACTION

### FOR BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

(By Plaintiff on her own behalf and on behalf of the Class)

31.    Plaintiff hereby incorporates by reference paragraphs one through thirty as if fully set forth herein.

32.    Defendants impliedly warranted that Aquafina water was merchantable.

33.    Aquafina water was not merchantable within the meaning of the law because it could not pass without objection in the trade under its description, it was not adequately contained, packaged and labeled as part of the transaction and/or it did not conform to the promises and affirmations of fact made on the package and label for the game.

34.    Accordingly, Defendants breached the implied warranties of merchantability when Aquafina water was marketed, labeled, and sold to Plaintiff and members of the Class.

7

35.    As a direct and proximate result of Defendants' breach of implied warranty, Plaintiff and members of the Class have sustained economic losses and other damages for which she is entitled to damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### FOR UNJUST ENRICHMENT

(By Plaintiff on her own behalf and on behalf of the Class)

36.    Plaintiff hereby incorporates by reference paragraphs one through thirty-six as if fully set forth herein.

37.    Defendants obtained monies from the marketing, labeling and/or sale of Aquafina water. When considered under the totality of the circumstances, as described above, Defendants have been unjustly enriched to the detriment of Plaintiff and the members of the Class by the retention of consumer's purchase monies received directly or indirectly by Defendants.

38.    This enrichment was conferred on Defendants by consumers as a direct result of the failures, omissions and deceptive and fraudulent conduct of Defendants.

39.    Defendants' retention of monies they have gained through their failures, omissions and deceptive and fraudulent conduct would be unjust considering the totality of the circumstances concerning Defendant's receipt and retention of those monies.

40.    Defendants should be order to disgorge their unjustly obtained monies and to make restitution to Plaintiff and the members of the Class in amounts to be determined.

8

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, prays for judgment against Defendants as follows:

1.    For an Order, pursuant to the relevant provisions of F.R.C.P. 23, certifying the Class, and appointing Plaintiff and her undersigned counsel to represent the Class and any appropriate subclasses;

2.    For the declaratory relief requested;

3.    For compensatory, equitable and/or restitutionary damages according to the proof and for all applicable statutory damages under New York Gen. Bus. Law § 349 *et seq.* and under such similar statutes in effect in other states;

4.    For an award of attorneys' fees and costs;

5.    For prejudgment interest and the costs of suit;

6.    For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Dated:      July 30, 2007

Hunter J. Shkolnik (HS 4854)
RHEINGOLD, VALET,
RHEINGOLD, SHKOLNIK &
McCARTNEY LLP
113 East 37th Street
New York, NY 10016
Tel. 212-684-1880
Fax 212-689-8156
hshkolnik@rheingoldlaw.com
http://www.rheingoldlaw.com

Richard J. Arsenault (*pro hac vice* to
be filed)
NEBLETT, BEARD &
ARSENAULT
2220 Bonaventure Court
Alexandria, LA 71301
Tel. 318-487-9874
Fax: 318-561-2591
http://www.nbalawfirm.com

Attorneys for Plaintiffs

10

Order documents from CourtLink's nationwide document retrieval service.
- OR - Call 1.866.540.8818.

# US District Court Civil Docket

## U.S. District - New York Southern
(White Plains)

## 7:07cv6874

## Collado v. Pepsico, Inc et al

This case was retrieved from the court on Wednesday, September 26, 2007

| | |
|---|---|
| Date Filed: 07/31/2007 | Class Code: ECF |
| Assigned To: Judge Charles L Brieant | Closed: no |
| Referred To: | Statute: 28:1332 |
| Nature of suit: Product Liability (195) | Jury Demand: Plaintiff |
| Cause: Diversity-Contract Dispute | Demand Amount: $0 |
| Lead Docket: None | NOS Description: Product Liability |
| Other Docket: None | |
| Jurisdiction: Diversity | |

| Litigants | Attorneys |
|---|---|
| Carmen Collado on Behalf of Herself And All Others Similarly Situated<br>Plaintiff | Hunter Jay Shkolnik<br>[COR LD NTC]<br>Rheingold, Valet, Rheingold, Shkolnik & McCartney, LLP<br>113 East 37TH Street<br>New York , NY  10016-3042<br>USA<br>(212)-684-1880<br>Fax: (212)-689-8156<br>Email: HSHKOLNIK@RHEINGOLDLAW.COM |
| Pepsico, Inc<br>Defendant | |
| Pepsi Bottling Ventures, Llc<br>Defendant | James M Parrott, V<br>[COR LD NTC]<br>Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan<br>2500 Wachovia Capitol Center<br>Raleigh , NC  27601<br>USA<br>(212) 558-4959<br>Fax: (919)-821-6800<br>Email: JPARROTT@SMITHLAW.COM |

| Date | # | Proceeding Text |
|---|---|---|
| 07/31/2007 | 1 | COMPLAINT against Pepsico, Inc., Pepsi Bottling Ventures, LLC. (Filing Fee $ 350.00, Receipt Number 622560) Document filed by Carmen Collado.(tro) Additional attachment(s) added on 8/3/2007 (Horne, Jenny). (Entered: 08/01/2007) |
| 07/31/2007 | -- | SUMMONS ISSUED as to Pepsico, Inc., Pepsi Bottling Ventures, LLC. (tro) (Entered: 08/01/2007) |
| 07/31/2007 | -- | Magistrate Judge James C. Francis is so designated. (tro) (Entered: 08/01/2007) |
| 07/31/2007 | -- | Case Designated ECF. (tro) (Entered: 08/01/2007) |
| 08/07/2007 | 2 | ORDER RE SCHEDULING AND INITIAL PRETRIAL CONFERENCE: If such a consent order is not filed within the time provided. Initial Conference set for 10/9/2007 at 09:30 AM in Courtroom 15D, 500 Pearl Street, New York, NY 10007 before Judge George B. Daniels. (Signed by Judge George B. Daniels on 8/6/2007) (jmi) (Entered: 08/10/2007) |
| 08/13/2007 | 3 | AMENDED COMPLAINT amending 1 Complaint against Pepsico, Inc., Pepsi Bottling Ventures, LLC. Document filed by Carmen Collado. Related document: 1 Complaint filed by Carmen Collado.(jco) Additional attachment(s) added on 8/22/2007 (Correa, Julie). (Entered: 08/14/2007) |
| 08/22/2007 | 4 | AFFIDAVIT OF SERVICE. Pepsi Bottling Ventures, LLC served on 8/20/2007, answer due 9/10/2007. Service was accepted by Donna Christie. Document filed by Carmen Collado. (Shkolnik, Hunter) (Entered: |

| 08/22/2007) | | |
|---|---|---|
| 09/14/2007 | 5 | AFFIDAVIT OF SERVICE. Pepsico, Inc. served on 9/12/2007, answer due 10/2/2007; Service was accepted by Kimberly Riggins. Document filed by Carmen Collado. (Shkolnik, Hunter) (Entered: 09/14/2007) |
| 09/19/2007 | 6 | NOTICE OF APPEARANCE by James M. Parrott, V on behalf of Pepsi Bottling Ventures, LLC (Parrott, James) (Entered: 09/19/2007) |
| 09/19/2007 | 7 | NOTICE OF CASE REASSIGNMENT to Judge Charles L. Brieant. Judge George B. Daniels is no longer assigned to the case. (jeh) (Entered: 09/24/2007) |

Copyright © 2007 LexisNexis CourtLink, Inc. All rights reserved.
* * * THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY * * *

# EXHIBIT
# C

LOS ANGELES
WASHINGTON
BOSTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS
SÃO PAULO

1585 Broadway
New York, NY  10036-8299
Telephone 212.969.3000
Fax 212.969.2900

**PROSKAUER ROSE LLP**

Michael S. Lazaroff
Senior Counsel

Direct Dial 212.969.3645
mlazaroff@proskauer.com

September 7, 2007

<u>**Via Overnight Delivery**</u>

Honorable George B. Daniels
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 630
New York, NY 10007

Re:    *Collado v. PepsiCo, Inc.*, 07 CIV 6874

Dear Judge Daniels:

We represent Defendant PepsiCo, Inc. in the above referenced matter. At the time this action was initially filed, a nearly identical complaint had already been filed against the two defendants in the above referenced matter before Judge Charles L. Brieant in White Plains and had a lower docket number than the above-referenced action (a copy of the complaint in *Fielman v. PepsiCo, Inc.*, 07 CIV 6815 is attached to this letter). Because these nearly identical complaints are clearly related to each other, we respectfully request that the *Collado* case be transferred to Judge Brieant's docket as authorized by Rule 19 of this Court's Rules for the Division of Business Among District Judges. We have consulted with Plaintiff's counsel and counsel for Pepsi Bottling Ventures, LLC and they consent to the transfer of this action.

The nearly identical *Fielman* complaint was filed in White Plains, where PepsiCo is domiciled, on July 30, 2007, before the *Collado* action was filed. The two complaints are nearly identical, both focus on the Defendants' sale and marketing of Aquafina bottled water. For instance, both complaints center around the same factual allegations of wrongdoing; they each allege as deceptive and misleading the inclusion of the phrases "Bottled at the source P.W.S." and "Pure Water Perfect Taste" and the picture of a mountain sunrise on Aquafina's label. According to both complaints, the Aquafina label allegedly misled consumers into thinking that Aquafina was "more pure" than other bottled water. Furthermore, the causes of action are also identical, alleging unfair and deceptive trade practices under state law; breach of implied warranty; and unjust enrichment. Finally, both complaints also seek to certify a nationwide class of all individuals who purchased Aquafina. Because of these similarities, we believe that litigating

**PROSKAUER ROSE LLP**

Honorable George B. Daniels
September 7, 2007
Page 2

these cases on the same docket will result in a substantial savings of judicial resources and increase the efficiency in which both litigations are conducted. Pursuant to Rule 19(c), when a party believes that its case is related to another case on a different docket, that party may request to have its case transferred to the judge assigned the related case with the lowest docket number. Here, the *Fielman* action has the lower docket number as it was filed prior to the action here. Accordingly, this action should be transferred to the Judge Brieant's docket in White Plains.

Furthermore, the *Collado* action should have been filed in White Plains originally. Rule 21(a)(i) of this Court's Rules for the Division of Business Among District Judges states that "[a] civil case shall be designated for assignment to White Plains if . . . [t]he claim arose in whole or in major part in the . . . 'Northern Counties' . . . and at least one of the parties resides in the Northern Counties[.]" Defendant PepsiCo's principal place of business is located in Westchester County, one of the enumerated "Northern Counties". And, the claim either arose in Westchester, where Defendant developed the marketing of Aquafina, or in Nassau or Suffolk Counties, where Ms. Collado alleges to have purchased Aquafina.

For these reasons, we respectfully request that your Honor transfer *Collado v. PepsiCo, Inc.*, 07 CIV 6874 to Judge Brieant's docket.

Respectfully submitted,

Michael S. Lazaroff

cc:    Hunter Shkolnik, Esq.
       Don Tucker, Esq.

# EXHIBIT
# D

## United States District Court
### Southern District of New York
### Office of the Clerk
### US Courthouse
### 500 Pearl Street, New York, N.Y. 10007-1213

NOTICE OF REASSIGNMENT

07cv6874

---------------------------------------------------X

Collado  v. Pepsico, Inc.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X



Pursuant to the memorandum of the Case Processing Assistant, the above-entitled action is reassigned to the calendar of


### Judge Brieant

All future documents submitted in this action are to be presented in the Clerk's Office of the Southern District Court for filing and shall bear the assigned judge's initials after the case number.

The attorney(s) for the plaintiff(s) are requested to serve a copy of the Notice of Reassignment on all defendants.


J. Michael McMahon, CLERK

Dated:

09/19/2007


By:    <u>Jenny R. Horne</u>

Deputy Clerk



cc:  Attorneys of Record

# EXHIBIT
# E

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

STACY ANDERSON, MICHAEL GRAY,
KAYE HUDDLESTON, MICHAEL JONES,
CHERYL CARTER, DARRELL L. MARTIN,
YUNNA GRIFFIN, ARVIS CLARK,
TERRENCE JOHNSON, LATASHA JOHNSON,
LINDA VALENTINE, VINH LE,
TERRY MANSKER, and MICHAEL ALDRIDGE,
on behalf of themselves and all others
similarly situated,

       **Plaintiffs,**

vs.                            **Case No. <u>2:07-cv-02514</u>**

PEPSI CO, INC., and
THE COCA COLA COMPANY, INC.,

       **Defendants.**

---

### FIRST AMENDED COMPLAINT

---

       Plaintiffs Stacy Anderson, Michael Gray, Kaye Huddleston, Michael Jones, Cheryl Carter,

Darrell L. Martin, Yunna Griffin, Arvis Clark, Terrence Johnson, Latasha Johnson, Linda Valentine,

Vinh Le, Terry Mansker and Michael Aldridge, individually and on behalf of the class of persons

defined below, against Pepsi Co., Inc. and The Coca Cola Company, Inc., and pursuant to their

investigation, upon knowledge as to themselves and their own acts and otherwise upon information

and belief, for their complaint allege as follows:

### <u>OVERVIEW OF THE CASE</u>

       1.     This class action seeks redress for a nationwide scheme of consumer

1

misrepresentation practices by Pepsi Co., Inc. ("Pepsi") and The Coca Cola Company, Inc. ("Coca-Cola") (Defendants are hereinafter collectively referred to as "Defendants") related to the marketing, labeling, and sale of bottled water. This complaint is brought under Rule 23 of the Tennessee Rules of Civil Procedure on behalf of all persons who have purchased and consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured by Coca Cola. Plaintiffs seek compensatory damages and other remedies for Defendants' unfair and deceptive acts and practices described herein in connection with the marketing, labeling and sale of Aquafina and Dasani bottled waters. Specifically, Plaintiffs allege that Defendants knowingly engaged in misleading marketing practices, including not clearly identifying on the labels of their respective bottled waters, that the source of the water is the same source as public water, resulting in misleading Plaintiffs that said water comes from spring sources. Plaintiffs further allege that Defendants online information misrepresents and purposely obscures the fact that the water is obtained from the same sources as tap water which is readily available to the public for no cost. Plaintiffs allege that Pepsi's decision to label its Aquafina bottled water as "purified drinking water" or "P.W.S.", and provide on its online site that its water is from "a source regulated by the EPA" is a knowing act designed to mislead and/or create a likelihood of confusion as to the source, standard, grade, characteristics and quality of its product. Plaintiffs allege that Coca Cola's label of "purified" water, and its online site information that its water is from "local sources" is a knowing act designed to mislead and/or create a likelihood of confusion as to the source, standard, quality, grade, characteristics and quality of its product.

2.      Defendants engaged in unfair and deceptive conduct in which they purposely caused the likelihood of confusion or misunderstanding as to the source, standard, grade, characteristics and

quality of their goods, and engaged in acts and practices which were deceptive to the consumer and to other persons.

3.       Defendants intentionally created a false impression by their marketing schemes designed to mislead Plaintiffs or to obtain an undue advantage over them.  Said false impression was made with knowledge of its falsity and with a fraudulent intent.  Said impression and representation was to an existing fact which is material and Plaintiffs reasonably relied upon that false impression to their injury.

## JURISDICTION AND VENUE

4.       This Complaint is brought pursuant to Tenn. Code Ann. §47-18-101 et seq.

5.       Defendants transacted business in the State of Tennessee, and the County of Shelby.

6.       No portion of this Complaint is brought pursuant to Federal Law.

7.       The damages of the Named Plaintiffs and each of the Class Members does not and will not exceed $75,000 each.

## THE PARTIES

8.       Stacy Anderson is an adult resident of Shelby County, Tennessee.  Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

9.       Michael Gray is an adult resident of Shelby County, Tennessee.  Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

10.      Kaye Huddleston is an adult resident of Shelby County, Tennessee.  Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

11.      Michael Jones is an adult resident of Shelby County, Tennessee.  Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

12. Cheryl Carter is an adult resident of Shelby County, Tennessee. Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

13. Darryl Martin is an adult resident of Shelby County, Tennessee. Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

14. Yunna Griffin is an adult resident of Shelby County, Tennessee. Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

15. Arvis Clark is an adult resident of Shelby County, Tennessee. Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

16. Terrence Johnson is an adult resident of Shelby County, Tennessee. Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

17. Latasha Johnson is an adult resident of Shelby County, Tennessee. Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

18. Linda Valentine is an adult resident of Shelby County, Tennessee. Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

19. Vinh Le is an adult resident of Shelby County, Tennessee. Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

20. Terry Mansker is an adult resident of Shelby County, Tennessee. Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

21. Michael Aldridge is an adult resident of Shelby County, Tennessee Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

22. Defendant Pepsi Co., Inc., is a North Carolina corporation and maintains its principal executive offices at 700 Anderson Hill Road, Purchase, New York 10577, and transacts business in

4

the State of Tennessee and the County of Shelby.

23.     Defendant Coca Cola Company, Inc., is a Delaware corporation and maintains its principal executive offices at One Coca-Cola Plaza, Atlanta, Georgia 30313, and transacts business in the State of Tennessee and the County of Shelby.

## CLASS ACTION ALLEGATIONS

24.     This case is brought as a class action pursuant to Rule 23 of the Tennessee Rules of Civil Procedure.  Plaintiffs seek certification of this action as a class action on behalf of all residents of Tennessee who have purchased and consumed Aquafina or Dasani bottled waters based on the unfair and deceptive acts and practices by Pepsi and Coca Cola.

25.     This action is appropriate as a class action pursuant to Rule 23.  Since Plaintiffs seek relief for the entire Class, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Pepsi and Coca Cola.  Further, adjudications with respect to individual Class Members would, as a practical matter, be dispositive to the interests of other Class Members who are not parties to the adjudications and may impair and impede their ability to protect their interests.

26.     Membership in the Class is so numerous that separate joinder of each member is impracticable.  The number of Class Members is unknown.  Plaintiffs believe that there are thousands of persons in the Class.  Although Plaintiff does not presently know the names of all Class Members, their identities and addresses can be ascertained.

27.     Plaintiffs are members of the Class of victims described herein.  They were subject to unfair and deceptive acts and practices by Pepsi and Coca Cola, and purchased and consumed

Aquafina and Dasani bottled waters based upon the unfair and deceptive practices described herein.

28.    There are numerous and substantial questions of law and fact common to all Class Members which control this litigation and which predominate over any individual issues.  Included within the common questions are the following:

a.    Whether Pepsi devised and deployed a scheme or course of business which acted to cause the likelihood of confusion or misunderstanding as to the source of its Aquafina bottled water which acted to defraud or deceive Plaintiffs and Class Members and/or exacted unreasonable and unconscionable prices for its product by taking advantage of its position of superior knowledge;

b.    Whether Coca Cola devised and deployed a scheme or course of business which acted to cause the likelihood of confusion or misunderstanding as to the source of its Dasani bottled water which acted to defraud or deceive Plaintiffs and Class Members and/or exacted unreasonable and unconscionable prices for its product by taking advantage of its position of superior knowledge;

c.    Whether Pepsi failed to disclose to Plaintiffs and Class Members material information such as that the source of its Aquafina bottled water was from the same sources as public tap water;

d.    Whether Coca Cola failed to disclose to Plaintiffs and Class Members material information such as that the source of its Dasani bottled water was from the same sources as public tap water;

e.    Whether Pepsi engaged in a nationwide unfair and deceptive scheme and course of conduct which was deceptive to the consumer and to other persons;

6

f.     Whether Coca Cola engaged in a nationwide unfair and deceptive scheme and course
       of conduct which was deceptive to the consumer and to other persons;

g.     Whether Plaintiffs and Class Members are entitled to injunctive relief and/or other
       equitable relief against Pepsi and/or Coca Cola;

h.     Whether Plaintiffs and Class Members are entitled to an award of punitive damages
       against Pepsi and/or Coca Cola; and

i.     Whether Plaintiffs and Class Members have sustained damages and the proper
       measure of those damages.

29.    The claims of Plaintiffs are typical of the claims of the Class, and Plaintiffs have no
interests which are adverse to those of other Class Members.

30.    Plaintiffs will fairly and adequately protect the interests of the Class and have
retained counsel experienced and competent in the prosecution of complex litigation and
experienced and competent as to class action litigation.

31.    A class action is superior to other available methods for the fair and efficient
adjudication of this controversy.  Absent a class action, Class Members will continue to suffer
damages, and Pepsi and Coca Cola's violations of law will proceed without remedy while Pepsi and
Coca Cola will continue to retain the proceeds of their ill-gotten gains.

32.    Most individual Class Members have little ability to prosecute an individual action
due to the complexity of the issues involved in this litigation, the size and scope of Pepsi and Coca
Cola's unfair and deceptive sales schemes, the significant costs attendant to litigation on this scale,
and the comparatively small, although significant, damages suffered by individual Class Members.

33.    This action will result in an orderly and expeditious administration of Class claims.

7

Economies of time, effort and expense will be fostered and uniformity of decisions will be insured.

34.     This action presents no difficulty that would impede its management by the Court as a class action, and a class action is superior to other available methods for their fair and efficient adjudication of their claims.

35.     Plaintiffs seek preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to require Pepsi and Coca Cola to specifically reform the labeling of their products as represented.

## COUNT I

**(Tennessee Consumer Protection Act - Tenn. Code Ann. §47-18-101, *et seq*.)**

36.     Plaintiffs repeat, re-allege, and incorporate herein each of the paragraphs above as if fully set forth herein.

37.     Defendant Pepsi intentionally engaged in unfair and deceptive acts and practices affecting the conduct of trade or commerce constituting unlawful acts and practices which are Class B misdemeanors.

38.     Defendant Coca Cola intentionally engaged in unfair and deceptive acts and practices affecting the conduct of trade or commerce constituting unlawful acts and practices which are Class B misdemeanors.

39.     Defendants' actions violate Tenn. Code Ann. §47-18-101, *et seq.*

40.     Defendant Pepsi intentionally and knowingly caused the likelihood of confusion or of misunderstanding as to the source of its Aquafina bottled water.

41.     Defendant Coca Cola intentionally and knowingly caused the likelihood of confusion or of misunderstanding as to the source of its Dasani bottled water.

8

42.     Defendant Pepsi, through its unfair and deceptive marketing and labeling of its Aquafina bottled water, unfairly represented to the consumers that its product has characteristics, ingredients, benefits or qualities that it does not have.

43.     Defendant Coca Cola, through its unfair and deceptive marketing and labeling of its Dasani bottled water, unfairly represented to the consumers that its product has characteristics, ingredients, benefits or qualities that it does not have.

44.     Defendant Pepsi, through its unfair and deceptive marketing and labeling of its Aquafina bottled water, used statements or illustrations in advertisements which created a false impression of the grade, quality, value or origin of the goods offered, or otherwise misrepresented the goods in such a manner that later, on disclosure of the true facts, there is a likelihood that the consumer may have switched from the advertised goods to other goods.

45.     Defendant Coca Cola, through its unfair and deceptive marketing and labeling of its Dasani bottled water, used statements or illustrations in advertisements which created a false impression of the grade, quality, value or origin of the goods offered, or otherwise misrepresented the goods in such a manner that later, on disclosure of the true facts, there is a likelihood that the consumer may have switched from the advertised goods to other goods.

46.     Defendant Pepsi engaged in other acts or practices which are deceptive to the consumer or to any other person.

47.     Defendant Coca Cola engaged in other acts or practices which are deceptive to the consumer or to any other person.

48.     Plaintiffs and Class Members suffered an ascertainable loss of money as a result of the use or employment by Defendants of such  unfair or deceptive acts or practices.

## COUNT II

### (Common Law Fraud)

49.    Plaintiffs repeat, re-allege, and incorporate herein each of the paragraphs above as if fully set forth herein.

50.    Defendant Pepsi intentionally misrepresented a material fact or produced a false impression in order to mislead Plaintiffs and Class Members or to obtain an undue advantage over them.

51.    Defendant Coca Cola intentionally misrepresented a material fact or produced a false impression in order to mislead Plaintiffs and Class Members or to obtain an undue advantage over them.

52.    Defendants' representations were made with knowledge of their falsity and with fraudulent intent.

53.    Defendants' representations were to existing facts which were material and the Plaintiffs and Class Members reasonably relied upon those misrepresentations to their injury.

## COUNT III

### (Fraudulent Inducement)

54.    Plaintiffs repeat, re-allege, and incorporate herein each of the paragraphs above as if fully set forth herein.

55.    As set forth above, Pepsi and Coca Cola made misrepresentations or knowingly engaged in a course of conduct causing a likelihood of confusion or misunderstanding as to the source of their products.

56.    At the same time the misrepresentations were made or the course of conduct was

engaged in, Defendants knew that the representations were false, or caused to be made such representations with knowledge of the truth or falsity of such representations, and that such omitted information would have been material to Plaintiffs and the Class.

57.     Defendants made the misrepresentations or omitted material facts in order to induce Plaintiffs and Class Members to purchase their products.  Plaintiffs and Class Members reasonably and justifiably relied on the misrepresentations and omissions.

58.     As a direct and proximate result of the reasonable and justifiable reliance of Plaintiffs and Class on the misrepresentations and omitted material facts, Plaintiffs and the Class have suffered monetary and other damages.

## COUNT IV

### (Negligent Misrepresentation)

59.     Plaintiffs repeat, re-allege, and incorporate herein each of the paragraphs above as if fully set forth herein.

60.     Plaintiffs would show that Defendants supplied false information in the course of their business, profession or employment, or in the course of a transaction in which Defendants have a pecuniary interest, and that such information was supplied by Defendants for the guidance of Plaintiffs in the transactions described hereinabove.  Defendants failed to exercise reasonable care or competence in obtaining or communicating such information.  Plaintiffs aver that they suffered pecuniary loss, described more fully herein above, which was proximately caused by Plaintiffs' justifiable reliance on such information.

11

## COUNT V

### (Declaratory and Injunctive Relief)

61.     Plaintiffs repeat, re-allege, and incorporate herein each of the paragraphs above as if fully set forth herein.

62.     As stated above, Pepsi and Coca Cola have engaged in acts or practices violating the provisions of the Tennessee Consumer Protection Act, Tenn. Code Ann. §47-18-101, *et seq.*

63.     Plaintiffs and Class Members seek a declaratory judgment that such acts and practices described herein violate the provisions of Tenn. Code Ann. §47-18-101, *et seq.*, and to enjoin Defendants who have violated, or are violating, said Act.

WHEREFORE, Plaintiffs demand judgment against Pepsi and Coca Cola on behalf of themselves and Class Members as follows:

1.     Issuing an order determining that the action is a proper class action pursuant to Rule 23 of the Tennessee Rules of Civil Procedure;

2.     Awarding Plaintiffs and Class Members compensatory and punitive damages in an amount to be proven at trial for the wrongful acts complained of;

3.     Awarding Plaintiffs and Class Members treble damages pursuant to the provisions of Tenn. Code Ann. §47-18-109(3);

4.     Granting extraordinary equitable and/or injunctive relief as permitted by law or equity;

5.     Granting declaratory and injunctive relief pursuant to Tenn. Code Ann. §47-18-109(5)(b);

6.     Granting Plaintiffs and Class Members their costs and disbursements in connection

12

with this action, including reasonable attorneys' fees, expert witness fees and other costs; and

       7.     Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand trial by jury on all issues triable at law.

Dated: August 10, 2007.

                      Respectfully submitted,

                      s/Sharon Harless Loy
                      Ricky E. Wilkins (BPR #14526)
                      Sharon Harless Loy (BPR #19824)
                      The Law Offices of Ricky E. Wilkins
                      119 S. Main Street
                      Suite 500, Pembroke Square Building
                      Memphis, TN 38103
                      Telephone:  (901) 322-4463
                      Facsimile:  (901) 322-4451
                      sloy@wilkinslawoffice.com

                      Counsel for Plaintiffs and the Plaintiff Class

## CERTIFICATE OF SERVICE

I, Sharon Harless Loy, hereby certify that I have served a copy of the foregoing upon Michael Richards, Esq., Baker, Donelson, Bearman, Caldwell & Berkowitz, 165 Madison Avenue, 20th Floor, Memphis, TN 38103, counsel for Pepsi Co., Inc., and upon Jef Feibelman, Esq., Burch Porter & Johnson, PLLC, 130 N. Court Avenue, Memphis, TN 38103, counsel for  The Coca Cola Company, Inc., by placing a copy of the same in the U.S. Mail, postage pre-paid, for delivery, and through the court's electronic delivery system.

This the  __10th__  day of August, 2007.

                      s/Sharon Harless Loy

# EXHIBIT
# 5– PART 2

Order documents from CourtLink's nationwide document retrieval service.
- OR - Call 1.866.540.8818.

# US District Court Civil Docket

## U.S. District - Tennessee Western
### (Memphis)

## 2:07cv2514

## Anderson et al v. Pepsi Co, Inc et al

This case was retrieved from the court on Thursday, September 27, 2007

| | |
|---|---|
| Date Filed: 08/06/2007 | Class Code: |
| Assigned To: Judge Bernice B Donald | Closed: no |
| Referred To: Magistrate Judge Diane K Vescovo | Statute: 28:1441 |
| Nature of suit: Fraud (370) | Jury Demand: Both |
| Cause: Petition for Removal- Fraud | Demand Amount: $0 |
| Lead Docket: None | NOS Description: Fraud |
| Other Docket: Circuit Court of Shelby County TN, CT-003860-07 | |
| Jurisdiction: Diversity | |

| Litigants | Attorneys |
|---|---|
| Jimmy Moore<br>Miscellaneous | Jimmy Moore<br>[COR LD NTC]<br>CIRCUIT COURT, 30TH JUDICIAL DISTRICT<br>SHELBY COUNTY COURTHOUSE<br>140 ADAMS AVE.<br>RM. 224<br>MEMPHIS, TN 38103<br>901-576-4006<br>FAX: PROSE<br>PRO SE |
| Stacey Anderson on Behalf of Themselves And All Others Similiarly Situated<br>Plaintiff | Gina C Higgins<br>[COR LD NTC]<br>Stotts Higgins Johnson<br>1374 Madison Avenue<br>Memphis , TN  38104<br>USA<br>901-276-2500<br>Fax: 901-276-9317<br>Email: Ghiggins1@midsouth.rr.com<br><br>Ricky E Wilkins<br>[COR LD NTC]<br>Law Office of Ricky E Wilkins<br>Pembroke Square Building<br>119 S Main St<br>Ste 119<br>Memphis , TN  38103<br>USA<br>901-312-5574<br>Fax: 901-322-4451<br>Email: Rwilkins@wilkinslawoffice.com<br><br>Robert LJ Spence, Jr<br>[COR LD NTC]<br>Spencewalk, PLLC<br>One Commerce Square<br>Ste 2200<br>Memphis , TN  38103<br>USA<br>901-312-9160<br>Fax: 901-521-9550<br>Email: Rspence@spencewalk.com |

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Michael Gray on Behalf of Themselves And All Others Similiarly Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Kaye Huddleston on Behalf of Themselves And All Others Similiarly Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Michael Jones on Behalf of Themselves And All Others Similiarly
Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Cheryl Carter on Behalf of Themselves And All Others Similiarly
Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]

Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Darryl Martin on Behalf of Themselves And All Others Similiarly
Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Yunna Griffin on Behalf of Themselves And All Others Similiarly
Situated

Gina C Higgins
[COR LD NTC]

Plaintiff

Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Arvis Clark on Behalf of Themselves And All Others Similiarly
Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building

119 S Main St
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Terrance Johnson on Behalf of Themselves And All Others Similiarly Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Latasha Johnson on Behalf of Themselves And All Others Similiarly Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200

Memphis , TN  38103
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Linda Valentine on Behalf of Themselves And All Others Similiarly Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Vinh LE on Behalf of Themselves And All Others Similiarly Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103

USA
Case 7:08-md-01903-CLB    Document 3-35    Filed 03/10/2008    Page 9 of 77
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Terri Mansker on Behalf of Themselves And All Others Similarly
Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Michael Aldridge on Behalf of Themselves And All Others Similiarly
Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-

Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

| All Plaintiffs | Gina C Higgins |
| Plaintiff | [COR LD NTC] |

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
119 S Main St
Ste 700
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Pepsi Co, Inc
Defendant

Buckner Wellford
[COR LD NTC]
Baker Donelson Bearman Caldwell & Berkowitz
First Tennessee Bank Building
165 Madison Ave
Ste 2000
Memphis , TN  38103
USA
901-526-2000
Fax: 901-577-4204

Email: Bwellford@bakerdonelson.com

Louis M Soloman
[COR LD NTC]
Proskauer Rose LLP
1585 Broadway
New York , NY  10036
USA
212-969-3200
Fax: 212-969-2900
Email: Lsolomon@proskauer.com

Michael S Lazaroff
[COR LD NTC]
Proskauer Rose LLP
1585 Broadway
New York , NY  10036
USA
212-969-3000
Fax: 212-969-2900
Email: Mlazaroff@proskauer.com

W Michael Richards
[COR LD NTC]
Baker Donelson Bearman Caldwell & Berkowitz
First Tennessee Bank Building
165 Madison Ave
Ste 2000
Memphis , TN  38103
USA
901-526-2000
Fax: 901-577-2303
Email: Mrichards@bakerdonelson.com

The Coca Cola Company, Inc
Defendant

Jef Feibelman
[COR LD NTC]
Burch Porter & Johnson
130 N Court Avenue
Memphis , TN  38103
USA
901-524-5000
Fax: 901-524-5024
Email: Jfeibelman@bpjlaw.com

Mary Alison Hale
[COR LD NTC]
Burch Porter & Johnson PLLC
130 N Court Ave
Memphis , TN  38103
USA
901-524-5144
Fax: 901-524-5024
Email: Mhale@bpjlaw.com

| Date | # | Proceeding Text |
|------|---|-----------------|
| 08/06/2007 | 1 | NOTICE OF REMOVAL by Pepsi Co, Inc, The Coca Cola Company, Inc from Circuit Court of Shelby County TN, case number CT-003860-07. (Attachments: # 1 Civil Cover Sheet # 2 State Court Proceedings# 3 Judge's Card)(jml, ) Modified on 8/7/2007 (jml, )case filed by attorney's Buckner Wellford and Michael Richards----attorneys for defendants. (Entered: 08/06/2007) |
| 08/06/2007 | 2 | Case initiation fee: $ 350.00, receipt number M108879 (agj, ) (Entered: 08/07/2007) |
| 08/07/2007 | 3 | DOCKET NOTATION....NOTICE OF A CORRECTION....The nef in 07-2514 Notice of Removal reflects that Ricky Wilkins is the attorney whom filed the removal. However the removal was filed by the defendants attorney's Buckner Wellford and Michael Richards on 08/06/2007. If you have questions please call 901-495-1505. Thank you.(jml, ) (Entered: 08/07/2007) |
| 08/08/2007 | 4 | Proposed MOTION to Certify Class proposed order submitted by all plaintiffs. (Attachments: # 1 Memorandum Memorandum in Support of Motion# 2 Certificate of Consultation)(Loy, Sharon) Modified on 9/26/2007 (jml, ) unterming motion per SF/law clerk, termed in error by #38. (Entered: 08/08/2007) |
| 08/08/2007 | 5 | AFFIDAVIT re 4 Proposed MOTION to Certify Class proposed order submitted by All Plaintiffs. (Attachments: # 1 Resume of Ricky E. Wilkins# 2 Resume - Sharon H. Loy)(Loy, Sharon) (Entered: 08/08/2007) |
| 08/08/2007 | 6 | NOTICE by All Plaintiffs Notice of Appearance - Robert L.J. Spence, Jr. (Loy, Sharon) (Entered: 08/08/2007) |
| 08/08/2007 | 7 | NOTICE by All Plaintiffs Notice of Appearance - Gina C. Higgins (Loy, Sharon) (Entered: 08/08/2007) |
| 08/09/2007 | 8 | NOTICE of Appearance by Mary Alison Hale on behalf of The Coca Cola Company, Inc (Hale, Mary) (Entered: 08/09/2007) |

| 08/10/2007 | 9 | AMENDED COMPLAINT against all defendants all defendants., filed by all plaintiffs. (Loy, Sharon) (Entered: 08/10/2007) |
| 08/10/2007 | 10 | NOTICE by All Plaintiffs re 4 Proposed MOTION to Certify Class proposed order submitted Notice of Filing Plaintiffs' Affidavits (Attachments: # 1 Affidavit)(Loy, Sharon) (Entered: 08/10/2007) |
| 08/13/2007 | 11 | COURTESY NOTICE: Pursuant to Rule 5 of the Federal Rules of Civil Procedure, document 7 Notice (Other) filed by All Plaintiffs,, 6 Notice (Other) filed by All Plaintiffs, has been filed. For future reference, please note that the proper ecf attorney signature should be reflected on this document(EX.: s/atty signature). Thank you. Filer is not required to resubmit document. (jml, ) (Entered: 08/13/2007) |
| 08/13/2007 | 12 | COURTESY NOTICE: Pursuant to Rule 5 of the Federal Rules of Civil Procedure, document 10 Notice (Other) filed by All Plaintiffs, has been filed. For future reference, please note that the affidavits were submitted as attached documents, however they should have been submitted separately, receiving one document entry number. If you have questions please call at 901-495-1505. Thank you.. Filer is not required to resubmit document. (jml, ) (Entered: 08/13/2007) |
| 08/17/2007 | 13 | SETTING LETTER: Scheduling Conference set for 9/20/2007 09:30 AM in Courtroom 5 - Memphis before Magistrate Judge Diane K. Vescovo. Please email the proposed joint scheduling order to ECF_Judge_Vescovo@tnwd.uscourts.gov by Monday, September 17, 2007. If the order is approved and filed, the conference will be canceled.Please see Judge Vescovo's Rule 16(b) instructions and new form order at www.tnwd.uscourts.gov/judgevescovo.(crk) (Entered: 08/17/2007) |
| 08/20/2007 | 14 | MOTION to Dismiss by The Coca Cola Company, Inc. (Attachments: # 1 Memorandum # 2 Exhibit A - Standard of Identity, 21 C.F.R. 165.110# 3 Exhibit B - Express Preemption Provision - 21 U.S.C. 343-1# 4 Exhibit C - Proposed Rule# 5 Exhibit D - Final Rule) (Feibelman, Jef) (Entered: 08/20/2007) |
| 08/21/2007 | 15 | ORDER REFERRING MOTION: 4 Proposed MOTION to Certify Class proposed order submitted filed by Michael Jones, Michael Gray, Stacey Anderson, Kaye Huddleston, Cheryl Carter, Darryl Martin, Yunna Griffin, Arvis Clark, Terrance Johnson, Linda Valentine, Latasha Johnson, Vinh Le, Terri Mansker, Michael Aldridge. Signed by Judge Bernice B. Donald on 08/21/2007 (Donald, Bernice) (Entered: 08/21/2007) |
| 08/21/2007 | 16 | MOTION to Stay Proceedings Pending Ruling on Rule 12(b)(6) Motion, proposed order submitted by The Coca Cola Company, Inc. (Attachments: # 1 Certificate of Consultation # 2 Memorandum # 3 Exhibit A - Nichols case# 4 Exhibit B - Gorea case)(Feibelman, Jef) (Entered: 08/21/2007) |
| 08/23/2007 | 17 | MOTION for Extension of Time to File Response/Reply to Plaintiffs' Motion for Statewide Class Certification by Pepsi Co, Inc. (Wellford, Buckner) (Entered: 08/23/2007) |
| 08/23/2007 | 18 | MEMORANDUM in Support re 17 MOTION for Extension of Time to File Response/Reply to Plaintiffs' Motion for Statewide Class Certification filed by Pepsi Co, Inc. (Attachments: # 1 # 2 # 3 # 4)(Wellford, Buckner) (Entered: 08/23/2007) |
| 08/23/2007 | 19 | CERTIFICATE of Counsel re 17 MOTION for Extension of Time to File Response/Reply to Plaintiffs' Motion for Statewide Class Certification (Certificate of Consultation) by Buckner Wellford on behalf of Pepsi Co, Inc (Wellford, Buckner) (Entered: 08/23/2007) |
| 08/23/2007 | 21 | MOTION for Leave to Appear Pro Hac Vice as to Michael Lazaroff by Pepsi Co, Inc. PROPOSED ORDER SUBMITTED and FILING FEE PAID (Attachments: # 1 Certificate of Michael S. Lazaroff# 2 Filing Fee Receipt) (jml, ) Additional attachment(s) added on 8/27/2007 (jml, ). (Entered: 08/27/2007) |
| 08/23/2007 | 22 | MOTION for Leave to Appear Pro Hac Vice as to Solomon Louis by Pepsi Co, Inc. PROPOSED ORDER SUBMITTED and FILING FEE PAID (Attachments: # 1 Certificate of Good Standing# 2 Ceritificate of Solomon Louis # 3)Filing Fee receipt(jml, ) (Entered: 08/27/2007) |
| 08/24/2007 | 20 | COURTESY NOTICE: Pursuant to Rule 5 of the Federal Rules of Civil Procedure, document 17 MOTION for Extension of Time to File Response/Reply to Plaintiffs' Motion for Statewide Class Certification filed by Pepsi Co, Inc,, 18 Memorandum in Support of Motion filed by Pepsi Co, Inc,, 19 Certificate of Counsel, filed by Pepsi Co, Inc, has been filed. For future reference, please note that the memorandum and the certificate of consultation should have been submitted as attached documents to the motion, receiving only one document entry number. All attached documents must be labeled with a brief description. Also the certificate of service page should be dated as well. Thank you and if you have questions please call 901-495-1505.. Filer is not required to resubmit document. (jml, ) (Entered: 08/24/2007) |
| 08/27/2007 | 23 | ORDER granting 17 Motion for Extension of Time to File Response/Reply re 17 MOTION for Extension of Time to File Response/Reply to Plaintiffs' Motion for Statewide Class Certification. Signed by Magistrate Judge Diane K. Vescovo on 8/27/2007. (Vescovo, Diane) (Entered: 08/27/2007) |
| 08/27/2007 | 24 | ORDER granting 22 Motion for Leave to Appear Pro Hac Vice. Signed by Judge Bernice B. Donald on 08/07/2007. (Donald, Bernice) (Entered: 08/27/2007) |
| 08/27/2007 | 25 | ORDER granting 21 Motion for Leave to Appear Pro Hac Vice. Signed by Judge Bernice B. Donald on 08/27/2007. (Donald, Bernice) (Entered: 08/27/2007) |
| 08/27/2007 | 26 | First MOTION to Dismiss First aAended Complaint by Pepsi Co, Inc. (Attachments: # 1 Memorandum Memorandum in support# 2 # 3 Exhibit 2 # 4 Exhibit Exhibit 3# 5 Exhibit 4# 6 Exhibit Exhibit 5# 7 Exhibit Exhibit 6# 8 Exhibit Exhibit 7# 9 Exhibit Exhibit 8# 10 Exhibit Exhibit 9# 11 Exhibit Exhibit 10# 12 Exhibit Exhibit 11# 13 Exhibit Exhibit 12# 14 Exhibit Exhibit 13# 15 Exhibit Exhibit 14# 16 Exhibit Exhibit 15# 17 Exhibit Exhibit 16# 18 Exhibit Exhibit 17# 19 Exhibit Exhibit 18)(Richards, W.) (Entered: 08/27/2007) |
| 08/28/2007 | 27 | Notice of Correction to 26 First MOTION to Dismiss First aAended Complaint and Memorandum in support of Motion to Dismiss First Amended Complaint. (Attachments: # 1 Exhibit 1 21 CFR 165.110# 2 Exhibit 2 Scott v. Vanderbilt# 3 Exhibit 3 Cannon v. Gunnallen# 4 Exhibit 4 21 CFR 57076, 57087# 5 Exhibit 5 40 CFR 141.2# 6 Exhibit 6 60 Fed Reg 57076, 57103# 7 Exhibit 7 21 CFR 100.1# 8 Exhibit 8 60 Fed Reg 57075, 57120# 9 Exhibit 9 Copeland v. Northwest Airlines# 10 Exhibit 10 Fraker v. KFC Corporation# 11 Exhibit 11 Naifeh v. Valley Forge# 12 Exhibit 12 Lowe v. Gulf Coast# 13 Exhibit Samuals v Old Kent Bank# 14 Exhibit 14 Metropolitan v. Bell# 15 Exhibit 15 AGFA Photo v. Parham# 16 Exhibit 16 McKee Foods v. Pitney Bowes# 17 Exhibit 17 Priest v. Global Furniture# 18 Exhibit 18 In re Reciprocal of America Sales Practices litigation)(Richards, W.) |

| | | |
|---|---|---|
| | | (Entered: 08/28/2007) |
| 09/07/2007 | 28 | MOTION to Stay (proposed Order submitted) by Pepsi Co, Inc. (Attachments: # 1 Memorandum of Law in Support of Defendant, Pepsico's Motion to Stay# 2 Certificate of Consultation of Pepsico)(Wellford, Buckner) (Entered: 09/07/2007) |
| 09/07/2007 | 29 | RESPONSE to Motion re 14 MOTION to Dismiss filed by all plaintiffs. (Attachments: # 1 Exhibit Vermont Pure Holdings case)(Loy, Sharon) (Entered: 09/07/2007) |
| 09/07/2007 | 30 | RESPONSE to Motion re 16 MOTION to Stay Proceedings Pending Ruling on Rule 12(b)(6) Motion, proposed order submitted Proposed Order submitted to Judge Donald filed by all plaintiffs. (Loy, Sharon) (Entered: 09/07/2007) |
| 09/10/2007 | 31 | MOTION for Leave to Appear Pro Hac Vice as to Lawrence I. Weinstein by Pepsi Co, Inc. FILING FEE PAID and Proposed Order submitted. (Attachments: # 1 Certificate of Good Standing# 2 Cerificate of Lawrence I. Weinstein)(jml, ) Additional attachment(s) added on 9/13/2007 (jml, ). (Entered: 09/12/2007) |
| 09/12/2007 | 32 | Filing fee: $ 100, receipt number M109495 as to Lawrence I. Weinstein by Buckner Wellford. (jml, ) (Entered: 09/12/2007) |
| 09/13/2007 | 33 | MOTION for Leave to File Reply to Plaintiffs' Response to Motion to Dismiss (unopposed) (proposed order submitted) by The Coca Cola Company, Inc. (Hale, Mary) (Entered: 09/13/2007) |
| 09/14/2007 | 34 | ORDER granting 31 Motion for Leave to Appear Pro Hac Vice. Signed by Judge Bernice B. Donald on 09/14/2007. (Donald, Bernice) (Entered: 09/14/2007) |
| 09/24/2007 | 35 | RESPONSE to Motion re 28 MOTION to Stay (proposed Order submitted) Proposed Order submitted to Judge Donald filed by all plaintiffs. (Loy, Sharon) (Entered: 09/24/2007) |
| 09/24/2007 | 36 | SCHEDULING ORDER. Entry of this order cancels the scheduling conference set 9/24/2007. Signed by Magistrate Judge Diane K. Vescovo on 9/24/2007. (Vescovo, Diane) (Entered: 09/24/2007) |
| 09/24/2007 | 37 | Docket entry #36 was incorrectly entered into this case. The entry has been sealed from public view. (cas) (Entered: 09/24/2007) |
| 09/26/2007 | 38 | ORDER granting 4 Plaintiff's Motion to Certify State-Wide Class and Appointment of Lead Counsel. Signed by Judge Bernice B. Donald on 09/26/2007. (Donald, Bernice) (Entered: 09/26/2007) |
| 09/26/2007 | 39 | ORDER Vacating 38 Order on Motion to Certify Class. Signed by Judge Bernice B. Donald on 09/26/2007. (Donald, Bernice) Additional attachment(s) added on 9/26/2007 (jml, ). (Entered: 09/26/2007) |
| 09/26/2007 | 40 | To All Parties....#39 image has been updated and is now reflected on the docket(date reflected 1/4/2007). If you have questons please call 901-495-1505. (jml, ) (Entered: 09/26/2007) |

Copyright © 2007 LexisNexis CourtLink, Inc. All rights reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

# EXHIBIT
# F

2007-46796

NO. _____

| | | |
|---|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER | § | IN THE DISTRICT COURT |

Plaintiffs,

V.

PEPSI CO., INC AND THE COCA COLA COMPANY INC.
Defendants.

§
§
§
§
§
§
§
§

157 JUDICIAL DISTRICT

OF HARRIS COUNTY, TEXAS

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Christina Villa, Regina Kelly, Samantha Townsend, Johnnie Mae Byrd, Emma Williams, Mary Brewster, Wanda R. Banks, Richard Banks, Kathy Jones Banks, Carolyn Hayes, Dasha Alexander, Linda Walker, Lawanda Holts, Rosalind Basile, Individually hereinafter called Plaintiffs, complaining of and about Pepsi Co, Inc and The Coca Cola Company, Inc., hereinafter called Defendants, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.    Plaintiff, Christina Villa, is an Individual whose address is 521 N. Sam Houston

Parkway E. Ste. 425 Houston, Tx 77060.

      3.     Plaintiff, Regina Kelly, is an Individual whose address is PO Box 451046 Houston, Tx 77245

      4.     Plaintiff, Wanda Banks, is an Individual whose address is 6203 Agasi Ace Ct. Spring Tx 77379

      5.     Plaintiff, Rosalind Basile, is an Individual whose address is 4855 W. Fuqua #508 Houston, Tx 77053

      6.     Plaintiff, Emma Williams, is an Individual whose address is 3800 County Road 94 #1208 Manvel, Tx 77578

      7.     Plaintiff, Richard Banks, is an Individual whose address is PO Box 11562 Spring, Tx 77391

      8.     Plaintiff, Kathy Jones Banks, is an Individual whose address is 14150 Wunderlick Dr. Houston, Tx 77069

      9.     Plaintiff, Samantha Townsend, is an Individual whose address is 3830 Southmore Houston, Tx 77004

      10.     Plaintiff, Carolyn Hayes, is an Individual whose address is 12603 Laelu Houston, Tx 77074

      11.     Plaintiff, Dasha Alexander, is an Individual whose address is 802 Shiremeadow Missouri City, Tx 77489

      12.     Plaintiff, Linda Walker, is an Individual whose address is 7500 Bellerive # 2528 Houston, Tx 77036

      13.     Plaintiff, Mary Brewster, 16606 Lonesome Quail Missouri City, Texas 77489

      14.     Plaintiff, Lawanda Holts, is an Individual whose address is 2715 Green Meadow

Missouri City, Tx 77489

15.    Defendant PEPSI CO., INC, is a Foreign Corporation based in North Carolina, and maintains its principal executive offices at 700 Anderson Hill Road, Purchase, New York, 10577, and transacts business in the State of Texas and the County of Harris. Pursuant to article 2.11(B) of the Business Corporation Act, or its successor statute, section 5.251(1)(A) of the Texas Business Organizations Code, service may be effected upon Defendant PEPSI CO., INC by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079.

16.    Defendant THE COCA COLA CO.,  is a Delaware corporation, and maintains its principal executive offices at One Coca-Cola Plaza, Atlanta, Georgia, 30313, and transacts business in the State of Texas and the County of Harris.  Service may be effected upon Defendant THE COCA COLA CO. by serving its registered agent CT Corporation , 350 N. St. Paul Street, Dallas, Texas 75201.

## JURISDICTION AND VENUE

17.    The subject matter in controversy is within the jurisdictional limits of this court.

18.    This court has jurisdiction over Defendant PEPSI CO, INC., because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over The PEPSI CO, INC., will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

19.    Plaintiffs would show that Defendant PEPSI CO, INC., had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said

Defendant.

20.    This court has jurisdiction over Defendant The Coca Cola Company, Inc., because said Defendant purposefully availed herself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over The Coca Cola Company, Inc. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

21.    Plaintiffs would show that Defendant The Coca Cola Company, Inc. had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

22.    Venue in HARRIS County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### OVERVIEW OF THE CASE

23.    This class action seeks redress for a nationwide scheme of consumer misrepresentation practices by Pepsi Co., Inc. ("Pepsi") and The Coca Cola Company, Inc. ("Coca-Cola) (Defendants are hereinafter collectively referred to as "Defendants") related to the marketing, labeling, and sale of bottled water.  This complaint is brought on behalf of all persons who have or purchased and consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured Coca Cola.    Plaintiffs seek compensatory damages and other remedies for Defendants' fraudulent, unfair and deceptive acts and practices described herein in connection with

the marketing, labeling and sale of Aquafina and Dasani bottled water. Specifically, Plaintiffs allege that Defendants' knowingly engaged in misleading marketing practices, including not clearly identifying on the labels of their respective bottled waters, that the source of the water is the same source as public water, resulting in misleading Plaintiffs that said water comes from spring sources. Plaintiffs further allege that Defendants online information misrepresents and purposely obscures the fact that the water is obtained from the same sources as tap water which is readily available to the public for no cost. Plaintiffs allege that Pepsi's decision to label its Aquafina bottled water as "P.W.S.", and provide on its online site that its water is from "a source regulated by the EPA" is a knowing act designed to mislead and/or create a likelihood of confusion as to the source, standard, grade, characteristics and quality of its product. Plaintiffs allege that Coca Cola's label of "purified" water, and its online site information that its water is from "local sources" is a knowing act designed to mislead and/or create a likelihood of confusion as to the source, standard, quality, grade, characteristics and quality of its product.

24.     Defendants engaged in unfair and deceptive conduct in which they purposely caused the likelihood of confusion or misunderstanding as to the source, standard, grade, characteristics and quality of their goods, and engaged in acts and practices which were deceptive to the consumer and to other persons.

25.     Defendants intentionally created a false impression by their marketing schemes designed to mislead Plaintiffs or to obtain an undue advantage over them. Said false impression was made with knowledge of its falsity and with a fraudulent intent. Said impression and representation was to an existing fact which is material and Plaintiffs reasonably relied upon that false impression to their injury.

## COMMON LAW FRAUD

26.     Plaintiff further shows that Defendants made material false representations to Plaintiff with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and that Plaintiff relied on these representations to her detriment.

27.     Plaintiff would further show that Defendants concealed or failed to disclose material facts within the knowledge of Defendants, that Defendants knew that Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendants intended to induce Plaintiff to enter into the transaction made the basis of this suit by such concealment or failure to disclose.

28.     As a proximate result of such fraud, Plaintiff sustained the damages described more fully herein below.

## NEGLIGENT MISREPRESENTATION

29.     Plaintiff would show that Defendants supplied false information in the course of their business, profession or employment, or in the course of a transaction in which Defendants have a pecuniary interest, and that such information was supplied by Defendants for the guidance of Plaintiff in the transactions described hereinabove. Defendants failed to exercise reasonable care or competence in obtaining or communicating such information. Plaintiff avers that Plaintiff suffered pecuniary loss, described more fully hereinbelow, which was proximately caused by Plaintiff's justifiable reliance on such information.

30.     Plaintiff therefore asserts a cause of action for negligent misrepresentation against Defendants, as provided by Federal Land Bank Association of Tyler v. Sloane, 825 S.W.2d 439 (Tex. 1991).

## ECONOMIC AND ACTUAL DAMAGES

31.    Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described hereinabove:

    (a)    Out-of-pocket expenses, including but not limited to the purchase price of the water

    (b)    Loss of the "benefit of the bargain."

## MULTIPLE DAMAGES

32.    Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

33.    Plaintiff further avers that such acts, practices, and/or omissions were committed "intentionally" in that Defendants specifically intended that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

34.    Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

## CLASS ACTION

35.    Plaintiff requests that the Court enter an order under Rule 42 of the Texas Rules of Civil Procedure permitting the maintenance of this lawsuit as a class action, and authorizing Plaintiff to represent the following class:  all persons who have or purchased and consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured Coca Cola.  (herein, the "Class Plaintiffs").

36.    In this regard, Plaintiff would show the following:  (a) the Class Plaintiffs are so

numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the class; (c) the claims of Plaintiff are typical of the claims of the Class Plaintiffs; and (d) Plaintiff will fairly and adequately protect the interests of the class.

37.     Plaintiff would further show that this lawsuit is maintainable as a class action with respect to the Class Plaintiffs in that:

(a)     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to the individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

(b)     The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

(c)     The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief to the class as a whole.

## ATTORNEY'S FEES

38.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by common law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of



the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law,

attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled

at law or in equity, whether pled or unpled.

Respectfully submitted,

THE COX LAW FIRM, P.C.

By: _____
JONATHAN H. COX
Texas Bar No. 24007047
402 MAIN ST., 3 SOUTH
HOUSTON, TX 77002
Tel. (713) 752-2300
Fax. (713)752 2812
Attorney for Plaintiffs


**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

# EXHIBIT
# G

NO. 2007-46796

| | | |
|---|---|---|
| CHRISTINA VILLA, REGINA | § | IN THE DISTRICT COURT |
| KELLY, WANDA R. BANKS, | § | |
| RICHARD BANKS, KATHY JONES | § | |
| BANKS, EMMA WILLIAMS, | § | |
| SAMANTHA TOWNSEND, | § | |
| LAWANDA HOLTS, MARY BREWSTER, | § | |
| ROSALIND BASILE, JOHNNIE MAY BYRD, | § | |
| CAROLYN HAYES, LINDA WALKER, | § | |
| DASHA ALEXANDER | § | 157TH JUDICIAL DISTRICT |
|     Plaintiffs, | § | |
| Vs. | § | |
| | § | |
| PEPSI CO., INC. AND THE COLA COLA | § | |
| COMPANY INC. | § | |
|     Defendants. | § | OF HARRIS COUNTY, TEXAS |

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:   Plaintiffs, by and through their attorney of record, Jonathan H. Cox, The Cox Law Firm, P.C., 402 Main Street, 3 South, Houston, Texas 77002.

Honorable Judge Randy Wilson.

Mr. Charles Bacarisse
District Clerk
Harris County Courthouse
201 Caroline Street
Houston, Texas 77002]

Defendant Pepsi Co., Inc. hereby gives notice to the parties referenced above, pursuant to 28 U.S.C. § 1446(d), of the filing of a notice of removal in both federal and state court, removing this cause of action from the 157th District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.  A copy of the Notice of Removal is attached hereto as Exhibit A.

Respectfully submitted,

SUSMAN GODFREY L.L.P.

By: _____

Johnny W. Carter
State Bar No. 00796312
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666

Attorneys for Pepsi Co., Inc.

2

## CERTIFICATE OF SERVICE

This is the certify that on this the 20th day of September, 2007, a true and correct copy of the above and foregoing instrument was properly forwarded to the following counsel of record in accordance with Rule 21 of the Texas Rules of Civil Procedure as indicated below:

Jonathan H. Cox
The Cox Law Firm, P.C.
402 Main Street, 3 South
Houston, Texas 77002

*Attorney for Plaintiff*

L. Joseph Loveland, Esq.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA  30309-3521

Kevin D. Mohr, Esq.
Ben Pollock, Esq.
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, TX  77002

*Attorneys for Defendant Coca Cola Company*

Johnny W. Carter

3

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | Civil Action No. _____ |
| v. ) ) | |
| PEPSICO., INC and THE COCA COLA COMPANY INC. ) ) ) | |
| Defendants. ) ) | |

---

### NOTICE OF REMOVAL

---

TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

Jonathan H. Cox
The Cox Law Firm, P.C.
402 Main Street, 3 South
Houston, TX 77002
Attorney for Plaintiffs

Pursuant to 28 U.S.C.§§ 1332, 1441, 1446, and 1453, defendant, PepsiCo, Inc.

("PepsiCo") files this Notice of Removal of the civil action filed by Plaintiffs to the United

States District Court for the Southern District of Texas, Houston Division. Defendant PepsiCo

expressly reserves all of its rights to the Plaintiffs' claims, including but not limited to its right to


EXHIBIT " A "

object to venue in this District and its rights to move, abate, or dismiss this lawsuit on any and all grounds whatsoever. In support of its Notice of Removal, Defendant PepsiCo states as follows:

## NATURE OF THE STATE COURT ACTION

1. Defendant PepsiCo has been sued in a proposed class action captioned, *Christina Villa, Regina Kelly, Wanda R. Banks, Richard Banks, Kathy Jones Banks, Emma Williams, Samantha Townsend, Lawanda Holts, Mary Brewster, Rosalind Basile, Johnnie Mae Byrd, Carolyn Hayes, Linda Walker, Dasha Alexander v. Pepsi Co., Inc and The Coca Cola Company Inc.*, as Cause No. 2007-46796, in the District Court of the 157th Judicial District of Harris County, Texas (the "State Court Action").

2. The Complaint, filed August 2, 2007, seeks certification of a class of persons to redress allegations of common law fraud and negligent misrepresentation. All pleadings and answers to such pleadings for Cause No. 2007-46796 are attached hereto, and incorporated herein by reference. *See* Local Rule 81(2).

3. The Plaintiffs demand a trial by jury in the State Court Action.

4. Pursuant to 28 U.S.C.§ 1446(b) this Notice of Removal is timely filed.

## REMOVAL UNDER 28 U.S.C. §§ 1332, 1453

5. This action is removable under the Class Action Fairness Act, 28 U.S.C. § 1453(b), as one over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because (i) it is a civil action, (ii) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and (iii) is a class action in which any member of the class of plaintiffs is a citizen of a State different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

2

6.    The Plaintiffs filed this class action Complaint under Rule 42 of the Texas Rules of Civil Procedure, which authorizes an action to be brought by one or more representative persons as a class action suit. *See* Complaint, Exhibit 2, at ¶¶ 35-37.

7.    The Complaint alleges that the proposed class consists of individuals "so numerous that joinder of all members is impracticable." *Id.* at ¶ 36.

8.    The Complaint alleges that the members of the Class include "all persons who have or [sic] purchased and consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured Coca Cola [sic]." *Id.* at ¶ 35.

9.    Although Plaintiffs do not plead specific damages on behalf of themselves or the class members, the amount in controversy, based upon the number of proposed class representatives, the claim concerning the size of the class, and the award sought of compensatory and punitive damages, including multiple damages under 17.50(b)(1) of the Texas Business and Commerce Code, in the aggregate, is in excess of $5,000,000, exclusive of interests and costs because:

a.    Plaintiffs allege that the class they seek to represent consists of "all persons who have or [sic] purchased and consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured Coca Cola [sic]." *Id.* at ¶ 35.

b.    Plaintiffs did not limit the class members based upon their state of residence.

c.    Plaintiffs do not allege any specific time period for the damages, and it is more likely than not that they will try to claim damages during the largest period permitted to them by law.

3

d.  Plaintiffs allege, *inter alia*, that Defendants misled consumers by failing to disclose that the water for Aquafina and Dasani products "is obtained from the same sources as tap water which is readily available to the public for no cost," (*id.* at ¶ 23) and they may argue that the class is entitled to recover the full amount (or very close to the full amount) that consumers paid overall for Aquafina and Dasani during any certified class period. *Id.* at ¶ 31 (seeking "Out-of-pocket expenses, including but not limited to the purchase price of the water"[sic]).

e.  Plaintiffs are also seeking "multiple damages." *Id.* at ¶¶ 32-34.

f.  Plaintiffs may seek further punitive damages from Defendants. *Id.* at Prayer (seeking "such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.")

g.  Thus, Plaintiffs have placed in controversy an amount that in the aggregate exceeds $5,000,000, exclusive of interest and costs.

10.  Based on Plaintiffs allegations in the Complaint, Plaintiffs and Defendants are not citizens of the same state. Plaintiffs allege that they are all residents of Texas. *Id.* at ¶¶ 2-14. Plaintiffs allege that Defendant PepsiCo is a North Carolina corporation with its principal place of business in New York State, and Defendant Coca-Cola is a Delaware corporation with its principal place of business in Georgia. *Id.* at ¶¶ 15-16. Plaintiffs have therefore alleged that PepsiCo is a citizen of North Carolina and New York, and Coca-Cola is a citizen of Delaware and Georgia. *See* 28 U.S.C. § 1332(c)(1).

11.  Because this is a civil action in which the matter in controversy exceeds the sum or value of $5,000,000 and is a class action in which any member of the class of plaintiffs is a

4

citizen of a State different from any defendant, the requirements for removal under 28 U.S.C. §§ 1332(d)(2) and 1453(b) are satisfied.

12.  Upon filing this Notice of Removal, Defendant PepsiCo will properly serve the Plaintiffs, through their counsel of record, and all other parties, with written notification of such removal and will file a Notice of Removal with the Clerk of the District Court of the 157th Judicial District of Harris County, Texas.  28 U.S.C. § 1446(d).

13.  In the event this Court should have any questions about the propriety of removal or may be inclined to remand this action, Defendants respectfully request that the Court issue an order to show cause why the case should not be remanded, affording the parties an opportunity to provide the Court with full briefing and argument.

14.  Defendant Coca-Cola Company, Inc. has filed Special Exceptions and Original Answer on September 17, 2007.  No motions filed by any party are pending in the State Court Action.

15.  Pursuant to Local Rule 81 and 28 U.S.C. 1446(a), PepsiCo attaches all available documents which are required to be attached:

Exhibit 1:    An index of matters being filed (Local Rule 81(5));

Exhibit 2:    Plaintiffs' Original Petition (Local Rule 81(2));

Exhibit 3:    Coca Cola Company's Special Exceptions and Original Answer (Local Rule 81(2));

Exhibit 4:    The docket sheet (Local Rule 81(4)).

Exhibit 5:    A list of all counsel of record, including addresses, telephone numbers and parties represented (Local Rule 81(6)); and

WHEREFORE, Defendant PepsiCo respectfully requests that this Court enter such orders and grant such further relief as may be necessary to secure the removal of the State Court

5

Action from the District Court of the 157th Judicial District of Harris County, Texas, under the

referenced docket number, to the United States District Court for the Southern District of Texas,

Houston Division, and for such further relief as the Court considers appropriate.

Respectfully submitted,

SUSMAN GODFREY L.L.P.

BY: /s/ Johnny W. Carter
Johnny W. Carter
S.D. Texas Bar No. 21988
1000 Louisiana Street, Suite 5100
Houston, TX  77002-5096
Tel: (713) 651-9366
Fax: (713) 654-6666

*Attorneys for Defendant PepsiCo, Inc.*

6

## CERTIFICATE OF SERVICE

I certify that on the 20th day of September 2007, a copy of the foregoing NOTICE OF REMOVAL was served upon the following counsel of record:

Jonathan H. Cox, Esq.
402 Main St., 3 South
Houston, TX 77002

*Attorney for Plaintiffs*

L. Joseph Loveland, Esq.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA  30309-3521

Kevin D. Mohr, Esq.
Ben Pollock, Esq.
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, TX  77002

*Attorneys for Defendant Coca Cola Company*

/s/ Johnny W. Carter
Johnny W. Carter

7

798559v1/010424

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. _____ |
| v. | ) ) | |
| PEPSICO., INC and THE COCA COLA COMPANY INC. | ) ) ) | |
| Defendants. | ) ) ) | |

## INDEX OF MATTERS BEING FILED

Exhibit 1:    An index of matters being filed (Local Rule 81(5));

Exhibit 2:    Plaintiffs' Original Petition (Local Rule 81(2));

Exhibit 3:    Coca Cola Company's Special Exceptions and Original Answer (Local Rule 81(2));

Exhibit 4:    The docket sheet (Local Rule 81(4)).

Exhibit 5:    A list of all counsel of record, including addresses, telephone numbers and parties represented (Local Rule 81(6))

Aug. 2. 2007  5:31PM                                    No.8437   P. 4

2007-46796

NO. _____

| | | |
|---|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER | § | IN THE DISTRICT COURT |
| Plaintiffs, | | |
| | § | |
| V. | § | |
| | § | 157 JUDICIAL DISTRICT |
| PEPSI CO., INC AND THE COCA COLA COMPANY INC. | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

ASSESSED

ENTERED_____
VERIFIED_____

FILED
CHARLES BACARISSE
District Clerk
AUG 2 - 2007

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Christina Villa, Regina Kelly, Samantha Townsend, Johnnie Mae Byrd, Emma Williams, Mary Brewster, Wanda R. Banks, Richard Banks, Kathy Jones Banks, Carolyn Hayes, Dasha Alexander, Linda Walker, Lawanda Holts, Rosalind Basile, Individually hereinafter called Plaintiffs, complaining of and about Pepsi Co, Inc and The Coca Cola Company, Inc., hereinafter called Defendants, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.  Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.  Plaintiff, Christina Villa, is an Individual whose address is 521 N. Sam Houston

Parkway E. Ste. 425 Houston, Tx 77060.

3.    Plaintiff, Regina Kelly, is an Individual whose address is PO Box 451046 Houston, Tx 77245

4.    Plaintiff, Wanda Banks, is an Individual whose address is 6203 Agasi Ace Ct. Spring Tx 77379

5.    Plaintiff, Rosalind Basile, is an Individual whose address is 4855 W. Fuqua #508 Houston, Tx 77053

6.    Plaintiff, Emma Williams, is an Individual whose address is 3800 County Road 94 #1208 Manvel, Tx 77578

7.    Plaintiff, Richard Banks, is an Individual whose address is PO Box 11562 Spring, Tx 77391

8.    Plaintiff, Kathy Jones Banks, is an Individual whose address is 14150 Wunderlick Dr. Houston, Tx 77069

9.    Plaintiff, Samantha Townsend, is an Individual whose address is 3830 Southmore Houston, Tx 77004

10.    Plaintiff, Carolyn Hayes, is an Individual whose address is 12603 Laelu Houston, Tx 77074

11.    Plaintiff, Dasha Alexander, is an Individual whose address is 802 Shiremeadow Missouri City, Tx 77489

12.    Plaintiff, Linda Walker, is an Individual whose address is 7500 Bellerive # 2528 Houston, Tx 77036

13.    Plaintiff, Mary Brewster, 16606 Lonesome Quail Missouri City, Texas 77489

14.    Plaintiff, Lawanda Holts, is an Individual whose address is 2715 Green Meadow

Missouri City, Tx 77489

15.     Defendant PEPSI CO., INC, is a Foreign Corporation based in North Carolina,
and maintains its principal executive offices at 700 Anderson Hill Road, Purchase, New York,
10577, and transacts business in the State of Texas and the County of Harris. Pursuant to article
2.11(B) of the Business Corporation Act, or its successor statute, section 5.251(1)(A) of the
Texas Business Organizations Code, service may be effected upon Defendant PEPSI CO., INC
by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O.
Box 12079, Austin, Texas 78711-2079.

16.     Defendant THE COCA COLA CO.,  is a Delaware corporation, and maintains
its principal executive offices at One Coca-Cola Plaza, Atlanta, Georgia, 30313, and transacts
business in the State of Texas and the County of Harris. Service may be effected upon
Defendant THE COCA COLA CO. by serving its registered agent CT Corporation , 350 N. St.
Paul Street, Dallas, Texas 75201.

<div align="center">**JURISDICTION AND VENUE**</div>

17.     The subject matter in controversy is within the jurisdictional limits of this court.

18.     This court has jurisdiction over Defendant PEPSI CO, INC., because said Defendant
purposefully availed itself of the privilege of conducting activities in the State of Texas and
established minimum contacts sufficient to confer jurisdiction over said Defendant, and the
assumption of jurisdiction over The PEPSI CO, INC., will not offend traditional notions of fair play
and substantial justice and is consistent with the constitutional requirements of due process.

19.     Plaintiffs would show that Defendant PEPSI CO, INC., had continuous and
systematic contacts with the State of Texas sufficient to establish general jurisdiction over said

Defendant.

20.    This court has jurisdiction over Defendant The Coca Cola Company, Inc., because said Defendant purposefully availed herself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over The Coca Cola Company, Inc. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

21.    Plaintiffs would show that Defendant The Coca Cola Company, Inc. had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

22.    Venue in HARRIS County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## OVERVIEW OF THE CASE

23.    This class action seeks redress for a nationwide scheme of consumer misrepresentation practices by Pepsi Co., Inc. ("Pepsi") and The Coca Cola Company, Inc. ("Coca-Cola) (Defendants are hereinafter collectively referred to as "Defendants") related to the marketing, labeling, and sale of bottled water. This complaint is brought on behalf of all persons who have or purchased and consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured Coca Cola. Plaintiffs seek compensatory damages and other remedies for Defendants' fraudulent, unfair and deceptive acts and practices described herein in connection with

the marketing, labeling and sale of Aquafina and Dasani bottled water. Specifically, Plaintiffs allege that Defendants' knowingly engaged in misleading marketing practices, including not clearly identifying on the labels of their respective bottled waters, that the source of the water is the same source as public water, resulting in misleading Plaintiffs that said water comes from spring sources. Plaintiffs further allege that Defendants online information misrepresents and purposely obscures the fact that the water is obtained from the same sources as tap water which is readily available to the public for no cost.   Plaintiffs allege that Pepsi's decision to label its Aquafina bottled water as "P.W.S.", and provide on its online site that its water is from "a source regulated by the EPA" is a knowing act designed to mislead and/or create a likelihood of confusion as to the source, standard, grade, characteristics and quality of its product. Plaintiffs allege that Coca Cola's label of "purified" water, and its online site information that its water is from "local sources" is a knowing act designed to mislead and/or create a likelihood of confusion as to the source, standard, quality, grade, characteristics and quality of its product.

24.    Defendants engaged in unfair and deceptive conduct in which they purposely caused the likelihood of confusion or misunderstanding as to the source, standard, grade, characteristics and quality of their goods, and engaged in acts and practices which were deceptive to the consumer and to other persons.

25.    Defendants intentionally created a false impression by their marketing schemes designed to mislead Plaintiffs or to obtain an undue advantage over them. Said false impression was made with knowledge of its falsity and with a fraudulent intent. Said impression and representation was to an existing fact which is material and Plaintiffs reasonably relied upon that false impression to their injury.

### COMMON LAW FRAUD

26.    Plaintiff further shows that Defendants made material false representations to Plaintiff with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and that Plaintiff relied on these representations to her detriment.

27.    Plaintiff would further show that Defendants concealed or failed to disclose material facts within the knowledge of Defendants, that Defendants knew that Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendants intended to induce Plaintiff to enter into the transaction made the basis of this suit by such concealment or failure to disclose.

28.    As a proximate result of such fraud, Plaintiff sustained the damages described more fully herein below.

### NEGLIGENT MISREPRESENTATION

29.    Plaintiff would show that Defendants supplied false information in the course of their business, profession or employment, or in the course of a transaction in which Defendants have a pecuniary interest, and that such information was supplied by Defendants for the guidance of Plaintiff in the transactions described hereinabove. Defendants failed to exercise reasonable care or competence in obtaining or communicating such information. Plaintiff avers that Plaintiff suffered pecuniary loss, described more fully hereinbelow, which was proximately caused by Plaintiff's justifiable reliance on such information.

30.    Plaintiff therefore asserts a cause of action for negligent misrepresentation against Defendants, as provided by Federal Land Bank Association of Tyler v. Sloane, 825 S.W.2d 439 (Tex. 1991).

### ECONOMIC AND ACTUAL DAMAGES

31.     Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described hereinabove:

> (a)     Out-of-pocket expenses, including but not limited to the purchase price of the water
>
> (b)     Loss of the "benefit of the bargain."

### MULTIPLE DAMAGES

32.     Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

33.     Plaintiff further avers that such acts, practices, and/or omissions were committed "intentionally" in that Defendants specifically intended that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

34.     Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

### CLASS ACTION

35.     Plaintiff requests that the Court enter an order under Rule 42 of the Texas Rules of Civil Procedure permitting the maintenance of this lawsuit as a class action, and authorizing Plaintiff to represent the following class:  all persons who have or purchased and consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured Coca Cola, (herein, the "Class Plaintiffs").

36.     In this regard, Plaintiff would show the following:  (a) the Class Plaintiffs are so

numerous that joinder of all members is impracticable; (b) there are questions of law or fact common

to the class; (c) the claims of Plaintiff are typical of the claims of the Class Plaintiffs; and (d)

Plaintiff will fairly and adequately protect the interests of the class.

37.    Plaintiff would further show that this lawsuit is maintainable as a class action with

respect to the Class Plaintiffs in that:

(a)    The prosecution of separate actions by individual members of the class would
create a risk of inconsistent or varying adjudications with respect to the individual members
of the class which would establish incompatible standards of conduct for the party opposing
the class.

(b)    The prosecution of separate actions by individual members of the class would
create a risk of adjudications with respect to individual members of the class which would as
a practical matter be dispositive of the interests of the other members not parties to the
adjudications or substantially impair or impede their ability to protect their interests.

(c)    The party opposing the class has acted or refused to act on grounds generally
applicable to the class, thereby making appropriate final injunctive relief or corresponding
declaratory relief to the class as a whole.

### ATTORNEY'S FEES

38.    Request is made for all costs and reasonable and necessary attorney's fees incurred by

or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to

the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as

provided by common law.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs, respectfully prays that the

Defendants be cited to appear and answer herein, and that upon a final hearing of the cause,

judgment be entered for the Plaintiff against Defendants, jointly and severally, for the economic and

actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of



the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law,

attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled

at law or in equity, whether pled or unpled.

Respectfully submitted,

THE COX LAW FIRM, P.C.

By:

JONATHAN H. COX
Texas Bar No. 24007047
402 MAIN ST., 3 SOUTH
HOUSTON, TX 77002
Tel. (713) 752-2300
Fax. (713)752-2812
Attorney for Plaintiffs

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

# KING & SPALDING

King & Spalding LLP
1100 Louisiana Street, Suite 4000
Houston, Texas 77002-5213
Main: 713/751-3200
Fax: 713/751-3290

Kevin D. Mohr
Direct Dial: 713.276.7428
Direct Fax: 713/751-3290
kmohr@kslaw.com

September 17, 2007

*HAND DELIVERY*

Mr. Charles Bacarisse
Harris County District Clerk
201 Caroline, Room 110
Houston, Texas 77002

RE:    Cause No. 2007-06392; *Christina Villa, et al v. Pepsico, Inc., and the Coca Cola
       Co.; In the District Court 157th Judicial District of Harris County, TX*

Dear Mr. Bacarisse:

Enclosed for filing please find the original and one copy Coca Cola Company's Special
Exceptions and Original Answer.

Please indicate the date of filing by placing your file stamp on the enclosed extra copy
and returning it to our courier.

By copy of this letter, a true and correct copy of the foregoing filing has been forwarded
to all counsel of record.

Very truly yours,

Kevin D. Mohr

KDM/db
Enclosure

cc:    Jonathan Cox
       402 Main St., 3 South
       Houston, TX 77002

CAUSE NO. 2007-06392

| | | |
|---|---|---|
| CHRISTINA VILLA, ET AL., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 157TH JUDICIAL DISTRICT |
| | § | |
| PEPSICO., INC., AND THE COCA | § | |
| COLA COMPANY, | § | |
| | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

## COCA COLA COMPANY's SPECIAL EXCEPTIONS AND ORIGINAL ANSWER

Defendant Coca Cola Company ("Coca Cola") files its Special Exceptions and Original Answer to the claims asserted in Plaintiffs' Original Petition (the "Petition"), and in support thereof would respectfully show the Court the following:

### SPECIAL EXCEPTIONS

1.     Pursuant to Rule 91 of the Texas Rules of Civil Procedure, Coca Cola specially excepts to the Petition and asks this Court to dismiss Plaintiffs' claims with prejudice. Plaintiffs' claims are expressly preempted by Section 403A of the Food, Drug & Cosmetic Act, which prohibits states from "directly or indirectly establish[ing]…any requirement for a food which is the subject of a [federal] standard of identity…that is not identical to such standard of identity," unless the state first obtains an exemption from the Food and Drug Administration ("FDA"). 21 U.S.C. § 343-1. The FDA has promulgated a standard of identity for bottled water that establishes, among other things, when water may be described as "purified" and when the source of the water must be identified. *See* 21 C.F.R. § 165.110. Plaintiffs' Petition does not assert that Coca-Cola sold water labeled as "purified" that does not comply with the FDA's standard of identity for purified water. Rather, the Petition alleges that Coca Cola violated state law by

selling water labeled as "purified" without including additional information about the water's source. Because the FDA has specifically decided *not* to require the information that the Petition asserts Coca Cola should have included, Plaintiffs' Petition seeks to establish a state-law requirement for bottled water that is not identical to the standard of identity established by the FDA. No applicable exception has been granted by the FDA, and thus, Plaintiffs' claims are expressly preempted by 21 U.S.C. § 343-1. Coca Cola will submit a memorandum of law in support of this Special Exception.

2.      Coca Cola specially excepts to paragraphs 32-34 of the Petition, which seek "multiple damages" as provided by Section 17.50(b)(1) of the Texas Business and Commerce Code. That statute authorizes the imposition of multiple damages under limited circumstances "[i]n a suit filed under this section...." *See* Tex. Bus. & Com. Code § 17.50(b). Plaintiffs have not asserted a claim under Section 17.50 of the Texas Business and Commerce Code, and thus cannot recover multiple damages under Section 17.50(b)(1) of that statute.

## GENERAL DENIAL

3.      Subject to its Special Exception, and pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant Coca Cola denies generally each and every allegation in Defendant's Original Petition and demands strict proof thereof.

## DEFENSES

4.      Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

5.      Any award of punitive or multiple damages in this case would violate the Due Process Clause, Equal Protection Clause, and/or the Excessive Fines Clause of the United States Constitution and Texas Constitution.

2

6.    Any claim for punitive or multiple damages is penal in nature and Coca Cola is entitled to the same procedural safeguards afforded to criminal defendants under the Fourteenth Amendment of the Constitution of the United States and of the Constitution of the State of Texas, including the requirement of proof beyond a reasonable doubt.

7.    Any claim for punitive or multiple damages is barred to the extent that Plaintiffs do not satisfy the standards for recovery described in Chapter 41 of the Texas Civil Practice and Remedies Code. Defendants adopt and incorporate herein all defenses available to it under Chapter 41 of the Texas Civil Practice and Remedies Code.

WHEREFORE, Defendant Coca Cola Company prays that Plaintiffs take nothing, that this Court dismiss Plaintiffs' claims with prejudice, and that the Court grant any and all other relief that it may deem appropriate.

Respectfully submitted,

KING & SPALDING LLP

L. Joseph Loveland
Texas Bar No. 00792154
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100

Kevin D. Mohr
Texas Bar No. 24002623
Ben Pollock
Texas Bar No. 24056150
1100 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
Fax: (713) 751-3290

ATTORNEYS FOR DEFENDANT
COCA COLA COMPANY

3

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2007, a true and correct copy of the above and foregoing instrument was served to counsel for Plaintiff in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure by certified mail addressed as follows:

Jonathan H. Cox
402 Main St., 3 South
Houston, TX 77002

_Kevin D. Mohr_
Kevin D. Mohr

4

**2007-46796**

FILED: ___08/02/2007___

GENERAL ORDER OF THE COURT ___157TH___

VILLA, CHRISTINA
                    PLAINTIFFS

COX, JONATHAN H.

                                          Attorney

## NATURE OF ACTION

DTPA-DECEPTIVE TRADE PRACTICE

                    VS.

PEPSI CO INC

        DEFENDANTS

                              Attorney

SURETIES ON COST BOND:

Jury Fee Paid By:

**SETTINGS**

CVXDT03 Revised 10/22/00  CVXDT



STATE OF TEXAS
COUNTY OF HARRIS

I, Charles Bacarisse, District Clerk of Harris County,
Texas, do hereby certify that the foregoing data is a
true and correct copy of the original record, now
in my lawful custody and possession as appears
of record in my office and/or:

a) filed on _____

b) recorded under Vol. _____ Page _____
in the Minutes of said Court.

c) abstracted from the original record in my
possession, electronically stored and/or kept
and pertaining to the above styled cause or
in reference to cause number _____

d) abstracted from the original record in my
possession, electronically stored and/or kept
and pertaining to _____

from _____ to the present date.

Witness my official hand and seal of office this _____

_____
CHARLES BACARISSE, DISTRICT CLERK
Harris County, Texas

By _____, Deputy

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | Civil Action No. _____ |
| v. ) ) | |
| PEPSICO., INC and THE COCA COLA COMPANY INC. ) ) ) | |
| Defendants. ) ) | |

---

**LIST OF ALL COUNSEL OF RECORD**

---

Attorney for Plaintiffs:

Jonathan H. Cox, Esq.
402 Main St., 3 South
Houston, TX 77002
Telephone: 713-752-2300
Facsimile: 713-752-2812

Attorneys for Defendant PepsiCo, Inc.:

Johnny W. Carter
Susman Godfrey L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: 713-651-9366
Facsimile: 713-654-6666

Attorneys for Defendant Coca Cola:

L. Joseph Loveland, Esq.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA  30309-3521
Telephone:  404-572-4600
Facsimile:  404-572-5100

Kevin D. Mohr, Esq.
Ben Pollock, Esq.
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, TX  77002
Telephone:  713-751-3200
Facsimile:  713-751-3290

2

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CHRISTINA VILLA, REGINA KELLY, WANDA R. BANKS, RICHARD BANKS, KATHY JONES BANKS, EMMA WILLIAMS, SAMANTHA TOWNSEND, LAWANDA HOLTS, MARY BREWSTER, ROSALIND BASILE, JOHNNIE MAE BYRD, CAROLYN HAYES, LINDA WALKER, DASHA ALEXANDER | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 4:07-cv-3060 |
| v. | ) ) | |
| PEPSICO., INC and THE COCA COLA COMPANY INC. | ) ) ) | |
| Defendants. | ) ) ) | |

**SUPPLEMENTAL NOTICE OF REMOVAL**

Defendant PepsiCo, Inc. ("PepsiCo") files this Supplemental Notice of Removal.

1.     On September 20, 2007, PepsiCo filed a Notice of Removal.

2.     PepsiCo attached to the Notice of Removal all available documents which were required to be attached pursuant to Southern District of Texas Local Rule 81.

3.     Plaintiffs purported to serve PepsiCo through substituted service on the Texas Secretary of State.  An executed citation was not available to PepsiCo at the time PepsiCo removed.  The state court file clerks did not receive the return of service on the Texas Secretary of State until September 21, 2007.

4.    PepsiCo has now obtained the citation and return of service and is filing them pursuant to Local Rule 81(1).

5.    PepsiCo is also filing the citation and return of service on The Coca Cola Company Inc.

6.    This Supplemental Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

<div style="margin-left: 50%;">

Respectfully submitted,

SUSMAN GODFREY L.L.P.

BY: /s/ Johnny W. Carter
Johnny W. Carter
S.D. Texas Bar No. 21988
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Tel: (713) 651-9366
Fax: (713) 654-6666

*Attorneys for Defendant PepsiCo, Inc.*

</div>

### CERTIFICATE OF SERVICE

I certify that on the 21st day of September 2007, a copy of the foregoing SUPPLEMENTAL NOTICE OF REMOVAL was served upon the following counsel of record:

Jonathan H. Cox, Esq.
402 Main St., 3 South
Houston, TX 77002
*Attorney for Plaintiffs*

L. Joseph Loveland, Esq.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521

2

Kevin D. Mohr, Esq.
Ben Pollock, Esq.
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, TX  77002
*Attorneys for Defendant Coca Cola Company*

/s/ Johnny W. Carter

Johnny W. Carter

3

CAUSE NO. 200746796                    51

71 1563 6453 1200 0200 95

RECEIPT NO. 333881          65.00          CO1
08-02-2007                 TR # 72211684

PLAINTIFF: VILLA, CHRISTINA                      In The  157th
   vs.                                          Judicial District Court
DEFENDANT: PEPSI CO INC          No 106          of Harris County, Texas
                                                 157TH DISTRICT COURT
                                                 Houston, TX

CITATION (SECRETARY OF STATE FOREIGN CORPORATION)

THE STATE OF TEXAS
County of Harris

TO: PEPSI CO INC (FOREIGN CORPORATION) BY SERVING THE SECRETARY OF STATE
   OF TEXAS STATUTORY DOCUMENTS SECTION CITATIONS UNIT P O BOX 12079
   AUSTIN TEXAS 78711-2079
   FOWARD TO
   700 ANDERSON HILL ROAD   PURCHASE NY 10577

CERTIFIED MAIL

   Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>2nd day of August, 2007</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
   This citation was issued on 10th day of August, 2007, under my hand and
seal of said Court.

Issued at request of:                CHARLES BACARISSE, District Clerk
COX, JONATHAN H.                     Harris County, Texas
402 MAIN ST #3SOUTH                  301 Fannin       Houston, Texas 77002
HOUSTON, TX 77002                    (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 752-2300
Bar No.: 24007047                    GENERATED BY: GILLESPIE, JACQUELYN   2MA/IOJ/7917907

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____ .M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock _____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____ copy(ies) of the
                                                                         Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

Fee: $_____                     _____

                                     _____ of _____ County, Texas

_____      By _____
      Affiant                                    Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
      Notary Public

N.INT.SECC.P

JACK F. ABERCIA, CONSTABLE
PRECINCT NUMBER ONE
HARRIS COUNTY, TEXAS

MAIN OFFICE
P.O. BOX 52578
HOUSTON, TEXAS 77052-2578
(713) 755-5200  FAX (713) 755-8951

ANNEX OFFICE
7300 NORTH SHEPHERD
HOUSTON, TEXAS 77091
(713) 697-3600  FAX (713) 697-3649

### OFFICER'S RETURN FOR CERTIFIED MAIL

Received this CITATION, case #__200746796__ on the __15TH__ *day* of __AUGUST__ __2007__ at __4:11 P.M.__ Executed at __PO BOX 12079 AUSTIN, TX 78701__ by mailing to the within name __PEPSI CO INC BY SERVING THE SECRETARY OF STATE OF TEXAS STATUTORY DOCUMENTS SECTION CITATIONS UNIT__ AND by delivering to __BRENDA RUIZ__ on *the* __20TH__ *day of* __AUGUST__ __2007__ BY REGISTERED/**CERTIFIED MAIL** WITH DELIVERY RESTRICTED TO ADDRESSEE ONLY, a true copy of this citation together with a copy of PLAINTIFF'S ORIGINAL PETITION

FEE : $65.00

JACK F. ABERCIA, CONSTABLE
PCT #1, HARRIS COUNTY TX

DEPUTY: _____ #/832



**UNITED STATES**
**POSTAL SERVICE.**

Date Produced: 08/27/2007

HARRIS COUNTY CONSTABLE

The following is the delivery information for Certified item number 7115 6364 5312 0002 0095.
Our records indicate that this item was delivered on 08/20/2007 at 11:56 a.m. in AUSTIN, TX,
78711 to B RUIZ

Signature of Recipient:

Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs.  If you require additional
assistance, please contact your local post office or Postal Service representitive.

Sincerely,

United States Postal Service

The customer reference number shown below is not validated or endorsed by the United
States Postal Service.  It is solely for customer use.

Customer Reference Number: 200000000002010

STATE OF TEXAS
COUNTY OF HARRIS

I, Charles Bacarisse, District Clerk of Harris County,
Texas, do hereby certify that the foregoing data is a
true and correct copy of the original record, now
in my lawful custody and possession as appears
of record in my office and/or:

a) filed on _____

b) recorded _____ at _____ page _____
   in the _____ of said Court;

c) abstracted from the original _____ in my lawful
   possession, ___ electronic or ___ stored in digital form
   and pertaining to cause number _____ , of
   in reference to cause number

d) abstracted from the original record in my lawful
   possession, ___ electronic or ___ stored in digital form
   and pertaining _____

from _____ to the present date.

Witness my official hand and seal of office this
_____

CHARLES BACARISSE, DISTRICT CLERK
Harris County, Texas

By _____ Deputy

RE___T NUMBER ___333881___ | ___65.00___
TRACKING NUMBER ___7221/1685___ C01

CAUSE NUMBER ___200746796___

| | |
|---|---|
| **PLAINTIFF:** VILLA, CHRISTINA | **In The** 157th |
| vs. | **Judicial District Court of** |
| **DEFENDANT:** PEPSI CO INC | **Harris County, Texas** |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

# CERTIFIED MAIL

TO: COCA COLA CO (DELAWARE CORPORATION) BY SERVING ITS REGISTERED AGENT
CT CORPORATION

350 N ST PAUL STREET   DALLAS TX 75201

NO MO

Attached is a copy of __PLAINTIFF'S ORIGINAL PETITION__

This instrument was filed on the ___2nd___ day of ___August___, 20 __07__, in the
above cited cause number and court. The instrument attached describes the claim against you.

   **YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

   **This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ___10th___ day of
_____August_____, 20 __07__.

*Charles Bacarrise*

**CHARLES BACARISSE, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O. Box 4651, Houston, Texas 77210**

Issued at request of:
   COX, JONATHAN H.
   402 MAIN ST #3SOUTH
   HOUSTON, TX 77002
   Tel: (713) 752-2300
   Bar Number:   24007047

Generated by: GILLESPIE, JACQUELYN    2MA/IOJ/7917

---

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _____ day of _____, 20____, at_____ o'clock____.M., endorsed
the date of delivery thereon, and executed it at _____
<div align="center">(street address)                                    (city)</div>

in _____ County, Texas on the _____ day of _____, 20____, at _____ o'clock ____.M.,
by delivering to _____, by delivering to its
<div align="center">(the defendant corporation named in citation)</div>

_____, in person, whose name is _____,
(registered agent, president, or vice-president)

a true copy of this citation, with a copy of the _____ Petition attached,
<div align="center">(description of petition, e.g., "Plaintiffs Original"</div>

and with accompanying copies of _____.
<div align="center">(additional documents, if any, delivered with the petition)</div>

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $ _____          By: _____
<div align="center">(signature of officer)</div>

                        Printed Name: _____

                        As Deputy for: _____
_____
Affiant Other Than Officer                              (printed name & title of sheriff or constable)

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20 _____

_____
                                             Notary Public

N.INT.CITC.P

JACK F. ABERCIA, CONSTABLE
PRECINCT NUMBER ONE
HARRIS COUNTY, TEXAS

MAIN OFFICE
    P.O. BOX 52578
    HOUSTON, TEXAS 77052-2578
    (713) 755-5200  FAX (713) 755-8951

ANNEX OFFICE
    7300 NORTH SHEPHERD
    HOUSTON, TEXAS 77091
    (713) 697-3600  FAX (713) 697-3649

## OFFICER'S RETURN FOR CERTIFIED MAIL

Received this CITATION, case #200746796 on the  22ND  *day* of AUGUST
2007 at 4:16 P.M. Executed at 350 NORTH ST PAUL ST DALLAS, TX 75201
by mailing to the within name  *COCA COLA CO BY SERVING THROUGH ITS*
*REG. AGENT C T CORPORATION SYSTEM* AND by delivering to  *D. SHEETER* on

the  23RD  *day of*  AUGUST *2007* BY REGISTERED/CERTIFIED MAIL

WITH  DELIVERY  RESTRICTED  TO ADDRESSEE ONLY, a true copy of this
citation together with a copy of PLAINTIFF'S ORIGINAL PETITION

FEE :  $65.00

JACK F. ABERCIA, CONSTABLE
PCT #1, HARRIS COUNTY TX

DEPUTY:  _____  #1332



**UNITED STATES**
**POSTAL SERVICE**

Date Produced: 08/27/2007

HARRIS COUNTY CONSTABLE

The following is the delivery information for Certified item number 7115 6364 5312 0002 0521. Our records indicate that this item was delivered on 08/23/2007 at 10:31 a.m. in DALLAS, TX, 75201 to D SKEETER

Signature of Recipient:

Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representitive.

Sincerely,

United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

Customer Reference Number: 200000000002053

STATE OF TEXAS
COUNTY OF HARRIS

I, Charles Bacarisse, District Clerk of Harris County,
Texas, do hereby certify that the foregoing data is a
true and correct copy of the original record, now
in my lawful custody and possession as appears
of record in my office, and that it
a) filed on _____
b) recorded _____
   in the Minutes of said court,
c) abstracted _____ in my lawful
   possession, electronically stored in digital form
   and pertaining to _____
   in reference to cause number _____, or
d) abstracted original _____ my lawful
   possession, electronically stored in digital form
   and pertaining to _____
from_____ to the present date.

Witness my official hand and seal of office this
_____
CHARLES BACARISSE, DISTRICT CLERK
Harris County, Texas
By_____ Deputy

Order documents from CourtLink's nationwide document retrieval service.
- OR - Call 1.866.540.8818.

# US District Court Civil Docket

## U.S. District - Texas Southern
## (Houston)

### 4:07cv3060

### Villa et al v. Pepsico, Inc et al

This case was retrieved from the court on Wednesday, September 26, 2007

| | |
|---|---|
| Date Filed: 09/20/2007 | Class Code: |
| Assigned To: Judge David Hittner | Closed: no |
| Referred To: | Statute: 28:1332 |
| Nature of suit: Fraud (370) | Jury Demand: Plaintiff |
| Cause: Diversity-Notice of Removal | Demand Amount: $0 |
| Lead Docket: None | NOS Description: Fraud |
| Other Docket: 157th Judicial District Court, Harris County, Texa, 07-46796 | |
| Jurisdiction: Diversity | |

| Litigants | Attorneys |
|---|---|
| Christina Villa<br>Plaintiff | Jonathan H Cox<br>[COR LD NTC]<br>Attorney at Law<br>402 Main St<br>Ste 3 South<br>Houston , TX  77002<br>USA<br>713-752-2300<br>Fax: 713-752-2812 |
| Regina Kelly<br>Plaintiff | Jonathan H Cox<br>[COR LD NTC]<br>Attorney at Law<br>402 Main St<br>Ste 3 South<br>Houston , TX  77002<br>USA<br>713-752-2300<br>Fax: 713-752-2812 |
| Wanda Banks<br>Plaintiff | Jonathan H Cox<br>[COR LD NTC]<br>Attorney at Law<br>402 Main St<br>Ste 3 South<br>Houston , TX  77002<br>USA<br>713-752-2300<br>Fax: 713-752-2812 |
| Rosalind Basile<br>Plaintiff | Jonathan H Cox<br>[COR LD NTC]<br>Attorney at Law<br>402 Main St<br>Ste 3 South<br>Houston , TX  77002<br>USA<br>713-752-2300<br>Fax: 713-752-2812 |

Emma Williams
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Richard Banks
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Kathy Jones Banks
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Samantha Townsend
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Carolyn Hayes
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Dasha Alexander
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Linda Walker
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Mary Brewster
Plaintiff

Jonathan H Cox
[COR LD NTC]

Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Lawanda Holts
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Johnnie Byrd Byrd
Plaintiff

Jonathan H Cox
[COR LD NTC]
Attorney at Law
402 Main St
Ste 3 South
Houston , TX  77002
USA
713-752-2300
Fax: 713-752-2812

Pepsico, Inc
Defendant

Johnny W Carter
[COR LD NTC]
Susman Godfrey LLP
1000 Louisiana
Ste 5100
Houston , TX  77002-5096
USA
713-653-7818
Fax: 713-654-6694 Fax
Email: JCARTER@SUSMANGODFREY.COM

Coca Cola Company
Defendant

Kevin Dane Mohr
[COR LD NTC]
King and Spalding
1100 Louisiana
Ste 4000
Houston , TX  77002
USA
713-751-3200
Fax: 713-751-3290
Email: KMOHR@KSLAW.COM

L Joseph Loveland, Jr
[COR LD NTC]
King & Spalding LLP
191 Peachtree St
Atlanta , GA  30303-1763
USA
404-572-4783
Fax: 404-572-5142

| Date | # | Proceeding Text |
|------|---|-----------------|
| 09/20/2007 | 1 | NOTICE OF REMOVAL from 157th Judicial District Court, Harris County, Texas, case number 2007-46796 (Filing fee $ 350 receipt number 3053384) filed by Pepsico, Inc.. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5)(Carter, Johnny) (Entered: 09/20/2007) |
| 09/20/2007 | 2 | Civil Cover Sheet by Pepsico, Inc., filed.(Carter, Johnny) (Entered: 09/20/2007) |
| 09/20/2007 | 3 | Certificate of Notice of Removal by Pepsico, Inc., filed.(Carter, Johnny) (Entered: 09/20/2007) |
| 09/21/2007 | 4 | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 11/14/2007 at 02:00 PM in Courtroom 702 before Magistrate Judge Stephen Smith.( Signed by Judge David Hittner ) Parties notified.(smurdock, ) (Entered: 09/21/2007) |
| 09/21/2007 | 5 | SUPPLEMENT by Pepsico, Inc., filed. (Attachments: # 1 Exhibit 1 - Pepsico Citation# 2 Exhibit 2 - Coca Cola Citation)(Carter, Johnny) (Entered: 09/21/2007) |
| 09/21/2007 | 6 | Certificate of Supplemental Notice of Removal by Pepsico, Inc., filed.(Carter, Johnny) (Entered: 09/21/2007) |

09/25/2007     7     Agreed MOTION Stipulation for extension of time to answer by Pepsico, Inc., filed. Motion Docket Date

Case 7:08-md-01903-CLB     Document 3-35     Filed 03/10/2008     Page 68 of 77

Copyright © 2007 LexisNexis CourtLink, Inc. All rights reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

# EXHIBIT
# H

*Bob Biggart*



KERSHAW | CUTTER | & RATINOFF | LLP

August 29, 2007

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Larry D. Thompson                    President and CEO
General Counsel                      The Bottling Group, LLC
Pepsico., Inc.                       One Pepsi Way
700 Anderson Hill Road               Somers, NY 10589
Purchase, NY 10577

                                     Steven M. Rapp
President and CEO                    Managing Director
Pepsico, Inc.                        Bottling Group, LLC
700 Anderson Hill Road               1150 East North Avenue
Purchase, NY 10577                   Fresno, CA 93725

Eric J. Foss                         Roger Enrico
President and CEO                    President
The Pepsi Bottling Group, Inc.       Pepsi Bottling Group, Inc.
One Pepsi Way                        1150 East North Avenue
Somers, NY 10589                     Fresno, CA 93725

President and CEO
Pepsi Bottling Group, Inc.
27717 Aliso Creek Road
Aliso Viejo, CA 92656

> Re:    *Notice Under California Consumers Legal Remedies Act, Civil*
>        *Code Sections 1750, et seq.*

Dear Sirs:

In compliance with the requirements of the California Consumers Legal Remedies
Act (Civil Code Sections 1750, *et seq.*), ("CLRA") we write on behalf of our client,
Amanda Litschke, individually and as a representative of all other persons similarly
situated.

980 9th Street , 19th Floor, Sacramento, CA 95814
Tel 916.448.9800, Toll Free 888.285.3333, Fax 916.669.4499
www.kcrlegal.com

*Re: Notice Under CLRA*
August 29, 2007
Page 2

## BACKGROUND

Ms. Litschke has for many years purchased Aquafina water. She has purchased it both at gas stations and supermarkets for consumption by her and her family. At all times Ms. Litschke was under the impression that the Aquafina water was from a natural source. She was led to this impression by the label on the bottle depicting mountains, and the label claim of "pure water, perfect taste." Ms. Litschke recently became aware that in fact Aquafina is tap water put through a filter process. Ms. Litschke believes that she and others in her position have as a result purchased a product that has been falsely advertised to them and represented to them as being something it is not: namely, a natural water product bottled at an original natural source as opposed to something drawn from the public water system, i.e., tap water. Had Ms. Litschke, and others in her situation, known of the true facts relating to Aquafina, she would not have purchased the product.

Pursuant to Civil Code Section 1782, you are hereby notified of the following:

## VIOLATIONS OF THE CLRA

1.      Pepsico, Inc., The Bottling Group, LLC, The Pepsi Bottling Group, Inc. (collectively "defendants") manufacture, bottle and sell Aquafina water throughout the United States. Defendants, through the label representation of mountains, as well as the failure to disclose that it is tap water, lead consumers to falsely believe that Aquafina water comes from a natural, original source, as opposed to a public water system.

2.      These acts constitute violations of Sections 1750, *et seq.* of the Civil Code in that they:

> A.      Misrepresent the source, sponsorship, approval or certification of goods or services (violation of Section 1770(a)(1) of the CLRA);
>
> B.      Us[e] deceptive representations or designations of geographic origin in connection with goods or services (violation of Section 1770(a)(5) of the CLRA);
>
> C.      Represent that goods or services have sponsorship, approval, characteristics, uses or benefits which they do not have (violation of Section 1770(a)(5) of the CLRA); and
>
> D.      Represent that goods or service are of a particular standard, quality or grade when, in fact, they are of another. (violation of Section 1770(a)(7) of the CLRA.

*Re: Notice Under CLRA*
August 29, 2007
Page 3

As a result, Ms. Litschke and all consumers who are similarly situated have been damaged. Under Civil Code section 1782, defendants are required, within thirty (30) days following receipt of this letter, to correct, repair, replace, or otherwise rectify the goods alleged to be in violation.

Defendants must ensure that (1) all consumers similarly situated have been identified (or, that defendants have made a reasonable effort to identify all such consumers), (2) that such consumers have been notified that upon their request, defendants will provide them with an appropriate remedy including, but not limited to, reimbursement for Aquafina water purchased pursuant to defendants' false representations and restitution to Ms. Litschke and other consumers similarly situated of all monies obtained under the false pretenses set forth herein and (3) that defendants will within a reasonable time provide such a remedy.

If such action is not taken within thirty (30) days, Ms. Litschke will commence an action pursuant to the Consumer Legal Remedies Act on behalf of herself and others similarly situated.

Sincerely,

KERSHAW, CUTTER & RATINOFF LLP

C. BROOKS CUTTER

CBC/lk

# EXHIBIT
# I

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| STACEY ANDERSON, MICHAEL GRAY, KAYE HUDDLESTON, MICHAEL JONES, CHERYL CARTER, DARRYL MARTIN, YUNNA GRIFFIN, ARAVIS CLARK, TERRENCE JOHNSON, LATASHA JOHNSON, LINDA VALENTINE, VINH LE, TERRI MANSKER, and MICHAEL ALDRIDGE, on behalf of themselves and all others similar situated, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 2:07-cv-02514-BBD-dkv Jury Demanded |
| v. | ) ) | |
| PEPSICO CO., INC., and | ) | |
| THE COCA-COLA COMPANY, INC., | ) ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR AN EXTENSION OF TIME FOR ALL DEFENDANTS TO FILE RESPONSES TO PLAINTIFFS' MOTION FOR STATEWIDE CLASS CERTIFICATION UNTIL THE COURT RESOLVES THE MOTION TO STAY PROCEEDINGS, OR ALTERNATIVELY, THE MOTION TO DISMISS**

Before the court is the August 23, 2007 motion of the defendant PepsiCo Co., Inc. for an extension of time in which defendants have to respond to the plaintiffs' motion for statewide class certification until the motion for stay proceedings, or alternatively, the motion to dismiss is resolved by the court. A phone conference was held Friday, August 24, 2007. Participating were Buckner Wellford, W. Michael Richards, and Michael Lazaroff (with permission), counsel for Pepsi Co., Inc.; Sharon Loy, Ricky Wilkins, and Gina Higgins, counsel for the plaintiffs; and

Mary Hale, counsel for The Coca Cola Company, Inc.

For the reasons stated at the conference, the court finds the motion is well-taken. Accordingly, the time for defendants to file a response to the plaintiffs' motion for class certification is extended until the court resolves the motion to stay the proceedings or motion to dismiss, whichever occurs first, at which time the court will set a scheduling conference to establish a response deadline.

The scheduling conference set for September 20, 2007, is continued.

It is so ordered this 27th day of August, 2007.

s/ Diane K. Vescovo

UNITED STATES MAGISTRATE JUDGE

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

---

**IN RE PEPSICO, INC. AND
THE COCA COLA COMPANY,
INC. CONSUMER CLASS
ACTION LITIGATION**

MDL Docket No. _____

---

## <u>REASONS WHY ORAL ARGUMENT SHOULD BE HEARD</u>

Pursuant to Rule 16.1(b) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, PepsiCo, Inc. and The Pepsi Bottling Group, Inc. (collectively, the "Movants") respectfully submit this statement in support of oral argument on the pending Motion to Consolidate and Transfer, dated September 27, 2007 ("Motion"). In the event that the Motion is opposed by one or more parties, oral argument will afford the Panel the opportunity to question the parties concerning the rationale for their positions, and will afford the parties the opportunity to amplify the arguments made in their respective papers. In addition, oral argument will allow the litigants to report and explain to the Panel the extent and significance of any developments subsequent to the briefing of the Motion. As set forth in the accompanying Memorandum of Points and Authorities in Support of Motion to Consolidate and Transfer, the Movants expect that additional cases will be filed in the coming months centering around substantially the same set of facts.

Under these circumstances, the Panel's decisional process would be significantly aided by oral argument.

Dated: September 27, 2007                    Respectfully submitted,

_Margaret A. Dale_
Louis M. Solomon
Margaret A. Dale
Michael S. Lazaroff
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
*Attorneys for PepsiCo, Inc., and*
*The Pepsi Bottling Group., Inc.*

2

# EXHIBIT
# 6

RECEIVED
CLERK'S OFFICE

2007 OCT 11  A 10: 32

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| *In Re:* | : |
| | : |
| **PepsiCo, Inc. and The Coca-Cola Co.** | :   **MDL No. 1903** |
| **Bottled Water Marketing and** | : |
| **Sales Practices Litigation** | : |
| | : |
| | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## NOTICE OF "TAG-ALONG" ACTION

Pursuant to Rule 7.5(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, PepsiCo, Inc. ("PepsiCo") and The Pepsi Bottling Group, Inc. ("PBG") file their Notice of "Tag-Along" Action, and state:

On October 5, 2007, an action captioned *Amanda Litschke, on behalf of herself and all others similarly situated v. PepsiCo, Inc., The Pepsi Bottling Group, Inc., and Pepsi Bottling Ventures, LLC*, 07-cv-02100 (FCD-JFM), was filed in the Eastern District of California. The *Litschke* action involves common questions of fact with actions currently under consideration by the Panel for transfer under 28 U.S.C. § 1407 in the above-captioned proceeding, specifically, those actions listed in Schedule A, annexed hereto. A copy of the Class Action Complaint in the *Litschke* action is also annexed hereto. PepsiCo and PBG are contemporaneously serving a copy

of this Notice on the Clerk of the United States District Court for the Eastern District of

California.

Dated: October 10, 2007                    Respectfully submitted,

*Margaret A. Dale*

Louis M. Solomon
Margaret A. Dale
Michael S. Lazaroff
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
*Attorneys for PepsiCo, Inc., and*
*The Pepsi Bottling Group, Inc.*


## CERTIFICATE OF SERVICE

Margaret A. Dale, attorney for PepsiCo, Inc. and The Pepsi Bottling Group, Inc. hereby

certifies that on October 10, 2007, a copy of the Notice of "Tag-Along" Action was served by

first-class mail, postage prepaid, on the persons identified on the attached list.



*Margaret A. Dale*

Margaret A. Dale

## SERVICE LIST

C. Brooks Cutter
KERSHAW, CUTTER & RATINOFF, LLP
980 9th Street, 19th Floor
Sacramento, CA 95814
(916) 448-9800
*Counsel for Plaintiff in Litschke v. PepsiCo, Inc. et al.*

Nicholas J. Drakulich
JENNINGS & DRAKULICH, LLP
2002 Jimmy Durante Boulevard, Suite 400
Del Mar, CA 92014
(858) 755-5887
*Counsel for Plaintiff in Litschke v. PepsiCo, Inc. et al.*

Jonathon Cox
402 Main Street, 3 South
Houston, Texas 77002
(713) 752-2300
*Counsel for Plaintiffs in Villa et al. v. PepsiCo, Inc. et al.*

Hunter Jay Shkolnik
RHEINGOLD, VALET, RHEINGOLD, SHKOLNIK & McCARTNEY, LLP
113 East 37th Street
New York , NY 10016
(212)-684-1880
*Counsel for Plaintiff in Collado v. PepsiCo, Inc., et al.*

Andrew Palmer Bell
Seth Richard Lesser
LOCKS LAW FIRM PLLC
110 East 55th Street
New York , NY 10022
(212) 838-3333
*Counsel for Plaintiff in Fielman v. PepsiCo, Inc., et al.*

Jeffrey Alan Klafter
KRAFT & OLSEN LLP
1311 Mamaroneck Avenue, Suite 220
White Plains , NY 10602
(914) 997-5656
*Counsel for Plaintiff in Fielman v. PepsiCo, Inc., et al.*

Ricky E. Wilkins
THE LAW OFFICES OF RICKY E. WILKINS
119 S. Main Street
Suite 500, Pembroke Square Building
Memphis, TN 38103
(901) 322-4463
*Counsel for Plaintiffs in Anderson et al. v. PepsiCo, Inc. et al.*

Robert L. J. Spence, Jr.
SPENCEWALK, PLLC
One Commerce Square, Suite 2200
Memphis, Tennessee 38103
(901) 312-9160
*Counsel for Plaintiffs in Anderson et al. v. PepsiCo, Inc. et al.*

Gina C. Higgins
HIGGINS & JOHNSON
1374 Madison Avenue
Memphis, TN 38104
(901) 276-2500
*Counsel for Plaintiffs in Anderson et al. v. PepsiCo, Inc. et al.*

Donald H. Tucker, Jr.
SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, LLP
2500 Wachovia Capitol Center
Raleigh, North Carolina 27601
(919) 821-6681
*Counsel for Defendant Pepsi Bottling Ventures*

Kevin D. Mohr
KING & SPALDING
1100 Louisiana, Suite 4000
Houston, TX 77002-5213
(713) 276-7428
*Counsel for Defendant The Coca-Cola Company*

Jef Feibelman
Mary Hale
BURCH, PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, Tennessee 38103
(901) 524-5000
*Counsel for Defendant The Coca-Cola Company*

4

Clerk of the United States District Court for the Eastern District of California
United States Courthouse
501 I Street
Sacramento, 95814
(916) 930-4000

## SCHEDULE A

Pursuant to Panel Rule 7.2(a)(ii), the complete name of each action, including the full name of all parties; the district court and division in which each action is pending; and the judge assignment (if any) are listed below.

1. *Brian Fielman, individually and on behalf of all others similarly situated v. PepsiCo, Inc., The Pepsi Bottling Group, Inc., and Pepsi Bottling Ventures LLC,* 07 civ. 6815 (Southern District of New York, White Plains Division) (Judge Charles L. Brieant)

2. *Carmen Collado, on behalf of herself and all others similarly situated v. PepsiCo, Inc. and Pepsi Bottling Ventures, LLC,* 07 civ. 6874 (Southern District of New York, White Plains Division) (originally assigned to Judge George B. Daniels, and then reassigned to Judge Charles L. Brieant by Notice of Reassignment dated September 19, 2007).

3. *Stacy Anderson, Michael Gray, Kaye Huddleston, Michael Jones, Cheryl Carter, Darrell L. Martin, Yunna Griffin, Arvis Clark, Terrence Johnson, Latasha Johnson, Linda Valentine, Vinh Le, Terry Mansker, and Michael Aldridge, on behalf of themselves and all other similarly situated v. PepsiCo, Inc. and The Coca Cola Company, Inc.,* 2:07-cv-02514 (Western District of Tennessee, Western Division) (Judge Bernice B. Donald)

4. *Christina Villa, Regina Kelly, Wanda R. Banks, Richard Banks, Kathy Jones Banks, Emma Williams, Samantha Townsend, Lawanda Holts, Mary Brewster, Rosalind Basile, Johnnie Mae Byrd, Carolyn Hayes, Linda Walker, Dasha Alexander v. PepsiCo, Inc. and The Coca-Cola Company Inc.,* 07-cv-3060 (Southern District of Texas, Houston Division) (Judge David Hittner)

1  C. Brooks Cutter, SBN 121407
   KERSHAW, CUTTER & RATINOFF, LLP
2  980 9th Street, 19th Floor
   Sacramento, CA 95814
3  Telephone: (916) 448-9800
   Facsimile:  (916) 669-4499
4

5  Nicholas J. Drakulich, SBN 098135
   Jennings & Drakulich, LLP
6  2002 Jimmy Durante Blvd., Suite 400
   Del Mar, CA  92014
7  Telephone:  (858) 755-5887
   Facsimile:  (858) 755-6456
8

9  Attorneys for Plaintiffs

10                UNITED STATES DISTRICT COURT

11              EASTERN DISTRICT OF CALIFORNIA

12

13  AMANDA LITSCHKE, on behalf of        Case No.
14  herself and all others similarly situated,
                                         **CLASS ACTION COMPLAINT AND**
15                                       **JURY DEMAND FOR TRIAL**
              Plaintiffs,
16

17  vs.

18  PEPSICO, INC., THE PEPSI BOTTLING
    GROUP, INC., and PEPSI BOTTLING
19  VENTURES, LLC,

20            Defendants.

21

22
        Plaintiff AMANDA LITSCHKE, by and through her undersigned counsel, for herself and
23
    all others similarly situated, hereby brings this Class action Complaint against Defendants
24
    PEPSICO INC., THE PEPSI BOTTLING GROUP, INC. AND PEPSI BOTTLING VENTURES
25
    LLC ("Defendants").  Plaintiff makes the following allegations based upon her personal
26

27

28

                                        -1-
    _____

                                    Complaint

1  knowledge as to her own acts, and upon information and belief as well as upon her attorneys'

2  investigative efforts as to Defendants' actions and misconduct as alleged herein:

### Nature of The Action

3

4      1.      In this class action lawsuit, Plaintiff seeks to obtain damages and/or compensatory

5  restitution for Defendants' wrongful and illegal sales and marketing of *Aquafina* bottled water

6  ("*Aquafina*"), in that Defendants advertising, marketing and/or labeling of *Aquafina* failed to

7  inform consumers that the source of the water was public tap water, not water from an inherently

8  cleaner source, such as a mountain as implied in the logo on the *Aquafina* label.  Whether through

9  intentional, reckless, or negligent action, Defendants marketed and sold *Aquafina* notwithstanding

10 the fact that its content was undisclosed, mislabeled and misleading.  As a result, consumers like

11 Plaintiff herein purchased *Aquafina* not knowing the water's true source and accordingly have

12 suffered harm as set forth below plaintiff alleges (a) violations of Uniform Deceptive Acts and

13 Practices statutes (sometimes also referred to as "Consumer Protection Statutes"); (b) breach of

14 the implied warranty of merchantability; and (c) unjust enrichment.

15

16      2.      Plaintiff further seeks declaratory and injunctive relief to prevent a reoccurrence of

17 such wrongful activity by Defendants.

### Parties

18

19      3.      Plaintiff Amanda Litschke resides in Cameron Park, California and is a citizen of

20 the State of California.

21

22      4.      Defendant PepsiCo, Inc. ("Pepsi") is a corporation organized under the laws of the

23 State of North Carolina and has its principal place of business in Purchase, New York.

24

25      5.      Defendant The Pepsi Bottling Group, Inc. ("PBG") is a corporation organized

26 under the laws of the State of Delaware and has its principal place of business in Somers, New

27 York.

28

6.     Defendant Pepsi Bottling Ventures LLC ("PBV") is a corporation organized under the laws of the State of Delaware and has its principal place of business in Raleigh, North Carolina.

7.     PBG and PBV (hereinafter collectively "Pepsi Bottlers") are bottling companies affiliated with Pepsi, are two of Pepsi's "anchor bottlers" of *Aquafina* and other Pepsi products, and are primarily responsible for manufacturing, selling and distributing *Aquafina* in California and throughout the United States.

8.     With respect to the conduct alleged herein, the acts and alleged wrongdoing of Defendants Pepsi and the Pepsi Bottlers may be imputed to each other inasmuch as they acted as the agents, alter-egos or co-conspirators of each other.

## Jurisdiction and Venue

9.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2) inasmuch as the Defendants are citizens of the States of New York, North Carolina and Delaware and the members of the Class alleged herein include persons who are citizens of States other than New York, North Carolina and Delaware; the action is a putative class action pursuant to Federal Rule of Civil Procedure 23, and the amount in controversy exceeds the sum of $5 million, exclusive of interests and costs.

10.     Venue is proper in this district pursuant to 28 U.S.C. §1391.

11.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## Factual Allegations of the Plaintiff

12.     On many occasions and for at least two to three years, Amanda Litschke purchased *Aquafina* at stores and gas stations in her neighborhood.

-3-

13.     Ms. Litsckhe believed, based upon Defendants' labeling of *Aquafina*, that the water used in it must have come from a cleaner, safer and special source.

14.     Ms. Litschke bought *Aquafina* in part because she believed that the water source it was from was cleaner, safer and special because the label indicated that it was "pure water".

15.     On or about August 2007, Ms. Litschke discovered that the water in *Aquafina* came from general tap water, and was not from a water source that was any cleaner, safer or special.

16.     As a result of this discovery, Ms. Litschke believed she had been misled by Defendants into purchasing *Aquafina* and was angry and shocked.  Ms. Litschke also believed that she had paid more for Aquafina than it was actually worth as a result of the misrepresentations.

## Class Action Allegations

17.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and a class (the "Class") consisting of all individuals in the United States who purchased *Aquafina* from the date of its introduction through the present (the "Class Period").   Excluded from the Class are defendants, any entity in which defendants have a controlling interest, and any of their subsidiaries, affiliates, and officers and directors.   Plaintiff reserves the right to amend the class definition, including the Class's possible division into subclasses, in order to obtain substantial justice for the wrongdoing asserted herein.

18.     The Class consists of hundreds of thousands if not millions of individuals, not only within the State of California, but also the other states in the United States.  Millions of bottles of *Aquafina* were sold during the Class Period.   Numerosity is therefore satisfied.

-4-

19.     Plaintiff's claims involve questions of law and fact common to the Class, because Plaintiff and other members of the Class were similarly affected by Defendants' unlawful and wrongful conduct that is complained of herein.

20.     Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained counsel competent and experienced in class and consumer litigation and, in particular, this area of law, and Plaintiff has no conflict of interest with other Class members in the maintenance of this class action.  Plaintiff has no relationship with Defendants except as customers.  Plaintiff will vigorously pursue the claims of the Class.

21.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

a.     Whether the water marketed and sold as *Aquafina* was bottled from sources of what is generally known as "tap water";

b.     Whether Defendants withheld information from and/or omitted to inform consumers on *Aquafina* labels that the water marketed and sold as *Aquafina* was bottled from sources of what is generally known as "tap water";

c.     Whether Defendants' withholding of information and/or failure to inform consumers as to the true source of the water marketed and sold as *Aquafina* resulted from negligent, reckless or intentional behavior;

d.     Whether Defendants' affirmatively promoted the water marketed and sold as *Aquafina* as being better fit for human consumption because of the "perfect" or more "pure" nature of the water's source;

-5-

1    e.    Whether Defendants' conduct respecting *Aquafina* violated New York

2    GBL § 349, and the state consumer protection and/or uniform deceptive acts and practices

3    statutes in effect in the various States;

4    f.    Whether Defendants' conduct breached the implied warranty of

5    merchantability; and

6

7    g.    Whether Defendants' omissions in the labeling of *Aquafina* so as to

8    conceal the true nature of the source of the water marketed and sold under

9    the brand name *Aquafina* caused Defendants to be unjustly enriched when

10    the totality of the circumstances are considered.

11    22.    A class action is an appropriate and superior method for the fair and efficient

12    adjudication of the controversy given the following factors:

13

14    a.    Common questions of law and/or fact predominate over any individual

15    questions that may arise, and, accordingly, there would accrue economies to both the

16    courts and the Class in litigating the common issues on a class wide basis instead of on a

17    repetitive individual basis;

18    b.    Class members' individual damage claims are too small to make individual

19    litigation an economically viable alternative;

20

21    c.    Despite the relatively small size of individual Class members' claims, their

22    aggregate volume, coupled with the economies of scale inherent in litigating similar

23    claims on a common basis, will enable this case to be litigated as a class action on a

24    cost-effective basis, especially when compared with repetitive individual litigation; and

25    d.    No unusual difficulties are likely to be encountered in the management of

26    this class action in that all questions of law and/or fact to be litigated at the liability stage

27    are common to the Class.

28

-6-

Complaint

23.    Class certification is fair and efficient as well because prosecution of separate actions would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which, as a practical matter, may be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

24.    Plaintiff anticipates that there will be no difficulty in the management of this litigation, and means exist to address issues of damages as have been utilized in other class actions, including aggregate damages, claims processes and/or determination of restitutionary amounts.

## Factual Background

25.    The bottled water industry in the United States reportedly accounts for revenues of approximately fifteen billion dollars annually.  It is a highly competitive industry where beverage companies are continuously trying to market their water as cleaner, safer and/or healthier than rivals' water.

26.    *Aquafina* was first introduced in 1994 and gained national distribution with Pepsi in 1997.

27.    *Aquafina* is currently the United States' best selling brand of bottled water based on sales volume, and Defendants received revenues in 2006 of approximately $2.17 billion on sales of *Aquafina*.

28.    Since its introduction, the water used in *Aquafina* is sourced from public drinking supplies, commonly known or referred to as "tap water".

29.    Defendants' labels on *Aquafina* currently state: "Bottled at the source P.W.S.".

30.    *Aquafina* labels do not indicate, state or imply the meaning of "P.W.S.", although the abbreviation actually stands for "Public Water Systems" or some similar phrase.

-7-

Complaint

31.    Defendants' "blue mountain labels" on *Aquafina* contain a logo of a sun rising or setting over a mountain range and contains the slogan "Pure Water Perfect Taste".

32.    Defendants' blue mountain labels, therefore, implying that the origin of the water in *Aquafina* bottles is from a mountain source and/or a source more pure than either tap water or rivals' water.

33.    Defendants' website fails to inform consumers that the true nature of the source of the water marketed and sold as *Aquafina* is tap water.

34.    Defendants negligently, recklessly and/or intentionally misled consumers into believing that *Aquafina* was similar to, as good as and/or better than other rivals' water based upon, in part, the source of the water used in *Aquafina*.

35.    Defendants failed to disclose tap water as the true source of *Aquafina* to consumers because Defendants knew that such information would be considered important to consumers when they made decisions of whether to purchase Defendants' *Aquafina* water, and that consumers would pay less for Aquafina and buy less Aquafina if they knew it was tap water.

36.    Defendants failed to disclose tap water as the true source of *Aquafina* to consumers because Defendants knew that such disclosure would be detrimental to the sales of Defendants' *Aquafina* water.

37.    On or about July 27, 2007, Defendants agreed to relabel *Aquafina* in order to include information that the source of the water was tap water.

38.    On or about July 27, 2007, Defendant Pepsi admitted that the prior labeling of *Aquafina* was misleading to reasonable consumers when Pepsi, referring to the re-labeling of *Aquafina*, released a statement saying: "If this helps clarify the fact that the water originates from public sources, then it's a reasonable thing to do."

-8-
Complaint

## FIRST CAUSE OF ACTION

### FOR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW
#### (By Plaintiff on her own behalf and on behalf of the Class)

39.    Plaintiff hereby incorporates by reference paragraphs 1-38 as if fully set forth herein.

40.    Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the bottling, manufacturing, marketing, labeling and sale of *Aquafina*.

41.    Had Defendants not engaged in the wrongful and deceptive conduct described above, Plaintiff and members of the Class would not have purchased and/or paid the same amount for *Aquafina*, and they have therefore proximately suffered injury in fact and ascertainable losses.

42.    Defendants' deceptive, unconscionable or fraudulent representations and material omissions to consumers, including the failure to inform consumers of the true source of the water used in *Aquafina* and the mislabeling of the same, constituted unfair and deceptive acts and practices in violation of state consumer protection statutes.

43.    Defendants engaged in their wrongful conduct while at the same time obtaining sums of money from Plaintiff and Class members for *Aquafina*.

44.    Defendants' actions, as complained of herein, constitute unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of state consumer protection statutes, including, but not limited to Cal. Business and Professions Code §17200, California Legal Remedies Act Civil Code §1750, *et seq.*, as well as substantially similar statutes in effect in the other States.

45.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the Class are entitled to a judgment declaring that Defendants' actions have been in violation of their statutory duties, that provides injunctive relief in order to ensure continued wrongful and similar acts do not occur hereafter, and that provides compensatory damages, treble damages, attorneys' fees, and/or costs of suit.

-9-

46.    Defendants received written notice of its violations of the California Consumers Legal Remedies Act (the "CLRA") on September 4, 2007, from Plaintiff Amanda Litschke on behalf of herself and all others similarly situated, satisfying the notice requirement of the CLRA and any similar requirement in the other Consumer Protection Statutes. (*See* the notice letter and certified mail receipt attached as Exhibits 1 and 2.)  Defendants responded to this notice and declined to take any action in response to the notice, and any additional notice would be futile and unnecessary.

## SECOND CAUSE OF ACTION

### FOR BREACH OF IMPLIED WARRANTY
**(By Plaintiff on him own behalf and on behalf of the Class)**

Plaintiff hereby incorporates by reference paragraphs 1-45 as if fully set forth herein.

47.    Defendants impliedly warranted that *Aquafina*, a mass consumer item which Defendants manufactured, bottled, promoted, distributed and sold to the market for bottled water to Plaintiff, was merchantable.

48.    *Aquafina* was not merchantable within the meaning of the law inasmuch as, by virtue of the labeling when purchased by Plaintiff and the Class, it (a) could not pass without objection in the trade under its description; (b) it was not adequately contained, packaged and labeled as part of the transaction; and/or (c) it did not conform to the promises and affirmations of fact made on the package and label for the game.  Therefore, Defendants breached the implied warranties of merchantability when *Aquafina* was labeled, distributed, and sold to Plaintiff and similarly situated persons.

49.    Any disclaimers of implied warranties are ineffectual as they were not provided to Plaintiff or otherwise made known to Plaintiff, who were not informed of the material non-compliance of the goods to the represented labeling.  In addition, any such disclaimers are unconscionable under the circumstances.

50.    As a direct and proximate result of Defendants' breach of implied warranty, Plaintiff has sustained economic losses and other damages for which she is entitled to compensatory and/or equitable damages in an amount to be proven at trial.

-10-

Complaint

### THIRD CAUSE OF ACTION

### FOR UNJUST ENRICHMENT
**(By Plaintiff on him own behalf and on behalf of the Class)**

Plaintiff hereby incorporates by reference paragraphs 1-50 as if fully set forth herein.

51.     Defendants obtained monies from the manufacture, labeling, distribution, marketing and/or sale of *Aquafina*, water that was, as they knew or reasonably should have known was mislabeled because the label omitted that the source of the water was tap water and contained images and/or words that implied that the source of the water was more pure and/or better than tap water and/or the bottled water of Defendants' rivals.  When considered under the totality of the circumstances regarding Defendants' knowledge regarding *Aquafina*, Defendants have been unjustly enriched to the detriment of Plaintiff and the other members of the Class, as alleged above, by retention of consumer's purchase monies received directly or indirectly.  These unjust benefits were conferred on Defendants by consumers as a direct result of the omissions and mislabeling made by Defendants.

52.     Defendants' retention of some or all of the monies they have gained through their wrongful acts and practices would be unjust considering the circumstances of their obtaining those monies.

53.     Defendants should be required to disgorge their unjustly obtained monies and to make restitution to Plaintiff and the other members of the Class, in an amount to be determined, of the monies by which they have been unjustly enriched.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and all others similarly situated, prays for judgment against Defendants as follows:

1.     For an Order certifying the Class and any appropriate subclasses thereof under the appropriate provisions of Federal Rule of Civil Procedure 23, and appointing Plaintiff and her counsel to represent such Classes and subclasses as appropriate under Rule 23(g);

2.     For the declaratory and equitable relief requested;

-11-

Complaint

3.    For compensatory, equitable and/or restitutionary damages according to proof and for all applicable statutory damages under California Business & Professions Code §17200 *et seq.*, Consumer Legal Remedies Act, Civil Code § 1750 *et seq.*, and under the consumer protection legislation of the other states and the District of Columbia;

4.    For an award of attorneys' fees and costs;

5.    For prejudgment interest and the costs of suit;

6.    For such other and further relief as this Court may deem just and proper.

Dated: October **4**, 2007                  KERSHAW, CUTTER & RATINOFF, LLP

By:  _____
     C. Brooks Cutter, SBN 121407
     KERSHAW, CUTTER & RATINOFF, LLP
     980 9th Street, Suite 1900
     Sacramento, CA 95814
     Telephone: 916-448-9800
     Attorneys for Plaintiffs

     JENNINGS & DRAKULICH, LLP

By:  _____
     Nicholas J. Drakulich, SBN 098135
     JENNINGS & DRAKULICH, LLP
     2002 Jimmy Durante Blvd., Suite 400
     Del Mar, CA 92014
     Telephone: (858) 755-5887

///
///
///
///
///
///
///

-12-

Complaint

1

## JURY DEMAND

2

Plaintiffs demand a trial by jury on all issues triable as of right by a jury.

3

4

5

Dated: October 4, 2007

KERSHAW, CUTTER & RATINOFF, LLP

6

By:

7

C. Brooks Cutter, SBN 121407
KERSHAW, CUTTER & RATINOFF, LLP

8

980 9th Street, Suite 1900
Sacramento, CA 95814

9

Telephone: 916-448-9800

10

Attorneys for Plaintiffs

11

JENNINGS & DRAKULICH, LLP

12

By:

13

Nicholas J. Drakulich, SBN 098135
JENNINGS & DRAKULICH, LLP

14

2002 Jimmy Durante Blvd., Suite 400
Del Mar, CA 92014

15

Telephone: (858) 755-5887

16

17

18

19

20

21

22

23

24

25

26

27

28

-13-

Complaint

CIVIL

## U.S. District Court
## Eastern District of California - Live System (Sacramento)
## CIVIL DOCKET FOR CASE #: 2:07-cv-02100-FCD-JFM

Litschke v. PepsiCo Inc., et al
Assigned to: Judge Frank C. Damrell, Jr
Referred to: Magistrate Judge John F. Moulds
Cause: 28:1332 Diversity-Property Damage

Date Filed: 10/05/2007
Jury Demand: Plaintiff
Nature of Suit: 380 Personal Property: Other
Jurisdiction: Diversity

**Plaintiff**

Amanda Litschke

represented by **C Brooks Cutter**
Kershaw, Cutter & Ratinoff , LLP
980 9th Street
19th Floor
Sacramento, CA 95814
(916) 448-9800 x401
Fax: (916) 669-4499
Email: bcutter@kcrlegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

PepsiCo, Inc.

**Defendant**

The Pepsi Bottling Group, Inc.

**Defendant**

Pepsi Bottling Ventures, LLC

| Date Filed | # | Docket Text |
|---|---|---|
| 10/05/2007 | 1 | CIVIL COVER SHEET by Amanda Litschke (Cutter, C) (Entered: 10/05/2007) |
| 10/05/2007 | 2 | COMPLAINT *[Class Action]* against PepsiCo, Inc., The Pepsi Bottling Group, Inc., Pepsi Bottling Ventures, LLC by Amanda Litschke. Attorney Cutter, C Brooks added. (Cutter, C) (Entered: 10/05/2007) |
| 10/05/2007 | | RECEIPT number #CAE200001646 of $350.00 fbo Amanda Litschke by C. Brooks Cutter on 10/5/2007. (Marciel, M) (Entered: 10/05/2007) |
| 10/05/2007 | 4 | SUMMONS ISSUED as to *PepsiCo, Inc., The Pepsi Bottling Group, |

| | | |
|---|---|---|
| | | Inc., Pepsi Bottling Ventures, LLC* with answer to complaint due within *20* days. Attorney *C. Brooks Cutter* *Kershaw, Cutter & Ratinoff, LLP* *980 - 9th Street, 19th Floor* *Sacramento, CA 95814*. (Marciel, M) (Entered: 10/05/2007) |
| 10/05/2007 | 5 | CIVIL NEW CASE DOCUMENTS ISSUED (Attachments: # 1 Consent Forms # 2 VDRP Forms) (Marciel, M) (Entered: 10/05/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/08/2007 11:00:19 | | | |
| PACER Login: | pr0028 | Client Code: | 99999/503/7374 |
| Description: | Docket Report | Search Criteria: | 2:07-cv-02100-FCD-JFM |
| Billable Pages: | 1 | Cost: | 0.08 |

**EXHIBIT**
**7**

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

_____

IN RE:  PEPSICO, INC. AND
THE COCA-COLA CO.
BOTTLED WATER
MARKETING AND SALES
PRACTICES LITIGATION

_____

MDL Docket No. 1903

PLAINTIFFS'  JOINT RESPONSE TO THE MOTION
ON BEHALF OF DEFENDANTS PEPSICO, INC.
AND THE PEPSI BOTTLING GROUP, INC.
TO CONSOLIDATE AND TRANSFER

This is joint response by all the Plaintiffs in the actions sought to be consolidated and transferred pursuant to the Section 1407 motion filed before this Panel by Pepsico, Inc., *et al.* ("Pepsico Defendants") seeking to consolidate and transfer what are now five various class action lawsuits against the Pepsico Defendants to the United States District Court for the Southern District of New York.

Plaintiffs all agree that transfer and consolidation under 28 U.S.C. § 1407 is, indeed, proper for these parallel cases, all class actions, that have been filed against the Pepsico Defendants relating to the sale and marketing of the Aquafina water product. The five cases filed to date are based on the same course of conduct, contain parallel (and often identical claims) and present materially the same issues of fact and law, and should be heard in one court so as to avoid inconsistent and possible divergent discovery and substantive pre-trial rulings.

Plaintiffs all and jointly further agree, for the reasons set forth at paragraphs 4 and 22-28 of the Pepsico Defendants' memorandum that the Southern District of New York is most logical venue for proceeding with consolidation. Plaintiff would further note that Judge Charles Brient, to whom the *Fielman* and *Collado* cases are assigned, is an exceedingly experienced and able judge who would certainly be able to move this litigation forward expeditious and efficiently.

Plaintiffs in the two actions filed in Tennessee and Texas also have included claims – solely state-specific claims – against The Coca Cola Company, Inc. ("Coca Cola"). Plaintiffs in these two cases are filing, only as against Coca Cola, Notices of Voluntary Dismissals without Prejudice pursuant to Fed. R. Civ. P. 41. Accordingly, the

claims and the issue of consolidation and transfer as to Coca Cola are now, or will be by the time the Panel meets, moot.

We, finally, would respectfully submit as a result that not only is Section 1407 transfer and consolidation warranted, but that the Panel might considering changing the MDL designation of this action solely to read "PepsiCo Bottled Water Marketing and Sales Practice Litigation."

Dated:  October 22, 2007

                              Respectfully submitted,


                              _____
                              Seth R. Lesser
                              Andrew P. Bell
                              LOCKS LAW FIRM, PLLC
                              110 East 55th Street
                              New York, N.Y. 10022
                              (212) 838-3333

                              Jeffrey A. Klafter
                              KLAFTER & OLSEN LLP
                              1311 Mamaroneck Avenue
                              Suite 220
                              White Plains, N.Y.  10605
                              (914) 997-5656

                              Counsel for Plaintiff in *Fielman*
                              *v. PepsiCo, Inc., et al.*, 07-Civ-6815
                              (S.D.N.Y.) (CLB)


                              Hunter Jay Shkolnik
                              RHEINGOLD, VALET, RHEINGOLD,
                              SHKOLNIK & McCARTNEY, LLP
                              113 East 37th Street
                              New York, N.Y.  10016
                              (212) 684-1880

Richard J. Arsenault
NEBLETT, BEARD & ARSENAULT
2220 Bonventure Court
Alexandria, LA 71301

Counsel for Plaintiff in *Collado v. PepsiCo., Inc., et al.,* 07-Civ-6874 (S.D.N.Y.) (CLB)


Ricky E. Wilkins
Sharon Harless Loy
THE LAW OFFICES OF RICKY E. WILKINS
119 S. Main Street
Suite 500, Pembroke Square Building
Memphis, TN 38103
(901) 322-4463

Robert L. J. Spence, Jr.
Gina Higgins
SPENCEWALK, PLLC
One Commerce Square
Suite 2200
Memphis, TN 38103
(901) 312-9160

Counsel for Plaintiffs in *Anderson, et al. v. PepsiCo, Inc., et al.,* 07-CV-02514 (W.D. Tenn.) (BBD)


Jonathan H. Cox
The Cox Law Firm, P.C.
Attorney at Law
402 Main St.
Suite 3 South
Houston, TX 77002
(713) 752-2300

Counsel for Plaintiffs in *Villa, et al. v. PepsiCo, Inc., et al.,* 07-3060 (S.D.Tex.) (DH)

3

C. Brooks Cutter
KERSHAW, CUTTER & RATINOFF, LLP
980 9th Street
19th Floor
Sacramento, CA  95814
(916) 448-9800

Nicholas J. Drakulich
JENNINGS & DRAKULICH, LLP
2002 Jimmy Durante Blvd.
Suite 400
Del Mar, CA  92014
(858) 755-5887

Counsel for Plaintiff in *Litschke v. PepsiCo, Inc., et al.*, 07-CV-02100 (E.D. Cal.) (FCD-JFM)

## CERTIFICATION OF SERVICE

**In Re: Pepsico, Inc. and The Coca-Cola Co. Bottle Water Marketing and Sales Practice Litigation**
**MDL Docket No. 1903**

I am over the age of 18 years, employed in the county of New York, and not a

party to the within action; my business address is 110 East 55th Street, New York, NY

10022.

On October 22, 2007, I caused to be served the within:

1.  **PLAINTIFFS' JOINT RESPONSE TO THE MOTION ON BEHALF OF DEFENDANTS PEPSICO, INC. AND THE PEPSI BOTTLING GROUP, INC. TO CONSOLIDATE AND TRANSFER**

on the parties in said action via DHL as set forth below:

Jeffrey A. Klafter
KLAFTER & OLSEN LLP
1311 Mamaroneck Avenue
Suite 220
White Plains, N.Y. 10605
(914) 997-5656

Hunter Jay Shkolnik
RHEINGOLD, VALET, RHEINGOLD,
SHKOLNIK & McCARTNEY, LLP
113 East 37th Street
New York, N.Y. 10016
(212) 684-1880

Richard J. Arsenault
NEBLETT, BEARD & ARSENAULT
2220 Bonventure Court
Alexandria, LA 71301

Ricky E. Wilkins
Sharon Harless Loy
THE LAW OFFICES OF RICKY E. WILKINS
119 S. Main Street
Suite 500, Pembroke Square Building
Memphis, TN 38103
(901) 322-4463

Robert L. J. Spence, Jr.
Gina Higgins
SPENCEWALK, PLLC
One Commerce Square
Suite 2200
Memphis, TN 38103
(901) 312-9160

Jonathan H. Cox
The Cox Law Firm, P.C.
Attorney at Law
402 Main St.
Suite 3 South
Houston, TX 77002
(713) 752-2300

Louis M. Solomon
Michael S. Lazaroff
Jennifer L. Jones

Patrick J. Dempsey
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 22, 2007 at New York, New York.

_____
Jennifer Russell

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

## MOTION AND ORDER
## FOR ADMISSION *PRO HAC VICE*

| Division | Houston | Case Number | 4:07-cv-3060 |
|---|---|---|---|

Christina Villa, Regina Kelly, Wanda R. Banks, Richard Banks, Kathy Jones Banks, Emma Williams, Samantha Townsend, Lawanda Holts, Mary Brewster, Rosalind Basile, Johnnie Mae Byrd, Carolyn Hayes, Linda Walker, Dasha Alexander

*versus*

Pepsico, Inc. and The Coca Cola Company Inc.

**This lawyer, who is admitted either to the State Bar of Texas or to another federal district court:**

| | |
|---|---|
| Name | Michael S. Lazaroff |
| Firm | Proskauer Rose LLP |
| Street | 1585 Broadway |
| City & Zip Code | New York, New York 10036-8299 |
| Telephone | 212/969-3645 |
| Licensed: State & Number | New York State Bar No. 2801579 |
| Admitted U.S. District Court for: | Southern District NY - Admitted 1/13/97 |

**Seeks to appear as the attorney for this party:**  PepsiCo, Inc.

Dated: 10/25/07    Signed: _____

| ORDER |
|---|

This lawyer is admitted *pro hac vice*.

Signed on Oct 26, 2007    _____

United States District Judge

SDTX (d_prohac.ord)
02/03/98

## THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

CHRISTINA VILLA, REGINA KELLY, :
WANDA R. BANKS, RICHARD BANKS, :  **4:07-cv-3060 (DH)**
KATHY JONES BANKS, EMMA :
WILLIAMS, SAMANTHA TOWNSEND, :
LAWANDA HOLTS, MARY BREWSTER, :
ROSALIND BASILE, JOHNNIE MAE :
BYRD, CAROLYN HAYES, LINDA :
WALKER, DASHA ALEXANDER, :
           :
     **Plaintiffs,**  :
           :
    **v.**     :

PEPSICO, INC. AND THE COCA-COLA
COMPANY INC.,

     **Defendants.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## [PROPOSED] ORDER GRANTING MOTION TO STAY PENDING A DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

It is hereby ordered that all proceedings in this matter are stayed pending a

determination by the Judicial Panel on Multidistrict Litigation of the Motion To

Consolidate and Transfer filed October 2, 2007 by Defendant PepsiCo, Inc. It is so

ordered this **26** day of _____Oct_____, 2007.

               _____
               DAVID HITTNER
               UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Christina Villa, et al, | § | |
| Plaintiff(s), | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-3060 |
| | § | |
| Pepsico, Inc., et al, | § | |
| Defendant(s). | § | |

## ORDER

The Court hereby

ORDERS that this case is administratively closed until it is either transferred

to the Judicial Panel on Multidistrict Litigation or the Judicial Panel on Multidistrict

Litigation declines to transfer the case.

SIGNED at Houston, Texas on this the ___**31**___ day of October, 2007.

_____
DAVID HITTNER
United States District Judge

UNITED STATES DISTRICT COURT
Southern District of New York
Office of the Clerk
500 Pearl Street
New York, N.Y. 10007
(212)805-0136

J. Michael McMahon
Clerk

USDC SD OF TEXAS

Date: 2/25/08

In Re:   PEPSICO INC., BOTTLED
WATER MARKETING AND SALES
PRACTICES LITIGATION

MDL   1903

Your Docket #                    S.D. OF N.Y.

4:07-3060                        08 CV 1834

United States Bankruptcy Court
Southern District of Texas
FILED

MAR 0 3 2008

Michael N. Milby, Clerk

Dear Sir:

        Enclosed is a certified copy of the order of the Judicial Panel on Multidistrict Litigation, transferring the above entitled action presently pending in your court, to the Southern District of New York and assigned to Judge BRIEANT        for coordinated or consolidated pretrial processing pursuant to 28 USC 1407.

        Please return the copy of this letter when transmitting YOUR FILE and a CERTIFIED COPY OF THE DOCKET SHEET.

Sincerely,
J.Michael McMahon

By:
MDL Unit
(212) 805-0646

**08 CV 1834**

**JUDGE BRIEANT**

A CERTIFIED TRUE COPY

ATTEST

By Mecca Thompson on Feb 14, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Feb 14, 2008**

FILED
CLERK'S OFFICE

United States Bankruptcy Court
Southern District of Texas
FILED

MAR 0 3 2008

Michael N. Milby, Clerk

IN RE: PEPSICO, INC., BOTTLED WATER
MARKETING AND SALES PRACTICES LITIGATION

MDL No. 1903

### TRANSFER ORDER

**Before the entire Panel**[*]: Defendants PepsiCo, Inc., and the Pepsi Bottling Group, Inc. (collectively Pepsi) have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Southern District of New York. This litigation currently consists of four actions, two pending in that district and one each in the Western District of Tennessee and the Southern District of Texas, as listed on Schedule A.[1] No responding party opposes the motion.

After considering the argument of counsel, we find that these four actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All of these actions arise from allegations that Pepsi misled consumers of its Aquafina bottled water into believing that the water source of Aquafina was something different from and better than tap water. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Southern District of New York is an appropriate transferee district for pretrial proceedings in this litigation, because two of the four actions are already pending there and, by centralizing them before Judge Charles L. Brieant, we are assigning the litigation to a jurist who has the experience to steer it on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the two actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Charles L. Brieant for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

---

[*]   Judge Motz took no part in the disposition of this matter.

[1]   The Panel has been notified of one additional related action, which is pending in the Eastern District of California. That action and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

A CERTIFIED COPY
J. MICHAEL McMAHON,                    CLERK

BY _____
DEPUTY CLERK

- 2 -

PANEL ON MULTIDISTRICT LITIGATION

_John G. Heyburn II_
Chairman

D. Lowell Jensen                    J. Frederick Motz[*]
Robert L. Miller, Jr.               Kathryn H. Vratil
David R. Hansen                     Anthony J. Scirica

**IN RE: PEPSICO, INC., BOTTLED WATER
MARKETING AND SALES PRACTICES LITIGATION**                    MDL No. 1903

## SCHEDULE A

Southern District of New York

Brian Fielman v. PepsiCo, Inc., et al., C.A. No. 7:07-6815
Carmen Collado v. PepsiCo, Inc., et al., C.A. No. 7:07-6874

Western District of Tennessee

Stacey Anderson, et al. v. PepsiCo, Inc., et al., C.A. No. 2:07-2514

Southern District of Texas

Christina Villa, et al. v. PepsiCo, Inc., et al., C.A. No. 4:07-3060

SDA22

**FedEx.** US Airbill    Express

Form ID No. **0215**

FedEx Tracking Number **8633 9898 4652**

**1 From** *Please print and press hard.*

Date _____

Sender's Name _____

Sender's FedEx Account Number **1510-8646-2**

Phone **( 713 ) 250-5150**

Company **US DISTRICT COURT/CLERK**

Address **515 RUSK ST RM 5300**    Dept/Floor/Suite/Room

City **HOUSTON**    State **TX**    ZIP **77002-2600**

0PI9031

**2 Your Internal Billing Reference**
First 24 characters will appear on invoice.

**3 To**

Recipient's Name **US COURT Clerk**    Phone ( )

Company **Southern District of NY**

Recipient's Address **500 Pearl St**    Dept/Floor/Suite/Room
We cannot deliver to P.O. boxes or P.O. ZIP codes.

Address
To request a package to be held at a specific FedEx location, print FedEx address here.

City **New York**    State **NY**    ZIP **10007**

0371627844



**Ship and track packages at fedex.com**
Simplify your shipping. Manage your account. Access all the tools you need.

**4a Express Package Service**    *Packages up to 150 lbs.*

☐ FedEx Priority Overnight
Next business morning.* Friday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

☑ FedEx Standard Overnight
Next business afternoon.*
Saturday Delivery NOT available.

☐ FedEx First Overnight
Earliest next business morning delivery to select locations.*
Saturday Delivery NOT available.

☐ FedEx 2Day
Second business day.** Thursday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

☐ FedEx Express Saver
Third business day.**
Saturday Delivery NOT available.

*To most locations.

FedEx Envelope rate not available. Minimum charge: One-pound rate.

**4b Express Freight Service**    *Packages over 150 lbs.*

☐ FedEx 1Day Freight*
Next business day.** Friday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

☐ FedEx 2Day Freight
Second business day.** Thursday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

☐ FedEx 3Day Freight
Third business day.**
Saturday Delivery NOT available.

*Call for Confirmation.    **To most locations.

**5 Packaging**    *Include FedEx address in Section 3.*

☑ FedEx Envelope*    ☐ FedEx Pak*
Includes FedEx Small Pak, FedEx Large Pak, and FedEx Sturdy Pak.    ☐ FedEx Box    ☐ FedEx Tube    ☐ Other
*Declared value limit $500.

**6 Special Handling**

☐ SATURDAY Delivery
NOT Available for
FedEx Standard Overnight, FedEx First Overnight, FedEx Express Saver, or FedEx 2Day Freight.

☐ HOLD Weekday
at FedEx Location
NOT Available for
FedEx First Overnight.

☐ HOLD Saturday
Available ONLY for
FedEx Priority Overnight and FedEx 2Day to select locations.

Does this shipment contain dangerous goods?
One box must be checked.

☑ No    ☐ Yes
As per attached Shipper's Declaration.    ☐ Yes
Shipper's Declaration not required.    ☐ Dry Ice
Dry Ice, 9, UN 1845 _____ kg    ☐ Cargo Aircraft Only

Dangerous goods (including dry ice) cannot be shipped in FedEx packaging.

**7 Payment** *Bill to:*    Enter FedEx Acct. No. or Credit Card No. below.

☑ Sender
Acct. No. in Section 1 will be billed.    ☐ Recipient    ☐ Third Party    ☐ Credit Card    ☐ Cash/Check

FedEx Acct. No.
Credit Card No. _____    Exp. Date _____

Total Packages    Total Weight    Total Declared Value†
$ _____ .00

†Our liability is limited to $100 unless you declare a higher value. See back for details. By using this Airbill you agree to the service conditions on the back of this Airbill and in the current FedEx Service Guide, including terms that limit our liability.

**8 Residential Delivery Signature Options**    *If you require a signature, check Direct or Indirect.*

☐ No Signature Required
Package may be left without obtaining a signature for delivery.    ☑ Direct Signature
Someone at recipient's address may sign for delivery. *Fee applies.*    ☐ Indirect Signature
If no one is available at recipient's address, someone at a neighboring address may sign for delivery. *Fee applies.*    **519**

Rev. Date 13/06•Part #158279•©1994–2006 FedEx•PRINTED IN U.S.A.•SRS

SDA22

**FedEx** Express · **US Airbill**

FedEx Tracking Number **8633 9898 4652**

Form HD No. **0215**

**1 From** *Please print and press hard.*

Date

Sender's FedEx Account Number **1510-8646-2**

Sender's Name

Phone ( **713** ) **250-5150**

Company **US DISTRICT COURT/CLERK**

Address **515 RUSK ST RM 5300**    Dept/Floor/Suite/Room

City **HOUSTON**    State **TX**    ZIP **77002-2600**

OP110031

**2 Your Internal Billing Reference**
First 24 characters will appear on invoice.

**3 To**

Recipient's Name **US COURT Clerk**    Phone ( )

Company **Southern District of NY**

Recipient's Address **500 Pearl St**    Dept/Floor/Suite/Room
We cannot deliver to P.O. boxes or P.O. ZIP codes.

Address
To request a package be held at a specific FedEx location, print FedEx address here.

City **New York**    State **NY**    ZIP **10007**

0371627844



**Ship and track packages at fedex.com**
Simplify your shipping. Manage your account. Access all the tools you need.

**4a Express Package Service**    *Packages up to 150 lbs.*

☐ FedEx Priority Overnight
Next business morning.* Friday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

☑ FedEx Standard Overnight
Next business afternoon.* Saturday Delivery NOT available.

☐ FedEx First Overnight
Earliest next business morning delivery to select locations.* Saturday Delivery NOT available.

☐ FedEx 2Day
Second business day.** Thursday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

☐ FedEx Express Saver
Third business day.** Saturday Delivery NOT available.

FedEx Envelope rate not available. Minimum charge: One-pound rate.    *To most locations.

**4b Express Freight Service**    *Packages over 150 lbs.*

☐ FedEx 1Day Freight*
Next business day.** Friday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

☐ FedEx 2Day Freight
Second business day.** Thursday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

☐ FedEx 3Day Freight
Third business day.** Saturday Delivery NOT available.

*Call for Confirmation.    **To most locations.

**5 Packaging**    *Declared value limit $500.*

☑ FedEx Envelope*    ☐ FedEx Pak*    ☐ FedEx Box    ☐ FedEx Tube    ☐ Other

**6 Special Handling**    Include FedEx address in Section 3.

☐ SATURDAY Delivery NOT Available for FedEx Standard Overnight, FedEx First Overnight, FedEx Express Saver, or FedEx 2Day Freight.

☐ HOLD Weekday at FedEx Location NOT Available for FedEx First Overnight.

☐ HOLD Saturday Available ONLY for FedEx Priority Overnight and FedEx 2Day to select locations.

Does this shipment contain dangerous goods?
One box must be checked.

☑ No    ☐ Yes As per attached Shipper's Declaration.    ☐ Yes Shipper's Declaration not required.    ☐ Dry Ice Dry Ice, 9, UN 1845 ___ kg    ☐ Cargo Aircraft Only

Dangerous goods (including dry ice) cannot be shipped in FedEx packaging.

**7 Payment** *Bill to:*    Enter FedEx Acct. No. or Credit Card No. below.

☑ Sender Acct. No. in Section 1 will be billed.    ☐ Recipient    ☐ Third Party    ☐ Credit Card    ☐ Cash/Check

FedEx Acct. No.
Credit Card No.    Exp. Date

Total Packages    Total Weight    Total Declared Value†
$ .00

†Our liability is limited to $100 unless you declare a higher value. See back for details. By using this Airbill you agree to the service conditions on the back of this Airbill and in the current FedEx Service Guide, including terms that limit our liability.

**8 Residential Delivery Signature Options**    If you require a signature, check Direct or Indirect.

☐ No Signature Required
Package may be left without obtaining a signature for delivery.

☑ Direct Signature
Someone at recipient's address may sign for delivery. *Fee applies.*

☐ Indirect Signature
If no one is available at recipient's address, someone at a neighboring address may sign for delivery. *Fee applies.*

519

Rev. Date 12/06·Part #158279·©1994–2006 FedEx·PRINTED IN U.S.A.·SRS